IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | : Jointly Administered |
| KAISER ALUMINUM CORPORATION, | : Case No. 02-10429 (JKF) |
| a Delaware corporation, et al., | : |
| | : Chapter 11 |
| Debtors. | : Re: Docket No. 6772; Agenda No. 3 |
| | Hearing: 6/27/05 at 1:30 p.m. |

STIPULATION AND AGREED ORDER REGARDING
THE MOTION OF STANDARD SHIPPING, INC. TO COMPEL
PAYMENT OR, IN THE ALTERNATIVE, VACATE THE AUTOMATIC STAY

RECITALS

A.   On February 12, 2002, Kaiser Aluminum & Chemical Corporation ("KACC") and fourteen of the above-captioned debtors and debtors in possession (collectively with the other above-captioned debtors and debtors in possession, the "Debtors") commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"). On March 15, 2002, two additional Debtors commenced their voluntary chapter 11 cases. The remaining nine Debtors commenced their voluntary chapter 11 cases on January 14, 2003. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly.

B.   On or about May 7, 2003, KACC entered into a contract (the "Contract") with Standard Shipping, Inc. ("Standard Shipping") to charter three ships to provide transportation of bauxite from Jamaica to KACC's former alumina refinery at Gramercy, Louisiana. The Contract provided that KACC would be responsible for potential future stevedore damages and demurrage charges relating to the ships.

C.   In August and September 2004, repairs were made to one of the contracted ships, M/V General Trader (the "General Trader"), at a cost of $1,386,475.40. The associated

demurrage charges were $289,149.43. KACC protested the repair and demurrage charges and KACC and Standard Shipping subsequently agreed that (i) KACC would pay approximately seventy percent (70%) of the cost of the repairs, which were completed by a third party, and Standard Shipping would pay the remaining thirty percent (30%) and (ii) subject to a satisfactory form of release, KACC would pay Standard Shipping seventy percent (70%) of the demurrage charges. Although the repairs were paid for, the parties never reached agreement on a form of release in connection with the demurrage charges.

D. On September 30, 2004, KACC completed the sale of its Gramercy alumina refinery to Gramercy Alumina LLC and St. Ann Bauxite Limited (collectively, the "Gramercy Purchasers") and KACC assigned the Contract to the Gramercy Purchasers.

E. On May 10, 2005, Standard Shipping filed the Motion of Standard Shipping, Inc. to Compel Payment or, in the Alternative, Vacate the Automatic Stay (D.I. 6772) (the "Motion"), in which Standard Shipping alleged that KACC had not paid for the demurrage charges and sought (i) to compel KACC and/or the Gramercy Purchasers to pay the full demurrage charges or, in the alternative, (ii) to vacate the automatic stay under section 362 of the Bankruptcy Code to allow the parties to arbitrate their claims.

F. KACC and Standard Shipping have reached an agreement regarding the Motion, which the parties desire to memorialize in this Stipulation and Agreed Order.

## AGREEMENT

1. Standard Shipping shall be allowed an administrative claim in the amount of two hundred six thousand, two hundred two dollars and thirty-three cents ($206,202.33), which shall be paid within five (5) business days after the entry of this Stipulation and Agreed Order.

2. Standard Shipping hereby forever releases and discharges KACC and its respective affiliates, subsidiaries, officers, directors, employees, agents, attorneys and representatives from all claims, remedies, demands, damages, debts, liabilities, accounts, costs, expenses, liens, causes of action and obligations based upon, relating to, or arising from the General Trader ship.

3. Standard Shipping further agrees not to seek payment on any claims released under the foregoing paragraph from the Gramercy Purchasers to the extent KACC or its affiliates could, as a result, have any liability to the Gramercy Purchasers.

4. KACC hereby forever releases and discharges Standard Shipping and its respective affiliates, subsidiaries, officers, directors, employees, agents, attorneys and representatives from all claims, remedies, demands, damages, debts, liabilities, accounts, costs, expenses, liens, causes of action and obligations based upon, relating to, or arising from the General Trader ship.

5. This Stipulation and Agreed Order shall not be modified, altered, amended or vacated without the prior written consent of all parties hereto.

6. This Stipulation and Agreed Order constitutes the entire agreement between the parties with respect to the matters addressed herein and may be signed in counterpart originals.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

Dated: June 22, 2005
Wilmington, Delaware

/s/ Kimberly D. Newmarch
Daniel J. DeFranceschi (DE 2732)
Kimberly D. Newmarch (DE 4340)
RICHARDS, LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
Telephone: (302) 651-7700

-and-

Gregory M. Gordon (TX 08435300)
Daniel P. Winikka (TX 00794873)
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

/s/ Neal M. Rosenbloom
Neal M. Rosenbloom
FINKEL GOLDSTEIN ROSENBLOOM &
NASH, LLP
26 North Broadway, Suite 711
New York, NY 10004
Telephone: (212) 344-2929

-and-

Frederick B. Rosner (DE 3995)
Jennifer Taylor (DE 4610)
JASPAN SCHLESINGER HOFFMAN, LLP
913 Market Street, 12th Floor
Wilmington, Delaware 19801
Telephone: (302) 351-8000

ATTORNEYS FOR STANDARD SHIPPING,
INC.

SO ORDERED THIS 27 DAY OF June, 2005.

/s/ JK Fitzgerald
UNITED STATES BANKRUPTCY JUDGE

DLI-5927486v2