IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
IN RE:                              :
                                    :   Chapter 11 Case No. 03-10429(JKF)
KAISER ALUMINUM CORPORATION,        :
A Delaware Corporation,             :
                                    :
    Reorganized Debtor,             :
                                    :
_____:
                                    :
DUNCAN J. MCNEIL,                   :
                                    :
        Appellant,                  :
    v.                              :   Civ. No. 05-574-JJF
                                    :
KAISER ALUMINUM CORPORATION,        :
                                    :
        Appellee.                   :
```

**ORDER**

1.  Plaintiff Duncan J. McNeil, III, CID # 293752, a <u>pro se</u> litigant who is presently incarcerated in the Spokane County Jail, in Spokane, Washington, has filed this action and has requested leave to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915.

2.  Under 28 U.S.C. § 1915(g), a prisoner cannot bring a new civil action or appeal a judgment in a civil action <u>in forma pauperis</u> if he or she has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this is if the prisoner is in imminent danger

of serious physical injury. A prisoner who is not proceeding <u>in forma pauperis</u> may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. 1915(g).

       3. Regardless of whether a prisoner proceeds <u>in forma pauperis</u> in a civil case, if at any time the prisoner's case is dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted, the dismissal will count against the prisoner for purposes of the three-dismissal rule in 28 U.S.C. § 1915(g). In <u>Keener v. Pennsylvania Bd. of Probation & Parole</u>, 128 F.3d 143 (3d Cir. 1997), the Court held that dismissal as frivolous prior to the Prisoner Litigation Reform Act's enactment counts towards the "three strikes" rule.

       4. Plaintiff, while incarcerated, has filed at least three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. <u>See</u> <u>McNeil v. United States</u>, No. 3-05-CV-1284-B, 2005 WL 1521485 *1 (N.D. Tx. June 28, 2005)(citing <u>McNeil v. Spokane County Jail</u>, No. 04-371-AAM (E.D. Wash. Nov. 9, 2004); <u>McNeil v. Gregoire</u>, No. 03-372-AAM (E.D. Wash. Nov. 9, 2004); <u>McNeil v. Miller</u>, No. 04-378-AAM (E.D. Wash. Nov. 9, 2004); <u>McNeil v. Tighe</u>, No. 04379-AAM (E.D. Wash. Nov. 9, 2004); and <u>McNeil v. Williams</u>, No. 04-380-AAM (E.D. Wash. Nov. 9, 2004)). Therefore, plaintiff may not file another civil action <u>in forma pauperis</u> while incarcerated unless

he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff's complaint does not meet that standard.

    5. Leave to proceed *in forma pauperis* is denied. However, plaintiff is given thirty (30) days from the date this order is sent to pay the $250.00 filing fee. If plaintiff does not pay the filing fee within that time, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(g).

DATED: *August 22, 2005*       *Joseph J. Farnan*
                                United States District Judge