GRIEVANCE                                (G-1)
TO: LEON LONG-GEIGER    PG. 15 OF 20
DENIAL OF ACCESS TO COURTS 1/2/05

NONE OF MY 20+ LAW LIBRARY REQUESTS TO THE COUNTY JAIL LAW LIBRARY HAVE BEEN RESPONDED, SINCE MY INCARCERATION BEGAN ON 12/10/04, OVER 24 DAYS AGO.

(P.) AUTHORITY ON LAW LIBRARY ACCESS

(1) THE SIXTH AMENDMENT OF THE CONSTITUTION, GUARANTEES MY RIGHT TO REPRESENT MYSELF, AND MY RIGHT TO COMPULSARY PROCESS, THE 1ST AMENDMENT GUARANTEES MY RIGHT TO PETITION THE GOVERNMENT AND THE COURTS, AND THE 14TH AMENDMENT PROHIBITS THE STATE FROM DENYING ME MY LIFE, LIBERTY, OR PROPERTY WITHOUT DUE PROCESS OF LAW, FOR WHICH, ACCESS TO THE LAW LIBRARY, RAW MATERIALS LEGAL RESOURCES, IS ESSENTIAL AS AN INDIGENT AND DISABLED INMATE, I AM ENTITLED TO EQUAL PROTECTION, PURSUANT TO THE 14TH AMENDMENT.

(2) THE SUPREME COURT HAS HELD THAT MY FUNDAMENTAL RIGHT OF ACCESS TO THE

PG 22 OF 42 / PG 15 OF 22

GRIEVANCE    (G-1)
TO: LEON LONG-GEIGER   PG. 16 OF 20
DENIAL OF ACCESS TO COURTS   1/2/05

COURTS REQUIRES THAT GEIGER STAFF "ASSIST" ME "IN THE PREPARATION AND FILING OF MEANINGFUL LEGAL PAPERS" BY PROVIDING ME "ADEQUATE LAW LIBRARIES OR ADEQUATE ASSISTANCE FROM PERSONS TRAINED IN THE LAW" SEE BOUNDS V. SMITH, 430 U.S. 817, AT 828, HEAD NOTE [11] & [12]. THE STATE MUST ASSURE THAT I, AS AN INDIGENT DEFENDANT, HAS "AN ADEQUATE OPPORTUNITY TO PRESENT HIS CLAIMS FAIRLY" ROSS V. MOFFITT, 417 U.S. 600, AT 616 (1974) MEANINGFUL ACCESS TO THE COURTS IS THE TOUCHSTONE ROSS V. MOFFITT, 417 U.S. AT 611, 612 & 615.

### III

(A.) DISCRIMINATION COMPLAINT

IN ADDITION TO BEING AN INDIGENT INMATE, I AM A "QUALIFIED INDIVIDUAL WITH A DISABILITY" WHO MEETS THE "ESSENTIAL ELIGIBILITY REQUIREMENTS" FOR THE RECIEPT OF SERVICES, AND/OR PARTICIPATION IN THE PROGRAMS
PG 23 OF 42 PG 16 OF 22

GRIEVANCE    (G-1)
TO: LEON LONG - GEIGER    PG. 17 OF 20
DENIAL OF ACCESS TO COURTS    1/2/05

OR ACTIVITIES PROVIDED BY THE
US., STATE, COUNTY JAIL, AND GEIGER
TO INMATES. I HAVE AN
ESTABLISHED SSA PERMENANT
DISABILITY, AND THERE
FORE, AS A MATTER OF LAW,
I AM ENTITLED TO REASONABLE
ACCOMMODATIONS, FROM GEIGER
STAFF AND THE STATE.

(B.) RULES REGARDING DISCRIMINATION
THE U.S., THE STATE,
GEIGER, AND THE COURTS
ARE PROHIBITED FROM DISCRIMINATING
AGAINST ME OR RETALIATING
AGAINST ME FOR ANY
REASON, PURSUANT TO ADA TITLE II
42 U.S.C. 12131, 28 C.F.R. 35.160,
RCW 49.60.180, 49.60.210, 49.60.
215, AND TO DISCRIMINATE AND
RETALIATE AGAINST ME, AS THE
GEIGER STAFF HAS DONE, IS A
CRIME UNDER RCW 9.91.010(2).

(C.) AUTHORITY RE: DISCRIMINATION
PRISON OFFICIALS MAY NOT RETALIATE
OR HARASS AN INMATE BY DENYING
HIM ACCESS TO THE COURTS JONES V.
GRENINGER, 188 F.3d 322 (5TH CIR 1999)
THE ADA APPLIES TO PRISONERS,
HALL V. THOMAS, 190 F.3d 693 (5TH CIR 1999)
PG 24 OF 42 / PG 17 OF 22

GRIEVANCE
TO: LEON LONG-GEIGER
DENIAL OF ACCESS TO COURTS

(G-1)
PG. 18 of 20
1/2/05

PENN. D.O.C. v. YESKEY, 524 U.S. 206 (1998), ADA APPLIES TO DISABLED INMATES, YESKEY v. PENN. D.O.C. 118 F.3d 168 (1997) USE OF PRISON LIBRARY IS AN "ACTIVITY" UNDER THE ADA, FOR WHICH A QUALIFIED DISABLED INMATE CAN NOT BE DENIED ACCESS TO, CRAWFORD v. INDIANA D.O.C., 115 F.3d 481 (1997).

IV.

(A) RELIEF REQUESTED

PURSUANT TO GEIGER INMATE HANDBOOK, AT PAGES 13-14, I HEREBY MAKE DEMAND FOR MY GRIEVANCE TO BE IMMEDIATELY ASSIGNED TO SUPERVISOR KIM LYTLE, (THE ONE GEIGER STAFF MANAGER WHO HAS TREATED ME WITH DIGNITY AND RESPECT) FOR INVESTIGATION AND A RESOLUTION OF MY DENIAL OF ACCESS TO THE COURTS, AND THAT I FORTHWITH BE GRANTED THE FOLLOWING REASONABLE ACCOMMODATIONS:

① UNLIMITED LEGAL MAIL, INCLUDING UNLIMITED ACCESS TO PAPER, ENVELOPES WRITING PENS. UNLIMITED
② DAILY ACCESS TO LAW LIBRARY

PG 25 of 42 / PG 18 of 22