AO 240 (Rev. 10/03)

# UNITED STATES DISTRICT COURT

District of ~~[redacted]~~ DELAWARE

DUNCAN J. McNEIL, III
Plaintiff

V.

UNITED STATES, ET. AL.
Defendant

EX PARTE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT ; NOTICE OF COLLATERAL ATTACK AND MOTION FOR RELIEF FROM "VOID" STRIKE AND 3-STRIKE ORDERS ERRONEOUSLY ISSUED

CASE NUMBER: 05 574 (JJF)

I, DUNCAN J. McNEIL, III CID# 293752 declare that I am the (check appropriate box)

☒ petitioner/plaintiff/movant/respondent ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated? ☒ Yes AS A "CIVIL DETAINEE" UNDER VOID CIVIL ORDERS ☐ No (If "No," go to Part 2)

   If "Yes," state the place of your incarceration SPOKANE COUNTY JAIL

   Are you employed at the institution? NO Do you receive any payment from the institution? NO

   Attach a ledger sheet from the institution(s) of your incarceration showing at least the past **six** months' transactions. (ATTACHED)

2. Are you currently employed? ☐ Yes ☒ No

   a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer. (List both gross and net salary.)

      N/A

   b. If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

      DISABLED SINCE 10/00, ~~[struck out]~~ $6,250/MO. AS TRUSTEE FOR BROADWAY BUILDINGS II L.P.

3. In the past 12 twelve months have you received any money from any of the following sources?

   a. Business, profession or other self-employment ☐ Yes ☒ No
   b. Rent payments, interest or dividends ☐ Yes ☒ No
   c. Pensions, annuities or life insurance payments ☐ Yes ☒ No
   d. Disability or workers compensation payments ☒ Yes * ☐ No
   e. Gifts or inheritances ☐ Yes ☒ No
   f. Any other sources ☐ Yes ☒ No

If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive.

I 385/MO OF SSA DISABILITY, SUSPENDED WHILE UNLAWFULLY INCARCERATED.



SPOKANE COUNTY JAIL

Resident Account Summary

Monday, October 10, 2005 @09:26

For IDENT Number: 293752 MCNEIL, DUNCAN J

| Date | Transaction | Description | Amount | Balance | Owed | Held | Reference |
|---|---|---|---|---|---|---|---|
| 10/06/2005 | MEDICAL | MD 10/5/05 | 12.00 | 0.00 | 760.70 | 0.00 | |
| 10/05/2005 | INP | OID:100062459-ComisaryPur | 3.70 | 0.00 | 748.70 | 0.00 | |
| 09/28/2005 | INP | OID:100061989-ComisaryPur | 3.70 | 0.00 | 745.00 | 0.00 | |
| 09/21/2005 | INP | OID:100061533-ComisaryPur | 3.70 | 0.00 | 741.30 | 0.00 | |
| 09/14/2005 | INP | OID:100061076-ComisaryPur | 3.70 | 0.00 | 737.60 | 0.00 | |
| 09/07/2005 | INP | OID:100060642-ComisaryPur | 3.70 | 0.00 | 733.90 | 0.00 | |
| 08/31/2005 | INP | OID:100060204-ComisaryPur | 3.70 | 0.00 | 730.20 | 0.00 | |
| 08/24/2005 | INP | OID:100059749-ComisaryPur | 3.70 | 0.00 | 726.50 | 0.00 | |
| 08/17/2005 | INP | OID:100059278-ComisaryPur | 3.70 | 0.00 | 722.80 | 0.00 | |
| 08/10/2005 | INP | OID:100058810-ComisaryPur | 3.70 | 0.00 | 719.10 | 0.00 | |
| 08/03/2005 | INP | OID:100058235-ComisaryPur | 3.70 | 0.00 | 715.40 | 0.00 | |
| 07/27/2005 | INP | OID:100057872-ComisaryPur | 3.70 | 0.00 | 711.70 | 0.00 | |
| 07/20/2005 | INP | OID:100057425-ComisaryPur | 3.40 | 0.00 | 708.00 | 0.00 | |
| 07/13/2005 | INP | OID:100056938-ComisaryPur | 3.35 | 0.00 | 704.60 | 0.00 | |
| 07/07/2005 | <INP> | OID:100056507-ComisaryRef | -0.15 | 0.00 | 701.25 | 0.00 | |
| 07/07/2005 | INP | OID:100056507-ComisaryRef | 0.15 | 0.15 | 701.40 | 0.00 | |
| 07/06/2005 | INP | OID:100056507-ComisaryPur | 3.50 | 0.00 | 701.40 | 0.00 | |
| 06/29/2005 | MEDICAL | RX MAY | 24.00 | 0.00 | 697.90 | 0.00 | |
| 06/29/2005 | INP | OID:100056040-ComisaryPur | 3.50 | 0.00 | 673.90 | 0.00 | |
| 06/20/2005 | INP | OID:100055342-ComisaryPur | 3.50 | 0.00 | 670.40 | 0.00 | |
| 06/13/2005 | INP | OID:100054904-ComisaryPur | 3.50 | 0.00 | 666.90 | 0.00 | |
| 06/06/2005 | INP | OID:100054462-ComisaryPur | 3.50 | 0.00 | 663.40 | 0.00 | |
| 06/02/2005 | MEDICAL | RX APRIL | 35.85 | 0.00 | 659.90 | 0.00 | |
| 06/02/2005 | MEDICAL | RX MARCH | 40.70 | 0.00 | 624.05 | 0.00 | |
| 05/27/2005 | INP | OID:100054023-ComisaryPur | 3.50 | 0.00 | 583.35 | 0.00 | |
| 05/20/2005 | MEDICAL | DENTAL 5/19/05 | 12.00 | 0.00 | 579.85 | 0.00 | |
| 05/18/2005 | INP | OID:100053331-ComisaryPur | 3.50 | 0.00 | 567.85 | 0.00 | |
| 05/11/2005 | INP | OID:100052806-ComisaryPur | 3.50 | 0.00 | 564.35 | 0.00 | |
| 05/04/2005 | INP | OID:100052439-ComisaryPur | 3.70 | 0.00 | 560.85 | 0.00 | |
| 04/27/2005 | INP | OID:100052018-ComisaryPur | 3.70 | 0.00 | 557.15 | 0.00 | |
| 04/20/2005 | INP | OID:100051599-ComisaryPur | 3.70 | 0.00 | 553.45 | 0.00 | |
| 04/13/2005 | INP | OID:100051172-ComisaryPur | 3.37 | 0.00 | 549.75 | 0.00 | |
| 04/06/2005 | INP | OID:100050768-ComisaryPur | 3.70 | 0.00 | 546.38 | 0.00 | |
| 03/30/2005 | INP | OID:100050336-ComisaryPur | 3.70 | 0.00 | 542.68 | 0.00 | |
| 03/23/2005 | INP | OID:100049966-ComisaryPur | 3.54 | 0.00 | 538.98 | 0.00 | |
| 03/16/2005 | MEDICAL | DENTAL 3/15/05 | 12.00 | 0.00 | 535.44 | 0.00 | |
| 03/16/2005 | MEDICAL | MD 3/14/05 | 12.00 | 0.00 | 523.44 | 0.00 | |
| 03/14/2005 | INP | OID:100049080-ComisaryPur | 3.54 | 0.00 | 511.44 | 0.00 | |
| 03/11/2005 | MEDICAL | RX FEB | 47.45 | 0.00 | 507.90 | 0.00 | |
| 03/09/2005 | BOOKIN CASH | INITIAL DEPOSIT - REINSTA | 0.00 | 0.00 | 460.45 | 0.00 | |
| 02/18/2005 | MEDICAL | RX JANUARY | 6.00 | 0.00 | 460.45 | 0.00 | |
| 02/14/2005 | INP | OID:100047349-ComisaryPur | 3.54 | 0.00 | 454.45 | 0.00 | |
| 02/07/2005 | MEDICAL | MD 2/7/05 | 12.00 | 0.00 | 450.91 | 0.00 | |
| 02/07/2005 | INP | OID:100046882-ComisaryPur | 3.54 | 0.00 | 438.91 | 0.00 | |
| 01/31/2005 | INP | OID:100046399-ComisaryPur | 3.54 | 0.00 | 435.37 | 0.00 | |
| 01/19/2005 | MEDICAL | RX DECEMBER | 36.00 | 0.00 | 431.83 | 0.00 | |
| 12/20/2004 | INP | OID:100043439-ComisaryPur | 3.51 | 0.00 | 395.83 | 0.00 | |
| 12/16/2004 | MEDICAL | RX NOVEMBER | 12.00 | 0.00 | 392.32 | 0.00 | |
| 12/10/2004 | INTAKE FEE | MCNEIL, DUNCAN J | 89.12 | 0.00 | 380.32 | 0.00 | |
| 12/10/2004 | <INTAKE FEE | Payment for INTAKE FEE on | -1.47 | 0.00 | 291.20 | 0.00 | |
| 12/10/2004 | BOOKIN CASH | INITIAL DEPOSIT | 1.47 | 1.47 | 292.67 | 0.00 | |
| 11/19/2004 | MEDICAL | RX OCT | 30.00 | 0.00 | 292.67 | 0.00 | |
| 11/08/2004 | INP | OID:100040537-ComisaryPur | 4.05 | 0.00 | 262.67 | 0.00 | |
| 11/01/2004 | INP | OID:100039969-ComisaryPur | 4.05 | 0.00 | 258.62 | 0.00 | |
| 10/25/2004 | INP | OID:100039555-ComisaryPur | 4.05 | 0.00 | 254.57 | 0.00 | |
| 10/20/2004 | BOOKIN CASH | INITIAL DEPOSIT - REINSTA | 0.00 | 0.00 | 250.52 | 0.00 | |
| 10/18/2004 | INP | OID:100039049-ComisaryPur | 4.05 | 0.00 | 250.52 | 0.00 | |
| 10/13/2004 | MEDICAL | RX SEPTEMBER | 24.00 | 0.00 | 246.47 | 0.00 | |

