DUNCAN J. MCNEIL, III
2030 W. SPOFFORD
SPOKANE, WA 99205
INDIGENT DISABLED
UNLAWFULLY INCARCERATED
JUDGMENT DEBTOR

MO-RJM-32
DATE: 1/6/06
RJ-08
05-574 (JJF)

U.S. DISTRICT COURT
DISTRICT OF DELEWARE

FILED
JAN 13 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

DUNCAN J. MCNEIL, III
PLAINTIFF &
JUDGMENT CREDITOR

V.

UNITED STATES, AND
IT'S OFFICERS AND
AGENCIES; AND ALL
KNOWN OR UNKNOWN
JUDGMENT DEBTORS,
WITH PROPERTY IN THIS
JUDICIAL DISTRICT,
FICTITIOUSLY NAMED
AS DOE 1 TO DOE
500,
DEFENDANTS &
JUDGMENT DEBTORS

CASE NO:

PETITION FOR WRIT OF MANDAMUS
AND
PETITION & REPORT
TO CLERK - FOR
REGISTRATION OF
"FOREIGN JUDGMENTS"
RENDERED IN ANOTHER
DISTRICT, PURSUANT
TO 28 USC § 1963;
FRCP 77(C); 28
USC § 1738; U.S.
CONST, ART IV § 1;
AND THE UEFJA;
10 DEL.C. §§ 4781 TO 4787
APPLICATION FOR
EXECUTION AND
ENFORCEMENT OF
REGISTERED JUDGMENTS
PER FRCP 69, 70 & 71

I. PETITION FOR REGISTRATION

I, DUNCAN J. MCNEIL, III, THE INDIGENT
DISABLED UNLAWFULLY INCARCERATED
JUDGMENT CREDITOR, BEING SWORN UPON
OATH HEREBY CERTIFIES, AUTHENTICATES
AND DECLARES THE FOLLOWING AS
TO THE "FOREIGN JUDGMENTS":
① 10 DEL.C §§ 4781 TO 4787

PAGE 1 OF 19

1. THAT PLAINTIFF AND JUDGMENT CREDITOR IS THE LAWFUL OWNER OF THE "FOREIGN JUDGMENTS" ATTACHED HERETO AND DESCRIBED HEREIN ON EX. 1 (PG 12 OF 19 TO 17 OF 19) AND EX. 2 (PG 18 OF 19 TO 19 OF 19).

2. THAT THE HEREIN "FOREIGN JUDGMENTS" CONSIST OF A CONFIRMED CHAPTER 11 REORGANIZATION PLAN, WITH A REIMPOSED AUTOMATIC STAY, (PURSUANT TO 11 USC § 326), A DISCHARGE AND A DISCHARGE INJUNCTION (11 U.S.C. § 524 AND 11 U.S.C. § 1141), ALONG WITH ALL OTHER DOCUMENTS CONTRACTS, JUDGMENT CONFIRMED TOGETHER, OR MADE THEREON, TAKEN TOGETHER, TO FORM A SINGLE CONTRACT OR JUDGMENT, AS IS LISTED AND DESCRIBED ON EX. 2, SEE <u>IN RE SUGARHOUSE REALTY, INC.</u>, 192 B.R. 355, AT 363 (BANKR. W.D. WA. 1997), CITING TO <u>IN RE ERIE HILTON</u>, 137 B.R. 165, AT 171 (BANKR. W.D. PA. 1992) AND <u>IN RE PENBERTHY</u>, 211 B.R. 391, AT 395 (BANKR. W.D. WA 1997).

3. THAT PLAINTIFF AND JUDGMENT CREDITOR IS A FEDERAL COURT APPOINTED "OFFICER OF THE UNITED STATES", AS DEFINED BY 42 U.S.C. § 1985(1), APPOINTED PURSUANT TO 11 U.S.C. § 1123

(b)(3)(B), AND CHARGED BY FEDERAL COURT ORDER WITH THE EXECUTION AND ENFORCEMENT OF THE "FOREIGN JUDGMENTS" IN THIS DISTRICT.

4. THAT PLAINTIFF AND JUDGMENT CREDITOR IS A JUDICIALLY APPOINTED "ARM OF THE COURT", WITH ABSOLUTE QUASI-JUDICIAL IMMUNITY AS TO ALL ACT TAKEN TO EXECUTE AND ENFORCE THE "FOREIGN JUDGMENTS".

