FILED
FEB 21 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE   RG

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: : | |
| : | Bankruptcy No. 02-10429(JKF) |
| KAISER ALUMINUM CORPORATION, : | |
| A Delaware Corporation, : | |
| : | |
| DUNCAN J. MCNEIL, : | |
| : | |
| Appellant, : | |
| v. : | Civ. No. 05-574-JJF |
| : | |
| KAISER ALUMINUM CORPORATION, : | |
| : | |
| Appellee. : | |

**MEMORANDUM ORDER**

I. **BACKGROUND**

Plaintiff, Duncan J. McNeil, III, a *pro se* litigant, filed the above-captioned case and requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Leave was denied on August 22, 2005, due to Plaintiff's frivolous litigation history, and he was ordered to pay the filing fee within 30 days of the order. (D.I. 3). After the time had lapsed and plaintiff had not remitted the $250.00 filing fee, the case was dismissed without prejudice. (D.I. 5).

Dismissal of the case resulted in filings by Plaintiff, differently entitled, but that seek the same remedy - reconsideration of the denial of *in forma pauperis* status. (D.I. 7, 13). On October 17, 2005, Plaintiff moved for an extension of time to file a jurisdictional memorandum. (D.I. 10). He later

moved the Court to take judicial notice and to register foreign judgments. (D.I. 14). For the foregoing reasons, the motions are **DENIED**.

II. **ANALYSIS**

Plaintiff seeks reconsideration of the Court's entry of a "three strikes" order denying him leave to proceed in forma pauperis and requiring him to pay the $250.00 filing fee. (D.I. 3). He argues that the Court should grant his motions on the bases that: 1) sua sponte dismissal of the case was inappropriate and as a result the order is void (D.I. 7, 13); 2) he is in "imminent danger of serious physical injury" (D.I. 7); 3) he is not subject to certain provisions of the Prison Litigation Reform Act ("PLRA"), particularly 28 U.S.C. § 1915(g), because he is a civil detainee (D.I. 13); and, 4) in making its "three strikes" determination, the Court wrongly included dismissed cases that were either pending or on appeal (D.I. 13).

A. **Standard**

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Accordingly, a court may alter or amend its judgment if the movant demonstrates at least one of the following: 1) an intervening change in the controlling law; 2) the availability of new evidence that was not available

previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Id.; Dasilva v. Esmor Corr. Services, Inc., Nos. 03-3095, 03-3348, 03-4435, 05-4007, 03-3096, 2006 WL 197610, at *3 (3rd Cir. Jan 27, 2006).

### B.  Sua Sponte Dismissal

Plaintiff contends that the August 22, 2005, order is void because the Court may not dismiss a case sua sponte. The in forma pauperis statute authorizes a district court to dismiss a case sua sponte when a case is frivolous or meritless. 28 U.S.C. § 1915; see Neitzke v. Williams, 490 U.S. 319, 328 (1989); Mariani v. United States, 212 F.3d 761, 768 (3d Cir. 2000). In Plaintiff's situation, the Court had no need to conduct a merit review because Plaintiff, as an incarcerated person and frequent litigator, has amassed three or more civil filing dismissed as frivolous, malicious, or for failure to state a claim.

As Plaintiff well knows, 28 U.S.C. § 1915(g) precludes a prisoner from proceeding in forma pauperis when he has "three strikes". Plaintiff was advised that he could not proceed in forma pauperis and that he was required to pay the filing fee within 30 days. Also, Plaintiff was warned that failure to pay the filing fee would result in dismissal of the case. Despite the warning, Plaintiff disregarded the Court's order, and the dismissal order was entered. The Court had the authority to dismiss Plaintiff's case in light of his failure to comply with

the August 22, 2005 order.

### B. Imminent Danger

Plaintiff, using identical language as in a case filed in another U.S. District Court, claims that he should be permitted to proceed in forma pauperis because he is "under imminent danger of serious physical injury due to the conditions of [his] confinement (due to Eighth Amendment violations) and due to the intentional indifference to [his] health, safety and welfare by the withholding of required medical care and treatment by [his] captors." (D.I. 10, p. 1). See also McNeil v. United States, No. 1:05-CV-458, 2005 WL 3262407, at *1 (W.D. Mich. Nov. 29, 2005).

A plaintiff may not file another civil action in forma pauperis while incarcerated unless he is in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001). Plaintiff brought this action as a bankruptcy appeal. His "new" allegation that he is in imminent danger has no bearing on the bankruptcy appeal. Although he submits medical records in support of his position, they fail to demonstrate any danger of physical injury. Quite simply, at the time he filed his complaint Plaintiff made no allegation of "imminent danger of serious physical injury". His "new" imminent danger claim appears to be nothing more than an attempt to

circumvent the "three strikes" rule.

