Duncan J. McNeill
Spokane County Jail, # 293752
2030 W. Spofford
Spokane WA 99205

REQUEST FOR REASONABLE ACCOMMODATIONS TO:

U.S. DISTRICT COURT
, DISTRICT OF DELEWARE

| | |
|---|---|
| IN RE KAISER ALUM. CORP. ET.AL. DEBTORS | JOINTLY ADMINISTERED UNDER BANKRUPTCY CASE No. 02-10429 (JKF) |
| DUNCAN J. MCNEIL, III APPELLANT  V.  KAISER ALUM. CORP. ET.AL. APPELLEES | APPEALS CASE NO. 1:05-CV-574 1:06-CV-178 REQUEST FOR REASONABLE ACCOMMODATION ① OBJECTION TO DEBTORS MOTIONS TO CONSOLIDATE APPEALS, WAIVE MEDIATION & EXPEDIATED HEARING; ② MOTION FOR RELIEF FROM DEFAULTS/DISMISSALS; ③ MOTION FOR ACCESS TO COURT & EXTENSION & CONSOLIDATION OF APPEALS |

FILED APR 11 2006 U.S. DISTRICT COURT DISTRICT OF DELAWARE

APPELLANT, DUNCAN J. MCNEIL, III, IN CASES 05-CV-574 & 06-CV-178, BEING SWORN UPON OATH, HEREBY DECLARES AS FOLLOWS:

1. THAT ON 3/25/06 I FIRST RECEIVED A COPY OF THE DEBTOR'S MOTION(S), DOC # 6 IN CASE NO 06-CV-178.

2. THAT SINCE I FILED MY NOA WHICH RESULTED IN CASE NO 06-CV-178, THIS

PG 1 OF 11

WAS THE <u>FIRST</u> NOTICE, MOTION, ORDER, COURT PLEADING OR OTHER DOCUMENT THAT I HAVE RECEIVED AS TO MY APPEAL OF THE CONFIRMATION OF THE PLAN.

2. THAT IN CASE NO. 05-CV-574, I HAVE NOT RECEIVED ANY NOTICE, MOTION, ORDER OR COURT PLEADING OR OTHER DOCUMENT, SINCE LATE 2005, WHEN I RECEIVED THE CLERK'S NOTICE REQUIRING THAT I FILE A PROOF OF SERVICE ON DEBTOR'S COUNSEL AS TO MOTIONS THAT I HAD PREVIOUSLY FILED IN 05-CV-574. THAT I PROMPTLY COMPLIED WITH THE CLERK'S INSTRUCTION, ~~FILED MY~~ EFFECTING SERVICE AND FILING MY PROOF OF SERVICE.

3. I HAVE RECEIVED <u>NO</u> OPPOSITION FROM THE DEBTOR OR ORDERS OF THE COURT DISPOSING OF MY MOTIONS AND MY APPEAL IN CASE NO. 05-CV-574.

4. THAT THE DEBTOR'S 3/17/06 MOTIONS IN CASE NO.

PG 2 OF 11

06-CV-178 (DOCKET #6), ASSERTS AT PG 2, FOOTNOTE 4, THAT THE BANKRUPTCY COURT HAS ISSUED A "NOTICE OF DEFICIENCY FOR FAILURE TO PAY THE FEE (D.I. 8268)," AND THE DEBTOR'S MOTION FURTHER STATES THAT THIS COURT "DISMISSED" MY APPEAL IN CASE NO. 05-CV-574, CITING TO D.I. 3 & 15, IN THAT CASE.

So I HEREBY CERTIFY THAT WHILE I RECEIVED AND INITIAL ORDER IN 05-CV-574, DENYING ME IFP WAIVER OF FEES (PRESUMABLY DOCKET #3), I DID NOT RECEIVE ANY ORDER <u>ANY</u> ORDER OR NOTICE (OTHER THAN DI #6 IN 06-CV-178) THAT MY APPEAL IN 05-CV-574, HAD BEEN DISMISSED. LIKEWISE, I HAVE NOT RECEIVED THE DEFICIENCY NOTICE IN CASE NO. 06-CV-178 (USBC-D-DE, DI 8268), OR ANY OTHER NOTICE OR ORDER IN 06-CV-178, EXCEPT DI #6.

PG 3 OF 11

6. Since early December of 2005 my legal mail has been consistently rejected and "returned to sender" by my institute of incarceration and the U.S. Postal Service, in an unlawful violation of my 1st Amend. rights of access to the courts.

