

U.S. ~~COURT OF APPEALS~~ DISTRICT COURT
FOR THE
DISTRICT OF DELAWARE

MO: ____
DATE: 4/13/06
F.J: ____

IN RE KAISER ALUM. CORP. 02-10929
~~APPELLANT, V. U.S.A. ET AL.~~

APPEAL NO:
05-CV-574
06-CV-178
06-MC-04

APPELLANT'S EX PARTE MOTION FOR RELIEF FROM/RECONSIDERATION OF ~~CLERK~~'S ORDER(S) OF 3/29/06 & 4/3/06, MOTION FOR ACCESS TO THE COURT(S)

MOTION FOR RELIEF FROM ORDERS, IFP APPLICATION

FILED APR 20 2006 US DISTRICT COURT DISTRICT OF DELAWARE

APPELLANT BEING SWORN UPON OATH HEREBY DECLARES: THAT SINCE 12/10/04 I HAVE BEEN SUFFERING AN ONGOING AND CONTINUOUS "BOUNDS VIOLATION" OF A TOTAL AND COMPLETE DENIAL OF ADEQUATE AND MEANINGFUL ACCESS TO LEGAL ASSISTANCE AND ACCESS TO THE JAIL LAW LIBRARY/COURIER, PENS, PAPER, ENVELOPES AND OTHER RESOURCES AND ASSISTANCE, RESULTING IN ACTUAL INJURY OF THE INABILITY TO COMPLY WITH THE COURT'S RULES AND PROCEDURES, PURSUANT TO FRAP 52,59,60 AND THE APPLICABLE LOCAL ~~CIRCUIT~~ RULES I HEREBY SEEK RELIEF FROM THE ~~CLERK~~'S ORDER(S)/NOTICE(S) AND A WAIVER OR SUSPENSION OF THE COURT'S RULES, ~~FOR FRAP~~, UNTIL SUCH TIME AS THE COURT ENFORCES MY 1ST AMEND. RIGHTS OF ACCESS, BY ISSUANCE OF AN ADMINISTRATIVE ORDER TO MY INSTITUTE OF INCARCERATION COMPELLING THE GRANTING OF THE "ASSISTANCE" AND "ACCESS" AS ESTABLISHED IN BOUNDS v. SMITH, 430 U.S. 817 (1977) AND OTHER RELATED AUTHORITY. I FURTHER SEEK RELIEF FROM THE CLERK'S ORDER(S)/NOTICE(S) AS THEY VIOLATE MY FUNDAMENTAL CONSTITUTIONAL RIGHTS FOR AT LEAST THE FOLLOWING REASONS: ① THE CLERK HAS ERRONEOUSLY MADE A SUA SPONTE "3-STRIKE" FINDING OR DETERMINATION WHEN THE ISSUE IS NOT PROPERLY BEFORE THE COURT, SEE DELEON v. DOE, 361 F.3d 93, AT 95 (2ND CIR. 2004); ② THE CLERK HAS ERRONEOUSLY COUNTED AS "STRIKES" CLAIMED DISMISSALS THAT ARE MATTERS THAT ARE STILL PENDING BEFORE THE USDC OR FOR WHICH A TIMELY NOA WAS FILED AND THE RIGHT TO APPEAL IS NOT EXHAUSTED, SEE CANELL v. LIGHTNER, 143 F.3d 1210 (9TH CIR. 1998); ③ THE CLERK'S ORDER(S)/NOTICE(S) DEPRIVE THE APPELLANT OF A FUNDAMENTAL CONSTITUTIONAL RIGHT OF APPEAL, W/O NOTICE OR OPPORTUNITY TO BE HEARD, ~~EXTRA ORD~~ CAUSING IRREPARABLE INJURY AND WARRANTS IMMEDIATE RELIEF BY THE COURT, ~~SEE~~ WALTERS v. THOMPSON, 615 F.Supp. 330, AT 341 (N.D. ILL 1985). ACCORDINGLY APPELLANT SEEKS RECONSIDERATION AND RELIEF FROM THE CLERK'S ORDER(S)/NOTICE(S), FOR A WAIVER OR SUSPENSION OF RULES, TO ALLOW ALL ISSUES TO BE DETERMINED ON THE MERITS; FOR AN ADMINISTRATIVE ORDER COMPELLING APPELLANT'S "ASSISTANCE" AND "ACCESS" AT THE MIN. STANDARD ESTABLISHED IN BOUNDS, ID., FOR AN ORDER EXPEDITING THIS APPEAL(S) PURSUANT TO 28 USC §1826 & §1657 IN ORDER TO AVOID FURTHER IRREPARABLE INJURY AND A MANIFEST INJUSTICE.

