IFP MOTION (SUPPLEMENTAL) ~~OF 40~~ AND

COLLATERAL ATTACK ON "STRIKE" ORDERS

THE JUDGMENT CREDITOR HEREBY MAKES A COLLATERAL ATTACK ON ALL:① VEXATIOUS LITIGANT" ORDERS; ② PRE-FILING ORDERS OR ORDERS RESTRICTING ACCESS TO THE COURTS: ③ SUA SPONTE DISMISSAL ORDERS DECLARING A "STRIKE"; AND ④ SUA SPONTE "3-STRIKE" DISMISSAL ~~ORDERS AS~~ BY "STRUCK-OUT" ORDERS

[stamp: BD scanned  APR 20 2006  U.S. DISTRICT COURT  DISTRICT OF DELAWARE]

THE JUDGMENT CREDITOR ~~HAS BEEN~~ THE VICTIM ON NUMEROUS NON-JUDICIAL ACTS, IN A CLEAR ABSENCE OF ALL JURISDICTION OR CONTRARY TO ESTABLISHED STATUTE OR CASE LAW AUTHORITY, RESULTING IN THE UNLAWFUL ISSUANCE OF: ① "VEXATIOUS LITIGANT" ORDERS; ② PRE-FILING ORDERS AND/OR ORDERS RESTRICTING (OR OTHER RESTRAINING ORDERS) ACCESS TO THE COURTS ③ SUA SPONTE DISMISSAL ORDERS, DECLARING A "STRIKE" UNDER 28 USC § 1915; AND/OR ④ SUA SPONTE "3-STRIKE" DISMISSAL ORDERS, OR "STRUCK-OUT" ORDERS, PURSUANT TO 28 USC § 1915(9). ALL SUCH ORDERS ARE HEREINAFTER ~~ REFERRED TO AS "DENIAL OF ACCESS ORDERS", OR "DOA ORDERS". ALL SUCH "DOA ORDERS" ARE HEREBY COLLATERALLY ATTACKED BY THIS MOTION/PETITION/ACTION, ARE

~~# 5 OF 40~~

(left margin, vertical text) ① INCLUDING ALL ORDERS, JUDGMENTS OR SENTENCES TAKING OR LIMITING THE JUDGMENT CREDITOR'S LIBERTY, PROPERTY OR RESTITUTION HIS PARENTAL RIGHTS, IN ANY WAY.

1.01 (cont).   HEREBY DECLARED TO BE
"VOID AB INITIO" ORDERS OF NO FORCE
AND EFFECT, AND A LEGAL NULLITY.
    1.02 ALL SUCH "DOA ORDERS"
WERE ENTERED IN: VIOLATION OF DUE
PROCESS, W/O NOTICE OR MEANINGFUL
OPPORTUNITY TO BE HEARD ON THE
MERITS: ② "A CLEAR ABSENCE OF ALL
JURISDICTION", BY NON-JUDICIAL ACTS; ③
IN VIOLATION OF THE TERMS OF THE
"FOREIGN JUDGMENTS" (Ex.2)"; ④ IN VIOLATION
OF THE REIMPOSED AUTOMATIC STAY (11 U.S.C.
§362) ESTABLISHED BY THE "FOREIGN
JUDGMENTS"; ⑤ IN VIOLATION OF
THE DISCHARGE AND DISCHARGE
INJUNCTION (11 U.S.C. §524 & 11 U.S.C.
§1141) ESTABLISHED BY THE "FOREIGN
JUDGMENTS" (Ex.2); AND/OR ⑥ EXCESS
OF THE A NON-JUDICIAL ACT
GRANTING RELIEF IN EXCESS OF
THAT PLED, OR IN EXCESS OF THAT
SPECIFICALLY PRESERVED BY THE
"FOREIGN JUDGMENTS" (Ex.2).
    1.03 THE JUDGMENT CREDITOR
HEREBY ASSERTS AS DEFENSES TO
THE "VOID AB INITIO"-"DOA ORDERS", THE
DOCTRINES OF: ① RES JUDICATA; ②
COLLATERAL ESTOPPEL; ③ ISSUE OR
CLAIM PRECLUSION; AND ④ THE DEFENSE

-2                     PG 6 OF 40

OF ABSOLUTE QUASI-JUDICIAL IMMUNITY, AND THE JUDGMENT CREDITOR, IN THIS MOTION/PETITION/ACTION AND COLLATERAL ATTACK, HEREBY GIVES <u>NOTICE OF DEFENSE BASED UPON PUBLIC AUTHORITY</u>, PURSUANT TO FEDERAL CRIMINAL RULE 12.3, SEE <u>WARDIUS U. OREGON</u>, 412 U.S. 470; 93 S. CT. 2208 (1973).

1.04   THE JUDGMENT CREDITOR HEREBY GIVES NOTICE, AND CERTIFIES THAT AT ALL TIMES IN RELATION TO THE "DOA ORDERS"; THE JUDGMENT CREDITOR WAS ACTING AS COURT APPOINTED FIDUCIARY AND "ARM-OF-THE-COURT", AS AN "OFFICER OF THE UNITED STATES"; AS DEFINED BY 42 U.S.C. § 1985(1), APPOINTED PURSUANT TO 11 U.S.C. § 1123(b)(3)(B), AND AS THE DIRECT AND/OR INDIRECT TRANSFEREE OF, OR SUCCESSOR IN INTEREST TO THE REORGANIZED DEBTOR AND THE DEBTOR ESTATE, AS ESTABLISHED BY 11 U.S.C. § 524(g)(3)(A)(ii), CHARGED WITH AND COMPELED BY, FEDERAL COURT ORDER(S) WITH THE FULL AND COMPLETE EXECUTION AND ENFORCEMENT OR THE "FOREIGN JUDGMENTS" (EX. 2).

PG. 7 OF 40

-3

1.05 ACCORDINGLY, THE JUDGMENT CREDITOR, HAS AND CLAIMS COMPLETE AND ABSOLUTE QUASI-JUDICIAL IMMUNITY AS TO ALL SUCH "DOA ORDERS" WHICH PURPORT TO TAKE, ~~THE~~ RESTRICT OR IMPINGE UPON THE JUDGMENT CREDITOR'S LIBERTY, PROPERTY, PARENTAL RIGHTS, OR OTHER CONSTITUTIONAL OR CIVIL RIGHTS, IN ANY RESPECT.

1.06 THE JUDGMENT CREDITOR HEREBY ASSERTS AND CHARGES THAT ALL SUCH "DOA ORDERS" WERE ISSUED AND ENTERED IN NON-JUDICIAL ACTS, UNDERTAKEN IN A POLITICAL AND CRIMINAL CONSPIRACY (AS DEFINED BY 42 USC§1985) TO INTERFERE WITH, AND IN RETALIATION AND RETRIBUTION FOR THE JUDGMENT CREDITOR HAVING SOUGHT TO EXERCISE HIS CONSTITUTIONAL RIGHT (AND COURT ORDERED OBLIGATION) FOR THE GRANTING OF FULL FAITH & CREDIT TO, AND THE EXECUTION AND ENFORCEMENT OF, THE "FOREIGN JUDGMENTS."

1.07 THE APPLICATION OF 28 U.S.C. §1915(9), AND THE "CLAIMED "STRIKE" AND "3-STRIKE" ORDERS REPRESENT AN UNCONSTITUTIONAL INFRINGEMENT ON

(1.07 CONT.)

THE JUDGMENT CREDITOR'S FUNDAMENTAL RIGHT OF ACCESS TO THE COURTS. IN WILSON v. STANFORD, 148 F.3d 596, AT 605 (6TH CIR 1998), CITING TO PATSY v. BD. OF REGENTS OF FLORIDA, 457 U.S. 496 AT 506-07 (1982) AND HAMPTON v. HOBBS, 106 F.3d 1281, AT 1285 (6TH CIR. 1997), IT WAS HELD THAT AS LONG AS THE LITIGANT HAD AN "AVALIABLE" JUDICIAL FORUM (STATE COURT), THAT 28 U.S.c § 1915(9) AND "STRIKE" AND "3-STRIKE" ORDERS RESULTING THEREFROM WERE NOT UNCONSTITUTIONAL. IN THE CASE OF THE INSTANT JUDGMENT CREDITOR, THE STATE COURTS (SPOKANE CO. SUPERIOR COURT, COURT OF APPEALS, DIV III AND ALL PREVIOUSLY (UNLAWFULLY) DENIED THE JUDGMENT CREDITOR IFP SUPREME COURT) HAVE STATUS, AND HAVE PURPORTEDLY BARRED THE JUDGMENT CREDITOR FROM SEEKING FULL FAITH & CREDIT AND THE EXECUTION AND ENFORCE- MENT OF THE "FOREIGN JUDGMENTS" IN ANY COURT IN THE STATE OF WASHINGTON. AT THE TIME THAT THE JUDGMENT CREDITOR SOUGHT IFP ACCESS

-5

(1.07 CONT.)

