5. BY THE ATTACHED IFP APPLICATION I MOVE THE COURT FOR AN ORDER ALLOWING ME TO PROCEED IN THIS APPEAL WITHOUT PREPAYMENT OF FEES, COPIES OR SERVICE.

6. I ALSO MOVE THE COURT FOR AN ORDER ALLOWING ME ELECTRONIC FILING STATUS, ALONG WITH A WAIVER OF PACER AND ELECTRONIC ACCESS, FILING AND SERVICE FEES.

7. I FURTHER MOVE THE COURT FOR APPOINTMENT OF COUNSEL, IN THIS APPEAL, PURSUANT TO 28 USC §1915(e)(1), FOR THE FOLLOWING REASONS:

(g) TO ATTAIN DUE PROCESS OF LAW ε THE PLAINTIFF, INDIGENT & UNLAWFULLY INCARCERATED, ASSERTS IN BRINGING THIS ACTION THAT THE PLAINTIFF HAS BEEN DENIED HIS FUNDAMENTAL RIGHTS TO DUE PROCESS OF LAW, AND HAS BEEN UNLAWFULLY DENIED ACCESS TO THE COURTS, WARRANTING APPOINTMENT OF COUNSEL IN THIS PARTICULAR CASE, SEE HATFIELD v. BAILLEAUX, 290 F.2d 632 (9TH CIR 1961);

4 OF 22

PG #

(b) THE PLAINTIFF'S ACTION IS NECESSITATED AND BROUGHT ABOUT BY THE DEFENDANT'S ALLEGED CONSPIRACY TO CONCEAL THE PLAINTIFF'S UNLAWFUL ARRESTS, AND TO OBTAIN INVALID CRIMINAL CONVICTIONS, THEREBY WARRANTING THE APPOINTMENT OF COUNSEL, SEE WHITE v. WALSH, 649 F.2d 560 (8TH CIR. 1981);

(c) THE DENIAL OF COUNSEL IN THIS PARTICULAR CASE, WOULD RESULT IN A FUNDAMENTAL UNFAIRNESS, DUE TO PLAINTIFF'S CONTINUAR DENIAL OF ACCESS TO COURTS/LAW LIBRARY, INFRINGING UPON THE INDIGENT PRISONER'S DUE PROCESS RIGHTS, THEREBY REQUIRING APPOINTMENT, SEE CHILDS v. DUCKWORTH, 705 F.2d 915 (7TH CIR. 1983);

(d) APPOINTMENT OF COUNSEL IS NECESSARY WHEN AN INDIGENT PRISONER, AS IN THIS CASE, IS PROHIBITED ADEQUATE ACCESS TO LAW LIBRARY, COPIER, TYPEWRITER, AND OTHER RESOURCES NEEDED TO PROSECUTE THE CASE, SEE RAYES v. JOHNSON, 969 F.2d 700 (8TH CIR. 1992);

(e) THE INDIGENT PRISONER IS PERMANENTLY DISABLED, WITH A CHRONIC

5 OF 22
PG.