DUNCAN J. MCNEIL, III
2030 W. SPOFFORD
SPOKANE, WA 99205

NO: FJA-076
DATE: 4/20/06
FJ- IA-01

1. NOTICE OF CHANGE OF ADDRESS

[RECEIVED APR 27 2006 U.S. DISTRICT COURT DISTRICT OF DELAWARE]

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

CR 02-10429   CV-05-574
CASE NO. 05-574

DUNCAN J. MCNEIL, III
   JUDGMENT CREDITOR

v.

KAISER UNITED STATES, ET. AL.,
   JUDGMENT DEBTORS

④ RECONSIDERATION OF D.I. 15 (2/7/06) & D.I. 20 (4/12/06) AS TO PETITION & MOTIONS D.I. 13 & 14 (1/13/06) FILED PURSUANT TO UEFJA 10 DEL. C. § 4781 TO 4787

EX PARTE OBJECTION & MOTION TO MODIFY ALTER OR AMEND FINDING & ORDER(S) ⑤ PURSUANT TO FRCP 52, 59 & 60; MOTION FOR RELIEF FROM ORDER(S) ② 2/7/06 & ENTERED/DATED 4/13/06 ①
MOTION FOR EXTENSION OF TIME

I, DUNCAN J. MCNEIL, III AM THE INDIGENT - DISABLED AND UNLAWFULLY INCARCERATED JUDGMENT DEBTOR IN THIS ACTION TO REGISTER, ENFORCE AND EXECUTE ON FINAL JUDGMENTS PURSUANT TO THE UNIFORM ENFORCEMENT OF FOREIGN JUDGMENT ACT © (UFFJA); U.S. CONST. ART. IV § 1; 28 U.S.C. § 1963; FRCP 77(d); 28 USC § 1738 AND FRCP 69, 70 & 71.

1. THAT PURSUANT TO 28 U.S.C. § 1915(g) I AM PRESENTLY UNDER IMMINENT DANGER OF SERIOUS PHYSICAL INJURY, DUE TO RETALIATION & RETRIBUTION FOR HAVING EXERCIZED MY CONSTITUTIONAL RIGHTS, I AM IN THE "HOLE" AND MY MEDICATIONS ARE BEING WITHHELD IN ACTS OF INTENTIONAL INDIFFERENCE TO MY HEALTH, SAFETY AND WELFARE, IN VIOLATION OF THE 8TH AMEND BY THE INTENTIONAL & RETALIATORY WITHHOLDING OF

PAGE 1 OF 9

[Margin notes:]
① UEFJA - 10 DEL. C. § 4781 TO 4787
② PETITIONER/APPELLANT HAS NEVER RECEIVED A COPY OF THE 2/7/06 ORDER, SEE D.I. 16 OF 2/14/06

REQUIRED MEDICAL CARE AND TREATMENT BY MY CAPTORS.

2. I FACE THE IMMINENT DANGER OF SERIOUS PHYSICAL INJURY AS ACTS OF RETALIATION & RETRIBUTION FOR MY HAVING SOUGHT TO ENFORCE & EXERT MY CONSTITUTIONALLY PROTECTED RIGHTS, AS PLEAD IN THIS ACTION, AND AS OTHERWISE EXISTING, IN RELATION TO THE "FOREIGN JUDGMENTS"

3. THAT THIS ACTION IS BROUGHT AS A COMMON LAW SUIT TO ENFORCE FINAL FEDERAL COURT JUDGMENTS, PURSUANT TO THE U.S. CONST. ART. <u>IV</u> §1, IN THIS DISTRICT.

4. THAT THIS ACTION IS ALSO BROUGHT TO ENFORCE THE REIMPOSED AUTOMATIC STAY, PURSUANT TO 11 USC §362, AND THE DISCHARGE INJUNCTION AND DISCHARGE, PURSUANT 11 U.S.C. §524 AND 11 U.S.C. §1141, PURSUANT TO THE CONFIRMED CHAPTER 11 PLAN, ENTERED 6/16/99 IN CASE NO. LA 98-18082-SB, USBC-CD-CA, IN RE BROADWAY BUILDINGS, II LP.

