

DUNCAN J. McNEIL, III
2030 W. SPOFFORD
SPOKANE WA 99205

MO: FJA-D04
DATE: 5/5/06
FJ- KA-02

RECEIVED
MAY 1 6 2006

U.S. DISTRICT COURT
DISTRICT OF DELEWARE

DUNCAN J. McNEIL, III
INDIGENT DISABLED
UNLAWFULLY INCARCERATED
"CIVIL DETAINEE", PLAINTIFF,
APPELLANT AND
JUDGMENT CREDITOR

v.

UNITED STATES ET.AL.
DEFENDANTS, APPELLEES
AND JUDGMENT DEBTORS

CASE No: 05-CV-574
06-CV-178
06-MC-041

AMMENDED NOTICE OF APPEAL; IFP APPLICATION ON APPEAL (SEE PGS 28 OF 43 TO 40 OF 43 ATTACHED) AND INCORPORATING PLRA MOTION FILED 12/5/05 IN USCA, PGS 1 OF 50 TO 50 OF 50

THE UNDERSIGNED INDIGENT DISABLED UNLAWFULLY INCARCERATED "CIVIL DETAINEE" PLAINTIFF AND APPELLANT AND JUDGMENT CREDITOR, HEREBY AMENDS AND SUPPLEMENTS HIS PRIOR NOTICE(S) OF APPEAL FILED IN THIS MATTER TO INCLUDE THE APPEAL ~~[illegible]~~ REVIEW AND REVERSAL OF THE ORDER ENTERED IN THIS MATTER DATED LETTER DECISION OF 4/27/06 REJECTING & DENYING ATTACHED PLEADING FILED 4/20/06

I HEREBY CERTIFY UNDER THE PENALTY OF PERJURY THAT THIS AMENDED NOTICE OF APPEAL WAS FILED/MAILED ON 5/5/06 BY PLACING IT INTO THE OUTGOING INDIGENT MAIL AT SCJ F-W-26.

DATED: 5/5/06

PG 1 OF 43

[signature]
APPELLANT

U.S. DISTRICT COURT ~~COURT OF APPEALS~~
FOR THE
DISTRICT OF DELAWARE

NO:
DATE: 4/13/06
F.J.:

IN RE KAISER ALUM. CORP. 02-10429
~~ANGELL V. U.S.A. ET AL.~~

APPEAL NO: 05-CV-574
06-CV-178
06-MC-041
MOTION FOR RELIEF FROM ORDERS, IFP APPLICATION

APPELLANT'S EX PARTE MOTION FOR RELIEF FROM/RECONSIDERATION OF ~~CLERK'S~~ ORDER(S) OF 3/29/06 & 4/3/06 MOTION FOR ACCESS TO THE COURT(S)

