1.05 ACCORDINGLY, THE JUDGMENT CREDITOR, HAS AND CLAIMS COMPLETE AND ABSOLUTE QUASI-JUDICIAL IMMUNITY AS TO ALL SUCH "DOA ORDERS" WHICH PURPORT TO TAKE, ~~THE~~ RESTRICT OR IMPINGE UPON THE JUDGMENT CREDITOR'S LIBERTY, PROPERTY, PARENTAL RIGHTS, OR OTHER CONSTITUTIONAL OR CIVIL RIGHTS, <u>IN ANY RESPECT</u>.

1.06 THE JUDGMENT CREDITOR HEREBY ASSERTS AND CHARGES THAT ALL SUCH "DOA ORDERS" WERE ISSUED AND ENTERED IN NON-JUDICIAL ACTS, UNDERTAKEN IN A POLITICAL AND CRIMINAL CONSPIRACY (AS DEFINED BY 42 USC § 985) TO INTERFERE WITH, AND IN RETALIATION AND RETRIBUTION FOR THE JUDGMENT CREDITOR HAVING SOUGHT TO EXERCISE HIS CONSTITUTIONAL RIGHT (AND COURT ORDERED OBLIGATION) FOR THE GRANTING OF FULL FAITH & CREDIT TO, AND THE EXECUTION AND ENFORCEMENT OF, THE "FOREIGN JUDGMENTS."

1.07 THE APPLICATION OF 28 U.S.C. §1915(9), AND THE ~~e~~ CLAIMED "STRIKE" AND "3-STRIKE" ORDERS REPRESENT AN UNCONSTITUTIONAL INFRINGEMENT ON

-4    PG 8 OF 40 /PG 11 OF 43

(1.07 CONT.)
THE JUDGMENT CREDITOR'S FUNDAMENTAL RIGHT OF ACCESS TO THE COURTS. IN <u>WILSON v. SANFORD</u>, 148 F.3d 596, AT 605 (6TH CIR. 1998), CITING TO <u>PATSY v. BD. OF REGENTS OF FLORIDA</u>, 457 U.S. 496, AT 506-07 (1982) AND <u>HAMPTON v. HOBBS</u>, 106 F.3d 1281, AT 1285 (6TH CIR. 1997), IT WAS HELD THAT AS LONG AS THE LITIGANT HAD AN "AVAILABLE" JUDICIAL FORUM (STATE COURT), THAT 28 U.S.C. § 1915(g) ~~was that~~ AND "STRIKE" AND "3-STRIKE" ORDERS RESULTING THEREFROM WERE NOT UNCONSTITUTIONAL. IN THE CASE OF THE INSTANT JUDGMENT CREDITOR, THE STATE COURTS (SPOKANE CO. SUPERIOR COURT, COURT OF APPEALS, DIV <u>III</u> AND WASHINGTON SUPREME COURT) HAVE <u>ALL</u> PREVIOUSLY UNLAWFULLY DENIED THE JUDGMENT CREDITOR IFP STATUS, AND HAVE PURPORTEDLY BARRED THE JUDGMENT CREDITOR FROM ~~SEEKING~~ FULL FAITH & CREDIT AND THE EXECUTION AND ENFORCEMENT OF THE "FOREIGN JUDGMENTS" IN <u>ANY</u> COURT IN THE STATE OF WASHINGTON. AT THE TIME THAT THE ~~FEDERAL COURTS~~ JUDGMENT CREDITOR SOUGHT IFP ACCESS