...IS TO CERTIFY THE FOREGOING IS TRUE AND CORRECT COPY OF THE ORIGINAL WHICH IS ON FILE AND RECORDED IN THE OFFICE OF THE SPOKANE COUNTY JAIL, SPOKANE, WASHINGTON DATED THIS 10th DAY OF Oct, 20 05

Jail Office Supervisor

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF [redacted]

CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

Re: McNEIL v. UNITED STATES

Civil Action No. ______________

I, DUNCAN T. McNEIL # CO# 293752, hereby consent for the appropriate prison official to withhold from my prison account and to pay the U.S. District Court an initial fee of 20 percent of the greater of:

(a) the average monthly deposits to my account for the six-month period immediately preceding the filing of my complaint; or

(b) the average monthly balance in my account for the six-month period immediately preceding the filing of my complaint.

I further consent for the appropriate prison officials to collect from my account on a continuing basis each month, an amount equal to 20 percent of each month's income. Each time the amount in the account reaches $10, the Trust Officer shall forward the interim payment to the Clerk's Office, U.S. District Court, until such time as the $250.00 filing fee is paid in full.

If appropriate, I will execute the institution consent form where I am housed, which will permit the staff to withdraw the amount ordered by this court as payment for the filing fee each month until the $250.00 filing fee is paid in full.

By executing this document, I also authorize collection, on a continuing basis, any costs imposed by the District Court.

[signature]
Signature of Plaintiff

PG 4 OF 40

COLLATERAL ATTACK ON "STRIKE" ORDERS

THE JUDGMENT CREDITOR HEREBY MAKES A COLLATERAL ATTACK ON ALL: ① "VEXATIOUS LITIGANT" ORDERS; ② PRE-FILING ORDERS OR ORDERS RESTRICTING ACCESS TO THE COURTS; ③ SUA SPONTE DISMISSAL ORDERS DECLARING A "STRIKE"; AND ④ SUA SPONTE "3-STRIKE" DISMISSAL ORDERS OR "STRUCK-OUT" ORDERS

1.01 THE JUDGMENT CREDITOR HAS BEEN THE VICTIM ON NUMEROUS NON-JUDICIAL ACTS, IN "A CLEAR ABSENCE OF ALL JURISDICTION" OR CONTRARY TO ESTABLISHED STATUTE OR CASE LAW AUTHORITY, RESULTING IN THE UNLAWFUL ISSUANCE OF: ① "VEXATIOUS LITIGANT" ORDERS; ② PRE-FILING ORDERS AND/OR ORDERS RESTRICTING ACCESS TO THE COURTS (OR OTHER RESTRAINING ORDERS)(A); ③ SUA SPONTE DISMISSAL ORDERS, DECLARING A "STRIKE" UNDER 28 USC § 1915; AND/OR ④ SUA SPONTE "3-STRIKE" DISMISSAL ORDERS, OR "STRUCK-OUT" ORDERS, PURSUANT TO 28 USC § 1915(g). ALL SUCH ORDERS ARE HEREINAFTER REFERRED TO AS "DENIAL OF ACCESS ORDERS", OR "DOA ORDERS". ALL SUCH "DOA ORDERS" ARE HEREBY COLLATERALLY ATTACKED BY THIS MOTION/PETITION/ACTION, ARE

(A) INCLUDING ALL OTHERS, JUDGMENTS OR SENTENCES TAKING THE JUDGMENT CREDITOR'S LIBERTY, PROPERTY OR RESTRICTING OR LIMITING HIS PARENTAL RIGHTS, IN ANY WAY.

1.01 (CONT). HEREBY DECLARED TO BE "VOID AB INITIO" ORDERS OF NO FORCE AND EFFECT, AND A LEGAL NULLITY.

1.02 ALL SUCH "DOA ORDERS" WERE ENTERED IN: ① VIOLATION OF DUE PROCESS, W/O NOTICE OR MEANINGFULL OPPORTUNITY TO BE HEARD ON THE MERITS; ② "A CLEAR ABSENCE OF ALL JURISDICTION", BY NON-JUDICIAL ACTS; ③ IN VIOLATION OF THE TERMS OF THE "FOREIGN JUDGMENTS" (Ex.2); ④ IN VIOLATION OF THE REIMPOSED AUTOMATIC STAY (11 U.S.C. §362) ESTABLISHED BY THE "FOREIGN JUDGMENTS"; ⑤ IN VIOLATION OF THE DISCHARGE AND DISCHARGE INJUNCTION (11 U.S.C. §524 & 11 U.S.C. §1141) ESTABLISHED BY THE "FOREIGN JUDGMENTS" (Ex.2); AND/OR ⑥ ~~EXCESS OF~~ A NON-JUDICIAL ACT GRANTING RELIEF IN EXCESS OF THAT PLED, OR IN EXCESS OF THAT SPECIFICALLY PRESERVED BY THE "FOREIGN JUDGMENTS" (Ex.2).

1.03 THE JUDGMENT CREDITOR HEREBY ASSERTS AS DEFENSES TO THE "VOID AB INITIO"-"DOA ORDERS", THE DOCTRINES OF: ① RES JUDICATA; ② COLLATERAL ESTOPPEL; ③ ISSUE OR CLAIM PRECLUSION; AND ④ THE DEFENSE

OF ABSOLUTE QUASI-JUDICIAL IMMUNITY, AND THE JUDGMENT CREDITOR, IN THIS MOTION/PETITION/ACTION AND COLLATERAL ATTACK, HEREBY GIVES NOTICE OF DEFENSE BASED UPON PUBLIC AUTHORITY, PURSUANT TO FEDERAL CRIMINAL RULE 12.3, SEE WARDIUS V. OREGON, 412 U.S. 470, 93 S.CT. 2208 (1973).

1.04 THE JUDGMENT CREDITOR HEREBY GIVES NOTICE, AND CERTIFIES THAT AT ALL TIMES IN RELATION TO THE "DOA ORDERS", THE JUDGMENT CREDITOR WAS ACTING AS COURT APPOINTED FIDUCIARY AND "ARM-OF-THE-COURT", AS AN "OFFICER OF THE UNITED STATES", AS DEFINED BY 42 U.S.C. § 1985(1), APPOINTED PURSUANT TO 11 U.S.C. § 1123(b)(3)(B), AND AS THE DIRECT AND/OR INDIRECT TRANSFEREE OF, OR SUCCESSOR IN INTEREST TO THE REORGANIZED DEBTOR AND THE DEBTOR ESTATE, AS ESTABLISHED BY 11 U.S.C. § 524(g)(3)(A)(ii), CHARGED WITH AND COMPELLED BY, FEDERAL COURT ORDER(S) WITH THE FULL AND COMPLETE EXECUTION AND ENFORCEMENT OF THE "FOREIGN JUDGMENTS" (EX. 2).

1.05 ACCORDINGLY, THE JUDGMENT CREDITOR, HAS AND CLAIMS COMPLETE AND ABSOLUTE QUASI-JUDICIAL IMMUNITY AS TO ALL SUCH "DOA ORDERS" WHICH PURPORT TO TAKE, ~~THE~~ RESTRICT OR IMPINGE UPON THE JUDGMENT CREDITOR'S LIBERTY, PROPERTY, PARENTAL RIGHTS, OR OTHE CONSTITUTIONAL OR CIVIL RIGHTS, IN ANY RESPECT.

1.06 THE JUDGMENT CREDITOR HEREBY ASSERTS AND CHARGES THAT ALL SUCH "DOA ORDERS" WERE ISSUED AND ENTERED IN NON-JUDICIAL ACTS, UNDERTAKEN IN A POLITICAL AND CRIMINAL CONSPIRACY (AS DEFINED BY 42 USC§1985) TO INTERFERE WITH, AND IN RETALIATION AND RETRIBUTION FOR THE JUDGMENT CREDITOR HAVING SOUGHT TO EXERCISE HIS CONSTITUTIONAL RIGHT (AND COURT ORDERED OBLIGATION) FOR THE GRANTING OF FULL FAITH & CREDIT TO, AND THE EXECUTION AND ENFORCEMENT OF, THE "FOREIGN JUDGMENTS".

1.07 THE APPLICATION OF 28 U.S.C. §1915(g), AND THE CLAIMED "STRIKE" AND "3-STRIKE" ORDERS REPRESENT AN UNCONSTITUTIONAL INFRINGEMENT ON

(1.07 CONT.)