5. THAT PLAINTIFF AND JUDGMENT CREDITOR IS THE DIRECT AND/OR INDIRECT TRANSFEREE OF, AND SUCCESSOR IN INTEREST TO THE REORGANIZED DEBTOR AND THE CONFIRMED DEBTOR ESTATE, AS DEFINED AND ESTABLISHED BY 11 U.S.C. §524(g)(3)(A)(ii) AND THE TERMS OF THE "FOREIGN JUDGMENTS".

6. THAT DUE TO NON-JUDICIAL ACTS TAKEN IN "A CLEAR ABSENCE OF ALL JURISDICTION" AND CONTRARY TO CLEARLY ESTABLISHED STATUTES AND CASE LAW AUTHORITY, THE PLAINTIFF AND JUDGMENT CREDITOR IS PRESENTLY UNLAWFULLY INCARCERATED, AS A "CIVIC DETAINEE" BASED UPON "VOID AB INITIO" CIVIC ORDERS, ENTERED IN A CONSPIRACY TO INTERFERE

1. WITH THE EXECUTION AND ENFORCEMENT
2. OF THE "FOREIGN JUDGMENTS". THE
3. PLAINTIFF AND JUDGMENT CREDITOR'S
4. CONTINUING UNLAWFUL INCARCERATION
5. IS DUE TO NON-JUDICIAL ACTS, IN
6. DIRECT RETALIATION AND RETRIBUTION
7. FOR THE PLAINTIFF AND JUDGMENT
8. DEBTOR HAVING SOUGHT TO FULFILL
9. HIS COURT ORDER DUTY AND OBLIGATION
10. TO EXECUTE AND ENFORCE UPON
11. THE HEREIN DESCRIBED "FOREIGN
12. JUDGMENTS".
13.     7. DUE TO THE PLAINTIFF'S AND
14. JUDGMENT CREDITOR'S INDIGENCY,
15. DISABILITY AND UNLAWFUL INCARCERATION,
16. IMPOSED BY THE JUDGMENT DEBTORS
17. IN DIRECT ACTS OF RETALIATION, THE
18. JUDGMENT CREDITOR IS NOT ABLE
19. TO FURNISH TO THIS COURT ACTUAL
20. COPIES OF THE "FOREIGN JUDGMENTS"
21. (EXCEPT AS PROVIDED BY EX. 1).
22.     8. PURSUANT TO F.R.C.P 44(a)(1)
23. THE UNITED STATES, BY AND THROUGH
24. THE COURT'S "PACER" SYSTEM HAS
25. MADE EVIDENCE OF THE "FOREIGN
26. JUDGMENTS" BY "AN OFFICIAL
27. PUBLICATION THEREOF", AT THE
28. "PACER" COURT CASE NUMBERS AND

1. THE ELECTRONIC DOCKET NUMBERS,
2. OF THE "FOREIGN JUDGMENTS" AS
3. LISTED AND DESCRIBED ON EX. 2
4. (PG 18 OF 19 TO 19 OF 19).
5.     9. PURSUANT TO 28 U.S.C. § 1746,
6. 28 U.S.C. § 1963, 28 U.S.C. § 1738, U.S.
7. CONST. ART IV §1, UEFJA①, FRE
8. 201(b)(2) AND FRCP 44(g)(1), I HEREBY
9. CERTIFY UNDER THE PENALTY OF PERJURY,
10. THAT THE COURT RECORDS, EVIDENCED BY
11. THE COURT'S OFFICIAL PUBLICATION THEREOF,
12. ON THE COURT'S "PACER" SYSTEM, AS LISTED
13. AND DESCRIBED ON EX. 2 (PG 18 OF 19
14. TO 19 OF 19) ARE TRUE AND CORRECT COPIES
15. OF THE "FOREIGN JUDGMENTS" TO BE
16. REGISTERED IN THIS ACTION.
17.     10. I HEREBY REQUEST THAT
18. THE CLERK AND THIS COURT TAKE
19. JUDICIAL NOTICE OF THE OFFICIAL
20. PUBLICATION OF THE "FOREIGN
21. JUDGMENTS", AND THAT IN THE
22. INTERESTS OF JUSTICE, THAT THE
23. PRINT OR OTHERWISE OBTAIN COPIES
24. OF THE "FOREIGN JUDGMENTS" FOR
25. THE FILING, REGISTRATION, AND
26. ENTRY OF A JUDGMENT OF THIS
27. COURT, GRANTING FULL FAITH AND
28. CREDIT TO THE OFFICIALLY PUBLISHED

COPIES OF THE "FOREIGN JUDGMENTS" DESCRIBED AND LISTED ON EX. 2, SEE BOLEDORN v. BOLEDORN, 76 F.2d 812 (D.C. CIR. 1935); MAGNOLIA PETROLEUM v. HUNT, 320 U.S. 430 (1947); US v. McCARGO, 783 F.2d 507, AT 509 (5TH CIR. 1986); CHANDLER v. U.S., 378 F.2d 906, AT 909-910 (9TH CIR. 1967); US v. VASQUEZ-GUERRERO, 554 F.2d 917, AT 919 N.1 (9TH CIR. 1977).