### C. Civil Detainee

In his initial motion to proceed in forma pauperis, Plaintiff identified himself as a person incarcerated at the Spokane County Jail in Spokane, Washington. (D.I. 1). Plaintiff also referred to himself in the same manner in his first motion to reconsider filed on October 11, 2005. (D.I. 7). On January 13, 2006, Plaintiff filed a second motion to reconsider along with a second application to proceed in forma pauperis and for the first time referred to himself as a "civil detainee under void civil orders". (D.I. 13). Along with the in forma pauperis application, Plaintiff provided a "Resident Account Summary" from the Spokane County Jail. Id.

Under the PLRA, "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program. 28 U.S.C. § 1915(h). Plaintiff has not provided the Court with any evidence that he is not a "prisoner" as that term is defined in § 1915(h). Further, the Court takes judicial notice that Plaintiff tried this same tactic in a different U.S. District Court, again in an attempt to circumvent the "three strikes" rule. See McNeil v. United States, No. 5:05CV0773(NAM)(GJD), 5:05CV0774(NAM)(GJD), 2005 WL

3088698, at *1 (N.D.N.Y. Nov. 17, 2005).

    D.   **Three Strike Cases**

Finally, Plaintiff takes exception to the cases relied upon by this Court in finding that he had accrued three or more civil filings dismissed as frivolous, malicious, or for failure to state a claim. Plaintiff has been deemed a "vexatious litigant" by the U.S. District Court for the Eastern District of Washington, the United States Bankruptcy Court for the Central District of California, and the Spokane County Superior Court. McNeil v. United States, No. 1:05-CV-458, 2005 WL 3262407, at *1 (W.D. Mich. Nov. 29, 2005); McNeil v. United States, No. 3-05-CV-1284-B, 2005 WL 1521485, at *1, n.1 (N.D. Tex. June 28, 2005). In a dismissal order dated August 9, 2005, the Eastern District of Washington indicated that Plaintiff had filed complaints in up to 70 different federal district courts throughout the nation. McNeil, 2005 WL 3262407, at *1. The Court sees no need to address each case relied upon in the August 22, 2005 "three strikes" order. It is evident that Plaintiff's position has no merit in light of the fact that he is a "vexatious litigant" and his numerous nation-wide filings.

Based upon the foregoing analysis, and because Plaintiff has not demonstrated any of the grounds necessary to warrant reconsideration, his motions for reconsideration (D.I. 7, 13) are denied.

### III. MOTIONS

On October 17, 2005, Plaintiff filed a motion for an extension of time to file a jurisdictional memorandum. (D.I. 10). Rather than wait for the Court's ruling, Plaintiff filed a second motion to reconsider. See D.I. 13. The Court has addressed the issues raised in the second motion for reconsideration. Therefore, the motion for an extension of time is denied as moot.

Plaintiff also moves the Court to take judicial notice and to register foreign judgments. (D.I. 14) Inasmuch as the motions to reconsider are denied, no filing fee was paid by Plaintiff, and this case is not proceeding forward, the motion is denied.

### IV. CONCLUSION

NOW THEREFORE, at Wilmington this __7__ day of February, 2006, IT IS HEREBY ORDERED that:

1. The motions for reconsideration (D.I. 7, 13) are **DENIED**.

2. The motion for extension of time (D.I. 10) is **DENIED** as moot.

3. The motion for the Court to take judicial notice and to register foreign judgments is **DENIED**.

IT IS FURTHER ORDERED that for the same reasons set forth in this Memorandum Order and in the Order dismissing this action

(D.I. 5), the Court discerns no good-faith basis for an appeal. See 28 U.S.C. § 1915(a)(3).

                                                     *[signature]*
                                                UNITED STATES DISTRICT JUDGE

Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801-3570

OFFICIAL BUSINESS

Scanned

FILED

FEB 21 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

RG

Duncan J. McNeil, III
Duncan J. McNeil, III, Pro se
2030 West Spofford
Spokane, WA 99205

9920544128-30 001

MCNE030* 9920520051C04 06 02/14/06
FORWARD TIME EXP RTN TO SEND
MCNEIL
11100 W MALLON AVE #293752
SPOKANE WA 99260-2043

RETURN TO SENDER



049J82023030
$00.390
02/09/2006
Mailed From 19801
U.S. POSTAGE