7. I ~~have recently~~ believe that I have recently resolved the unlawful violation of my 1st Amend. rights, ~~and by the which~~ by causing the termination of the unlawful rejection of my legal mail, which allowed me to receive Docket #6 in 06-cv-178, on or about on 3/25/06.

8. My due process rights have been violated in cases ① 02-10429; ② 05-cv-574; ③ 06-cv-178, as I have NOT received ANY notices, orders, court pleadings in these cases, since November of 2005.

9. I learned that the Kaiser Reorganization Plan had

PG 4 of 11

BEEN CONFIRMED BY AN ARTICLE IN THE LOCAL SPOKANE NEWS PAPER AND FILED MY NOTICE OF APPEAL BASED UPON THE NEWS ARTICLE. DUE TO THE UNLAWFUL REJECTION OF MY LEGAL MAIL, AND VIOLATION OF MY 1ST AMEND RIGHTS, I WAS DENIED ALL OPPORTUNITY TO OBJECT TO THE PLAN CONFIRMATION, OR FULFILL MY RIGHT TO NOTICE AND OPPORTUNITY TO BE HEARD.

10. I HEREBY OBJECT TO THE DEBTOR'S MOTIONS TO CONSOLIDATE, WAIVE MEDIATION & EXPEDIATE.

11. I HEREBY MOVE THE COURT TO CONSOLIDATE CASES NO. 05-CV-574 AND 05-CV-178, BUT TO DENY THE CONSOLIDATION OF MY APPEALS WITH THE INSURANCE COMPANY APPEALS.

12. I FURTHER SEEK THE DENIAL OF THE DEBTOR'S MOTION TO WAIVE THE MEDIATION REQUIREMENT ESTABLISHED BY THIS COURT'S ORDER DATED 7/23/04, REQUIRING APPELLATE PARTIES TO MEDIATE THEIR DISPUTES.

PG 5 OF 11

13. I MOVE THE COURT TO ENFORCE IT'S 7/23/04 MEDIATION ORDER, AS I AM CONFIDENT THAT THE INSTANT APPEALS CAN BE SETTLED THROUGH THE COURT ORDERED MEDIATION PROCESS.

14. I ALSO ASK THAT THE COURT DENY THE DEBTOR'S MOTION TO EXPEDIATE THESE APPEALS, AT LEAST UNTIL I AM GRANTED ACCESS TO THE COURT, AND I RECEIVE COPIES OF THE COURT'S ORDERS, DOCKETS AND NOTICES, AND I HAVE HAD THE OPPORTUNITY TO DESIGNATE THE RECORD ON APPEAL.

15. I MOVE THE COURT FOR AN EXTENSION OF TIME TO RECEIVE, RESPOND TO AND/OR REPLY OR OBTAIN RELIEF FROM THE COURT'S ORDERS IN 05-CV-574 AND 06-CV-178, AND FOR AN EXTENSION OF TIME TO SUBMIT EVIDENCE AS TO MY LACK OF DISQUALIFYING "STRIKES" OR THE INAPPLICABILITY OF 28 U.S.C. §

PG 6 OF 11

1915(g) TO THESE APPEALS.

16. I HEREBY CERTIFY THAT AT THE APPLICABLE TIMES OF COMMENCEMENT OF THESE APPEALS, THAT I <u>DID NOT HAVE</u> 3 COUNTABLE "STRIKES" AS DEFINED BY §1915(g) AND, THAT I HAD NOT "STRUCK OUT", AS PROVIDED BY THE APPLICABLE CASE LAW INTERPRETATING §1915(g).

17. GIVEN THE OPPORTUNITY TO BE HEARD, I CAN ESTABLISH THAT I HAVE <u>MULTIPLE</u> "FUNDAMENTAL INTERESTS" AT ISSUE IN THESE ACTIONS, AS TO MY DEFENSES TO THE "CLAIMED STRIKES", WHICH RESULT IN THE MANDATORY WAIVER OF THE COSTS AND FEES IN THESE APPEALS, ACCORDING TO MANDATES ISSUED BY THE U.S. SUPREME COURT.