PG 1 OF 40

THE "3-STRIKES" FINDINGS AND ORDERS MUST BE VACATED IN THAT THE APPELLANT WAS GIVEN NO OPPORTUNITY TO DISPUTE THE CLAIMED STRIKES, SEE EVANS v. ILL. D.O.C., 150 F.3d 810, AT 811-12 (7TH CIR 1998) AND ANDREWS v. KING, 398 F.3d 1113, AT 1120. THE U.S. HAS NOT PRESENTED ANY EVIDENCE OF PRIOR DISMISSALS TO ESTABLISH A PRIMA FACIA CASE OR IFP DISQUALIFICATION, UNDER §1915(g). AS AN INDIGENT PRISONER I CAN NOT MAINTAIN FILES OR RECORDS FOR EACH PRIOR ACTION, AS MY LEGAL FILES AND RECORDS ARE ROUTINELY SEARCHED, SEIZED AND NOT RETURNED. I HAVE NO ACCESS TO PACER, I CAN NOT VISIT THE CLERK'S OFFICES, OR CALL THEM. ALL OF MY REQUESTS FOR RECORDS HAVE BEEN SUMMARILY DENIED, AND AS I AM INDIGENT I HAVE NO ABILITY TO HIRE A COURT FILING SERVICE TO OBTAIN RECORDS FOR ME. MY OPPOSING LITIGANTS HAVE READY AND IMMEDIATE ACCESS TO ALL COURT RECORDS, BUT HAVE NOT PROVIDED OR PRODUCED ANY. FURTHER, THE ISSUE OF "3-STRIKES" IS NOT PROPERLY BEFORE THE COURT BY WAY OF A NOTICED MOTION BY THE OPPOSING LITIGANT, SEE DeLEON, 361 F.3d AT 95, RENDERING THE SUA SPONTE "3-STRIKE" ORDERS TO BE VOID FOR A LACK OF DUE PROCESS. THE BURDEN INITIALLY IS NOT ON THE APPELLANT, SEE ANDREWS, 398 F.3d AT FN8. ONLY AFTER THE OPPOSING LITIGANT PROVIDES 3 SPECIFIC CITATIONS TO POTENTIAL STRIKES W/ SUPPORTING, ADMISSABLE EVIDENCE, DOES THE BURDEN "SHIFT" TO THE APPELLANT, SEE EVANS, 150 F.3d AT 811-12 AND ANDREWS, 398 F.3d AT 1120, FN [?]. BY PLEADING #4, FILED/DATED 12/15/05 (PLRA MOTION) APPELLANT HAS ESTABLISHED BY ADMISSABLE EVIDENCE, UNCONTROVERTED AT TIME, OF A PRIMA FACIA CASE OF NO COUNTABLE STRIKES. FURTHER AS THIS APPEAL RELATES TO FUNDAMENTAL CONSTITUTIONAL RIGHTS, LOSS OF LIBERTY & RETALIATORY TERMINATION OF PARENTAL RIGHTS, A FEE WAIVER IS MANDATORY, SEE M.L.B. v. S.L.J., 519 U.S. 102 (1996) AND BODDIE v. CONNECTICUT, 401 U.S. 371 (1971).

PG 2 OF 40

[Left margin: I DECLARE THE HEREIN STATEMENTS TO BE TRUE AND CORRECT UNDER THE PENALTY OF PERJURY AND BEING EXECUTED THIS WAS MAILED ON 4/21/06 [signature]]

APPELLANT IN CASE NOS. 05-CV-574 AND 06-CV-178, HEREBY SEEKS RELIEF FROM THE COURT'S ORDER OF DISMISSAL IN 05-CV-574 AND THE 3/29/06 AND 4/3/06 ORDERS IN CASE NO. 06-MC-041, AND 06-CV-178, AND SEEKS CONSOLIDATION OF CASES 05-CV-574 AND 06-CV-178, AND APPELLANT HEREBY ASSERTS A COLLATERAL ATTACK ON THE "STRIKE" AND "3-STRIKE" WHICH FORM THE BASIS FOR THIS COURT'S DENIAL OF IFP STATUS PURSUANT TO §1915(g).