TO THE FEDERAL COURTS, AND THE
FEDERAL COURTS BEGAN SUA SPONTE
ISSUANCE OF "STRIKE" AND "3-STRIKE"
ORDERS, ON 11/9/04, THE JUDGMENT
CREDITOR HAD ALREADY BEED DENIED
ALL ACCESS TO THE STATE COURTS,
(UNLAWFULLY & UNCONSTITUTIONALLY, AND
IN VIOLATION OF RCW 7.36.140, SEE
SMITH V. WHATCOM CO., 147 WASH. 2d 98
(2002)), AND IFP ACCESS TO THE
FEDERAL COURTS, WAS THE JUDGMENT
CREDITOR'S ONLY REMAINING FORUM.
IN LIGHT OF THESE FACTS, AND
THE HOLDINGS IN WILSON, PATSY
AND HAMPTON, THE APPLICATION OF
28 USC § 1915(g) AND THE SUA SPONTE
ISSUANCE OF "STRIKE" AND "3-STRIKE"
DISMISSALS, IN NON-JUDICIAL ACTS,
ARE UNCONSTITUTIONAL AND
CONSTITUTE AN UNCONSTITUTIONAL
INFRINGEMENT ON THE JUDGMENT
CREDITOR'S FUNDAMENTAL RIGHT OF
ACCESS TO THE COURTS, RENDERING
ALL FEDERAL "DOA ORDERS" TO BE
"VOID AB INITIO".

1.08 THE VAST MAJORITY OF THE
§1915 "STRIKE" AND "3-STRIKE" SUA
DISMISSAL ORDERS WERE ISSUED IN
ACTIONS/PETITIONS TO COMPEL OFFICERS
OF THE UNITED STATES TO PERFORM

(1.08 CONT.)

MANDATORY, NON-DISCRETIONARY AND MINISTERIAL DUTIES OWED TO THE JUDGMENT CREDITOR, SUCH AS: ① THE RESTORATION OF THE JUDGMENT CREDITOR'S PARENTAL RIGHTS; ② THE GRANTING OF FULL FAITH & CREDIT TO THE "FOREIGN JUDGMENTS"; AND/OR ③ VACATING AND DECLARING VOID AB INITIO" JUDGMENTS OR ORDERS ENTERED IN "A CLEAR ABSENCE OF ALL JURISDICTION" AND CONTRARY TO ESTABLISHED STATUTES AND CASE LAW AUTHORITY, IN NON-JUDICIAL ACTS. IT IS WELL SETTLED THAT ALL MANDAMUS ACTIONS OR PETITIONS (SUCH AS THIS MOTION/ACTION/PETITION) BROUGHT PURSUANT TO 28 U.S.C. § 1361 ARE NOT SUBJECT TO THE PRISON LITIGATION REFORM ACT (PLRA), 28 U.S.C. § 1915. PETITIONER SEEKING TO COMPEL DISTRICT COURT TO ACT ON HIS PENDING HABEAS PETITION DID NOT HAVE TO COMPLY WITH THE FEE REQUIREMENTS OF THE PLRA, MADDEN v. MYERS, 112 F.3d 74 (5th CIR. 1997); PETITION FOR WRIT OF MANDAMUS THAT AROSE

-7

(1.08 cont'd)

OUT OF APPLICATION FOR POSTCONVICTION RELIEF, WAS *NOT* SUBJECT TO FEE PAYMENT REQUIREMENTS UNDER THE PLRA. FOR PRISONERS DESIRING TO APPEAR IFP, *IN RE STONE*, 118 F.3d 1032 (5TH CR. 1997): FILING FEE REQUIREMENTS OF PLRA *DID NOT* APPLY TO A PRISIONER'S PETITION FOR WRIT OF MANDAMUS, FILED IN COURT OF APPEALS SEEKING TO COMPEL JUDGE IN CRIMINAL CASE TO RULE ON RECUSAL MOTION, *IN RE NAGY*, 89 F.3d 115 (2ND CR. 1996). AS SUCH ALL "DOA ORDERS" ENTERED IN THE JUDGMENT CREDITOR'S ACTIONS/PETITIONS FOR MANDAMUS DECLARING A "STRIKE" OR A "3 - STRIKE" DISMISSAL UNDER THE PLRA ARE VOID AND OR NO FORCE AND EFFECT.

1.09 AFTER BEING UNLAWFULLY DENIED ACCESS TO STATE COURTS, THE JUDGMENT CREDITOR SOUGHT RELIEF IN FEDERAL COURT, REQUESTING IFP ACCESS TO: ① CHALLANGE THE SUA SPONTE RETALIATORY TERMINATION OF HIS PARENTAL RIGHTS; ② CHALLENGE HIS UNLAWFUL LOSSES OF LIBERTY & PROPERTY, DETENTIONS, INCARCERATIONS

- 8

Pg 12 OF 40

AND/OR CLAIMED CRIMINAL CONVICTIONS,
BY APPEAL. THE U.S. SUPREME
COURT HAS HELD THAT THE
CONSTITUTION REQUIRES THE WAIVER
FOR INDIGENT PERSONS WHO ARE
CHALLENGING TERMINATION OF THEIR
PARENTAL RIGHTS (SEE MLB U. SLT
519 U.S. 102 (1996)) OR SEEKING
A DIVORCE, OR TO CHALLANGE A VOID
DIVORCE DECREE (SEE BODDIE V.
CONNECTICUT, 410 U.S. 371, AT
374 (1971)). IN THIS INSTANCE,
THE JUDGMENT CREDITOR SOUGHT
TO CHALLANGE THE RETAGIATORY TERMINATION OF
HIS PARENTAL RIGHTS, AND TO VACATE
AND VOID THE 12/8/03 DECREE, BY AS
ACTIONS TO ENFORCE THE "FOREIGN
JUDGMENTS", AND AS SUCH THE
CONSTITUTION$ REQUIRES THE WAIVER
OF THE FILING FEES IN ALL SUCH
ACTIONS, THEREBY VOIDING ALL SUCH
IFP DENIALS; AS TO "FUNDAMENTAL INTERESTS"

1.10 THE JUDGMENT CREDITOR
IS NOT A PERSON WHO IS LAWFULLY
"INCARCERATED OR DETAINED IN ANY
FACILITY WHO IS ACCUSED OF, CONVICTED
OF, SENTANCED FOR, OR ADJUDICATED
DELINQUENT FOR, VIOLATIONS OF
CRIMINAL LAW OR THE TERMS AND
CONDITIONS OF PAROLE, PROBATION,

-9

PG 13 OF 40

(109 cont)

PRETRIAL RELEASE OR DIVERSIONARY PROGRAM." THE JUDGMENT CREDITOR IS A "CIVIL DETAINEE" UN LAWFULLY INCARCERATED DUE TO "VOID AB INITIO" CIVIL ORDERS, ISSUED IN "A CLEAR ABSENCE OF ALL JURISDICTION" AND IN NON-JUDICIAL ACTS, CONTRARY TO CLEARLY ESTABLISHED STATUTE AND CASE LAW AUTHORITY, WHO IS THEREFORE NOT SUBJECT TO THE PLRA 28 U.S.C. § 1915(g), AS A "CIVIL DETAINEE," SEE TROVILLE V. VENZ, 303 F.3d 1256, AT 1260 (11TH CIR 2002); PAGE V. TORREY, 201 F.3d 1136, AT 1139 (9TH CIR, 2000). AS SUCH ALL "STRIKE" OR "3-STRIKE" ORDERS ISSUED AGAINST THE JUDGMENT CREDITOR, ARE VOID, ISSUED IN "A CLEAR ABSENCE OF ALL JURISDICTION."

1. 10 EACH OF THE "STRIKE" OR "3-STRIKE" DISMISSALS CLAIMED AGAINST THE JUDGMENT CREDITOR IS IN RELATION TO AN ACTION THAT WAS THEN, AND IS STILL NOW PENDING EITHER BEFORE THE DISTRICT COURT, OR PENDING ON APPEAL, BY THE FILING OF A TIMELY NOTICE OF APPEAL.