5. THAT THIS ACTION IS BROUGHT TO VACATE OR DECLARE "VOID" THE <u>EXACT</u> ORDERS REFERENCED

PG 2 OF 9

(2) PURSUANT TO DELSON V. DOE 361 F.3d 93-95 (2d Cir 2004) THIS COURT MUST DETERMINE IF PRIOR SUP PLAINTIFF IS MISSING FROM RACE PENDING IF FOUNDED UNDER 28 USC § 1915(G) AND THE COURT MAY LIFT BACK UPON A "STRIKE" ISSUED IN THIS CONDUCT DISMISSAL WILL ULTIMATELY QUALIFIES AS A STRIKE IN PUBLIC, ANY ACTION.

④ RECONSIDERATION AS TO PETITIONS/MOTIONS FILED AS D.I. 4, 13 & 14.

1. IN THIS COURT'S ORDERS ISSUED 4/13/06, OR RELIED UPON ④ 2/7/06,
2. ~~PURSUANT TO THE PROVISIONS OF~~
3. ~~[illegible strikethrough]~~, AS ~~[illegible]~~ SAID
4. ORDERS WERE ENTERED ~~[illegible]~~: ① IN A
5. "A CLEAR ABSENCE OF ALL JURISDICTION";
6. ② BY GRANTING RELIEF IN
7. EXCESS OF THAT PLEAD OR
8. PRESERVED BY THE ADVERSE
9. PARTIES; ③ ~~[illegible]~~ IN VIOLATION OF THE
10. PLAINTIFF'S RIGHTS TO DUE
11. PROCESS, ON A SUA SPONTE BASIS,
12. WITHOUT NOTICE OR ANY
13. MEANINGFUL OPPORTUNITY TO BE
14. HEARD; AND ④ IN VIOLATION OF
15. 11 USC § 362, 11 U.S.C. § 524 OR
16. 11 U.S.C § 1141.
17.     6. AS SUCH THE PLAINTIFF,
18. HEREBY ASSERTS THAT THE EXACT (OR RELIED UPON)
19. ORDERS REFERENCED IN THIS
20. COURT'S ORDER ISSUED ④
21. ARE "VOID AB INITIO" ORDERS, OF LEGAL
22. NO FORCE AND EFFECT, WHICH
23. CAN BE COLLATERALLY ATTACKED
24. IN THIS ACTION, AND VOIDED IN
25. THIS ACTION, PROHIBITING SAID
26. ORDERS FROM BEING ASSERTED
27. ~~[illegible]~~ OR ENFORCED AGAINST
28. THE PLAINTIFF, UNTIL THIS

PG 3 OF ~~4~~ 9

COMMON LAW ACTION TO ENFORCE FINAL JUDGMENTS, AND THIS ~~SUMMARY~~ ACTION ~~DOES~~ TO COLLATERALY ATTACK AND "VOID" SAID ORDERS, IS DETERMINED <u>ON THE MERITS</u>.

7. ANY ORDER ~~OR~~ ~~SUIT~~ OR JUDGMENT OF THIS COURT WHICH IS BASED UPON THE "VOID AB INITIO" ORDERS REFERENCED TO IN THIS COURT'S ORDER OF __(4)__, WILL ALSO BE A "VOID" ORDER.

8. THAT THE PLAINTIFF IS ENTITLED, AS A MATTER OR LAW, TO HAVE HIS COMMON LAW ACTION TO ENFORCE THE CONFIRMED BANKRUPTCY PLAN, AND HIS ~~SUMMARY~~ ACTION TO COLLATERALY ATTACK THE CLAIMED VOID ORDERS; HEARD AND DETERMINED ON THE MERITS, AND NOT BY SUMMARILY AND SUA SPONTE DISMISSAL.

9. THAT IN VIOLATION OF THE PLAINTIFF'S 1ST, 6TH & 14TH AMEND RIGHTS, RESULTING IN A CONTINUING AND ONGOING "BOUNDS VIOLATION", THE PLAINTIFF IS BEING DENIED ADEQUATE ACCESS TO THE JAIL LAW LIBRARY, COPIER

PG 4 OF ~~8~~ 9

LEGAL RESEARCH AND RAW MATERIALS, AS NECESSARY TO TIMELY RESPOND TO THE COURT ORDER ENTERED ④ _____, HINDERING MY ABILITY TO PURSUE MY NON-FRIVOLOUS LEGAL CLAIMS IN THIS ACTION, WHICH SEEKS TO COLLATERALLY ATTACK MY CIVIL DETENTION, AND THE "VOID AB INITIO" ORDERS (OR RELIED UPON) REFERENCED IN THE COURT'S ORDER OF ④ _____.