FILED
APR 20 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

APPELLANT BEING SWORN UPON OATH HEREBY DECLARES: THAT SINCE 12/10/04 I HAVE BEEN SUFFERING AN ON GOING AND CONTINUOUS "BOUNDS VIOLATION" OF A TOTAL AND COMPLETE DENIAL OF ADEQUATE AND MEANINGFUL ACCESS TO LEGAL ASSISTANCE AND ACCESS TO THE JAIL LAW LIBRARY/COPIER, PENS, PAPER, ENVELOPES AND OTHER RESOURCES AND ASSISTANCE, RESULTING IN ACTUAL INJURY OF THE INABILITY TO COMPLY WITH THE COURT'S RULES AND PROCEDURES. PURSUANT TO FRAP 52, 59, 60 AND THE APPLICABLE ~~LOCAL~~ RULES I HEREBY SEEK RELIEF FROM THE ~~CLERK'S~~ ORDER(S)/NOTICE(S) AND A WAIVER OR SUSPENSION OF THE COURT'S RULES, ~~[illegible]~~, UNTIL SUCH TIME AS THE COURT ENFORCES MY 1ST AMEND. RIGHTS OF ACCESS, BY ISSUANCE OF AN ADMINISTRATIVE ORDER TO MY INSTITUTE OF INCARCERATION COMPELLING THE GRANTING OF THE "ASSISTANCE" AND "ACCESS" AS ESTABLISHED IN BOUNDS V. SMITH, 430 U.S. 817 (1977) AND OTHER RELATED AUTHORITY. I FURTHER SEEK RELIEF FROM THE CLERK'S ORDER(S)/NOTICE(S) AS THEY VIOLATE MY FUNDAMENTAL CONSTITUTIONAL RIGHTS FOR AT LEAST THE FOLLOWING REASONS: ① THE CLERK HAS ERRONEOUSLY MADE A SUA SPONTE "3-STRIKE" FINDING OR DETERMINATION WHEN THE ISSUE IS NOT PROPERLY BEFORE THE COURT, SEE DELEON V. DOE 361 F.3d 93, AT 95 (2ND CIR. 2004); ② THE CLERK HAS ERRONEOUSLY COUNTED AS "STRIKES" CLAIMED DISMISSALS THAT ARE MATTERS THAT ARE STILL PENDING BEFORE THE USDC OR FOR WHICH A TIMELY NOA WAS FILED AND THE RIGHT TO APPEAL IS NOT EXHAUSTED, SEE CANELL V. LIGHTNER, 143 F.3d 1210 (9TH CIR. 1998); ③ THE CLERK'S ORDER(S)/NOTICE(S) DEPRIVE THE APPELLANT OF A FUNDAMENTAL CONSTITUTIONAL RIGHT OF ACCESS IN THIS APPEAL, WITH NO NOTICE OR OPPORTUNITY TO BE HEARD, ~~[illegible]~~ CAUSING IRREPARABLE INJURY AND WARRANTING IMMEDIATE RELIEF BY THE COURT, SEE WALTERS V. THOMPSON, 615 F. SUPP. 330, AT 341 (N.D. ILL 1985).

ACCORDINGLY APPELLANT SEEKS RECONSIDERATION AND RELIEF FROM THE CLERK'S ORDER(S)/NOTICE(S), FOR A WAIVER OR SUSPENSION OF RULES, TO ALLOW ALL ISSUES TO BE DETERMINED ON THE MERITS; FOR AN ADMINISTRATIVE ORDER COMPELLING APPELLANT'S "ASSISTANCE" AND "ACCESS" AT THE MIN. STANDARD ESTABLISHED IN BOUNDS, ID; FOR AN ORDER EXPEDITING THIS APPEAL(S) PURSUANT TO 28 USC § 1926 & § 1657 IN ORDER TO AVOID FURTHER IRREPARABLE INJURY AND A MANIFEST INJUSTICE.

THE "3-STRIKE" FINDINGS AND ORDERS MUST BE VACATED IN THAT THE APPELLANT WAS GIVEN NO OPPORTUNITY TO DISPUTE THE CLAIMED STRIKES, SEE EVANS V. ILL. D.O.C., 150 F.3d 810, AT 811-12 (7th CIR 1998) AND ANDREWS V. KING, 398 F.3d 1113, AT 1120. THE U.S. HAS NOT PRESENTED ANY EVIDENCE OF PRIOR DISMISSALS TO ESTABLISH A PRIMA FACIA CASE OF IFP DISQUALIFICATION, UNDER §1915(g). AS AN INDIGENT PRISONER I CAN NOT MAINTAIN FILES OR RECORDS FOR EACH PRIOR ACTION, AS MY LEGAL FILES AND RECORDS ARE ROUTINELY SEARCHED, SEIZED AND NOT RETURNED. I HAVE NO ACCESS TO PACER, I CAN NOT VISIT THE CLERK'S OFFICES, OR CALL THEM ALL OF MY REQUESTS FOR RECORDS HAVE BEEN SUMMARILY DENIED, AND AS I AM INDIGENT I HAVE NO ABILITY TO HIRE A COURT FILING SERVICE TO OBTAIN RECORDS FOR ME. MY OPPOSING LITIGANTS HAVE READY AND IMMEDIATE ACCESS TO ALL COURT RECORDS, BUT HAVE NOT PROVIDED OR PRODUCED ANY. FURTHER, THE ISSUE OF "3-STRIKES" IS NOT PROPERLY BEFORE THE COURT BY WAY OF A NOTICED MOTION BY THE OPPOSING LITIGANT, SEE DELEON, 361 F.3d AT 95, RENDERING THE ~~ELERSUA~~ SUA SPONTE "3-STRIKE" ORDERS TO BE VOID FOR A LACK OF DUE PROCESS. THE BURDEN INITIALLY IS NOT ON THE APPELLANT, SEE ANDREWS, 398 F.3d AT FN8. ONLY AFTER THE OPPOSING LITIGANT PROVIDES 3 SPECIFIC CITATIONS TO POTENTIAL STRIKES W/SUPPORTING, ADMISSABLE EVIDENCE, DOES THE BURDEN "SHIFT" TO THE APPELLANT, SEE EVANS, 150 F.3d AT 811-12 AND ANDREWS, 398 F.3d AT 1120, FN[8]. BY PLEADING #A, FILED/DATED 12/15/05 (PLRA MOTION) APPELLANT HAS ESTABLISHED BY ADMISSABLE EVIDENCE, UNCONTROVERTED AT TIME, OF A PRIMA FACIA CASE OF NO COUNTABLE STRIKES. FURTHER AS THIS APPEAL RELATES TO FUNDAMENTAL CONSTITUTIONAL RIGHTS, LOSS OF LIBERTY & RETALIATORY TERMINATION OF PARENTAL RIGHTS, A FEE WAIVER IS MANDATORY, SEE M.L.B. V. S.L.J., 519 U.S. 102 (1996) AND BODDIE V. CONNECTICUT, 401 U.S. 371 (1971).