-5

PG. 9 OF 40 / PG. 12 OF 43

(1.07 CONT.) TO THE FEDERAL COURTS, AND THE FEDERAL COURTS BEGAN SUA SPONTE ISSUANCE OF "STRIKE" AND "3-STRIKE" ORDERS, ON 11/9/04, THE JUDGMENT CREDITOR HAD ALREADY BEEN DENIED ALL ACCESS TO THE STATE COURTS, (UNLAWFULLY & UNCONSTITUTIONALLY, AND IN VIOLATION OF RCW 7.36.140, SEE SMITH v. WHATCOM CO., 147 WASH. 2d 98 (2002)), AND IFP ACCESS TO THE FEDERAL COURTS, WAS THE JUDGMENT CREDITOR'S ONLY REMAINING FORUM. IN LIGHT OF THESE FACTS, AND THE HOLDINGS IN WILSON, PATSY AND HAMPTON, THE APPLICATION OF 28 U.S.C. § 1915(g) AND THE SUA SPONTE ISSUANCE OF "STRIKE" AND "3-STRIKE" DISMISSALS, IN NON-JUDICIAL ACTS, ARE UNCONSTITUTIONAL AND CONSTITUTE AN UNCONSTITUTIONAL INFRINGEMENT ON THE JUDGMENT CREDITOR'S FUNDAMENTAL RIGHT OF ACCESS TO THE COURTS, RENDERING ALL FEDERAL "DOA ORDERS" TO BE "VOID AB INITIO."

1.08 THE VAST MAJORITY OF THE § 1915 "STRIKE" AND "3-STRIKE" SUA DISMISSAL ORDERS WERE ISSUED IN ACTIONS/PETITIONS TO COMPEL OFFICERS OF THE UNITED STATES TO PERFORM

PG 10 OF 40  / PG 3 OF 43

(1.08 CONT.)
MANDATORY, NON-DISCRETIONARY AND MINISTERIAL DUTIES OWED TO THE JUDGMENT CREDITOR, SUCH AS: ① THE RESTORATION OF THE JUDGMENT CREDITOR'S PARENTAL RIGHTS; ② THE GRANTING OF FULL FAITH & CREDIT TO THE "FOREIGN JUDGMENTS"; AND/OR ③ VACATING AND DECLARING "VOID AB INITIO" JUDGMENTS OR ORDERS ENTERED IN "A CLEAR ABSENCE OR ALL JURISDICTION" AND CONTRARY TO ESTABLISHED STATUTES AND CASE LAW AUTHORITY, IN NON-JUDICIAL ACTS. IT IS WELL SETTLED THAT ALL MANDAMUS ACTIONS OR PETITIONS (SUCH AS THIS MOTION/ACTION/PETITION) BROUGHT PURSUANT TO 28 U.S.C. § 1361 ARE NOT SUBJECT TO THE PRISON LITIGATION REFORM ACT (PLRA), 28 U.S.C. § 1915. PETITIONER SEEKING TO COMPEL DISTRICT COURT TO ACT ON HIS PENDING HABEAS PETITION DID NOT HAVE TO COMPLY WITH THE FEE REQUIREMENTS OF THE PLRA, MADDEN v. MYERS, 112 F.3d 74 (5TH CIR 1997); PETITION FOR WRIT OF MANDAMUS THAT AROSE

-7-    PG __ OF __ / PG 11 OF 40 / PG 14 OF 43

(1.08 cont'd)
OUT OF APPLICATION FOR POSTCONVICTION RELIEF, WAS <u>NOT</u> SUBJECT TO FEE PAYMENT REQUIREMENTS UNDER THE PLRA FOR PRISONERS DESIRING TO APPEAR IFP, <u>IN RE STONE</u>, 118 F.3d 1032 (5TH CIR. 1997); FILING FEE REQUIREMENTS OF PLRA <u>DID NOT</u> APPLY TO A PRISONER'S PETITION FOR WRIT OF MANDAMUS, FILED IN COURT OF APPEALS SEEKING TO COMPEL JUDGE IN CRIMINAL CASE TO RULE ON RECUSAL MOTION, <u>IN RE NAGY</u>, 89 F.3d 115 (2ND CIR. 1996). AS SUCH, ALL "DOA ORDERS" ENTERED IN THE JUDGMENT CREDITOR'S ACTIONS/ PETITIONS FOR MANDAMUS DECLARING A "STRIKE" OR A "3-STRIKE" DISMISSAL UNDER THE PLRA ARE VOID AND OF NO FORCE AND EFFECT.