THE JUDGMENT CREDITOR'S FUNDAMENTAL RIGHT OF ACCESS TO THE COURTS. IN WILSON V. STANFORD, 148 F.3d 596, AT 605 (6TH CIR 1998), CITING TO PATSY V. BD. OF REGENTS OF FLORIDA, 457 U.S. 496, AT 506-07 (1982) AND HAMPTON V. HOBBS, 106 F.3d 1281, AT 1285 (6TH CIR. 1997), IT WAS HELD THAT AS LONG AS THE LITIGANT HAD AN "AVAILABLE" JUDICIAL (STATE COURT) FORUM, THAT 28 U.S.C. § 1915(g) ~~[illegible]~~ AND "STRIKE" AND "3-STRIKE" ORDERS RESULTING THEREFROM WERE NOT UNCONSTITUTIONAL. IN THE CASE OF THE INSTANT JUDGMENT CREDITOR, THE STATE COURTS (SPOKANE CO. SUPERIOR COURT, COURT OF APPEALS, DIV III AND WASHINGTON SUPREME COURT) HAVE ALL PREVIOUSLY UNLAWFULLY DENIED THE JUDGMENT CREDITOR IFP STATUS, AND HAVE PURPORTEDLY BARRED THE JUDGMENT CREDITOR FROM SEEKING FULL FAITH & CREDIT AND THE EXECUTION AND ENFORCEMENT OF THE "FOREIGN JUDGMENTS" IN ANY COURT IN THE STATE OF WASHINGTON. AT THE TIME THAT THE ~~FEDERAL COURTS~~ JUDGMENT CREDITOR SOUGHT IFP ACCESS

(1.07 CONT.)

TO THE FEDERAL COURTS, AND THE FEDERAL COURTS BEGAN SUA SPONTE ISSUANCE OF "STRIKE" AND "3-STRIKE" ORDERS, ON 11/9/04, THE JUDGMENT CREDITOR HAD ALREADY BEEN DENIED ALL ACCESS TO THE STATE COURTS, (UNLAWFULLY & UNCONSTITUTIONALLY, AND IN VIOLATION OF RCW 7.36.140, SEE SMITH V. WHATCOM CO., 147 WASH. 2d 98 (2002)), AND IFP ACCESS TO THE FEDERAL COURTS, WAS THE JUDGMENT CREDITOR'S ONLY REMAINING FORUM. IN LIGHT OF THESE FACTS, AND THE HOLDINGS IN WILSON, DATSY AND HAMPTON, THE APPLICATION OF 28 U.S.C. § 1915(g) AND THE SUA SPONTE ISSUANCE OF "STRIKE" AND "3-STRIKE" DISMISSALS, IN NON-JUDICIAL ACTS, ARE UNCONSTITUTIONAL AND CONSTITUTE AN UNCONSTITUTIONAL INFRINGEMENT ON THE JUDGMENT CREDITOR'S FUNDAMENTAL RIGHT OF ACCESS TO THE COURTS, RENDERING ALL FEDERAL "DOA ORDERS" TO BE "VOID AB INITIO".

1.08 THE VAST MAJORITY OF THE § 1915 "STRIKE" AND "3-STRIKE" SUA DISMISSAL ORDERS WERE ISSUED IN ACTIONS/PETITIONS TO COMPEL OFFICERS OF THE UNITED STATES TO PERFORM

-6

(1.08 CONT.)

MANDATORY, NON-DISCRETIONARY AND MINISTERIAL DUTIES OWED TO THE JUDGMENT CREDITOR, SUCH AS: ① THE RESTORATION OF THE JUDGMENT CREDITOR'S PARENTAL RIGHTS; ② THE GRANTING OF FULL FAITH & CREDIT TO THE "FOREIGN JUDGMENTS"; AND/OR ③ VACATING AND DECLARING "VOID AB INITIO" JUDGMENTS OR ORDERS ENTERED IN "A CLEAR ABSENCE OF ALL JURISDICTION" AND CONTRARY TO ESTABLISHED STATUTES AND CASE LAW AUTHORITY, IN NON-JUDICIAL ACTS. IT IS WELL SETTLED THAT ALL MANDAMUS ACTIONS OR PETITIONS (SUCH AS THIS MOTION/ACTION/PETITION) BROUGHT PURSUANT TO 28 U.S.C. § 1361 ARE NOT SUBJECT TO THE PRISON LITIGATION REFORM ACT (PLRA), 28 U.S.C. § 1915. PETITIONER SEEKING TO COMPEL DISTRICT COURT TO ACT ON HIS PENDING HABEAS PETITION DID NOT HAVE TO COMPLY WITH THE FEE REQUIREMENTS OF THE PLRA, MADDEN v. MYERS, 112 F.3d 74 (5th CIR 1997); PETITION FOR WRIT OF MANDAMUS THAT AROSE

-7

(1.08 CONT'D)

OUT OF APPLICATION FOR POSTCONVICTION RELIEF, WAS NOT SUBJECT TO FEE PAYMENT REQUIREMENTS UNDER THE PLRA FOR PRISIONERS DESIRING TO APPEAR IFP, IN RE STONE, 118 F.3d 1032 (5TH CIR. 1997): FILING FEE REQUIREMENTS OF PLRA DID NOT APPLY TO A PRISIONER'S PETITION FOR WRIT OF MANDAMUS, FILED IN COURT OF APPEALS SEEKING TO COMPEL JUDGE IN CRIMINAL CASE TO RULE ON RECUSAL MOTION, IN RE NAGY, 89 F.3d 115 (2ND CIR. 1996). AS SUCH ALL "DOA ORDERS" ENTERED IN THE JUDGMENT CREDITOR'S ACTIONS/ PETITIONS FOR MANDAMUS DECLARING A "STRIKE" OR A "3-STRIKE" DISMISSAL UNDER THE PLRA ARE VOID AND OF NO FORCE AND EFFECT.

1.09 AFTER BEING UNLAWFULLY DENIED ACCESS TO STATE COURTS, THE JUDGMENT CREDITOR SOUGHT RELIEF IN FEDERAL COURT, REQUESTING IFP ACCESS TO: ① CHALLANGE THE SUA SPONTE RETALIATORY TERMINATION OF HIS PARENTAL RIGHTS; ② CHALLENGE HIS UNLAWFUL LOSSES OF LIBERTY & PROPERTY, DETENTIONS, INCARCERATIONS

AND/OR CLAIMED CRIMINAL CONVICTIONS, BY APPEAL. THE U.S. SUPREME COURT HAS HELD THAT THE CONSTITUTION REQUIRES THE WAIVER FOR INDIGENT PERSONS WHO ARE CHALLENGING TERMINATION OF THEIR PARENTAL RIGHTS (SEE MLB v. SLJ 519 U.S. 102 (1996)) OR SEEKING A DIVORCE, OR TO CHALLENGE A VOID DIVORCE DECREE (SEE BODDIE v. CONNECTICUT, 410 U.S. 371, AT 374 (1971)). IN THIS INSTANCE, THE JUDGMENT CREDITOR SOUGHT TO CHALLANGE THE RETALIATORY TERMINATION OF HIS PARENTAL RIGHTS, AND TO VACATE AND VOID THE 12/8/03 DECREE, BY ACTIONS TO ENFORCE THE "FOREIGN JUDGMENTS"; AND AS SUCH THE CONSTITUTION REQUIRES THE WAIVER OF THE FILING FEES IN ALL SUCH ACTIONS, THEREBY VOIDING ALL SUCH IFP DENIALS, AS TO "FUNDAMENTAL INTERESTS".

1.10 THE JUDGMENT CREDITOR IS NOT A PERSON WHO IS LAWFULLY "INCARCERATED OR DETAINED IN ANY FACILITY WHO IS ACCUSED OF, CONVICTED OF, SENTANCED FOR, OR ADJUDICATED DELINQUENT FOR, VIOLATIONS OF CRIMINAL LAW OR THE TERMS AND CONDITIONS OF PAROLE, PROBATION,

(1.09 CONT)

PRETRIAL RELEASE OR DIVERSIONARY PROGRAM." THE JUDGMENT CREDITOR IS A "CIVIL DETAINEE" UNLAWFULLY INCARCERATED DUE TO "VOID AB INITIO" CIVIL ORDERS, ISSUED IN "A CLEAR ABSENCE OF ALL JURISDICTION" AND IN NON-JUDICIAL ACTS, CONTRARY TO CLEARLY ESTABLISHED STATUTE AND CASE LAW AUTHORITY, WHO IS THERE FORE NOT SUBJECT TO THE PLRA 28 U.S.C § 1915(g), AS A "CIVIL DETAINEE"; SEE TROVILLE V. VENZ, 303 F.3d 1256, AT 1260 (11TH CIR 2002); PAGE V. TORREY, 201 F. 3d 1136, AT 1139 (9TH CIR. 2000). AS SUCH ALL "STRIKE" OR "3-STRIKE" ORDERS ISSUED AGAINST THE JUDGMENT CREDITOR, ARE VOID, ISSUED IN "A CLEAR ABSENCE OF ALL JURISDICTION."

1.10 EACH OF THE "STRIKE" OR "3-STRIKE" DISMISSALS CLAIMED AGAINST THE JUDGMENT CREDITOR IS IN RELATION TO AN ACTION THAT WAS THEN, AND IS STILL NOW PENDING EITHER BEFORE THE DISTRICT COURT, OR PENDING ON APPEAL, BY THE FILING OF A TIMELY NOTICE OF APPEAL.