11. AS SUCH THE PLAINTIFF AND JUDGMENT CREDITOR HEREBY PETITIONS THE CLERK OF THIS COURT TO COMPLETE THE MINISTERIAL NON-DISCRETIONARY ACTS, ASSOCIATED WITH THE REGISTRATION, FILING ENTRY, AND ISSUANCE (PURSUANT TO FRCP 58(a)(1) AND FRCP 77(c)) AND ENTRY OF A JUDGMENT OF THIS DISTRICT, AND THE ISSUANCE OF ALL OTHER MESNE PROCESS, WHICH DOES NOT REQUIRE ALLOWANCE OF A COURT ORDER AND IS GRANTABLE OF COURSE BY THE CLERK OF THIS COURT, PURSUANT TO FRCP 77(C) AND

OTHER PROVISIONS OF LAW.

## II. APPLICATION FOR EXECUTION

1. UPON THE ENTRY BY THE CLERK OF THIS COURT, OF A JUDGMENT OF THIS DISTRICT, GRANTING FULL FAITH & CREDIT TO THE FOREIGN JUDGMENTS (EX. 2), THE JUDGMENT CREDITOR REQUESTS THE INITIATION OF SUPPLEMENTAL PROCEEDINGS IN THIS COURT, PURSUANT TO FRCP 69(a) FOR ISSUANCE OF WRITS OF EXECUTION; PURSUANT TO FRCP 70, TO COMPEL THE U.S. AND THE JUDGMENT DEBTORS TO PERFORM SPECIFIC ACTS REQUIRED OF AND MANDATED BY THE FOREIGN JUDGMENTS; AND PURSUANT TO FRCP 71 TO ADD THE U.S. AS A JUDGMENT DEBTOR TO THE MONEY JUDGMENT ATTACHED AS EX. 1, AND AS A JUDGMENT DEBTOR ON ALL OF THE REMAINING FOREIGN JUDGMENTS LISTED ON EX. 2.

## III. AFFIDAVIT OF LAST KNOWN ADDRESSES FOR JUDGMENT DEBTORS

1. PURSUANT TO UEFJA(1) AND OTHER PROVISIONS OF LAW REQUIRING

PAGE 7 OF 19

SERVICE OF THIS PETITION ON THE JUDGMENT DEBTORS AT THEIR LAST KNOWN ADDRESSES, THE JUDGMENT DEBTOR HEREBY CERTIFIES THAT DUE TO HIS ONGOING UNLAWFUL INCARCERATION, IN RETALIATION AND RETRIBUTION FOR THE JUDGMENT CREDITOR HAVING SOUGHT TO EXERCISE HIS CONSTITUTIONAL RIGHT AND COURT ORDERED OBLIGATION TO ENFORCE THE "FOREIGN JUDGMENTS", THE JUDGMENT ~~DEBT~~ CREDITOR'S CAPTORS HAVE UNLAWFULLY SEIZED ALL OF THE JUDGMENT CREDITOR'S BUSINESS RECORDS, INCLUDING BUT NOT LIMITED TO THE JUDGMENT DEBTOR LIST, AND THE LIST OF THEIR ADDRESSES.

2. THE JUDGMENT CREDITOR PROCEEDS INITIALLY IN THIS ACTION AGAINST THE UNITED STATES AS A JUDGMENT DEBTOR, BUT DUE TO THE JUDGMENT CREDITOR'S ON GOING "BOUNDS VIOLATION" OR TOTAL DENIAL OF ACCESS TO THE JAIL LAW LIBRARY/COPIER THE JUDGMENT CREDITOR LACKS

PG 8 OF 19

ACCESS TO THE ADDRESS FOR SERVICE OF THE UNITED STATES ATTORNEY IN THIS DISTRICT.