18. AS SUCH, I HEREBY SEEK THE GRANTING OF REASONABLE ACCOMMODATIONS, BY THIS COURT, ALLOWING ME ACCESS TO THIS COURT, TO

PG 7 OF 11

ACCOMMODATE MY ESTABLISHED DISABILITY AND INDIGENCY (SEE IFP MOTION FILED HEREWITH, AND PREVIOUSLY FILED IN 05-CV-574, WHICH ARE INCORPORATED HEREIN) SO I AM NOT DENIED THE BENEFITS, ~~AND~~ SERVICES, PROGRAMS AND ACTIVITIES OF THIS COURT, ON ACCOUNT OF MY DISABILITY & INDIGENCY (SEE <u>PEOPLE v. CALDWELL</u>, 603 N.Y.S.2d 713, 159 Misc.2d 190 (N.Y. City Crim. Ct. 1993); <u>GALLOWAY v. SUPERIOR COURT OF DISTRICT OF COLUMBIA</u>, 816 F. Supp. 12 (D.D.C. 1993); <u>SANTIAGO v. GARCIA</u>, 70 F. Supp.2d 84 (D. PUERTO RICO 1999); <u>PENNSYLVANIA D.O.C. v. YESKEY</u>, 524 U.S. 206 (1998); <u>HALL v. THOMAS</u>, 190 F.3d 693 (5th Cir 1989)).

19. AS SUCH, SO THAT I AM NOT DISCRIMINATED AGAINST, I SEEK THE GRANTING, BY ADMINISTRATIVE ORDER OF THE COURT, THE FOLLOWING REASONABLE ACCOMMODATIONS SO THAT I AM NOT UNLAWFULLY DENIED THE BENEFITS, SERVICES, PROGRAMS

PG 8 OF 11

and activities of this court, and so that my 1st Amend. Rights of access to this court are not further violated:

A. Relief from the court's prior orders of default or dismissal, in 05-CV-574 and 06-CV-178, ~~along with~~ entered without notice, ~~or opp~~ service or opportunity to be heard, along with an extension of time to cure any defects or defaults in these appeals;

B. The waiver of the costs and fees in these appeals, where the appellant has MULTIPLE "Fundamental Interests" at stake, pursuant to ~~the~~ mandate of the U.S. Supreme Court;

C. A copy of the docket and court file in 05-CV-574 and 06-CV-178, so that appellant has access to the court record as to the pending appeals;

D. A copy of the court docket in case # 02-10429, from

PG 9 OF 11

D.I. 6829 of 5/23/05, to present, for use in the designation of the record in this appeal;

E. For an administrative order to the Clerk of this Court to effect service of the Appellant's pleadings in 05-CV-574 and 06-CV-178, by electronic notice and filing, on Debtor's counsel, by way of the Court's CM/ECF system, including but not limited to the instant pleading;

F. For an administrative order to Appellant's institution of incarceration, providing Appellant adequate and meaningful access to the jail law library, copier, pens, paper, envelopes, and other legal resources necessary to allow the Appellant to ~~present~~ fully and fairly present his claims to this Court, as the Appellant is presently suffering a total and complete denial of adequate and meaningful access to the law library,

PG 10 of 11

COPIER, PENS, PAPER, ENVELOPES, AND OTHER LEGAL RESOURCES (SEE *Bounds v. Smith*, 430 U.S. 817, AT 824-25 (1977)), RESULTING IN AN "ACTUAL INJURY" OF THE INABILITY TO COMPLY WITH THE COURT'S RULES DEADLINES AND PROCEDURES (SEE *Lewis v. Casey*, 518 U.S. 343, AT 354-355 (1996)), RESULTING IN THE APPELLANT'S DENIAL OF HIS 1ST AMEND. CONSTITUTIONAL RIGHT OF ACCESS TO THE COURT, IN ORDER TO PRESERVE AND PROTECT HIS "FUNDAMENTAL INTERESTS" WHICH HAVE BEEN PLACED AT ISSUE IN THESE APPEALS, BY THE COURT'S SUA SPONTE, ERRONEOUS "3-STRIKE" FINDING AND DETERMINATION.

I DECLARE THE FOREGOING TO BE TRUE AND CORRECT UNDER THE PENALTY OF PERJURY, PURSUANT TO THE LAWS OF THE U.S, EXECUTED, FILED AND MAILED, ON 3/27/06, BY PLACING THIS PLEADING INTO THE OUTGOING INDIGENT MAIL AT SCI, 2E-04 ON 3/27/06.

DATED: 3/27/06

PG. 11 OF 11     APPELLANT

Duncan J. McNeil III
Spokane Co. Jail
1100 W. Mallon
Spokane, WA 99260

AUG 21 2004

LEGAL MAIL

Clerk
U.S. District Court
844 King Street
Lock Box 18
Wilmington, DE 19801-3570