APPELLANT HEREBY SEEKS AN EXTENSION OF TIME, OF 30 DAYS, ALONG WITH AN ADMINISTRATIVE ORDER GRANTING APPELLANT THE NECESSARY ACCESS TO THE JAIL LAW LIBRARY, COPIER, PENS, PAPER, ENVELOPES, AND OTHER LEGAL RESOURCES AS NECESSARY FOR APPELLANT TO PRESENT HIS CLAIMS,

PG 3 OF 40

TO THIS COURT. IN SUPPORT OF THE MOTION FOR AN EXTENSION OF TIME AND FOR AN ADMINISTRATIVE ORDER FOR ACCESS TO THE COURT, APPELLANT CERTIFIES THE FOLLOWING CLAIMS.

THAT THE "STRIKE" AND "3-STRIKE" ORDERS RELIED UPON BY THIS COURT ARE "VOID" AND SUBJECT TO A COLLATERAL ATTACK IN THESE ACTIONS FOR EACH OF THE FOLLOWING REASONS:

1. IN THE UNRELATED ACTIONS WHERE THE "STRIKE" AND "3-STRIKES" ORDERS "ARISE", APPELLANT HAS <u>MULTIPLE</u> "FUNDAMENTAL INTERESTS" AT STAKE, WHICH MANDATE THE GRANTING OF IFP, WAIVER OF FEES AND COSTS, AS THE APPELLANT, BY THE ACTIONS THE "STRIKE" AND "3-STRIKE" ORDERS AROSE IN, SEEKS TO: ① CHALLENGE A "VOID" DIVORCE DECREE ⓐ (SEE <u>BODDIE V. CONNECTICUT</u>, 401 U.S. 371, AT 374 (1971)); ② CHALLENGE A "VOID" PERMANENT RESTRAINING ORDER TERMINATING APPELLANT'S PARENTAL RIGHTS ⓐ (SEE

___
ⓐ SEE EX. 2, (PG 40 OF 40) ITEM "U" "SEPERATION CONTRACT" AND RCW 26.09.070(6), PROVIDING FOR ENFORCEMENT THEREOF AS A JUDGMENT. PG 4 OF 40 BY THIS COURT.

M.L.B. v. S.L.J. 519 U.S. 102 (1996)); AND ③ THE TAKING OF APPELLANT'S "LIBERTY" BY "VOID" ORDERS, PURPORTING TO ENFORCE THE TERMINATION OF APPELLANT'S PARENTAL RIGHTS (SEE MAYER v. CHICAGO 404 U.S. (1971)).

2. THE "STRIKE" AND "3-STRIKE" ORDERS WERE ENTERED IN VIOLATION OF THE REIMPOSED AUTOMATIC STAY (11 USC §362) AND THE DISCHARGE AND DISCHARGE INJUNCTION, ESTABLISHED BY THE "FOREIGN JUDGMENTS", (SEE EX. 2, @ PGS 39 OF 40 AND 40 OF 40, ITEMS b, d, h, i, j, k, L, ETC);

3. THE APPELLANT HAS A "VESTED RIGHT", IN HIS MONEY JUDGMENT AGAINST THE DEBTOR (KAISER), ESTABLISHED BY THE KAISER'S CONFIRMED PLAN, ALLOWING APPELLANT'S CLAIM # 736, IN CASE NO. 02-10429, WHICH IS PROTECTED BY THE DUE PROCESS PROTECTIONS OF THE 5TH & 14TH AMEND, (SEE ANDREE v. COUNTY OF NASSAU, 311 F. SUPP. 2d 325, AT 335, HEAD NOTE [15] (E.D. NY. 2004), AND BENJAMIN v. JACOBSON, 124 F.3d 162, AT 176 (2ND CIR. 1997) AND COUNTY OF SUFFOLK v. LONG ISLAND LIGHTING CO, 14 F. SUPP. 2d 260, AT 265, HEAD NOTE [2] (E.D. NY. 1998).

I CERTIFY THAT THIS MOTION/PLEADING WAS MAILED/SERVED ON 4/13/06 BY PLACING IT INTO THE OUTGOING INDIGENT MAIL, [signature]
4/13/06

PG 40 OF 40

13.

JUL 24 2004

Duncan J. McNeil
Spokane Co. Jail
1100 W. Mallon
Spokane, WA 99260

CLERK
U.S. District Court
844 King Street
Lock Box 18
Wilmington, DE 19801-3570

U.S.M.S.
X-RAY

LEGAL MAIL

$2.07 U.S. POSTAGE