-10                    PG 14 OF 40

IT IS WELL ESTABLISHED THAT
COUNTABLE "STRIKES" UNDER THE
PLRA INCLUDE ONLY DISMISSALS
FOR WHICH AN APPEAL HAS BEEN
EXHAUSTED OR WAIVED, SEE
ADEPEGBA V. HAMMONS, 103 F.3d
383, AT 388 (5TH CIR 1996);
PATTON V. JEFFERSON C.C., 136
F.3d 458, AT 462 (5TH CIR 1998);
SUCH A DISMISSAL, PENDING
APPEAL CAN NOT BE CONSIDERED
A "STRIKE" COUNTABLE AGAINST
THE JUDGMENT CREDITOR, AS
REVERSAL OF THE "STRIKE DISMISSAL"
WOULD NULLIFY THE STRIKE,
ADEPEGBA, 103 F.3d AT 387;
PATTON, 136 F.3d AT 464. IN
THE INSTANT CASE(S) THE
JUDGMENT CREDITOR HAS NO
COUNTABLE STRIKES, AS ALL
ACTIONS CLAIMED AS "STRIKES"
ARE EITHER STILL PENDING BEFORE
THE DISTRICT COURT, OR A TIMELY
NOTICE OF APPEAL WAS FILED
AND THE APPELLATE REVIEW OF
THE CLAIMED EACH CLAIMED
"STRIKE" IS NOT EXHAUSTED.
    1.11 IT IS AN ERROR FOR
THE DISTRICT COURT TO RECORD A

−11                    PG 15 OF 40

"STRIKE" AT THE TIME OF THE INITIAL SUA SPONTE DISMISSAL, SEE STEWART v. LYLES, 66 FED. APPX. 18, AT 22 AT HEADNOTE [9]. THE DESIGNATION OF A "STRIKE" HAS NO PRACTICAL CONSEQUENCES UNTIL A DEFENDANT IN A PRISONER LAW SUIT, RAISES THE CONTENTION THAT THE PRISONERS SUIT OR APPEAL MAY NOT BE MAINTAINED IFP PURSUANT TO 28 USC § 1915, BECAUSE THE PRISONER IS ALLEGED TO HAVE ACCUMULATED THREE STRIKES, SEE SNIDER v. MELINDEZ, 199 F.3d 108, AT 115, HEADNOTE [5]ii. NOT A SINGLE ONE OF THE JUDGMENT CREDITOR'S THREE STRIKE SUA SPONTE DISMISSALS WAS ENTERED IN RESPONSE TO A MOTION BY THE OPPOSING PARTY, AND ALL OF THE JUDGEMENT CREDITOR'S CLAIMED STRIKES WERE ERRONEOUSLY RECORDED BY THE DISTRICT COURT, AT THE TIME THE INITIAL SUA SPONTE DISMISSAL WAS ENTERED.

 1.12  A REVERSAL OF A SUA SPONTE DISMISSAL DECLARED A "STRIKE" NULLIFIES THE "STRIKE", SEE ADEPEGBA v. HAMMONS, 103 F.3d 383,

PG 16 of 40

(5TH CIR 1996)

AT 387, HEAD NOTE [5]. AS A DISMISSAL
SHOULD NOT COUNT AS A "STRIKE" AGAINST
A PRISIONER UNTIL HE HAS EX HAUSTED
OR WANED HIS APPEALS. ANY OTHER
INTERPRETATION OF 28 USC § 1915(g)
WOULD POSE A RISK OF PUNISHING
AND INDIGENT LITIGANT FOR
NONCULPABLE CONDUCT (SEE
ADEPEGBA , ID., 103 F. 3d AT 387-88,
HEAD NOTE [6]) AS HAS BEEN
WRONGFULLY DONE TO THE JUDGMENT
CREDITOR.

1.13 SEVERAL COURTS HAVE
WRONGFULLY ENTERED SUA SPONTE
DISMISSALS THE JUDGMENT CREDITOR
IFP FOR A FAILING TO FILE A
COMPLETE PETITION CONSISTENT
WITH §1915(g), OMITTING THE JAIL STATEMENT,
A PARTIAL FILING FEE, THE ENTIRE FILING
FEE, A DISCLOSURE THAT THE JUDGMENT
CREDITOR HAS ALLEGEDLY "STRUCK OUT" OR
SOME OTHER CLAIMED DEFECT. SUCH
SUA SPONTE DISMISSALS FOR A CLAIMED
FAILURE TO MEET THE STATUATORY
REQUIREMENTS OF THE PLRA ARE
INVALID. SEE JACKSON V. STINNETT, 102
F. 3d 132, AT 136, HEAD NOTE [7] (5TH CIR.
1996); COVINO V. REOPEL, 89 F.3d 105,
AT 108-09 (2ND CIR, 1996) (APPLYING PLRA
AND GIVING PLAINTIFFS 30 DAYS TO MEET

-13                    17   40

STATUATORY REQUIREMENTS).

1.14 EACH AND EVERY "SUA SPONTE "STRIKE" OR "3 STRIKE" DISMISSALS WAS MADE SUA SPONTE BY THE DISTRICT COURT, ON IT'S OWN MOTION, WITHOUT AFFORDING THE JUDGMENT CREDITOR NOTICE AND OPPORTUNITY TO BE HEARD. AS SUCH ALL SUA SPONTE "STRIKE" OR "3-STRIKE" DISMISSALS MUST BE VACATED. SEE PEREZ V. ORTIZ, 849 F.2d 793, AT 797 (2ND CIR 1988); SQUARE D CO. V. NIAGARA FRONTIER TARIFF BUREAU, 760 F.2d 1347, 1365 (2ND CIR 1985); SCHESLINGER & INV. PARTNERSHP V. FLUOR CORP, 671 F.2d 739, AT 742 (2ND CIR 1982); EADES V. THOMPSON, 823 F.2d 1055, AT 1062 (7TH CIR 1987) AND SNIDER V. MELINDEZ, 199 F.3d 108, AT 112, HEADNOTE [2][2ND CIR 1999).

1.15 THE "3-STRIKE" DISMISSAL OF A INDIGENT INMATE'S ACTION OR APPEAC, ON SUA SPONTE BASIS, WITHOUT A NOTICE AND A MOTION FROM THE DEFENDANT OR OPPOSING LITIGANT IS A NON-JUDICIAL ACT IN "A CLEAR AD SENCE OF ALL JURISDICTION" WHICH INVOLVES THE COURTS IN DISPUTES THAT MIGHT NEVER HAVE ANY PRACTICAL CONSEQUENCE. SEE DELEON DOE, 361 F.3d 93, AT 95 (2ND CIR 2004)

-14

DL 18 40

QUOTING FROM <u>SNIDER v. MELINDEZ</u>, 199
F.3d 108, AT 115 (2ND CIR. 1999). EACH AND
EVERY ONE OF THE "3-STRIKE"
DISMISSALS MADE AGAINST THE JUDGMENT
CREDITOR, WAS MADE IN A SUA SPONTE
NON-JUDICIAL ACT, IN THE ABSENCE
OF A MOTION FROM THE OPPOSING
PARTY AND WITHOUT NOTICE OR
OPPORTUNITY TO BE HEARD, IN "A
CLEAR ABSENCE OF <u>ALL</u> JURISDICTION"
RENDERING ALL SUCH "3-STRIKE" SUA
SPONTE DISMISSALL TO BE "VOID AB INITIO?