10. THAT GIVEN THE REQUESTED EXTENSION, ALLOWING ME MEANINGFUL ACCESS TO THIS COURT, I WILL BE ABLE TO PRESENT AFFIDAVITS AND REQUESTS FOR JUDICIAL NOTICE, THAT WILL SUBSTANTIATE, VALIDATE, SUPPORT AND ESTABLISH THAT MY CLAIMS ARE MERITORIOUS AND NON-FRIVOLOUS.

11. THAT MY PRISON OFFICIALS HAVE FAILED TO FULFILL THEIR AFFIRMATIVE DUTY TO ENSURE THAT MY ACCESS TO THE COURTS IS "ADEQUATE, EFFECTIVE AND MEANINGFUL", SEE BOUNDS V. SMITH, 430 U.S. 817, AT 822, 97 S. CT. 1491, AT 1495 (1977); LEWIS V. CASEY 518 U.S. 343, AT 351, 116 S. CT. 2174, AT 2180 (1996), RESULTING IN AN ONGOING "BOUNDS VIOLATION".

PG 5 OF 9

12. THAT WITHOUT AN EXTENSION OF TIME TO THE DEADLINES IMPOSED BY FRCP 52 AND FRCP 59, THE PLAINTIFF WILL BE ONCE AGAIN DENIED ACCESS TO THE COURTS (A "BOUNDS VIOLATION") AND DENIED DUE PROCESS, AND BE PROHIBITED FROM HAVING A MEANINGFUL OPPORTUNITY TO PRESENT THE SUBJECT CLAIMS TO THE COURT.

13. ~~SO THAT~~ THE DENIAL OF SUCH AN EXTENSION (DENYING DUE PROCESS) WILL ONLY RESULT IN ANOTHER "VOID AB INITIO" ORDER, ENTERED IN "A CLEAR ABSENCE OF ALL JURISDICTION", RESULTING IN FURTHER UNNECESSARY LITIGATION.

14. AS SUCH THE PLAINTIFF REQUESTS A THIRTY (30) DAY EXTENSION THE FILE A MEMORANDUM, REQUESTS FOR JUDICIAL NOTICE AND AFFIDAVITS/DECLARATIONS IS SUPPORT OF THIS MOTION, FOR RELIEF.

15. I DECLARE THAT THE FOREGOING IS TRUE AND CORRECT UNDER THE PENALTY OF PERJURY, PURSUANT TO THE LAWS OF THE U.S. AND THAT THIS MOTION WAS PLACED IN THE INDIGENT OUTGOING MAIL AT SCJ 5W-26, ON 4/20/06

DATED: 4/20/06
PG 6 OF 7

_____
INDIGENT DISABLED PRISONER

DECLARATION OF ~~PLAINTIFF~~ CREDITOR

I, DUNCAN J. MONEK, III, BEING SWORN UPON OATH AND DEPOSED, HEREBY DECLARE:

1. THAT THIS ACTION IS A COMMON LAW ACTION, AS A SUPPLEMENTAL BILL, IN AID OF THE ENFORCEMENT OF THE PLED "FOREIGN JUDGMENTS", IN THIS DISTRICT BY THIS COURT.

2. I AM THE LAWFUL OWNER OF THE "FOREIGN JUDGMENTS" PLED IN THIS ACTION, WHICH I SEEK TO ENFORCE IN THIS DISTRICT AND IN THIS COURT, AGAINST PERSONS AND PROPERTY LOCATED WITHIN THIS DISTRICT.

3. THE "FOREIGN JUDGMENTS" PLED IN PLAINTIFF'S FIRST AMENDED COMPLAINT, AT EX. 2, ARE FINAL, IRREVERSABLE, UNREVIEWABLE AND UNIMPEACHABLE ORDERS, JUDGMENTS, DECREES AND EXECUTIONS THEREON, WHICH ARE ENTITLED TO FULL FAITH & CREDIT BY THIS COURT.