I DECLARE UNDER THE PENALTY OF PERJURY AND I CERTIFY THE HEREIN STATEMENTS TO BE TRUE AND CORRECT AND THIS WAS MAILED ON 4/11/06

PG 2 OF 40 / PG 3 OF 42

APPELLANT IN CASE NOS. 05-CV-574 AND 06-CV-178, HEREBY SEEKS RELIEF FROM THE COURT'S ORDER OF DISMISSAL IN 05-CV-574 AND THE 3/29/06 AND 4/3/06 ORDERS IN CASE NO. 06-MC-041, AND 06-CV-178, AND SEEKS CONSOLIDATION OF CASES 05-CV-574 AND 06-CV-178, AND APPELLANT HEREBY ASSERTS A COLLATERAL ATTACK ON THE "STRIKE" AND "3-STRIKE" WHICH FORM THE BASIS FOR THIS COURT'S DENIAL OF IFP STATUS PURSUANT TO § 1915(g).

APPELLANT HEREBY SEEKS AN EXTENSION OF TIME, OF 30 DAYS, ALONG WITH AN ADMINISTRATIVE ORDER GRANTING APPELLANT THE NECESSARY ACCESS TO THE JAIL LAW LIBRARY. COPIER, PENS, PAPER ENVELOPES, AND OTHER LEGAL RESOURCES AS NECESSARY FOR APPELLANT TO PRESENT HIS CLAIMS,

TO THIS COURT. IN SUPPORT OF THE MOTION FOR AN EXTENSION OF TIME AND FOR AN ADMINISTRATIVE ORDER FOR ACCESS TO THE COURT, APPELLANT CERTIFIES THE FOLLOWING CLAIMS.

THAT THE "STRIKE" AND "3-STRIKE" ORDERS RELIED UPON BY THIS COURT ARE "VOID" AND SUBJECT TO A COLLATERAL ATTACK IN THESE ACTIONS FOR EACH OF THE FOLLOWING REASONS:

1. IN THE UNRELATED ACTIONS WHERE THE "STRIKE" AND "3-STRIKES" ORDERS ARISE, APPELLANT HAS MULTIPLE "FUNDAMENTAL INTERESTS" AT STAKE, WHICH MANDATE THE GRANTING OF IFP, WAIVER OF FEES AND COSTS, AS THE APPELLANT, BY THE ACTIONS THE "STRIKE" AND "3-STRIKE" ORDERS AROSE IN, SEEKS TO: ① CHALLANGE A "VOID" DIVORCE DECREE Ⓐ (SEE BODDIE V. CONNECTICUT, 401 U.S. 371, AT 374 (1971)); ② CHALLANGE A "VOID" PERMANANT RESTRAINING ORDER, TERMINATING APPELLANT'S PARENTAL RIGHTS Ⓐ (SEE

Ⓐ SEE EX. 2, (PG 40 OF 40) ITEM "U", "SEPERATION CONTRACT" AND RCW 26.09.070(6), PROVIDING FOR ENFORCEMENT THEREOF AS A JUDGMENT BY THIS COURT.