1.09 AFTER BEING UNLAWFULLY DENIED ACCESS TO STATE COURTS, THE JUDGMENT CREDITOR SOUGHT RELIEF IN FEDERAL COURT, REQUESTING IFP ACCESS TO: ① CHALLENGE THE SUA SPONTE RETALIATORY TERMINATION OF HIS PARENTAL RIGHTS; ② CHALLENGE HIS UNLAWFUL LOSSES OF LIBERTY & PROPERTY, DETENTIONS, INCARCERATIONS

-8-
Pg 12 OF 40 / PG 15 OF 43

AND/OR CLAIMED CRIMINAL CONVICTIONS, BY APPEAL. THE U.S. SUPREME COURT HAS HELD THAT THE CONSTITUTION <u>REQUIRES</u> THE WAIVER FOR INDIGENT PERSONS WHO ARE CHALLENGING TERMINATION OF THEIR PARENTAL RIGHTS (SEE <u>M.L.B. v. S.L.J.</u> 519 U.S. 102 (1996)) OR SEEKING A DIVORCE, OR TO CHALLENGE A VOID DIVORCE DECREE (SEE <u>BODDIE v. CONNECTICUT</u>, 401 U.S. 371, AT 374 (1971)). IN THIS INSTANCE, THE JUDGMENT CREDITOR SOUGHT TO CHALLENGE THE RETALIATORY TERMINATION OF HIS PARENTAL RIGHTS, AND TO VACATE AND VOID THE 12/8/03 DECREE, BY ACTIONS TO ENFORCE THE "FOREIGN JUDGMENTS", AND AS SUCH THE CONSTITUTION <u>REQUIRES</u> THE WAIVER OF THE FILING FEES IN ALL SUCH ACTIONS, THEREBY VOIDING ALL SUCH IFP DENIALS; AS TO "FUNDAMENTAL INTERESTS".

 1.10 THE JUDGMENT CREDITOR IS NOT A PERSON WHO IS LAWFULLY "INCARCERATED OR DETAINED IN ANY FACILITY WHO IS ACCUSED OF, CONVICTED OF, SENTENCED FOR, OR ADJUDICATED DELINQUENT FOR, VIOLATIONS OF CRIMINAL LAW OR THE TERMS AND CONDITIONS OF PAROLE, PROBATION,

(1.09 CONT)

PRETRIAL, RELEASE, OR DIVERSIONARY PROGRAM." THE JUDGMENT CREDITOR IS A "CIVIL DETAINEE" UNLAWFULLY INCARCERATED DUE TO "VOID AB INITIO" CIVIL ORDERS, ISSUED IN "A CLEAR ABSENCE OF ALL JURISDICTION" AND IN NON-JUDICIAL ACTS, CONTRARY TO CLEARLY ESTABLISHED STATUTE AND CASE LAW AUTHORITY, WHO IS THEREFORE <u>NOT</u> SUBJECT TO THE PLRA 28 U.S.C. § 1915(g), AS A "CIVIL DETAINEE," SEE <u>TROVILLE v. VENZ</u>, 303 F.3d 1256, AT 1260 (11TH CIR. 2002); <u>PAGE v. TORREY</u>, 201 F.3d 1136, AT 1139 (9TH CIR. 2000). AS SUCH ALL "STRIKE" OR "3-STRIKE" ORDERS ISSUED AGAINST THE JUDGMENT CREDITOR ARE VOID, ISSUED IN "A CLEAR ABSENCE OF ALL JURISDICTION."

   1.10 EACH OF THE "STRIKE" OR "3-STRIKE" DISMISSALS CLAIMED AGAINST THE JUDGMENT CREDITOR IS IN RELATION TO AN ACTION THAT WAS THEN, AND IS <u>STILL</u> NOW PENDING EITHER BEFORE THE DISTRICT COURT, OR PENDING ON APPEAL, BY THE FILING OF A TIMELY NOTICE OF APPEAL.