IT IS WELL ESTABLISHED THAT COUNTABLE "STRIKES" UNDER THE PLRA INCLUDE ONLY DISMISSALS FOR WHICH AN APPEAL HAS BEEN EXHAUSTED OR WAIVED, SEE ADEPEGBA V. HAMMONS, 103 F.3d 383, AT 388 (5TH CIR 1996); PATTON V. JEFFERSON C.C., 136 F.3d 458, AT 462 (5TH CIR 1998); SUCH A DISMISSAL, PENDING APPEAL CAN NOT BE CONSIDERED A "STRIKE" COUNTABLE AGAINST THE JUDGMENT CREDITOR, AS REVERSAL OF THE "STRIKE DISMISSAL" WOULD NULLIFY THE STRIKE, ADEPEGBA, 103 F.3d AT 387; PATTON, 136 F.3d AT 464. IN THE INSTANT CASE(S) THE JUDGMENT CREDITOR HAS NO COUNTABLE STRIKES, AS ALL ACTIONS CLAIMED AS "STRIKES" ARE EITHER STILL PENDING BEFORE THE DISTRICT COURT, OR A TIMELY NOTICE OF APPEAL WAS FILED AND THE APPELLATE REVIEW OF THE ~~CLAIMED~~ EACH CLAIMED "STRIKE" IS NOT EXHAUSTED.

1.11 IT IS AN ERROR FOR THE DISTRICT COURT TO RECORD A

"STRIKE" AT THE TIME OF THE INITIAL SUA SPONTE DISMISSAL; SEE STEWART V. LYLES, 66 FED. APPX. 18, AT 22 AT HEADNOTE [9]. THE DESIGNATION OF A "STRIKE" HAS NO PRACTICAL CONSEQUENCES UNTIL A DEFENDANT IN A PRISONER LAW SUIT, RAISES THE CONTENTION THAT THE PRISONER'S SUIT OR APPEAL MAY NOT BE MAINTAINED IFP PURSUANT TO 28 USC § 1915, BECAUSE THE PRISONER IS ALLEGED TO HAVE ACCUMULATED THREE STRIKES, SEE SNIDER V. MELINDEZ, 199 F.3d 108, AT 115, HEADNOTE [5]ii. NOT A SINGLE ONE OF THE JUDGMENT CREDITOR'S THREE STRIKE SUA SPONTE DISMISSALS WAS ENTERED IN RESPONSE TO A MOTION BY THE OPPOSING PARTY, AND ALL OF THE JUDGMENT CREDITOR'S CLAIMED STRIKES WERE ERRONEOUSLY RECORDED BY THE DISTRICT COURT, AT THE TIME THE INITIAL SUA SPONTE DISMISSAL WAS ENTERED.

1.12 A REVERSAL OF A SUA SPONTE DISMISSAL DECLARED A "STRIKE" NULLIFIES THE "STRIKE", SEE ADEPEGBA V. HAMMONS, 103 F.3d 383,

(5TH CIR 1996)

AT 387, HEAD NOTE [5]. AS DISMISSAL SHOULD NOT COUNT AS A "STRIKE" AGAINST A PRISONER UNTIL HE HAS EXHAUSTED OR WAIVED HIS APPEALS. ANY OTHER INTERPRETATION OF 28 USC § 1915(g) WOULD POSE A RISK OF PUNISHING AND INDIGENT LITIGANT FOR NONCULPABLE CONDUCT (SEE ADEPEGBA, ID., 103 F.3d AT 387-88, HEAD NOTE [6]) AS HAS BEEN WRONGFULLY DONE TO THE JUDGMENT CREDITOR.

1.13 SEVERAL COURTS HAVE WRONGFULLY ENTERED SUA SPONTE DISMISSALS FOR THE JUDGMENT CREDITOR FAILING TO FILE A COMPLETE IFP PETITION CONSISTENT WITH §1915(a), OMITTING THE JAIL STATEMENT, A PARTIAL FILING FEE, THE ENTIRE FILING FEE, A DISCLOSURE THAT THE JUDGMENT CREDITOR HAS ALLEGEDLY "STRUCK OUT" OR SOME OTHER CLAIMED DEFECT. SUCH SUA SPONTE DISMISSALS FOR A CLAIMED FAILURE TO MEET THE STATUTORY REQUIREMENTS OF THE PLRA ARE INVALID. SEE JACKSON V. STINNETT, 102 F.3d 132, AT 136, HEAD NOTE [7], (5TH CIR. 1996); COVINO V. REOPEL, 89 F.3d 105, AT 108-09 (2ND CIR. 1996) (APPLYING PLRA AND GIVING PLAINTIFFS 30 DAYS TO MEET

STATUATORY REQUIREMENTS).

1.14 EACH AND EVERY *SUA SPONTE "STRIKE" OR "3 STRIKE" DISMISSALS WAS MADE SUA SPONTE BY THE DISTRICT COURT, ON IT'S OWN MOTION, WITHOUT AFFORDING THE JUDGMENT CREDITOR NOTICE AND OPPORTUNITY TO BE HEARD. AS SUCH ALL SUA SPONTE "STRIKE" OR "3-STRIKE" DISMISSALS MUST BE VACATED. SEE PEREZ V. ORTIZ, 849 F.2d 793, AT 797 (2ND CIR 1988); SQUARE D CO. V. NIAGARA FRONTIER TARIFF BUREAU, 760 F.2d 1347, 1365 (2ND CIR 1985); SCHESLINGER INV. PARTNERSHIP V. FLUOR CORP, 671 F.2d 739, AT 742 (2ND CIR 1982); EADES V. THOMPSON, 823 F.2d 1055, AT 1062 (7TH CIR 1987) AND SNIDER V. MELINDEZ, 199 F.3d 108, AT 112, HEADNOTE [2] (2ND CIR 1999).

1.15 THE "3-STRIKE" DISMISSAL OF A INDIGENT INMATE'S ACTION OR APPEAL, ON A SUA SPONTE BASIS, WITHOUT A NOTICE AND A MOTION FROM THE DEFENDANT OR OPPOSING LITIGANT IS A NON-JUDICIAL ACT IN "A CLEAR ABSENCE OF ALL JURISDICTION" WHICH INVOLVES THE COURTS IN DISPUTES THAT MIGHT NEVER HAVE ANY PRACTICAL CONSEQUENCE. SEE DELEON V. DOE, 361 F.3d 93, AT 95 (2ND CIR 2004).

QUOTING FROM SNIDER v. MELINDEZ, 199 F.3d 108, AT 115 (2ND CIR. 1999). EACH AND EVERY ONE OF THE "3-STRIKE" DISMISSALS MADE AGAINST THE JUDGMENT CREDITOR, WAS MADE IN A SUA SPONTE NON-JUDICIAL ACT, IN THE ABSENCE OF A MOTION FROM THE OPPOSING PARTY AND WITHOUT NOTICE OR OPPORTUNITY TO BE HEARD, IN "A CLEAR ABSENCE OF ALL JURISDICTION" RENDERING ALL SUCH "3-STRIKE" SUA SPONTE DISMISSALS TO BE "VOID AB INITIO".

1.16 THE "DOA ORDERS" AT ISSUE IN THIS PETITION/MOTION/ACTION WERE ISSUED IN NON-JUDICIAL ACTS W/O NOTICE OR OPPORTUNITY TO BE HEARD, IN VIOLATION OF DUE PROCESS. RENDERING THE "DOA ORDERS" VOID AND SUBJECT TO COLLATERAL ATTACK, AT ANY TIME, THEIR VALIDITY IS QUESTIONED, SEE BLUME v. U.S., 40 BR. 551, AT 553, HEADNOTES [5], [6] & [7] (D.C. SD 1984); BRADLEY v. ST. LOUIS TERMINAL WAREHOUSE CO., 189 F.2d 818, AT 824 HEADNOTE [13] (8TH CIR 1951); JONES v. GILES, 741 F.2d 245, AT 248, HEADNOTES [4] & [6] (9TH CIR. 1984); CHICOT Co. DRAINAGE DIST v. BAXTER ST. BANK, 308 U.S. 371, AT 376-77 (1940); GRACIETTE v. STAR GUIDANCE INC, 66 F.R.D. 424, AT 428-29, (SD.NY. 1975).

1.17 THE REIMPOSED AUTOMATIC STAY, PURSUANT TO 11 U.S.C. § 362, ESTABLISHED BY THE "FOREIGN JUDGEMENTS" (EX. 2), WHICH WERE THE SUBJECT OF THE ACTIONS WHERE THE "DOA ORDERS" WERE ENTERED, (SEE HILLIS MOTORS INC v HAWAII AUTO DEALERS ASS'N, 997 F.2d 581, AT 585-90 (9th CIR 1993); WOLF V. WEINSTEIN, 372 U.S. 633, AT 643 (1963); PEPPER v LITTON 308 U.S. 295, AT 306 (1939); IN RE NAT. ENV. WASTE CORP., 200 F.3d 1266, AT 1268 (9th CIR. 2000); IN RE SMITH, 141 F.3d 1179 (9th CIR 1998); AND IN RE CELEBRITY HOME ENT. INC., 210 F.3d 995, AT 998 (9th CIR 2000)) ACTS TO VOID ALL OF THE "DOA ORDERS", AUTOMATICALLY, AS THEY WERE ENTERED IN VIOLATION OF THE REIMPOSED AUTOMATIC STAY (IN RE SCHULTZ 954 F.2d 569 (9th CIR 1992); IN RE CALDER 907 F.2d 953 (10th CIR 1990)). THE FEDERAL DISTRICT COURTS, ARE LIMITED IN THEIR JURISDICTION BY THE REIMPOSED AUTOMATIC STAY ESTABLISHED IN THE "FOREIGN JUDGMENTS", TO THE ENTRY OF ORDERS THAT ARE NOT INCONSISTENT WITH THE TERMS OF THE "FOREIGN JUDGMENTS" (EX. 2), SEE PICCO v. GLOBAL MARINE, 900 F.2d 846 (5TH CIR 1990).