3. AS SUCH, ON 10/17/05 THE JUDGMENT CREDITOR SERVED A COPY OF THIS PETITION ON THE U.S. ATTORNEY GENERAL c/o THE EXECUTIVE OFFICE OF THE U.S. ATTORNEY- GENERAL COUNSEL ADDRESSED AS FOLLOWS:

U.S. ATTORNEY GENERAL c/o
EXECUTIVE OFFICE OF
UNITED STATES ATTORNEY
GENERAL COUNSEL
600 E. STREET, N.W. ROOM 7300
WASHINGTON, D.C. 20530

4. THE JUDGMENT CREDITOR REQUESTS THAT THE CLERK OF THIS COURT SERVE A COPY OF THIS PETITION ON THE LOCAL OFFICE OF THE U.S. ATTORNEY, IN THIS DISTRICT, WITH A COPY OF THE LETTER OF TRANSMITTAL TO THE JUDGMENT CREDITOR, SO THAT THE JUDGMENT CREDITOR HAS THE NECESSARY SERVICE ADDRESS IN THIS DISTRICT.

PAGE 9 OF 19

5. THE JUDGMENT CREDITOR RESERVES THE RIGHT TO AMEND THIS PETITION AND ANY SUPPLEMENTAL PROCEEDING ON THE RESULTING JUDGMENT OF THIS DISTRICT TO SPECIFICALLY NAME THE JUDGMENT DEBTORS WITH PROPERTY IN THIS DISTRICT, FICTIOUSLY NAMED HEREIN AS DOE I TO DOE 500, AT SUCH TIME WHEN THE JUDGMENT CREDITOR RECOVERS HIS BUSINESS RECORDS, LISTS OF JUDGMENT DEBTORS, IN THIS DISTRICT AND THEIR ADDRESSES.

### IV PROOF OF MAILING

1. THE JUDGMENT CREDITOR HEREBY CERTIFIES, PURSUANT TO §3 OF THE UNIFORM ENFORCEMENT OF FOREIGN JUDGMENTS ACT (UFFJA©) AND OTHER APPLICABLE LAWS, NOTICE OF FILING OF THE "FOREIGN JUDGMENTS" (EX. 2) AT THE LAST KNOWN ADDRESS OF THE JUDGMENT DEBTOR, THE UNITED STATES, AS INDICATED HEREIN, BY PLACING A COPY OF THIS PETITION INTO THE OUTGOING INDIGENT MAIL AT SCI SW-26 ON 10/17/05. THE JUDGMENT CREDITOR'S ADDRESS

FOR NOTICE AND SERVICE OF PROCESS IS:

Duncan J. McNeil, III
2030 W. Spofford
Spokane, WA 99205.

## V Authentication

1. I, Duncan J. McNeil, III, the Judgment Creditor in this action hereby certifies, pursuant to 28 U.S.C. §1746, under the penalty of perjury, pursuant to the laws of the U.S., that all facts and statements made in this Petition/Request for Registration are true and correct, and pursuant to FRCP 44(a)(1) that the official publication of the "Foreign Judgments" listed and described on Ex. 2, as published on the Court's "PACER" system, as well as Ex. 1 attached hereto, are true and correct copies of the "Foreign Judgments" hereby registered in this action in this District, in this Court, pursuant to 28 U.S.C. §1963, 28 U.S.C. §1738, U.S. Const. Art. IV §1, the UEFJA© and other applicable laws and statutes.

Dated: 1/6/06

_____
Judgment Creditor

Pg. 11 of 19

*Ex. 1*
*"FOREIGN JUDGMENTS"*

AO 451 (Rev. 11/91) Certification of Judgment

# United States District Court

_Eastern_ DISTRICT OF _Washington_

Duncan J. McNeil

V.

David Baker, et al

CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT

Case Number: CS-97-435-RHW

I, __James R. Larsen__, Clerk of the United States district court certify that the attached judgment is a true and correct copy of the original judgment entered in this action on (1/30/01) ~~MAR 15 2002~~ _____, as it appears in the records of this court; and that
Date

*no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed

IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court.

MAR 15 2002
Date

James R. Larsen
Clerk

_CKenney_
(By) Deputy Clerk

*Insert the appropriate language: ... "no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed." ... "no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [date]." ... "an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]." ... "an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