1.16  THE "DOA ORDERS" AT
ISSUE IN THIS PETITION/MOTION/ACTION
WERE ISSUED IN NON-JUDICIAL ACTS
W/O NOTICE OR OPPORTUNITY TO BE HEARD,
IN VIOLATION OF DUE PROCESS. RENDERING
THE "DOA ORDERS" VOID AND SUBJECT
TO COLLATERAL ATTACK, AT ANY TIME,
THEIR VALIDITY IS QUESTIONED, SEE
<u>BLUME v. U.S.</u>, 40 BR. 551, AT 553,
HEADNOTES [5],[6] #[7] (D.C. SD 1984);
<u>BRADLEY v. ST. LOUIS TERMINAL WAREHOUSE CO.</u>,
189 F.2d 818, AT 824 HEADNOTE [13]
(8TH CIR 1951); <u>JONES v. GILES</u>, 741 F.2d 245, AT 248,
HEADNOTES [4] # [6] (9TH CIR. 1984);
<u>CHICOT CO. DRAINAGE DIST v. BAXTER ST. BANK</u>,
308 U.S. 371, AT 376-77 (1940); <u>GRACIETTE
v. STAR GUIDANCE INC</u>, 66 F.R.D. 424, AT
428-29, (SD.NY. 1975).
Pg. 19. of 40

-15-

1.17 THE REIMPOSED AUTOMATIC STAY, PURSUANT TO 11 U.S.C. § 362; ESTABLISHED BY THE "FOREIGN JUDGEMENTS" (EX. 2), WHICH WERE THE SUBJECT OF THE ACTIONS WHERE THE "DOA ORDERS" WERE ENTERED, (SEE HILLIS MOTORS INC. v HAWAII AUTO DEALERS ASS'N, 997 F.2d 581 AT 585-90 (9TH CIR. 1993); WOLF U. WEINSTEIN 372 U.S. 633, AT 643 (1963); PEPPER v LITTON 308 U.S. 295, AT 306 (1939); IN RE NAT. ENV. WASTE CORP., 200 F.3d 1266, AT 1268 (9TH CIR, 2000); IN RE SMITH, 141 F.3d 1179 (9TH CIR 1998); AND IN RE CELEBRITY HOME ENT. INC., 210 F.3d 995, AT 998 (9TH CIR 2000)) ACTS TO VOID ALL OF THE "DOA ORDERS", AUTOMATICALLY, AS THEY WERE ENTERED IN VIOLATION OF THE REIMPOSED AUTOMATIC STAY (IN RE SCHULTZ 954 F.2d 569 (9TH CIR 1992); IN RE CALDER 907 F.2d 953 (10TH CIR 1990)). THE FEDERAL DISTRICT COURTS, ARE LIMITED IN THEIR JURISDICTION BY THE REIMPOSED AUTOMATIC STAY ESTABLISHED IN THE "FOREIGN JUDGMENTS", TO THE ENTRY OF ORDERS THAT ARE NOT, INCONSISTENT WITH THE TERMS OF THE FOREIGN JUDGMENTS" (EX. 2), SEE PICCO v. GLOBAL MARINE, 900 F.2d 846 (5TH CIR 1990).

-16

1.18 AT ALL TIMES IN THE ACTIONS WHERE THE "DOA ORDERS" WERE ISSUED, I WAS ACTING IN MY OFFICIAL CAPACITY, AS THE COURT APPOINTED TRUSTEE, SEEKING TO EXECUTE AND ENFORCE THE "FOREIGN JUDGMENTS" (EX.2), AS SUCH ALL ACTS, ACTIONS OR CLAIMS TAKEN AGAINST ME, WHILE ACTING IN MY OFFICIAL CAPACITY, SUCH AS THE "DOA ORDERS" ARE "VOID AB INITO", SEE IN RE MARKOS GURNEE PARTNERSHIP, 182 B.R. 211 (BANKR. N.D. IL. 1995).

1.19 AS A MATTER OF LAW, THE JUDGMENT CREDITOR CAN, AND HAS, SIMPLY IGNORE(D) THE "DOA ORDERS", AS A MATTER OF FEDERAL STATUTE, 11 U.S.C. § 524(a)(1), PURSUANT TO THE DISCHARGE AND DISCHARGE INJUNCTION ESTABLISHED BY THE "FOREIGN JUDGMENTS". IN THE 1978 AMENDMENTS TO THE BANKRUPTCY ACT, CONGRESS EXPRESSLEY MADE IT LAWFUL FOR THE JUDGMENT CREDITOR, TO SIMPLY IGNORE ALL JUDGMENTS OR ORDERS SUCH AS THE "DOA ORDERS" WHICH GRANT RELIEF AGAINST THE JUDGMENT CREDITOR, THAT WAS NOT SPECIFICALLY PRESERVED WITHIN THE "FOREIGN JUDGMENTS." SEE DUN BAR. V. CONTRACTORS Lic. BD., 235 B.R. 465 (9TH CIR 1999): IN RE ALDRE, INC, 216 B.R.

-17

PG 21 OF 40

19, AT 29 (9TH CIR BAP 1987); IN RE SCHWARTZ 954 F.2d 569, AT 573-75 (9TH CIR 1992); (GONZALES v. PARKS) 830 F.2d 1033 (9TH CIR 1987); IN RE FRANCESCHI, 268 B.R. 219, AT 226 (9TH CIR BAP 2001); IN RE CRUZ, 254 B.R. 801, AT 810 (BANKR S.D. N.Y. 2000); IN RE PAVELICH, 229 B.R. 777, AT 781 (9TH CIR BAP 1999); 4 LAWRENCE P. KING, ET. AL, COLLIER ON BANKRUPTCY ¶ 524-13 [1] (15TH ED REV. 1998); IN RE HENSZER, 248 B.R. 488, AT 491 (BANKR D. N.J. 2000).

1.20 ACCORDINGLY, THIS COURT HAS A MANDATORY, NON-DISCRETIONARY AND MINISTERIAL DUTY TO VACATE AND DECLARE "VOID AB INITIO" EACH AND EVERY "DOA ORDER", AT ISSUE HEREIN, SEE JORDAN v. GILLIGAN, 500 F.2d 701, AT 704 (6TH CIR 1974); 7 J. MOORE FEDERAL PRACTICE, ¶ 60.25 (2) AT 301 (2ND ED. 1973) AND LUBBEN v. SELECTIVE SERVICE, 453 F.2d 645 (1ST CIR 1972); CHAI v. KONG 93 P3d 936 (WASH. APP. DIV. I 2004).

1.21 I HEREBY CERTIFY AND DECLARE THE FOREGOING TO BE TRUE AND CORRECT UNDER THE PENALTY OF PERJURY AND I CERTIFY THAT THIS PETITION/MOTION/ACTION WAS FILED/MAILED BY PLACING IT INTO THE OUTGOING INDIGENT LEGAL MAIL AT SCJ SE-30 ON, 3/15/06

-18 DATED: 3/15/06

PG 22 OF 40        DUNCAN J. MCNEIL, III
                   JUDGMENT CREDITOR

IFP DECLARATION

1. I AM OVER THE AGE OF 18 AND I HAVE PERSONAL KNOWLEDGE OF THE FOLLOWING

2. I AM PRESENTLY UNLAWFULLY

1  INCARCERATED BY THE UNITED STATES, THE STATE OF WASHINGTON,
2  COUNTY OR SPOKANE AND THE CITY OR SPOKANE,
3  IN VIOLATION OF MY CONSTITUTIONAL AND
4  CIVIL RIGHTS, AS A "CIVIL DETAINEE".
5       3. THAT I AM AN "OFFICER OF THE
6  UNITED STATES" AS DEFINED BY 42 U.S.C. §
7  1985(1) APPOINTED PURSUANT TO 11 U.S.C. §
8  1123(b)(3)(B) AS THE DISBURSING AGENT AND
9  LIQUIDATING TRUSTEE AND GENERAL MANAGER
10 FOR REORGANIZED DEBTOR BROADWAY
11 BUILDINGS II, L.P., PURSUANT TO ORDER
12 OF THE U.S. BANKRUPTCY COURT, CENTRAL
13 DISTRICT OF CALIFORNIA.
14      4. THAT AS A DISABLED PERSON,
15 I HAVE BEEN THE CONTINUAL AND
16 ON GOING VITIM OF INTENTIONAL
17 DISCRIMINATION AND RETALIATION, BY
18 THE U.S., THE STATE OF WASHINGTON,
19 THE COUNTY OR SPOKANE, AND THE CITY
20 OF SPOKANE, IN A KNOWING AND
21 INTENTIONAL VIOLATION OF MY CIVIL
22 AND CONSTITUTIONAL RIGHTS, FOR
23 HAVING EXERCIZED MY COURT APPOINTED
24 DUTIES PURSUANT TO THE EXECUTION
25 AND ENFORCEMENT OF BROADWAY'S
26 CONFIRMED PLAN, PURSUANT TO U.S.
27 CONST. ART 4, § 1, FULL FAITH &
28 CREDIT CLAUSE. I AM PRESENTLY UNDER IMMINENT DANGER OF SERIOUS PHYSICAL INJURY DUE MY CONDITIONS OF INCARCERATION AND THE WITHHOLDING OF MEDICAL CARE  27 OF 40