4. IT IS THIS COURT'S MANDATORY DUTY, AND CONSTITUTIONAL (U.S. CONST. ART. IV §1) AND STATUTORY (28 U.S.C. §1738) MANDATORY OBLIGATION TO GRANT FULL FAITH & CREDIT TO THE JUDICIALLY NOTICED AND PLED "FOREIGN JUDGMENTS".

[Margin annotations:]
③ IN DETERMINING THE PLAINTIFF'S RIGHTS TO PROCEED IFP IN THIS ACTION, THIS COURT, PER DELEON V. DOE, 361 F.3d 93 AT 95 (2nd CIR. 2004) "CANNOT RELY UPON PRIOR DISMISSALS CLAIMED TO BE "STRIKES". THIS COURT MUST DETERMINE OUT IT'S OWN IF PRIOR DISMISSALS ARE "STRIKES" OR IF THE PLAINTIFF IS EVEN SUBJECT TO 28 USC 1915(g)."

PAGE 1 OF 9

5. THE "FOREIGN JUDGMENTS" ARE FINAL FEDERAL AND STATE COURT JUDGMENTS FROM WHICH NO APPEAL WAS TAKEN, AND FROM NOW, WHICH NO APPEAL CAN BE TAKEN.

6. THE OWNER OF A JUDGMENT HAS A COMMON LAW RIGHT TO SUE ON IT, FIRST NATIONAL BANK OF CAMBRIDGE v. HATFIELD, 20 WASH. 224, 54 P. 1135 (1898).

7. THIS COMMON LAW "SUPPLEMENTAL BILL IN AID" OF THE PLED "FOREIGN JUDGMENTS", CAN NOT BE CONSIDERED TO BE AN ACTION THAT IS FRIVOLOUS, MALICIOUS, OR THAT FAILS TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED, AS DEFINED IN 28 U.S.C. § 1915(e)(2)(B)(I)-(ii). A PARTY WHO OWNS A JUDGMENT IS "ENTITLED TO MAINTAIN A BILL TO CARRY THE DECREE INTO EFFECT...", SEE ADAMS v. ROWE, 39 WASH. 2d 446, AT 447-48, 236 P.2d 355, AT 356 (1951), AT HEADNOTES [2] AND [5].

8. THE PLAINTIFF'S RIGHT TO PURSUE STATUATORY OR COMMON LAW REMEDIES IN AN ATTEMPT TO ENFORCE AND COLLECT ON A JUDGMENT, IS INHERENT IN THE JUDGMENT, STARKEY v. STARKEY, 242 P.2d 1048 (WASH. 1952).

9. U.S. CONST ART IV § 1 AND 28 U.S.C. § 1738 MAKE IT MANDATORY THAT THIS COURT GRANT FULL FAITH AND CREDIT TO THE PLED "FOREIGN JUDGMENTS", IN THIS ACTION, IN THIS DISTRICT; DAVIS v. DAVIS, 305 U.S. 32, 59 S.CT. 3 (1938).

10. 28 U.S.C. § 1738 AND U.S. CONST. ART IV § 1 DICTATE THAT ALL COURTS OF THE UNITED STATES, BOTH STATE AND FEDERAL, MUST RECOGNIZE AND GIVE FULL EFFECT TO THE VALID AND FINAL "FOREIGN JUDGMENTS" LISTED ON EX. 2, TO THE PLAINTIFF'S FIRST AMENDED COMPLAINT, SEE EMPLOYERS REINSURANCE CORP. v. MIDCONT. CAS. CO., 358 F.3d 757 (10TH CIR 2004).

11. AS SUCH THE PLAINTIFF SEEKS AN EXTENSION OF TIME TO FILE THE NECESSARY PLEADINGS TO OBTAIN RELIEF FROM THIS COURT'S FINDINGS, RECOMENDATIONS OR ORDERS OR DISMISSAL, AS SUCH FINDINGS, RECOMENDATIONS OR ORDERS ARE IN ERROR. THAT I DECLARE THE FOREGOING TO BE TRUE AND CORRECT UNDER THE PENALTY OF PERJURY, PURSUANT TO THE LAWS OF THE U.S.

DATED: 4/20/06

PAGE 9 OF 9