M.L.B. v. S.L.J. 519 U.S. 102 (1996)); AND (3) THE TAKING OF APPELLANT'S "LIBERTY" BY "VOID" ORDERS, PURPORTING TO ENFORCE THE TERMINATION OF APPELLANT'S PARENTAL RIGHTS (SEE MAYER V. CHICAGO 404 U.S. (1971)).

2. THE "STRIKE" AND "3-STRIKES" ORDERS WERE ENTERED IN VIOLATION OF THE REIMPOSED AUTOMATIC STAY (11 USC § 362) AND THE DISCHARGE AND DISCHARGE INJUNCTION, ESTABLISHED BY THE "FOREIGN JUDGMENTS", (SEE EX. 2, PGS 39 OF 40 AND 40 OF 40, ITEMS b, d, h, i, j, k, L, ETC);

3. THE APPELLANT HAS A "VESTED RIGHT", IN HIS MONEY JUDGMENT AGAINST THE DEBTOR (KAISER), ESTABLISHED BY THE KAISER'S CONFIRMED PLAN, ALLOWING APPELLANT'S CLAIM # 736, IN CASE NO. 02-10429, WHICH IS PROTECTED BY THE DUE PROCESS PROTECTIONS OF THE 5TH & 14TH AMEND, (SEE ANDREE V. COUNTY OF NASSAU, 311 F. SUPP. 2d 325, AT 335, HEAD NOTE [15] (E.D. N.Y. 2004), BENJAMIN V. JACOBSON, 124 F.3d 162, AT 176 (2ND CIR. 1997) AND COUNTY OF SUFFOLK V. LONG ISLAND LIGHTING CO, 14 F. SUPP. 2d 260, AT 265, HEAD NOTE [2] (E.D. NY. 1998).

I CERTIFY THAT THIS MOTION/PLEADING WAS MAILED/SERVED ON 4/13/06 BY PLACING IT INTO THE OUTGOING INDIGENT MAIL. [signature]
4/13/06

13.

JUL 24 2004

DUNCAN J. MCNEIL
SPOKANE CO. JAIL
1100 W. MALLON
SPOKANE, WA 99260

SPOKANE WA MAR 17 '06
PB METER 7148396
$2.07 U.S. POSTAGE

CLERK
U.S. DISTRICT COURT
844 KING STREET
LOCK BOX 18
WILMINGTON, DE 19801-3570

U.S.M.S. X-RAY

7 OF 43

LEGAL MAIL

IFP MOTION (SUPPLEMENTAL) AND

COLLATERAL ATTACK ON "STRIKE" ORDERS

THE JUDGMENT CREDITOR HEREBY MAKES A COLLATERAL ATTACK ON ALL: (1) "VEXATIOUS LITIGANT" ORDERS; (2) PRE-FILING ORDERS OR ORDERS RESTRICTING ACCESS TO THE COURTS; (3) SUA SPONTE DISMISSAL ORDERS DECLARING A "STRIKE"; AND (4) SUA SPONTE "3-STRIKE" DISMISSAL ORDERS OR "STRUCK-OUT" ORDERS.

FILED
APR 20 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

THE JUDGMENT CREDITOR HAS BEEN THE VICTIM ON NUMEROUS NON-JUDICIAL ACTS, IN "A CLEAR ABSENCE OF ALL JURISDICTION" OR CONTRARY TO ESTABLISHED STATUTE OR CASE LAW AUTHORITY, RESULTING IN THE UNLAWFUL ISSUANCE OF: (1) "VEXATIOUS LITIGANT" ORDERS; (2) PRE-FILING ORDERS AND/OR ORDERS RESTRICTING (OR OTHER RESTRAINING ORDERS)(A) ACCESS TO THE COURTS; (3) SUA SPONTE DISMISSAL ORDERS, DECLARING A "STRIKE" UNDER 28 USC § 1915; AND/OR (4) SUA SPONTE "3-STRIKE" DISMISSAL ORDERS, OR "STRUCK-OUT" ORDERS, PURSUANT TO 28 USC § 1915(g). ALL SUCH ORDERS ARE HEREINAFTER REFERRED TO AS "DENIAL OF ACCESS ORDERS", OR "DOA ORDERS". ALL SUCH "DOA ORDERS" ARE HEREBY COLLATERALLY ATTACKED BY THIS MOTION/PETITION/ACTION, ARE