-10-    PG <u>14</u> OF <u>40</u> / PG 17 OF 43

IT IS WELL ESTABLISHED THAT COUNTABLE "STRIKES" UNDER THE PLRA INCLUDE ONLY DISMISSALS FOR WHICH AN APPEAL HAS BEEN EXHAUSTED OR WAIVED, SEE ADEPEGBA V. HAMMONS, 103 F.3d 383, AT 388 (5TH CIR 1996); PATTON V. JEFFERSON C.C., 136 F.3d 458, AT 462 (5TH CIR 1998); SUCH A DISMISSAL, PENDING APPEAL CAN NOT BE CONSIDERED A "STRIKE" COUNTABLE AGAINST THE JUDGMENT CREDITOR, AS REVERSAL OF THE "STRIKE DISMISSAL" WOULD NULLIFY THE STRIKE, ADEPEGBA, 103 F.3d AT 387; PATTON, 136 F.3d AT 464. IN THE INSTANT CASE(S) THE JUDGMENT CREDITOR HAS NO COUNTABLE STRIKES, AS ALL ACTIONS CLAIMED AS "STRIKES" ARE EITHER STILL PENDING BEFORE THE DISTRICT COURT, OR A TIMELY NOTICE OF APPEAL WAS FILED AND THE APPELLATE REVIEW OF THE ~~CLAIMED~~ EACH CLAIMED "STRIKE" IS NOT EXHAUSTED.

1·11 IT IS AN ERROR FOR THE DISTRICT COURT TO RECORD A

PG 15 — 40 / PG 18 OF 43

"STRIKE" AT THE TIME OF THE INITIAL SUA SPONTE DISMISSAL, SEE STEWART V. LYLES, 66 FED. APPX. 18, AT 22 AT HEADNOTE [9]. THE DESIGNATION OF A "STRIKE" HAS NO PRACTICAL CONSEQUENCES UNTIL A DEFENDANT IN A PRISONER LAW SUIT, RAISES THE CONTENTION THAT THE PRISONER'S SUIT OR APPEAL MAY NOT BE MAINTAINED IFP PURSUANT TO 28 USC § 1915, BECAUSE THE PRISONER IS ALLEGED TO HAVE ACCUMULATED THREE STRIKES. SEE SNIDER V. MELINDEZ, 199 F.3d 108, AT 115, HEADNOTE [5]ii. NOT A SINGLE ONE OF THE JUDGMENT CREDITOR'S THREE STRIKE SUA SPONTE DISMISSALS WAS ENTERED IN RESPONSE TO A MOTION BY THE OPPOSING PARTY, AND ALL OF THE JUDGMENT CREDITOR'S CLAIMED STRIKES WERE ERRONEOUSLY RECORDED BY THE DISTRICT COURT, AT THE TIME THE INITIAL SUA SPONTE DISMISSAL WAS ENTERED.

1.12 A REVERSAL OF A SUA SPONTE DISMISSAL DECLARED A "STRIKE" NULLIFIES THE "STRIKE", SEE ADEPEGBA V. HAMMONS, 103 F.3d 383

-12    PG 16 of 40 / PG 19 OF 43

AT 387, HEADNOTE [5] (5TH CIR 1996). AS A DISMISSAL SHOULD NOT COUNT AS A "STRIKE" AGAINST A PRISONER UNTIL HE HAS EXHAUSTED OR WAIVED HIS APPEALS. ANY OTHER INTERPRETATION OF 28 USC § 1915(g) WOULD POSE A RISK OF PUNISHING AN INDIGENT LITIGANT FOR NONCULPABLE CONDUCT (SEE ADEPEGBA, ID., 103 F.3d AT 387-88, HEADNOTE [6]) AS HAS BEEN WRONGFULLY DONE TO THE JUDGMENT CREDITOR.

1.13 SEVERAL COURTS HAVE WRONGFULLY ENTERED SUA SPONTE DISMISSALS FOR THE JUDGMENT CREDITOR FAILING TO FILE A COMPLETE IFP PETITION CONSISTENT WITH §1915(g), OMITTING THE JAIL STATEMENT, A PARTIAL FILING FEE, THE ENTIRE FILING FEE, A DISCLOSURE THAT THE JUDGMENT CREDITOR HAS ALLEGEDLY "STRUCK OUT", OR SOME OTHER CLAIMED DEFECT. SUCH SUA SPONTE DISMISSALS FOR A CLAIMED FAILURE TO MEET THE STATUTORY REQUIREMENTS OF THE PLRA ARE INVALID. SEE JACKSON V. STINNETT, 102 F.3d 132, AT 136, HEADNOTE [7] (5TH CIR. 1996); COVINO V. REOPEL, 89 F.3d 105, AT 108-09 (2ND CIR. 1996) (APPLYING PLRA AND GIVING PLAINTIFFS 30 DAYS TO MEET

-13