1.18 AT ALL TIMES IN THE ACTIONS WHERE THE "DOA ORDERS" WERE ISSUED, I WAS ACTING IN MY OFFICIAL CAPACITY, AS THE COURT APPOINTED TRUSTEE, SEEKING TO EXECUTE AND ENFORCE THE "FOREIGN JUDGMENTS" (EX. 2), AS SUCH ALL ACTS, ACTIONS OR CLAIMS TAKEN AGAINST ME WHILE ACTING IN MY OFFICIAL CAPACITY. SUCH AS THE "DOA ORDERS" ARE "VOID AB INITIO", SEE IN RE MARKOS GURNEE PARTNERSHIP, 182 B.R. 211 (BANKR. N.D. IL. 1995).

1.19 AS A MATTER OF LAW, THE JUDGMENT CREDITOR CAN, AND HAS, SIMPLY IGNORE(D) THE "DOA ORDERS", AS A MATTER OF FEDERAL STATUTE, 11 U.S.C. § 524(a)(1), PURSUANT TO THE DISCHARGE AND DISCHARGE INJUNCTION ESTABLISHED BY THE "FOREIGN JUDGMENTS". IN THE 1978 AMENDMENTS TO THE BANKRUPTCY ACT, CONGRESS EXPRESSLEY MADE IT LAWFUL FOR THE JUDGMENT CREDITOR, TO SIMPLY IGNORE ALL JUDGMENTS OR ORDERS SUCH AS THE "DOA ORDERS" WHICH GRANT RELIEF AGAINST THE JUDGMENT CREDITOR, THAT WAS NOT SPECIFICALLY PRESERVED WITHIN THE "FOREIGN JUDGMENTS", SEE DUNBAR V. CONTRACTORS LIC. BD., 235 B.R. 465 (9TH CIR 1999): IN RE AUDRE, INC, 216 B.R.

19, AT 29 (9TH CIR BAP 1997); IN RE SCHWARTZ 954 F.2d 569, AT 573-75 (9TH CIR 1992); GONZALES V. PARKS, 830 F.2d 1033 (9TH CIR 1987); IN RE FRANCESCHI, 268 B.R. 219, AT 226 (9TH CIR BAP 2001); IN RE CRUZ, 254 B.R. 801, AT 810 (BANKR S.D. N.Y 2000); IN RE PAVELICH, 229 B.R. 777, AT 781 (9TH CIR BAP 1999); 4 LAWRENCE P. KING, ET. AL, COLLIER ON BANKRUPTCY ¶ 524-13 [1] (15TH ED REV. 1998); IN RE HENSLER, 248 B.R. 488, AT 491 (BANKR D. N.J. 2000).

1.20 ACCORDINGLY, THIS COURT HAS A MANDATORY, NON-DISCRETIONARY AND MINISTERIAL DUTY TO VACATE AND DECLARE "VOID AB INITIO" EACH AND EVERY "DOA ORDER", AT ISSUE HEREIN, SEE JORDAN V. GILLIGAN, 500 F. 2d 701, AT 704 (6TH CIR 1974); 7 J. MOORE FEDERAL PRACTICE, ¶ 60.25 (2) AT 301 (2ND ED. 1973) AND LUBBEN V. SELECTIVE SERVICE, 453 F.2d 645 (1ST CIR 1972); CHAI V. KONG 93 P3d 936 (WASH. APP. DIV. I 2004).

1.21 I HEREBY CERTIFY AND DECLARE THE FOREGOING TO BE TRUE AND CORRECT UNDER THE PENALTY OF PERJURY AND I CERTIFY THAT THIS PETITION/MOTION/ACTION WAS FILED/MAILED BY PLACING IT INTO THE OUTGOING INDIGENT LEGAL MAIL AT SCJ SE-30 ON 1/6/06.

DATED: 1/6/06 [signature]

DUNCAN J. McNEIL, III
JUDGMENT CREDITOR

TED DECLARATION

1. I AM OVER THE AGE OF 18 AND I HAVE PERSONAL KNOWLEDGE OF THE FOLLOWING

2. I AM PRESENTLY UNLAWFULLY INCARCERATED BY THE UNITED STATES, THE STATE OF WASHINGTON, COUNTY OF SPOKANE AND THE CITY OF SPOKANE, IN VIOLATION OF MY CONSTITUTIONAL AND CIVIL RIGHTS, AS A "CIVIL DETAINEE".

3. THAT I AM AN "OFFICER OF THE UNITED STATES" AS DEFINED BY 42 U.S.C. § 1985(1) APPOINTED PURSUANT TO 11 U.S.C. § 1123(b)(3)(B) AS THE DISBURSING AGENT AND LIQUIDATING TRUSTEE AND GENERAL MANAGER FOR REORGANIZED DEBTOR BROADWAY BUILDINGS II, L.P., PURSUANT TO ORDER OF THE U.S. BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA.

4. THAT AS A DISABLED PERSON, I HAVE BEEN THE CONTINUAL AND ON GOING VITIM OF INTENTIONAL DISCRIMINATION AND RETALIATION, BY THE U.S., THE STATE OF WASHINGTON, THE COUNTY OF SPOKANE, AND THE CITY OF SPOKANE, IN A KNOWING AND INTENTIONAL VIOLATION OF MY CIVIL AND CONSTITUTIONAL RIGHTS, FOR HAVING EXERCIZED MY COURT APPOINTED DUTIES PURSUANT TO THE EXECUTION AND ENFORCEMENT OF BROADWAY'S CONFIRMED PLAN, PURSUANT TO U.S. CONST. ART 4, § 1, FULL FAITH & CREDIT CLAUSE. I AM PRESENTLY UNDER IMMINENT DANGER OF SERIOUS PHYSICAL INJURY DUE MY CONDITIONS OF INCARCERATION AND THE WITHHOLDING OF MEDICAL CARE.

5. BY THE ATTACHED IFP APPLICATION I MOVE THE COURT FOR AN ORDER ALLOWING ME TO PROCEED IN THIS ACTION WITHOUT PREPAYMENT OF FEES.

6. I ALSO MOVE THE COURT FOR AN ORDER ALLOWING ME ELECTRONIC FILING STATUS, ALONG WITH A WAIVER OF PACER AND ELECTRONIC ACCESS, FILING AND SERVICE FEES.

7. I FURTHER MOVE THE COURT FOR APPOINTMENT OF COUNSEL, IN THIS ACTION, PURSUANT TO 28 USC§1915(e)(1), FOR THE FOLLOWING REASONS:

(a) TO ATTAIN DUE PROCESS OF LAW & THE PLAINTIFF, INDIGENT & UNLAWFULLY INCARCERATED, ASSERTS IN BRINGING THIS ACTION THAT THE PLAINTIFF HAS BEEN DENIED HIS FUNDAMENTAL RIGHTS TO DUE PROCESS OF LAW, AND HAS BEEN UNLAWFULLY DENIED ACCESS TO THE COURTS, WARRANTING APPOINTMENT OF COUNSEL IN THIS PARTICULAR CASE, SEE HATFIELD V. BAILLEAUX, 290 F.2d 632 (9TH CIR 1961);

(b) THE PLAINTIFF'S ACTION IS NECESSITATED AND BROUGHT ABOUT BY THE DEFENDANT'S ALLEGED CONSPIRACY TO CONCEAL THE PLAINTIFF'S UNLAWFUL ARRESTS, AND TO OBTAIN INVALID CRIMINAL CONVICTIONS, THEREBY WARRANTING THE APPOINTMENT OF COUNSEL, SEE WHITE V. WALSH, 649 F.2d 560 (8TH CIR 1981);

(c) THE DENIAL OF COUNSEL IN THE PARTICULAR CASE WOULD RESULT IN A FUNDAMENTAL UNFAIRNESS, DUE TO PLAINTIFF'S CONTINUAL DENIAL OF ACCESS TO COURTS/LAW LIBRARY, INFRINGING UPON THE INDIGENT PRISONER'S DUE PROCESS RIGHTS, THEREBY REQUIRING APPOINTMENT, SEE CHILDS V. DUCKWORTH 705 F.2d 915 (7TH CIR. 1983);

(d) APPOINTMENT OF COUNSEL IS NECESSARY WHEN AN INDIGENT PRISONER AS IN THIS CASE, IS PROHIBITED ADEQUATE ACCESS TO LAW LIBRARY, COPIER, TYPEWRITER, AND OTHER RESOURCES NEEDED TO PROSECUTE THE CASE, SEE RAYES V. JOHNSON, 969 F.2d 700 (8TH CIR. 1992);

(e) INDIGENT PRISONER IS PERMANENTLY DISABLED, WITH A CHRONIC

(SPECIFICALLY PG 37 OF 38)

(SEE PGS 27 OF 38 TO 38 OF 38 ATTACHED)

DIBILIANOG DISEASE, CHRONIC DISEASE, WHICH LIMITS AND INTERFERES WITH THE INDIGENT DISABLED PRISONER'S ABILITY TO PRESENT HIS CASE TO THE COURT, AND RECIEVE A FAIR TRIAL. SEE McCARTHY v. WEINBERG, 753 F.2d 836 (10TH CIR 1985); JACKSON v. COUNTY OF McLEAN, 953 F.2d 1070 (7TH CIR 1992).