*Ex. 1*

```
 1 │ Carlos Valero, WSBA#29192
   │ Law Offices of Carlos Valero
 2 │ 715 E. Sprague Ave, Suite 204          FILED IN THE
   │ Spokane, WA 99202-2142                 U.S. DISTRICT COURT
 3 │ Telephone 509-462-0000                 EASTERN DISTRICT OF WASHINGTON
   │ Facsimile 509-462-0007
 4 │ Attorney for Counter-Claimants              JAN 3 0 2001
 5 │                                         JAMES R. LARSEN, CLERK
                                                            DEPUTY
 6 │                                         SPOKANE, WASHINGTON
 7 │
                    UNITED STATES DISTRICT COURT
 8 │                EASTERN DISTRICT OF WASHINGTON
 9 │
   │ DUNCAN J. McNEIL,              )  Case No. CS-97-435-RHW
10 │                                )
   │        Plaintiff,              )  STIPULATED ORDER RE:
11 │ v.                             )  LIABILITY AND DAMAGES
   │                                )
12 │ DAVID BAKER, et. al.,          )
   │                                )
13 │        Defendants.             )
                                    )
14 │ ─────────────────────────────  )
   │ CITIZENS AGAINST BANKRUPTCY &  )  Hearing Date: September 27, 2000
15 │ REAL ESTATE FRAUD L.P; et. al.,)  Hearing Time: 1:00 p.m.
   │                                )
16 │   Employers and Counter-Claimants,)  Attest A True Copy
   │                                )     James R. Larsen Clerk
17 │ vs.                            )     United States District Court
   │                                )     Eastern District of Washington
18 │ JOHN T. POWERS, et. al.,       )
   │                                )  By _____
19 │        Counter-Defendants.     )            Deputy Clerk
                                    )
20 │ ─────────────────────────────
```

Plaintiff Duncan J. McNeil ("Plaintiff") and Counter Claimants CITIZENS AGAINST BANKRUPTCY & REAL ESTATE FRAUD LIMITED PARTNERSHIP ("CITIZENS AGAINST"); BROADWAY BUILDINGS II L.P. ("BROADWAY"); CAPITAL FINANCE L.P. ("CAPITAL"); and EMERALD SERVICES GROUP ("EMERALD"), (hereinafter collectively referred to as "Counter-Claimants") hereby stipulate to the entry of a "Stipulated Order Re: Liability and Damages" in support of a "Stipulated Final Judgment on Less Than All Claims; No Just Reason for Delay of Entry of Final Judgment on Less Than All

RECEIVED
SEP 26 2000
CLERK, U.S. DISTRICT COURT
SPOKANE, WASHINGTON

Claims", entered concurrently herewith:

## STIPULATED FACTS

Plaintiff and Counter-Claimants hereby stipulate to the following facts:

1. Counter-Claimants and Plaintiff hereby admit as true the factual allegations contained in paragraphs 1 to 148 of the Plaintiff's First Amended Complaint, filed in this action on July 30, 1999 as Ct. Rec #115.

2. That at all times since May of 1996, Plaintiff was employed by Counter-Claimants and is owed agreed compensation for the services performed by Plaintiff, in the total amount of $309,610.00, see discussion *infra*. That since June of 1996, Plaintiff has performed valuable services for Counter-Claimants related to the preservation and implementation of the JV/Loan Agreement and the confirmation and implementation of Broadway's Confirmed Plan of Reorganization. That Plaintiff has no ownership interests in Counter-Claimants and is not an officer, director, stockholder or equity holder of Counter-Claimants. Plaintiff is and at all times was, a retained independent consultant, performing valuable services for Counter-Claimants, at the request and instruction of Counter-Claimants, for the benefit of Counter-Claimants.

3. Were it not for Plaintiff's services, completed at the request and instruction of the Counter-Claimants, Counter-Claimants would not have been able to preserve and protect their interests in the JV/Loan Agreement and would not have been able to obtain the confirmation and implementation of Broadway's Confirmed Plan of Reorganization.

4. In May of 1996 and since that date, Counter-Claimants, through corporate resolutions, court orders and other authorizations and instruction, have employed Plaintiff and instructed Plaintiff to take all necessary action to: (1) investigate, preserve and protect Counter-Claimant's claims against third parties; (2) preserve, protect and implement Counter-Claimant's interests in the JV/Loan Agreement; (3) obtain the confirmation and implementation of Broadway's Confirmed Plan of

Stipulated Order Re: Liability and Damages - Page 2

1. Reorganization; (4) formulate and implement a plan of reorganization for GMFT Reorganization Corporation; (5) cause the unauthorized and forged deed wrongfully encumbering the BROADWAY PROPERTY to be stricken and expunged; (6) cause the unlawful Lis Pendens wrongfully encumbering the ANTLER PROPERTY to be stricken and expunged; and (7) to take any and all other action necessary to preserve and protect the Counter-Claimants business interests from the wrongful and unlawful conduct of Third Parties. (See paragraphs 1 to 148 as alleged in Plaintiff's First Amended Complaint.)