5. BY THE ATTACHED IFP
APPLICATION I MOVE THE COURT FOR
AN ORDER ALLOWING ME TO
PROCEED IN THIS ACTION WITHOUT
PREPAYMENT OF FEES.
   6. I ALSO MOVE THE COURT
FOR AN ORDER ALLOWING ME
ELECTRONIC FILING STATUS, ALONG
WITH A WAIVER OF PACER AND
ELECTRONIC ACCESS, FILING AND
SERVICE FEES.
   7. I FURTHER MOVE THE
COURT FOR APPOINTMENT OF
COUNSEL, IN THIS ACTION, PURSUANT
TO 28 USC §1915(e)(1), FOR THE
FOLLOWING REASONS:
   (9) TO ATTAIN DUE PROCESS OF LAW:
THE PLAINTIFF, INDIGENT & UNLAWFULLY
INCARCERATED, ASSERTS IN BRINGING
THIS ACTION THAT THE PLAINTIFF HAS
BEEN DENIED HIS FUNDAMENTAL RIGHTS
TO DUE PROCESS OF LAW, AND HAS BEEN
UNLAWFULLY DENIED ACCESS TO THE
COURTS, WARRANTING APPOINTMENT OF
COUNSEL IN THIS PARTICULAR CASE, SEE
HATFIELD v. BAILLEAUX, 290 F.2d 632
(9TH CIR. 1961);

PG 24 OF 40

(b) THE PLAINTIFF'S ACTION IS
NECESITATED AND BROUGHT ABOUT
BY THE DEFENDANT'S ALLEGED
CONSPIRACY TO CONCEAL THE PLAINTIFF'S
UNLAWFUL ARRESTS, AND TO OBTAIN
INVALID CRIMINAL CONVICTIONS, THEREBY
WARRANTING THE APPOINTMENT OF
COUNSEL, SEE WHITE V. WALSH, 649
F.2d 560 (8TH CIR. 1981);

(c) THE DENIAL OF COUNSEL, IN
THIS PARTICULAR CASE, WOULD RESULT IN
A FUNDAMENTAL UNFAIRNESS, DUE TO
PLAINTIFF'S CONTINUAL DENIAL OF ACCESS
TO COURTS/LAW LIBRARY, INFRINGING
UPON THE INDIGENT PRISIONER'S DUE
PROCESS RIGHTS, THEREBY REQUIRING
APPOINTMENT, SEE CHILDS V. DUCKWORTH,
705 F.2d 915 (7TH CIR. 1983);

(d) APPOINTMENT OF COUNSEL IS
NECESSARY WHEN AN INDIGENT PRISIONER
AS IN THIS CASE, IS PROHIBITED ADEQUATE
ACCESS TO LAW LIBRARY, COPIER, TYPEWRITER,
AND OTHER RESOURCES NEEDED TO PROSECUTE
THE CASE, SEE RAYES V. JOHNSON,
969 F.2d 700 (8TH CIR. 1992);

(e) INDIGENT PRISIONER IS
PERMENANTLY DISABLED, WITH A CHRONIC

PG 25 OF 40                    20

(SPECIFICALLY PG 37 OF 38)

(SEE POS 27 OF 38 TO 38 OF 38 ATTACHED)

DIBILIANG DISEASE, CHRONIC DISEASE, WHICH LIMITS AND INTERFERES WITH THE INDIGENT DISABLED PRISONER'S ABILITY TO PRESENT HIS CASE TO THE COURT, AND RECIEVE A FAIR TRIAL, SEE McCARTHY v. WEINBERG, 753 F.2d 836 (10th CIR 1985); JACKSON v. COUNTY OF McLEAN, 953 F.2d 1070 (7th CIR 1992).

8. THE SUBJECT ACTION RELATES TO SIGNIFICANT @ CONSTITUTIONAL ISSUES, OF PUBLIC IMPORTANCE, AS TO FULL FAITH & CREDIT, ACCESS TO COURTS, & FALSIFIED CRIMINAL HISTORY AND INDIVIDUAL AGENCY RECORDS, WHICH WARRANT THE APPOINTMENT OF COUNSEL ① AS THE CASE RAISES SEVERAL ISSUES OF FIRST IMPRESSION, WHICH COULD LEAD TO SIGNIFICANT PRECEDENTIAL AUTHORITY.

9. THE PLAINTIFF MOVES THE COURT FOR AN ORDER REQUIRING SERVICE OF THE SUMMONS & COMPLAINT ON THE DEFENDANTS BY THE U.S. MARSHAL SERVICE AT THE COST OF THE U.S. I DECLARE THE FOREGOING IS TRUE AND CORRECT UNDER THE PENALTY OF PERJURY OR THE LAWS OF THE UNITED STATES.
DATED: 4/17/06
PG. 26 OF 40

① THAT I HAVE CONTACTED OVER 30 PUBLIC SERVICE AGENCIES AND/OR PRO-BONO COUNSEL, SEEKING APPOINTMENT OF COUNSEL TO ASSIST TRUE OR COUNSEL FOR CAST/80 DAYS, AND EACH HAS EITHER FAILED TO REPLY OR DECLINED DUE TO COMPLEXITY OR CASE

Case 1:05-cv-00574-JJF    Document 23-3    Filed 04/27/2006    Page 23 of 37

From: Duncan J. McNail To: James R. Larsen.                    Date: 7/30/2004 Time: 4:02:18 PM                    Page 4 of 14

## Social Security Administration
## Retirement, Survivors and Disability Insurance
Notice of Award

Office of Central Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241-1500
Date: September 2, 2003
Claim Number: 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HA

0123 MCS,PCTJ,BA,T1P,16X,151
DUNCAN J MCNEIL III
PO BOX 2906
SPOKANE, WA 99220-2906

8582/4965 82 MB    E.5M

IlrlnldnnhlnldlltnnslnlbhrltnallnHrnndlnlrld

You are entitled to monthly disability benefits beginning May 2003.

### The Date You Became Disabled

We found that you became disabled under our rules on November 5, 2002. This is different from the date given on the application.

Also, you have to be disabled for 5 full calendar months in a row before you can be entitled to benefits. For these reasons, your first month of entitlement to benefits is May 2003.

### What We Will Pay And When

- You will receive $3,080.00 around September 8, 2003.

- This is the money you are due for May 2003 through August 2003.

- Your next payment of $770.00, which is for September 2003, will be received on or about the third Wednesday of October 2003.

- After that you will receive $770.00 on or about the third Wednesday of each month.

- These and any future payments will go to the financial institution you selected. Please let us know if you change your mailing address, so we can send you letters directly.

The day we make payments on this record is based on your date of birth.

Enclosure(s):
Pub 05-10153
Pub 05-10058

C

See Next Page



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HA                                               Page 2 of 3

### Other Social Security Benefits

The benefit described in this letter is the only one you can receive from Social
Security. If you think that you might qualify for another kind of Social Security
benefit in the future, you will have to file another application.

### Your Responsibilities

The decisions we made on your claim are based on information you gave us. If
this information changes, it could affect your benefits. For this reason, it is
important that you report changes to us right away.

We have enclosed a pamphlet, "When You Get Social Security Disability
Benefits...What You Need To Know." It will tell you what must be reported and
how to report. Please be sure to read the parts of the pamphlet which explain
what to do if you go to work or if your health improves.

A provider of employment or vocational rehabilitation services may contact you
about getting help to go to work. The provider may be a State vocational
rehabilitation agency or a provider under contract with the Social Security
Administration.

If you go to work, special rules allow us to continue your cash payments and
health care coverage. For more information about how work and earnings affect
disability benefits, call or visit any Social Security office and ask for the following
publications:

* Social Security - Working While Disabled...How We Can Help (SSA
  Publication No. 05-10095).

* Social Security - If You Are Blind--How We Can Help (SSA Publication
  No. 05-10052).

### Do You Disagree With The Decision?

If you disagree with this decision, you have the right to appeal. We will review
your case and consider any new facts you have. A person who did not make the
first decision will decide your case. We will correct any mistakes. We will review
those parts of the decision which you believe are wrong and will look at any new
facts you have. We may also review those parts which you believe are correct
and may make them unfavorable or less favorable to you.

* You have 60 days to ask for an appeal.

* The 60 days start the day after you get this letter. We assume you got
  this letter 5 days after the date on it unless you show us that you did not
  get it within the 5-day period.