(A) INCLUDING ALL ORDERS, JUDGMENTS OR SENTENCES TAKING THE JUDGMENT CREDITOR'S LIBERTY, PROPERTY OR RESTRICTING OR LIMITING HIS PARENTAL RIGHTS, IN ANY WAY.

1.01 (CONT). HEREBY DECLARED TO BE "VOID AB INITIO" ORDERS OF NO FORCE AND EFFECT, AND A LEGAL NULLITY.

1.02 ALL SUCH "DOA ORDERS" WERE ENTERED IN: ① VIOLATION OF DUE PROCESS. W/O NOTICE OR MEANINGFULL OPPORTUNITY TO BE HEARD ON THE MERITS: ② "A CLEAR ABSENCE OF ALL JURISDICTION", BY NON-JUDICIAL ACTS; ③ IN VIOLATION OF THE TERMS OF THE "FOREIGN JUDGMENTS (Ex. 2)"; ④ IN VIOLATION OF THE REIMPOSED AUTOMATIC STAY (11 U.S.C. §362) ESTABLISHED BY THE "FOREIGN JUDGMENTS"; ⑤ IN VIOLATION OF THE DISCHARGE AND DISCHARGE INJUNCTION (11 U.S.C. §524 & 11 U.S.C. §1141) ESTABLISHED BY THE "FOREIGN JUDGMENTS" (Ex. 2); AND/OR ⑥ ~~EXCESS OF [illegible]~~ A NON-JUDICIAL ACT GRANTING RELIEF IN EXCESS OF THAT PLED, OR IN EXCESS OF THAT SPECIFICALLY PRESERVED BY THE "FOREIGN JUDGMENTS" (Ex. 2).

1.03 THE JUDGMENT CREDITOR HEREBY ASSERTS AS DEFENSES TO THE "VOID AB INITIO"-"DOA ORDERS", THE DOCTRINES OF: ① RES JUDICATA; ② COLLATERAL ESTOPPEL; ③ ISSUE OR CLAIM PRECLUSION; AND ④ THE DEFENSE

OF ABSOLUTE QUASI-JUDICIAL IMMUNITY, AND THE JUDGMENT CREDITOR, IN THIS MOTION/PETITION/ACTION AND COLLATERAL ATTACK, HEREBY GIVES NOTICE OF DEFENSE BASED UPON PUBLIC AUTHORITY, PURSUANT TO FEDERAL CRIMINAL RULE 12.3; SEE WARDIUS V. OREGON, 412 U.S. 470, 93 S.CT. 2208 (1973).

1.04 THE JUDGMENT CREDITOR HEREBY GIVES NOTICE, AND CERTIFIES THAT AT ALL TIMES IN RELATION TO THE "DOA ORDERS", THE JUDGMENT CREDITOR WAS ACTING AS COURT APPOINTED FIDUCIARY AND "ARM-OF-THE-COURT", AS AN "OFFICER OF THE UNITED STATES", AS DEFINED BY 42 U.S.C § 1985(1), APPOINTED PURSUANT TO 11 U.S.C. § 1123(b)(3)(B), AND AS THE DIRECT AND/OR INDIRECT TRANSFEREE OF, OR SUCCESSOR IN INTEREST TO THE REORGANIZED DEBTOR AND THE DEBTOR ESTATE, AS ESTABLISHED BY 11 U.S.C. § 524(g)(3)(A)(ii), CHARGED WITH AND COMPELLED BY, FEDERAL COURT ORDER(S) WITH THE FULL AND COMPLETE EXECUTION AND ENFORCEMENT OF THE "FOREIGN JUDGMENTS" (EX. 2).