8. THE SUBJECT ACTION RELATES TO SIGNIFICANT CONSTITUTIONAL ISSUES, OF PUBLIC IMPORTANCE, AS TO FULL FAITH & CREDIT, ACCESS TO COURTS, & FALSIFIED CRIMINAL HISTORY AND INDIVIDUAL AGENCY RECORDS WHICH WARRANT THE APPOINTMENT OF COUNSEL ① AS THE CASE RAISES SEVERAL ISSUES OF FIRST IMPRESSION, WHICH COULD LEAD TO SIGNIFICANT PRECEDENTIAL AUTHORITY.

9. THE PLAINTIFF MOVES THE COURT FOR AN ORDER REQUIRING SERVICE OF THE SUMMONS & COMPLAINT ON THE DEFENDANTS BY THE U.S. MARSHAL SERVICE AT THE COST OF THE U.S.

I DECLARE THE FOREGOING TRUE AND CORRECT UNDER THE PENALTY OF PERJURY OF THE LAWS OF THE UNITED STATES

DATED: 1/6/06

[signature]

PG 26 OF 40

① THAT I HAVE CONTACTED OVER 30 PUBLIC SERVICE AGENCIES AND LEGAL CLINICS, SEEKING APPOINTMENT OR ASSISTANCE OF COUNSEL IN LAST 180 DAYS, AND EACH HAS EITHER FAILED TO REPLY OR DECLINED DUE TO COMPLEXITY OF CASE

# Social Security Administration
## Retirement, Survivors and Disability Insurance
Notice of Award

Office of Central Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241-1500
Date: September 2, 2003
Claim Number: 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HA

DUNCAN J MCNEIL III
PO BOX 2906
SPOKANE, WA 99220-2906

You are entitled to monthly disability benefits beginning May 2003.

**The Date You Became Disabled**

We found that you became disabled under our rules on November 5, 2002. This is different from the date given on the application.

Also, you have to be disabled for 5 full calendar months in a row before you can be entitled to benefits. For these reasons, your first month of entitlement to benefits is May 2003.

**What We Will Pay And When**

- You will receive $3,080.00 around September 8, 2003.
- This is the money you are due for May 2003 through August 2003.
- Your next payment of $770.00, which is for September 2003, will be received on or about the third Wednesday of October 2003.
- After that you will receive $770.00 on or about the third Wednesday of each month.
- These and any future payments will go to the financial institution you selected. Please let us know if you change your mailing address, so we can send you letters directly.

The day we make payments on this record is based on your date of birth.

Enclosure(s):
Pub 05-10153
Pub 05-10058

C See Next Page

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HA                                                    Page  2 of  3

### Other Social Security Benefits

The benefit described in this letter is the only one you can receive from Social
Security. If you think that you might qualify for another kind of Social Security
benefit in the future, you will have to file another application.

### Your Responsibilities

The decisions we made on your claim are based on information you gave us. If
this information changes, it could affect your benefits. For this reason, it is
important that you report changes to us right away.

We have enclosed a pamphlet, "When You Get Social Security Disability
Benefits...What You Need To Know." It will tell you what must be reported and
how to report. Please be sure to read the parts of the pamphlet which explain
what to do if you go to work or if your health improves.

A provider of employment or vocational rehabilitation services may contact you
about getting help to go to work. The provider may be a State vocational
rehabilitation agency or a provider under contract with the Social Security
Administration.

If you go to work, special rules allow us to continue your cash payments and
health care coverage. For more information about how work and earnings affect
disability benefits, call or visit any Social Security office and ask for the following
publications:

* Social Security - Working While Disabled...How We Can Help (SSA
  Publication No. 05-10095).

* Social Security - If You Are Blind--How We Can Help (SSA Publication
  No. 05-10052).

### Do You Disagree With The Decision?

If you disagree with this decision, you have the right to appeal. We will review
your case and consider any new facts you have. A person who did not make the
first decision will decide your case. We will correct any mistakes. We will review
those parts of the decision which you believe are wrong and will look at any new
facts you have. We may also review those parts which you believe are correct
and may make them unfavorable or less favorable to you.

* You have 60 days to ask for an appeal.

* The 60 days start the day after you get this letter. We assume you got
  this letter 5 days after the date on it unless you show us that you did not
  get it within the 5-day period.

* You must have a good reason for waiting more than 60 days to ask for an
  appeal.

* You have to ask for an appeal in writing. We will ask you to sign a Form
  SSA-561-U2, called "Request for Reconsideration". Contact one of our
  offices if you want help.

P6 28 OF 40

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HA                                                    Page 3 of 3

Please read the enclosed pamphlet, "Your Right to Question the Decision Made
on Your Social Security Claim". It contains more information about the appeal.

## Things To Remember For The Future

Doctors and other trained staff decided that you are disabled under our rules.
But, this decision must be reviewed at least once every 3 years. We will send
you a letter before we start the review. Based on that review, your benefits will
continue if you are still disabled, but will end if you are no longer disabled.

## If You Want Help With Your Appeal

You can have a friend, lawyer or someone else help you. There are groups that
can help you find a lawyer or give you free legal services if you qualify. There
are also lawyers who do not charge unless you win your appeal. Your local Social
Security office has a list of groups that can help you with your appeal.

If you get someone to help you, you should let us know. If you hire someone, we
must approve the fee before he or she can collect it. And if you hire a lawyer, we
will withhold up to 25 percent of any past due benefits to pay toward the fee.

## If You Have Any Questions

We invite you to visit our website at www.socialsecurity.gov on the Internet to
find general information about Social Security. If you have any specific
questions, you may call us toll-free at 1-800-772-1213, or call your local Social
Security office at 1-509-353-2591. We can answer most questions over the
phone. If you are deaf or hard of hearing, you may call our TTY number,
1-800-325-0778. You can also write or visit any Social Security office. The office
that serves your area is located at:

> SOCIAL SECURITY
> SUITE A
> 811 E SPRAGUE AVE
> SPOKANE, WA 99202

If you do call or visit an office, please have this letter with you. It will help us
answer your questions. Also, if you plan to visit an office, you may call ahead to
make an appointment. This will help us serve you more quickly when you arrive
at the office.

*Jo Anne B. Barnhart*

Jo Anne B. Barnhart
Commissioner
of Social Security

M7

# Social Security Administration
# Retirement, Survivors, and Disability Insurance
Important Information

Office of Central
Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241-1500
Date: November 30, 2003
Claim Number: 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 HA

Duncan McNeil III
PO Box 2906
Spokane WA 99220

We are writing to you about court order number IN4871523.

In an earlier letter, we told you that we might have to take money out of your Social Security payments to satisfy the court order. Washington State Support Registry has ordered us to take money out to collect child support and/or alimony. Therefore, we will reduce the monthly payments beginning November 2003.

**What We Will Take Out**

We will take out $385.00 from each monthly payment to collect ~~what you owe. You will receive a check for $385.00 each month~~ beginning with the check you receive around December 3, 2003.

**If You Disagree With The Decision**

If you disagree with the decision of Washington State Support Registry, you will need to contact them directly, or have a lawyer do this for you. They can be contacted at:

Washington State Support Registry
PO Box 45868
Olympia WA 98504

**If You Have Any Questions**

We invite you to visit our website at www.socialsecurity.gov on the Internet to find general information about Social Security. If you have any specific questions, you may call us toll-free at 1-800-772-1213, or call your local Social Security office at 1-509-353-2591. We can answer most questions over the phone. If you are deaf or hard of hearing, you may call our TTY number, 1-800-325-0778.

SEE NEXT PAGE

Sent By: LINOLEUM AND CARPET CITY;        5093269438;        Dec-3-03  1:46PM;        Page 2/2

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 HA                                                Page 2

You can also write or visit any Social Security office.  The
office that serves your area is located at:

                    SOCIAL SECURITY
                    SUITE A
                    811 E SPRAGUE AVE
                    SPOKANE,WA 99202

If you do call or visit an office, please have this letter with
you.  It will help us answer your questions.  Also, if you plan
to visit an office, you may call ahead to make an appointment.
This will help us serve you more quickly when you arrive at the
office.

                    W. Burnell Hurt
                    Associate Commissioner for
                    Central Operations

PG 31 OF 40

From: Duncan J. McNeil To: James R. Larsen Date: 7/30/2004 Time: 4:02:18 PM Page 9 of 14

Nov 07 03 01:50p p.2
From: Duncan J. McNeil 509-271-3775 To: MD Dr. Charles W. Laudenbach Date: 11/7/2003 Time: 10:40:20 AM Page 2 of 2

Oct 08 03 03:34p p.2

400 East Fifth Avenue, P.O. Box 3469
Spokane, WA 99220-3469
Phone: (509) 838-2531 /1-800-776-4048
Fax: (509) 459-1597
www.rockwoodclinic.com

September 22, 2003

Duncan J McNeil III
P.O. Box 2906
Spokane, WA 99220-2906

RE:
MCNEIL, DUNCAN III J
1571942
DOB: 03/14/1957

TO WHOM IT MAY CONCERN:

Mr. McNeil is a patient whom I have seen since January of 2001. Mr. McNeil, unfortunately has a medical condition resulting in his inability to appear in court. I would appreciate it if this can be taken into consideration and possibly a telephone appearance could be allowed in this case.