5. Were it not for the wrongful actions of Third Parties, Plaintiff would not have had to perform the services described in paragraph #4, above. Were it not for the wrongful actions of Third Parties, Counter-Claimants would not have incurred the herein obligation owed to Plaintiff. Were it not for the wrongful actions of Third Parties, Counter-Claimants would owe the Plaintiff no amount of unpaid compensation.

6. That pursuant to the course of conduct, written partnership agreements, written employment agreements, and Broadway's Confirmed Plan of Reorganization, Plaintiff is entitled to recover reasonable compensation from Counter-Claimants, in the sum of at least $30/hr., plus expenses, for all services which were requested and performed since June of 1996, as established herein.

7. Due to the wrongful actions of Third Parties, Counter-Claimants have been unable to pay to Plaintiff reasonable compensation, for the valuable services that Plaintiff has performed since June of 1996. Were is not for the wrongful actions of Third Parties, the Counter-Claimants and related parties, Plaintiff would not have been required to performed the services for Counter-Claimants, as described in paragraph 4.

8. Having completed satisfactory discovery and in order to avoid further litigation expense and costs, Plaintiff and Counter-Claimants hereby stipulate that Counter-Claimants are, jointly and severally indebted to Plaintiff as follows:

a. For the time period of June of 1996 to March of 1999, Plaintiff has claimed reasonable compensation in the amount of $129,021.00. To avoid further litigation, Plaintiff and Counter Claimants hereby stipulate to Plaintiff being entitled to reasonable compensation in the sum of $120,000, for this time period, plus pre-judgment interest of 12% per annum, from November 1, 1997 on this amount, for a total sum of $162,600.00, for this period, due as of October 1, 2000;

b. For the time period of March 1999 to March 2000, Plaintiff has claimed reasonable compensation in the amount of $94,114.00. To avoid further litigation, Plaintiff and Counter Claimants hereby stipulate to Plaintiff being entitled to reasonable compensation in the sum of $90,000, for this time period, plus pre-judgment interest of 12% per annum, from September 1, 1999 on this amount, for a total sum of $101,880.00, for this period, due as of October 1, 2000;

c. For the time period of March 2000 to October 1, 2000, Plaintiff has claimed reasonable compensation in the amount of $55,029.00. To avoid further litigation, Plaintiff and Counter Claimants hereby stipulate to Plaintiff being entitled to reasonable compensation in the sum of $52,000, for this time period, plus pre-judgment interest of 12% per annum, from May 1, 2000 on this amount, for a total sum of $54,652.00, for this period, due as of October 1, 2000;

d. That Plaintiff is entitled to reasonable compensation for services to be performed after October 1, 2000, in the sum of $6,450.00 per month, plus actual expenses, and interest at the rate of 12% per annum, until the successful implementation of the JV/Loan Agreement and the implementation of Broadway's Confirmed Plan of Reorganization. Said amount to be set by subsequent stipulated order of this court.

9. Based upon the foregoing, Plaintiff and Counter-Claimants stipulate that

1  Counter-Claimants are jointly and severally obligated and liable to Plaintiff in the
2  sum of $319,132.00, for valuable services rendered from the time period of June of
3  1996 to October 1, 2000. Plaintiff and Counter-Claimants stipulate that said sum
4  shall accrue post-judgment interest at the rate of 12% per annum, until paid in full.

5      10. ..That Plaintiff and Counter-Claimants stipulate that Plaintiff is the
6  prevailing party in this action, as to Counter-Claimants and that Plaintiff is entitled
7  to an award of his attorney fees and costs in bringing this action. Said amount to be
8  set by subsequent order of this court.

### ORDER OF THE COURT

**IT IS HEREBY ORDERED** that the foregoing "Stipulated Order Re: Liability and Damages" in support of a "Stipulated Final Judgment on Less Than All Claims; No Just Reason for Delay of Entry of Final Judgment on Less Than All Claims", is entered in favor of Plaintiff and against Counter-Claimants, jointly and severally.

**IT IS FURTHER ORDERED**, that the District Court Executive is directed to enter this "Stipulated Order Re: Liability and Damages" and to provide copies to counsel and Plaintiff.