* You must have a good reason for waiting more than 60 days to ask for an
  appeal.

* You have to ask for an appeal in writing. We will ask you to sign a Form
  SSA-561-U2, called "Request for Reconsideration". Contact one of our
  offices if you want help.

P628 of 40                          20030002 X 46 SSA Award Letter mex

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HA                                           Page 3 of 3

Please read the enclosed pamphlet, "Your Right to Question the Decision Made on Your Social Security Claim". It contains more information about the appeal.

### Things To Remember For The Future

Doctors and other trained staff decided that you are disabled under our rules. But, this decision must be reviewed at least once every 3 years. We will send you a letter before we start the review. Based on that review, your benefits will continue if you are still disabled, but will end if you are no longer disabled.

### If You Want Help With Your Appeal

You can have a friend, lawyer or someone else help you. There are groups that can help you find a lawyer or give you free legal services if you qualify. There are also lawyers who do not charge unless you win your appeal. Your local Social Security office has a list of groups that can help you with your appeal.

If you get someone to help you, you should let us know. If you hire someone, we must approve the fee before he or she can collect it. And if you hire a lawyer, we will withhold up to 25 percent of any past due benefits to pay toward the fee.

### If You Have Any Questions

We invite you to visit our website at www.socialsecurity.gov on the Internet to find general information about Social Security. If you have any specific questions, you may call us toll-free at 1-800-772-1213, or call your local Social Security office at 1-509-353-2591. We can answer most questions over the phone. If you are deaf or hard of hearing, you may call our TTY number, 1-800-325-0778. You can also write or visit any Social Security office. The office that serves your area is located at:

SOCIAL SECURITY
SUITE A
811 E SPRAGUE AVE
SPOKANE, WA 99202

If you do call or visit an office, please have this letter with you. It will help us answer your questions. Also, if you plan to visit an office, you may call ahead to make an appointment. This will help us serve you more quickly when you arrive at the office.

*Jo Anne B. Barnhart*

Jo Anne B. Barnhart
Commissioner
of Social Security

## Social Security Administration · M7
## Retirement, Survivors, and Disability Insurance
Important Information

> Office of Central
> Operations
> 1500 Woodlawn Drive
> Baltimore, Maryland 21241-1500
> Date: November 30, 2003
> Claim Number: 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 HA

Duncan McNeil III
PO Box 2906
Spokane WA  99220

We are writing to you about court order number IN4871523.

In an earlier letter, we told you that we might have to take
money out of your Social Security payments to satisfy the court
order. Washington State Support Registry has ordered us to take
money out to collect child support and/or alimony. Therefore,
we will reduce the monthly payments beginning November 2003.

What We Will Take Out

We will take out $385.00 from each monthly payment to collect
what you owe. You will receive a check for $385.00 each month
beginning with the check you receive around December 3, 2003.

If You Disagree With The Decision

If you disagree with the decision of Washington State Support
Registry, you will need to contact them directly, or have a
lawyer do this for you. They can be contacted at:

> Washington State Support Registry
> PO Box 45868
> Olympia WA  98504

If You Have Any Questions

We invite you to visit our website at www.socialsecurity.gov on
the Internet to find general information about Social Security.
If you have any specific questions, you may call us toll-free
at 1-800-772-1213, or call your local Social Security office at
1-509-353-2591. We can answer most questions over the phone.
If you are deaf or hard of hearing, you may call our TTY
number, 1-800-325-0778.

SEE NEXT PAGE.

PG 30 OF 40

Sent By: LINOLEUM AND CARPET CITY;            5093269438;            Dec-8-03  1:48PM;            Page 2/2

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 HA                                                              Page 2

You can also write or visit any Social Security office.  The
office that serves your area is located at:

> SOCIAL SECURITY
> SUITE A
> 811 E SPRAGUE AVE
> SPOKANE,WA 99202

If you do call or visit an office, please have this letter with
you.  It will help us answer your questions.  Also, if you plan
to visit an office, you may call ahead to make an appointment.
This will help us serve you more quickly when you arrive at the
office.

W Burnell Hurt

W. Burnell Hurt
Associate Commissioner for
    Central Operations

PG 31 OF 40

From: Duncan J. McNeil  To: James R. Larsen          Date: 7/30/2004 Time: 4:02:18 PM                    Page 9 of 14

Nov 07 03 01:50p
From: Duncan J. McNeil 509-271-3775 To: MD Dr. Charles W. Laudenbach          Date: 11/7/2003 Time: 10:40:20 AM          p.2
                                                                                                               Page 2 of 2

Oct 08 03 03:34p
                                                                                                               p.2



ROCKWOOD
CLINIC, P.S.

400 East Fifth Avenue, P.O. Box 3669
Spokane, WA 99226-1649
Phone: (509) 838-2531 /1-800-776-1048
Fax: (509) 459-1977
www.rockwoodclinic.com

September 22, 2003

SATELLITE OFFICES
Cheney Medical Center
Medical Lake Family Practice
Brierwood Clinic Cardiology
Rockwood Clinic Ears & Allied Nephrology
Rockwood Clinic Eye Center
Rockwood Clinic Gastroenterology
Rockwood Clinic Moran Prairie
Rockwood Clinic North
Rockwood Clinic Mental Neurology
Rockwood Clinic Physical Therapy
Rockwood Clinic Research
Rockwood Clinic South
Valley Rockwood Clinic
Valley Rockwood Physical Therapy

Duncan J McNeil III
P.O. Box 2906
Spokane, WA 99220-2906

RE:
MCNEIL, DUNCAN III J
1571942
DOB:  03/14/1957

TO WHOM IT MAY CONCERN:

Mr. McNeil is a patient whom I have seen since January of 2001. Mr. McNeil,
unfortunately has a medical condition resulting in his inability to appear
in court. I would appreciate it if this can be taken into consideration and
possibly a telephone appearance could be allowed in this case.

Thank you for your consideration.

Sincerely,

Charles Laudenbach, MD
Internal Medicine

408/J:1351822/D:1484656/CL:10
D:  09/22/2003 17:57:38
T:  09/24/2003 08:15:48

P6 32 6F 40

Our mission: Rockwood Clinic is a physician-owned, multi-specialty medical practice. Our team of doctors and staff is dedicated to the delivery of the best patient care available. We strive to practice in a positive and rewarding environment. Our values: compassion • excellence • innovation • education • service.

Sent By: LINOLEUM AND CARPET CITY;          5093269438;          Sep-5-03  3:39PM;          Page 1/1
To: ESQ EFAX          At: 92713775

# Ronald M. Klein, Ph.D.

Behavioral Medicine Service
601 West Main Avenue, Suite 1011
Spokane, WA 99201   (509) 838-1285

09/02/2003

Division of Disability Determination

Spokane, WA

re: Duncan McNeill          DOB: 3/14/1957

Dear Sir/Madam:

Mr. McNeill was a patient of mine three years ago. With his consent, I am providing you
with the following information. His dates of service were:

11-14-00; 11-21-00; 11-28-00; 12-5-00; and 12-29-00.

He had been referred by his physician Dr. Creel at Rookwood Clinic. After my initial
evaluation of him on 11-14-00, I diagnosed Mr. McNeill with [redacted confidential]
[redacted confidential]          He appeared to be reacting to a newspaper story published at
that time about his ongoing legal dispute with well known public officials. Mr. McNeill
felt he had been characterized in that story in a grossly unfair manner. He was also being
treated by his physician for ongoing [redacted] and was being medicated for that. I
provided [redacted] to Mr. McNeill during those sessions and also made
recommendations to his physician regarding use of [redacted confidential]          I have not
seen him clinically since 12-29-00. I did have a recent phone conversation with him
during which he informed me that his symptoms have continued on since that time and
that your agency has found him to be disabled. It is my understanding that Mr. McNeill
has undergone [redacted confidential]          with other practitioners over these past 3 years.

Sincerely,

Ronald M. Klein, Ph.D.
Behavioral Medicine Service

PG 33 OF 40

PG 15 OF 20



## Community Health Association of Spokane

**07/13/2004**

**RE: Dj McNeil**

To Whom It may Concern:

Mr. McNeil has been diagnosed with colitis. He was last seen in clinic 05/24/04. He phoned the clinic 07/08/04 and stated he was having a flare of colitis. He phoned the clinic again today asking for a letter stating that he is having a flare of colitis, is bedridden, and is unable to appear in court on 07/14/04. Since the patient has not been seen in this clinic since May 24 of this year, I cannot verify his current health status relative to his colitis; nonetheless, he requested a letter to inform the court of the foregoing.