Thank you for your consideration.

Sincerely,

C. Laudenbach MD

Charles Laudenbach, MD
Internal Medicine

408/J:1351822/D:1484856/CL:10
D: 09/22/2003 17:57:38
T: 09/24/2003 06:15:48

PG 32 OF 40

20030922 X-44 Letter from Dr Laudenbach SIGNED re telephone appearance.max

**Ronald M. Klein, Ph.D.**
Behavioral Medicine Service
601 West Main Avenue, Suite 1011
Spokane, WA 99201 (509) 838-1285

09/02/2003

Division of Disability Determination

Spokane, WA

re: Duncan McNeill DOB: 3/14/1957

Dear Sir/Madam:

Mr. McNeill was a patient of mine three years ago. With his consent, I am providing you with the following information. His dates of service were:

11-14-00; 11-21-00; 11-28-00; 12-5-00; and 12-29-00.

He had been referred by his physician Dr. Creel at Rockwood Clinic. After my initial evaluation of him on 11-14-00, I diagnosed Mr. McNeill with [redacted confidential] [redacted confidential] He appeared to be reacting to a newspaper story published at that time about his ongoing legal dispute with well known public officials. Mr. McNeill felt he had been characterized in that story in a grossly unfair manner. He was also being treated by his physician for ongoing [redacted] and was being medicated for that. I provided [redacted] to Mr. McNeill during those sessions and also made recommendations to his physician regarding use of [redacted confidential] I have not seen him clinically since 12-29-00. I did have a recent phone conversation with him during which he informed me that his symptoms have continued on since that time and that your agency has found him to be disabled. It is my understanding that Mr. McNeill has undergone [redacted confidential] with other practitioners over these past 3 years.

Sincerely,

[signature]

Ronald M. Klein, Ph.D.
Behavioral Medicine Service

PG 33 OF 40

PG 1 OF 20

From: Duncan J. McNeil To: James R. Larsen Date: 7/30/2004 Time: 4:02:18 PM Page 11 of 14

2004/JUL/14/WED 01:36 PM CHAS MAPLE FAX No. 1-509-444-7807 P. 001/001

**Community Health Association of Spokane**

**07/13/2004**

**RE: Dj McNeil**

To Whom it may Concern;

Mr. McNeil has been diagnosed with colitis. He was last seen in clinic 05/24/04. He phoned the clinic 07/08/04 and stated he was having a flare of colitis. He phoned the clinic again today asking for a letter stating that he is having a flare of colitis, is bedridden, and is unable to appear in court on 07/14/04. Since the patient has not been seen in this clinic since May 24 of this year, I cannot verify his current health status relative to his colitis; nonetheless, he requested a letter to inform the court of the foregoing.

Thank you for your consideration.

Sincerely,

Bill Lawson

Bill Lawson, PA-C

CC: Patient file

**Maple CHAS Clinic**
**3919 North Maple Street**
**Spokane, WA 99205**
**(509) 444-7801**

**DT CHAS Clinic**
**1001 W 2nd Ave.**
**Spokane, WA 99201**
**(509) 838-1205**

**Valley CHAS Clinic**
**9227 E. Main St.**
**Spokane, WA 99206**
**(509) 444-8200**

**NE CHAS Clinic**
**4001 N. Cook St**
**Spokane, WA 99207**
**(509) 487-1604**

PG 34 OF 40

~~PG 16 OF 20~~



COMMUNITY
HEALTH
ASSOCIATION
OF SPOKANE

**Community Health Association of Spokane**

**09/03/2004**

**RE: Dj McNeil**

To: Whom It May Concern

This person has anxiety and is on treatment for it. He may do better to have telephone appearances for his court hearings.

Sincerely,

Alisa ML Hideg, MD

CC: Patient file

**Maple CHAS Clinic**
**3919 North Maple Street**
**Spokane, WA 99205**
**(509) 444-7801**

**DT CHAS Clinic**
**1001 W 2nd Ave.**
**Spokane, WA 99201**
**(509) 835-1205**

**Valley CHAS Clinic**
**9227 E. Main St.**
**Spokane, WA 99206**
**(509) 444-8200**

**NE CHAS Clinic**
**4001 N. Cook St**
**Spokane, WA 99207**
**(509) 487-1604**

**Community Health Association of Spokane**

| 3919 North Maple St. | 9227 E. Main St | 1001 W. 2nd | 4001 N. Cook St |
|---|---|---|---|
| Spokane, WA 99205 | Spokane, WA 99206 | Spokane, WA 99201 | Spokane, WA 99207 |
| (509) 444-7801 | (509) 444-8200 | (509) 835-1205 | (509) 487-1604 |

**Encounter Date: 09/03/2004 Provider: Alisa Hideg MD**
**Patient Name: McNeil , Dj Date of Birth: 03/14/1957**

**Pt. here for Follow-up OV.**
47 Years old, male Pt. here for Follow-up OV.

**CHIEF COMPLAINT**

**1. Colitis (follow-up)** Comments: Pt states that he is having a falre up of his colitis again. Pt feels he is having burning w/ urination and stools passing. Pt has not had much blood in his stool for 6 weeks. He had bleeding for approximately 6 days in his emesis and stools at that time 6 weeks ago. Nauseated x two and 1/2 weeks now.

**2. Anxiety (follow-up)** Comments: He denies caffeine use. Pt is going to court re: charges against him - not specific. Has friend who is here w/ him. Pt wants medication to use when anxious about going outside

**CHRONIC CONDITIONS**

1. **ASTHMA.**
2. **Anxiety state NOS.**

**CURRENT MEDICATIONS**

| Brand Name | Dose Note | Route Desc | Sig Desc |
|---|---|---|---|
| Prevacid daily (PT ASSISTANCE) | 30mg | Oral | Take one capsule by mouth |
| Advair Diskus twice daily | 100/50 | Inhalation | Inhale 1 puff into your lungs |
| Celebrex | 200mg | Oral | one tablet by mouth daily |
| Albuterol | 90mcg | Inhalation | |
| Flovent | 110mcg | Inhalation | |
| Prilosec | 20mg | Oral | |

**ALLERGIES**

| Description | Reaction: |
|---|---|
| No Known Drug Allergies | |

**Nurse/MA Comments:**
Allergy List Confirmed. Medications Confirmed. Immunizations Confirmed.
Immunizations Up-to-Date

**Physical Examination:**

**Vital Signs:**
Height: 72.00 inches. (182.88 cm), Weight: 216.00 lbs. (98.18 kgs). BMI = 29.32;
Temperature: 97.00 F. (36.11 C) Respirations: 16
170/120 Right arm sitting. (used Regular Adult cuff).
Pulse rate is 84 per minute, regular.
Orthostatic B/Ps: L arm supine, B/P is 160/100; Pulse L arm supine is 84 beats/minute.

**Constitutional:**

No acute distress. Well nourished.
Appearance: disheveled.

**Abdomen:** Abdomen soft, non-tender, non-distended; normal bowel tones; no hepatosplenomegaly. No palpable mass; no CVA tenderness.

*P.H.Q.*

1. Feeling down, depressed or hopeless?
   **Nearly every day.**
2. Little interest or pleasure in doing things.
   **Not al all.**
3. Trouble falling asleep or sleeping too much
   **Nearly every day.**
4. Feeling tired or having little energy
   **Nearly every day.**
5. Poor appetite or overeating
   **Nearly every day.**
6. Feeling bad about yourself--or that you are a failure or have let yourself or your family down.
   **Nearly every day.**
7. Trouble concentrating on things, such as reading the newspaper or watching television.
   **Nearly every day.**
8. Moving or speaking so slowly that other people could have noticed? Or the opposite--being so fidgety or restless that you have been moving around a lot more than usual?
   **Nearly every day.**
9. Thoughts that you would be better off dead, or of hurting yourself in some way?
   **Not at all.**
10. If you are experiencing any of these problems, how difficult have these problems made it for you to do your work, take care of things at home or get along with other people?
   **Extremely difficult.**
11. If these problems have caused you difficulty, have they caused you difficulty for two years or more?
   **Yes, I have had difficulty with these problems for 2 years or more.**

How many days in the last two weeks have you missed doing things because you are depressed?
**14 Day(s)**

**Depression symptom score is 0;**
**Severity score is 21; Severe Depression.**

* **Client has significant functionability impairment.**
**Consider DX of Dysthymia.**
**Client is in CHAPPY Registry.**
Next PHQ due in 4-8 weeks, (10/01/2004).

**In-House labs:**
Urine Dipstick values:
Spec gravity: 1.015; Ph: 5; Leukocytes: negative; Nitrites: negative; Protein: negative; Glucose: normal; Ketones: negative; Urobilinogen: normal; Bilirubin: negative;
Blood: negative;
Blood glucose: 96mg/dl.

**ASSESSMENT / PLAN**

1. **Colitis, ulcerative NOS** (Re: eval & TX of ICD-9 556.9).
 - Start Asacol
F/U w/ GI
2. **Panic disorder** (Re: eval & TX of ICD-9 300.01).