Dated: 10/30/00

_____
ROBERT H. WHALEY
United States District Judge

**So Stipulated:**

Dated: September 26, 2000

_____
Duncan J. McNeil, Plaintiff

Dated: September 26, 2000

_____
Carlos Valero, WSBA#29192
Law Offices of Carlos Valero
Attorney for Counter-Claimants

Entered in Civil Docket on 1/30/01

Stipulated Order Re: Liability and Damages - Page 5

## "FOREIGN JUDGMENTS"
## EXHIBIT "2"
### AUTHENTICATION & REGISTRATION THEREOF:

1. 
   a. NOTICE of Filing of "Assignment of Interests in Bankruptcy Court Judgments Rendered in Another District, for the Benefit of Creditors, in aid of the Judgment, and in the aid of the Enforcement and Execution Thereof", filed 3-22-02 in Misc Case No 02-02, filed as Docket #535, on March 22, 2002, in Case No. 01-06073-W11, USBC-ED-WA;
   b. "Order Approving Disclosure Statement and Fixing Time for Filing Acceptances or Rejections of Plan; Combined With Notice Thereof", (hereinafter "Broadway Disclosure Statement"), entered December 21, 1998, as Docket #112 in Case No. LA 98-18082-SB, USBC-CD-CA-LA;
   c. "Order Approving 'Judgment Creditors' Second Amended Chapter 11 Plan", (hereinafter "Broadway's First Plan w/Discharge"), entered March 19, 1999, in Case No. LA 98-18082-SB, , USBC-CD-CA-LA, as Docket #129, along with the Clerk's Notice of Entry of Judgment or Order and Certificate of Mailing and Proof of Service on Counsel;
   d. "Order Approving 'Judgment Creditors' Second Amended Chapter 11 Plan (As Modified)", (hereinafter "Broadway's Second Plan"), entered June 16, 1999, in Case No. LA 98-18082-SB, USBC-CD-CA-LA, along with the Clerk's Notice of Entry of Judgment or Order and Certificate of Mailing and Proof of Service;
   e. "Findings of Fact and Conclusions of Law in Support of Order Disallowing Claims of John H. Smith and Robert Hayes", (hereinafter "Fraudulent Deed Findings"), entered December 29, 1998, in Adversary Case No. AD-98-01685-SB, USBC-CD-CA-LA, along with the Clerk's Notice of Entry of Judgment or Order and Certificate of Mailing and Proof of Service;
   f. "Judgment and Order Pursuant to Summary Judgment Motions", (hereinafter "Fraudulent Deed Judgment"), entered December 29, 1998, in Adversary Case No. AD 98-01685-SB, USBC-CD-CA-LA, along with the Clerk's Notice of Entry of Judgment or Order and Certificate of Mailing and Proof of Service;
   g. "Stipulated Order Re: Liability and Damages", entered October 30, 2000 in Case No: CS-97-435-RHW, USDC-ED-WA;
   h. Writ of Obedience #02-0001, issued May 31, 2002, in Spokane County Superior Court Case No. 02-2-02825-4; DOC# 14, FILED 10/21/04 ⓐ
   i. Writ of Obedience #02-0002, issued June 6, 2002, in Case No. 02-2-02825-4; DOC#15 ⓐ
   j. Writ of Obedience #02-0003, issued June 7, 2002, in Case No. 02-2-02825-4; DOC#16 ⓐ
   k. Writ of Obedience #02-0004, issued June 12, 2002, in Case No. 02-2-02825-4; DOC#17 ⓐ
   l. Writ of Obedience #02-0005, issued July 18, 2002, in Case No. 02-2-02825-4. DOC#18 ⓐ
   m. ORDER denying relief from stay Re: Item # 41. with Notice of Entry, filed 1/11/2000 as Docket #137, incorporating therein "Opposition Re: Item # 41. to motions to lift stay: opposition to motion to annul stay, filed 12/9/1999, as Docket #94", and incorporating "Opposition Re: Item # 57. to motion to lift stay and to motion to annul, filed 12/10/1999, as Docket #95"; all filed in Case No. LA 99-39555-SB, USBC-CD-CA-LA;
   n. BAP/USDC appeal judgment - the Bankruptcy Court judgment is AFFIRMED. BAP #CC-00-1049 RE: Item #154, filed 1/16/2001, as Docket #359, Case No. LA 99-39555-SB, USBC-CD-CA-LA;
   o. ORDER Granting Debtors Motion to Strike Liens, filed 9/15/1998, as Docket #199, in Case No. 96-02980-K11, USBC-ED-WA;
   p. NOTICE of Filing of "Request to Clerk for Registration of Judgment Rendered in Another Court, filed 3-21-02 as Misc Case No. 02-01 (02-01731 DJM $), filed 3/27/2002, as Docket #536, Case No. 01-06073-W11, USBC-ED-WA;
   q. EXHIBIT 1 Admitted at hearing on 12-5-01; re: Amendment to Settlement Agreement and Mutual Release and Personal Services Contract Effective 5-24-01 between Duncan J McNeil and Broadway Buildings II LP. Re: Oust Motin to Convert Case to Ch 7, Docket #44 & Joinder therein Docket #212, as Docket #459, Case No. 01-06073-W11, USBC-ED-WA;