Thank you for your consideration.

Sincerely,

Bill Lawson

Bill Lawson, PA-C

CC: Patient file

| Maple CHAS Clinic | DT CHAS Clinic | Valley CHAS Clinic | NE CHAS Clinic |
|---|---|---|---|
| 3919 North Maple Street | 1001 W 2nd Ave. | 9227 E. Main St. | 4001 N. Cook St |
| Spokane, WA 99205 | Spokane, WA 99201 | Spokane, WA 99206 | Spokane, WA 99207 |
| (509) 444-7801 | (509) 835-1205 | (509) 444-8200 | (509) 487-1604 |

PG 34 OF 40



## Community Health Association of Spokane

**09/03/2004**

**RE: Dj McNeil**

To: Whom It May Concern

This person has anxiety and is on treatment for it. He may do better to have telephone appearances for his court hearings.

Sincerely,

Alisa ML Hideg, MD

CC: Patient file

| **Maple CHAS Clinic** | **DT CHAS Clinic** | **Valley CHAS Clinic** | **NE CHAS Clinic** |
|---|---|---|---|
| 3919 North Maple Street | 1001 W 2nd Ave. | 9227 E. Main St. | 4001 N. Cook St |
| Spokane, WA 99205 | Spokane, WA 99201 | Spokane, WA 99206 | Spokane, WA 99207 |
| (509) 444-7801 | (509) 835-1205 | (509) 444-8200 | (509) 487-1604 |

PG 35 OF 40

## Community Health Association of Spokane

| | | | |
|---|---|---|---|
| **3919 North Maple St.** | **9227 E. Main St** | **1001 W. 2nd** | **4001 N. Cook St** |
| **Spokane, WA 99205** | **Spokane, WA 99206** | **Spokane, WA 99201** | **Spokane, WA 99207** |
| **(509) 444-7801** | **(509) 444-8200** | **(509) 835-1205** | **(509) 487-1604** |

**Encounter Date: 09/03/2004 Provider: Alisa Hideg MD**
**Patient Name: McNeil , Dj   Date of Birth: 03/14/1957**

### Pt. here for Follow-up OV.
47 Years old, male  Pt. here for Follow-up OV.
### CHIEF COMPLAINT
**1. Colitis (follow-up)** Comments:  Pt states that he is having a faire up of his colitis again. Pt feels he is having burning w/ urination and stools passing.  Pt has not had much blood in his stool for 6 weeks.  He had bleeding for approximately 6 days in his emesis and stools at that time 6 weeks ago.  Nauseated  x two and 1/2 weeks now.

**2. Anxiety (follow-up)** Comments:                          He denies caffeine use. Pt is going to court re: charges against him - not specific.  Has friend who is here w/ him.  Pt wants medication to use when anxious about going outside

### CHRONIC CONDITIONS
1. ASTHMA.
2. Anxiety state NOS.

### CURRENT MEDICATIONS

| Brand Name | Dose Note | Route Desc | Sig Desc |
|---|---|---|---|
| Prevacid daily (PT ASSISTANCE) | 30mg | Oral | Take one capsule by mouth |
| Advair Diskus twice daily | 100/50 | Inhalation | Inhale 1 puff into your lungs |
| Celebrex | 200mg | Oral | one tablet by mouth daily |
| Albuterol | 90mcg | Inhalation | |
| Flovent | 110mcg | Inhalation | |
| Prilosec | 20mg | Oral | |

### ALLERGIES

| Description | Reaction: |
|---|---|
| No Known Drug Allergies | |

### Nurse/MA Comments:
Allergy List Confirmed. Medications Confirmed. Immunizations Confirmed.
   Immunizations Up-to-Date
### Physical Examination:
### Vital Signs:
Height: 72.00 inches.  (182.88 cm), Weight: 216.00 lbs.  (98.18 kgs). BMI = 29.32;
Temperature: 97.00 F.  (36.11 C) Respirations:  16
170/120 Right arm sitting.  (used Regular Adult cuff).
Pulse rate is 84 per minute, regular.
Orthostatic B/Ps:  L arm supine, B/P is 160/100; Pulse L arm supine is 84 beats/minute.

### Constitutional:

McNeil, Dj  PG 36 OF 40          1                    Alisa Hideg MD

No acute distress. Well nourished.
Appearance: disheveled.

**Abdomen:** Abdomen soft, non-tender, non-distended; normal bowel tones; no hepatosplenomegaly. No palpable mass; no CVA tenderness.

## P.H.Q.

1.  Feeling down, depressed or hopeless?
    **Nearly every day.**
2.  Little interest or pleasure in doing things.
    **Not al all.**
3.  Trouble falling asleep or sleeping too much
    **Nearly every day.**
4.  Feeling tired or having little energy
    **Nearly every day.**
5.  Poor appetite or overeating
    **Nearly every day.**
6.  Feeling bad about yourself--or that you are a failure or have let yourself or your family down.
    **Nearly every day.**
7.  Trouble concentrating on things, such as reading the newspaper or watching television.
    **Nearly every day.**
8.  Moving or speaking so slowly that other people could have noticed?     Or the opposite--being so fidgety or restless that you have been moving around a lot more than usual?
    **Nearly every day.**
9.  Thoughts that you would be better off dead, or of hurting yourself in some way?
    **Not at all.**
10. If you are experiencing any of these problems, how difficult have these problems made it for you to do your work, take care of things at home or get along with other people?
    **Extremely difficult.**
11. If these problems have caused you difficulty, have they caused you difficulty for two years or more?
    **Yes, I have had difficulty with these problems for 2 years or more.**

How many days in the last two weeks have you missed doing things because you are depressed?
**14 Day(s)**

**Depression symptom score is 0;**
**Severity score is 21;          Severe Depression.**

**Client has significant functionability impairment.**
**Consider DX of Dysthymia.**
**Client is in CHAPPY Registry.**
Next PHQ due in 4-8 weeks, (10/01/2004).

**In-House labs:**
Urine Dipstick values:
Spec gravity: 1.015; Ph: 5; Leukocytes: negative; Nitrites: negative; Protein: negative; Glucose: normal; Ketones: negative; Urobilinogen: normal; Bilirubin: negative;
Blood: negative;
Blood glucose: 96mg/dl.

**ASSESSMENT / PLAN**

McNeil, Dj                                                2                                       Alisa Hideg MD

**1.  Colitis, ulcerative NOS** (Re: eval & TX of ICD-9  556.9).
 - Start Asacol
F/U w/ GI
**2.  Panic disorder** (Re: eval & TX of ICD-9  300.01).

Pt to increase zoloft dose
Use hydroxyzine prn


**Medications ordered this visit:** (Potential adverse drug reactions discussed.)

| Brand Name | Dose | Rx Refills | Rx Quanity | Sig Desc |
|---|---|---|---|---|
| Asacol | 400mg | 0 | 30 | one tablet by mouth three times dai |
| Metamucil | | 0 | 0 | 1 tbsp po BID |
| Zoloft | 100mg | 3 | 30 | two tablets by m uth daily |
| Atarax | 100mg | 1 | 90 | 1/2 to 1 tab po q 4-6 hrs prn anxiety |

MA/Nurse:  Mark E. Brooks
Alisa Hideg MD

"FOREIGN JUDGMENTS"

EXHIBIT "2"

AUTHENTICATION & REGISTRATION THEREOF:

a.   NOTICE of Filing of "Assignment of Interests in Bankruptcy Court Judgments
     Rendered in Another District, for the Benefit of Creditors, in aid of the Judgment,
     and in the aid of the Enforcement and Execution Thereof", filed 3-22-02 in Misc Case
     No 02-02, filed as Docket #535, on March 22, 2002, in Case No. 01-06073-W11,
     USBC-ED-WA;

b.   "Order Approving Disclosure Statement and Fixing Time for Filing Acceptances or
     Rejections of Plan; Combined With Notice Thereof", (hereinafter "Broadway
     Disclosure Statement"), entered December 21, 1998, as Docket #112 in Case No. LA
     98-18082-SB, USBC-CD-CA-LA;

c.   "Order Approving 'Judgment Creditors' Second Amended Chapter 11 Plan",
     (hereinafter "Broadway's First Plan w/Discharge"), entered March 19, 1999, in Case
     No. LA 98-18082-SB, , USBC-CD-CA-LA, as Docket #129, along with the Clerk's
     Notice of Entry of Judgment or Order and Certificate of Mailing and Proof of Service
     on Counsel;

d.   "Order Approving 'Judgment Creditors' Second Amended Chapter 11 Plan (As.
     Modified)", (hereinafter "Broadway's Second Plan"), entered June 16, 1999, in Case
     No. LA 98-18082-SB, USBC-CD-CA-LA, along with the Clerk's Notice of Entry of
     Judgment or Order and Certificate of Mailing and Proof of Service;

e.   "Findings of Fact and Conclusions of Law in Support of Order Disallowing Claims of
     John H. Smith and Robert Hayes", (hereinafter "Fraudulent Deed Findings"), entered
     December 29, 1998, in Adversary Case No. AD-98-01685-SB, USBC-CD-CA-LA,
     along with the Clerk's Notice of Entry of Judgment or Order and Certificate of