Pt to increase zoloft dose
Use hydroxyzine prn

**Medications ordered this visit:** (Potential adverse drug reactions discussed.)

| Brand Name | Dose | Rx Refills | Rx Quanity | Sig Desc |
|---|---|---|---|---|
| Asacol | 400mg | 0 | 30 | one tablet by mouth three times dai |
| Metamucil | | 0 | 0 | 1 tbsp po BID |
| Zoloft | 100mg | 3 | 30 | two tablets by m. .uth daily |
| Atarax | 100mg | 1 | 90 | 1/2 to 1 tab po q 4-6 hrs prn anxiety |

MA/Nurse: Mark E. Brooks
Alisa Hideg MD

"FOREIGN JUDGMENTS"

EXHIBIT "2"

AUTHENTICATION & REGISTRATION THEREOF:

a. NOTICE of Filing of "Assignment of Interests in Bankruptcy Court Judgments Rendered in Another District, for the Benefit of Creditors, in aid of the Judgment, and in the aid of the Enforcement and Execution Thereof", filed 3-22-02 in Misc Case No 02-02, filed as Docket #535, on March 22, 2002, in Case No. 01-06073-W11, USBC-ED-WA;

b. "Order Approving Disclosure Statement and Fixing Time for Filing Acceptances or Rejections of Plan; Combined With Notice Thereof", (hereinafter "Broadway Disclosure Statement"), entered December 21, 1998, as Docket #112 in Case No. LA 98-18082-SB, USBC-CD-CA-LA;

c. "Order Approving 'Judgment Creditors' Second Amended Chapter 11 Plan", (hereinafter "Broadway's First Plan w/Discharge"), entered March 19, 1999, in Case No. LA 98-18082-SB, , USBC-CD-CA-LA, as Docket #129, along with the Clerk's Notice of Entry of Judgment or Order and Certificate of Mailing and Proof of Service on Counsel;

d. "Order Approving 'Judgment Creditors' Second Amended Chapter 11 Plan (As Modified)", (hereinafter "Broadway's Second Plan"), entered June 16, 1999, in Case No. LA 98-18082-SB, USBC-CD-CA-LA, along with the Clerk's Notice of Entry of Judgment or Order and Certificate of Mailing and Proof of Service:

e. "Findings of Fact and Conclusions of Law in Support of Order Disallowing Claims of John H. Smith and Robert Hayes", (hereinafter "Fraudulent Deed Findings"), entered December 29, 1998, in Adversary Case No. AD-98-01685-SB, USBC-CD-CA-LA, along with the Clerk's Notice of Entry of Judgment or Order and Certificate of Mailing and Proof of Service;

f. "Judgment and Order Pursuant to Summary Judgment Motions", (hereinafter "Fraudulent Deed Judgment"), entered December 29, 1998, in Adversary Case No. AD 98-01685-SB, USBC-CD-CA-LA, along with the Clerk's Notice of Entry of Judgment or Order and Certificate of Mailing and Proof of Service;

g. "Stipulated Order Re: Liability and Damages", entered October 30, 2000 in Case No. CS-97-435-RHW, USDC-ED-WA;

h. Writ of Obedience #02-0001, issued May 31, 2002, in Spokane County Superior Court Case No. 02-2-02825-4; DOC# 14, FILED 10/21/04 Ⓐ

i. Writ of Obedience #02-0002, issued June 6, 2002, in Case No. 02-2-02825-4; DOC #15 Ⓐ

j. Writ of Obedience #02-0003, issued June 7, 2002, in Case No. 02-2-02825-4; DOC #16 Ⓐ

k. Writ of Obedience #02-0004, issued June 12, 2002, in Case No. 02-2-02825-4; DOC #17 Ⓐ

l. Writ of Obedience #02-0005, issued July 18, 2002, in Case No. 02-2-02825-4. DOC #18 Ⓐ

m. ORDER denying relief from stay Re: Item # 41. with Notice of Entry, filed 1/11/2000 as Docket #137, incorporating therein "Opposition Re: Item # 41. to motions to lift stay: opposition to motion to annul stay, filed 12/9/1999, as Docket #94", and incorporating "Opposition Re: Item # 57, to motion to lift stay and to motion to annul, filed 12/10/1999, as Docket #95"; all filed in Case No. LA 99-39555-SB, USBC-CD-CA-LA;

n. BAP/USDC appeal judgment - the Bankruptcy Court judgment is AFFIRMED. BAP #CC-00-1049 RE: Item #154, filed 1/16/2001, as Docket #359, Case No. LA 99-39555-SB, USBC-CD-CA-LA;

o. ORDER Granting Debtors Motion to Strike Liens, filed 9/15/1998, as Docket #199, in Case No. 96-02980-K11, USBC-ED-WA;

p. NOTICE of Filing of "Request to Clerk for Registration of Judgment Rendered in Another Court, filed 3-21-02 as Misc Case No. 02-01 (02-01731 DJM $), filed 3/27/2002, as Docket #536, Case No. 01-06073-W11, USBC-ED-WA;

q. EXHIBIT J Admitted at hearing on 12-5-01; re: Amendment to Settlement Agreement and Mutual Release and Personal Services Contract Effective 5-24-01 between Duncan J McNeil and Broadway Buildings II LP. Re: Oust Motin to Convert Case to Ch 7, Docket #44 & Joinder therein Docket #212, as Docket #459, Case No. 01-06073-W11, USBC-ED-WA;

Ⓐ DOC#'S REFER TO "PACER" DOCKET NUMBERS FOR CASE NO: 2:04-CV-00427-AAM; USDC EASTERN DISTRICT OF WASHINGTON

PG ~~[illegible]~~ 39 OF 40

12

"FOREIGN JUDGMENTS" EX. 2
(PG 2 OF 2)

r. EXHIBIT J Admitted at hearing on 12-5-01; Re: Amendment to Settlement Agreement and Mutual Release and Personal Services Contract, effective 8-17-01 between Duncan J McNeil, GMFT Reorganization Corporation, and Broadway Buildings II LP RE: Oust Motion to Convert Case to Ch 7, Docket #44 and Joinder therein Docket #212, filed 1/4/2002, as Docket #460, Case No. 01-06073-W11, USBC-ED-WA;

s. PROPOSED Exhibit "D-D" to Supplement Exhibits offered at hearing on 12-5-01; RE: 1) Standard Form 95 Claim for Damages filed by Duncan J McNeil 11-23-99 with the Oust-Ed-WA, in the Sum of $5211.926, ... ... ..., filed 2/6/2002, as Docket #'s 506, 506A, Case No. 01-06073-W11, USBC-ED-WA;

t. PROPOSED Exhibit "I-I" to Supplement Exhibits offered at hearing on 12-5-01; re: 1) Standard Form 95 Claim for Damages filed by Duncan J McNeil on 3-6-98 with the Oust-Ed-WA, in the sum of $4,651,000. Re: Oust Motion to Convert Case to Ch 7, Docket #44 and Joinder therein Docket #212, filed 2/11/2002, as Docket #512, Case No. 01-06073-W11, USBC-ED-WA;

u. (1) NOTICE of Separation Contract & Dissolution of Marriage Contract Pursuant to RCW 26.0-9.070 filed 7-26-01 as Document #4613783 with the County Recorder for Spokane County, Washington, (pages 1 of 29 to 29 of 29); (2) JOINT Petition for Dissolution of Marriage, filed 7-26-01 in Case No. 01-301586-7 (pages 2 of 29 to 5 of 29; 3) SEPARATION Contract and Dissolution of Marriage Contract Pursuant to RCW 26.09.070, filed 7-26-01 in Case No. 01-301586-7, (pages 6 of 29 to 29 of 29), filed 2/6/2002, as Docket #505, Case No. 01-06073-W11, USBC-ED-WA;

v. ~~[illegible]; entered [illegible] in Spokane County Superior Court Case [illegible], except those portions of the decree that were entered in violation of law, and in violation of the Complainant's civil and constitutional rights, as a parent.~~

AUTHENTICATION & REGISTRATION OF JUDGMENTS

I, DUNCAN J. MCNEIL, III, AM THE LAWFUL OWNER OF THE FOREGOING LISTED "FOREIGN JUDGMENTS" AND I HEREBY CERTIFY THAT TRUE AND CORRECT COPIES OF THESE "FOREIGN JUDGMENTS" ARE ON FILE IN THE IDENTIFIED ACTIONS AND DOCKET #'S AND THAT THESE "FOREIGN JUDGMENTS" ARE OFFICIALLY PUBLISHED ON THE COURT'S "PACER" SYSTEM, PURSUANT TO FRCP 44(a)(1) AND FRE RULE 201(b)(2) AND ARE THE "OFFICIAL PUBLICATIONS THEREOF". BY THIS MOTION/PETITION/APPLICATION I REQUEST THAT THE CLERK OF THIS COURT PRINT, FILE AND REGISTER THESE "FOREIGN JUDGMENTS" FROM THE COURT'S "PACER" SYSTEM AND THAT THESE "FOREIGN JUDGMENTS" BE GRANTED FULL FAITH & CREDIT IN THIS COURT PURSUANT TO 28 USC § 1963, 28 USC § 1738 AND U.S. CONST. ART. IV § 1 (AND THE APPLICABLE STATE UEFJA(S)). I DECLARE THE FOREGOING TO BE TRUE AND CORRECT UNDER THE PENALTY OF PERJURY.

DATED: 1/6/06

[signature]

JUDGMENT CREDITOR

13