ⓐ DOC#'s REFER TO "PACER" DOCKET NUMBERS FOR CASE NO: 2:04-CY-00427-AAM; USDC EASTERN DISTRICT OF WASHINGTON

PG 18 OF 19

12

"FOREIGN JUDGMENTS" EX. 2
(PG 2 OF 2)

| | | |
|---|---|---|
| 1 | r. | EXHIBIT J Admitted at hearing on 12-5-01; Re: Amendment to Settlement Agreement and Mutual Release and Personal Services Contract, effective 8-17-01 between Duncan J McNeil, GMFT Reorganization Corporation, and Broadway Buildings II LP RE: Oust Motion to Convert Case to Ch 7, Docket #44 and Joinder therein Docket #212, filed 1/4/2002, as Docket #460, Case No. 01-06073-W11, USBC-ED-WA; |
| 4 | s. | PROPOSED Exhibit "D-D" to Supplement Exhibits offered at hearing on 12-5-01; RE: 1) Standard Form 95 Claim for Damages filed by Duncan J McNeil 11-23-99 with the Oust-Ed-WA, in the Sum of $5211.926, ........., filed 2/6/2002, as Docket #'s 506, 506A, Case No. 01-06073-W11, USBC-ED-WA; |
| 6 | t. | PROPOSED Exhibit "I-I" to Supplement Exhibits offered at hearing on 12-5-01; re: 1) Standard Form 95 Claim for Damages filed by Duncan J McNeil on 3-6-98 with the Oust-Ed-WA, in the sum of $4,651,000. Re: Oust Motion to Convert Case to Ch 7, Docket #44 and Joinder therein Docket #212, filed 2/11/2002, as Docket #512, Case No. 01-06073-W11, USBC-ED-WA; |
| 8 | u. | (1) NOTICE of Separation Contract & Dissolution of Marriage Contract Pursuant to RCW 26.0-9.070 filed 7-26-01 as Document #4613783 with the County Recorder for Spokane County, Washington, (pages 1 of 29 to 29 of 29); (2) JOINT Petition for Dissolution of Marriage, filed 7-26-01 in Case No. 01-301586-7 (pages 2 of 29 to 5 of 29; 3) SEPARATION Contract and Dissolution of Marriage Contract Pursuant to RCW 26.09.070, filed 7-26-01 in Case No. 01-301586-7, (pages 6 of 29 to 29 of 29), filed 2/6/2002, as Docket #505, Case No. 01-06073-W11, USBC-ED-WA; |
| 12 | v. | ~~DECREE of DISSOLUTION, entered 10/5/03 in Spokane County Superior Court Case 01-301586-7, except those portions of the decree that were entered in violation of law, and in violation of the Complainant's civil and constitutional rights, as a parent.~~ |

AUTHENTICATION & REGISTRATION OF JUDGMENTS

I, DUNCAN J. MCNEIL, III, AM THE LAWFUL OWNER OF THE FOREGOING LISTED "FOREIGN JUDGMENTS" AND I HEREBY CERTIFY THAT TRUE AND CORRECT COPIES OF THESE "FOREIGN JUDGMENTS" ARE ON FILE IN THE IDENTIFIED ACTIONS AND DOCKET #'S AND THAT THESE "FOREIGN JUDGMENTS" ARE OFFICIALLY PUBLISHED ON THE COURT'S "PACER" SYSTEM, PURSUANT TO FRCP 44(a)(1) AND FRE RULE 201(b)(2) AND ARE THE "OFFICIAL PUBLICATIONS THEREOF". BY THIS MOTION/PETITION/APPLICATION I REQUEST THAT THE CLERK OF THIS COURT PRINT, FILE AND REGISTER THESE "FOREIGN JUDGMENTS" FROM THE COURT'S "PACER" SYSTEM AND THAT THESE "FOREIGN JUDGMENTS" BE GRANTED FULL FAITH & CREDIT IN THIS COURT PURSUANT TO 28 USC § 1963, 28 USC § 1738 AND U.S. CONST. ART. IV § 1 (AND THE APPLICABLE STATE UEFJA©). I DECLARE THE FOREGOING TO BE TRUE AND CORRECT UNDER THE PENALTY OF PERJURY.

DATED: 1/6/06            /s/ [signature]
                              JUDGMENT CREDITOR

13.

PG 19 OF 19