     Mailing and Proof of Service;

f.   "Judgment and Order Pursuant to Summary Judgment Motions", (hereinafter
     "Fraudulent Deed Judgment"), entered December 29, 1998, in Adversary Case No.
     AD 98-01685-SB, USBC-CD-CA-LA, along with the Clerk's Notice of Entry of
     Judgment or Order and Certificate of Mailing and Proof of Service;

g.   "Stipulated Order Re: Liability and Damages", entered October 30, 2000 in Case
     No. CS-97-435-RHW, USDC-ED-WA;

h.   Writ of Obedience #02-0001, issued May 31, 2002, in Spokane County Superior
     Court Case No. 02-2-02825-4; DOC# 14, FILED 10/21/04 ⓐ

i.   Writ of Obedience #02-0002, issued June 6, 2002, in Case No. 02-2-02825-4; DOC#15 ⓐ

j.   Writ of Obedience #02-0003, issued June 7, 2002, in Case No. 02-2-02825-4; DOC#16 ⓐ

k.   Writ of Obedience #02-0004, issued June 12, 2002, in Case No. 02-2-02825-4; DOC#17 ⓐ

l.   Writ of Obedience #02-0005, issued July 18, 2002, in Case No. 02-2-02825-4. DOC#18 ⓐ

m.   ORDER denying relief from stay Re: Item # 41. with Notice of Entry, filed 1/11/2000
     as Docket #137, incorporating therein "Opposition Re: Item # 41. to motions to lift
     stay: opposition to motion to annul stay, filed 12/9/1999, as Docket #94", and
     incorporating "Opposition Re: Item # 57, to motion to lift stay and to motion to
     annul, filed 12/10/1999, as Docket #95"; all filed in Case No. LA 99-39555-SB,
     USBC-CD-CA-LA;

n.   BAP/USDC appeal judgment - the Bankruptcy Court judgment is AFFIRMED. BAP
     #CC-00-1049 RE: Item #154, filed 1/16/2001, as Docket #359, Case No. LA
     99-39555-SB, USBC-CD-CA-LA;

o.   ORDER Granting Debtors Motion to Strike Liens, filed 9/15/1998, as Docket #199,
     in Case No. 96-02980-K11, USBC-ED-WA;

p.   NOTICE of Filing of "Request to Clerk for Registration of Judgment Rendered in
     Another Court, filed 3-21-02 as Misc Case No. 02-01 (02-01731 DJM $), filed
     3/27/2002, as Docket #536, Case No. 01-06073-W11, USBC-ED-WA;

q.   EXHIBIT I Admitted at hearing on 12-5-01; re: Amendment to Settlement
     Agreement and Mutual Release and Personal Services Contract Effective 5-24-01
     between Duncan J McNeil and Broadway Buildings II LP. Re: Oust Motin to
     Convert Case to Ch 7, Docket #44 & Joinder therein Docket #212, as Docket #459,
     Case No. 01-06073-W11, USBC-ED-WA;

ⓐ DOC#'S REFER TO "PACER" DOCKET NUMBERS FOR CASE NO:
2:04-CV-00427-AAM; USDC
EASTERN DISTRICT
OF WASHINGTON

PG 39 OF 40

1  r.  EXHIBIT J Admitted at hearing on 12-5-01; Re: Amendment to Settlement
2  Agreement and Mutual Release and Personal Services Contract, effective 8-17-01
between Duncan J McNeil, GMFL Reorganization Corporation, and Broadway
3  Buildings II LP RE: Oust Motion to Convert Case to Ch 7, Docket #44 and Joinder
therein Docket #212, filed 1/4/2002, as Docket #460, Case No. 01-06073-W11;
USBC-ED-WA;

4  s.  PROPOSED Exhibit "D-D" to Supplement Exhibits offered at hearing on 12-5-01;
5  RE: 1) Standard Form 95 Claim for Damages filed by Duncan J McNeil 11-23-99
with the Oust-Ed-WA, in the Sum of $5211.926, ... ... ..., filed 2/6/2002, as Docket
#'s 506, 506A, Case No. 01-06073-W11, USBC-ED-WA;

6  t.  PROPOSED Exhibit "I-I" to Supplement Exhibits offered at hearing on 12-5-01; re:
7  1) Standard Form 95 Claim for Damages filed by Duncan J McNeil on 3-6-98 with
the Oust-Ed-WA, in the sum of $4,651,000. Re: Oust Motion to Convert Case to Ch
7, Docket #44 and Joinder therein Docket #212, filed 2/11/2002, as Docket #512,
8  Case No. 01-06073-W11, USBC-ED-WA;

u.  (1) NOTICE of Separation Contract & Dissolution of Marriage Contract Pursuant to
9  RCW 26.0-9.070 filed 7-26-01 as Document #4613783 with the County Recorder for
Spokane County, Washington, (pages 1 of 29 to 29 of 29); (2) JOINT Petition for
10  Dissolution of Marriage, filed 7-26-01 in Case No. 01-301586-7 (pages 2 of 29 to 5
of 29; 3) SEPARATION Contract and Dissolution of Marriage Contract Pursuant to
11  RCW 26.09.070, filed 7-26-01 in Case No. 01-301586-7, (pages 6 of 29 to 29 of 29),
filed 2/6/2002, as Docket #505, Case No. 01-06073-W11, USBC-ED-WA;

12  v.  ~~entered ... in Spokane County Superior Court~~
13  ~~Case ... except those portions of the decree that were entered in violation of law, and in violation of the Complainant's civil and constitutional rights, as a parent.~~

14  AUTHENTICATION & REGISTRATION OF JUDGMENTS
15  I, DUNCAN J. MCNEIL III, AM THE LAWFUL OWNER
OF THE FOREGOING LISTED "FOREIGN JUDGMENTS"
16  AND I HEREBY CERTIFY THAT TRUE AND CORRECT
COPIES OF THESE "FOREIGN JUDGMENTS" ARE ON
17  FILE IN THE IDENTIFIED ACTIONS AND DOCKET #'S
AND THAT THESE "FOREIGN JUDGMENTS" ARE
18  OFFICIALLY PUBLISHED ON THE COURT'S "PACER"
19  SYSTEM, PURSUANT TO FRCP 44(a)(1) AND FRE
RULE 201(b)(2) AND ARE THE "OFFICIAL PUBLICATIONS
20  THEREOF". BY THIS MOTION/PETITION/APPLICATION
21  I REQUEST THAT THE CLERK OF THIS COURT
PRINT, FILE AND REGISTER THESE "FOREIGN
22  JUDGMENTS" FROM THE COURT'S "PACER" SYSTEM
AND THAT THESE "FOREIGN JUDGMENTS" BE
23  GRANTED FULL FAITH & CREDIT IN THIS COURT
24  PURSUANT TO 28 USC § 1963, 28 USC § 1738 AND
U.S. CONST. ART. IV § 1 (AND THE APPLICABLE STATE
25  UEFJA©). I DECLARE THE FOREGOING TO BE TRUE
26  AND CORRECT UNDER THE PENALTY OF PERJURY
27  DATED:
28

PG 2

13.

≈2.07≈ U.S. POSTAGE

PB METER
7148396

SPOKANE
MAR 17 06

JUL 2 4 2004 L.R.

DUNCAN J. MCNEIL
SPOKANE CO. JAIL
1100 W. MALLON
SPOKANE, WA 99260

CLERK
U.S. DISTRICT COURT
844 KING STREET
LOCK BOX 18
WILMINGTON, DE 19801-3570

U.S.M.S. X-RAY.

LEGAL MAIL