STATUATORY REQUIREMENTS).

1.14  EACH AND EVERY "SUA SPONTE "STRIKE" OR "3 STRIKE" DISMISSALS WAS MADE SUA SPONTE BY THE DISTRICT COURT, ON IT'S OWN MOTION, WITHOUT AFFORDING THE JUDGMENT CREDITOR NOTICE AND OPPORTUNITY TO BE HEARD. AS SUCH ALL SUA SPONTE "STRIKE" OR "3-STRIKE" DISMISSALS MUST BE VACATED. SEE PEREZ V. ORTIZ, 849 F.2d 793, AT 797 (2nd CIR 1988); SQUARE D CO. V. NIAGARA FRONTIER TARIFF BUREAU, 760 F.2d 1347, 1365 (2nd CIR 1985); SCHLESINGER INV. PARTNERSHIP V. FLUOR CORP, 671 F.2d 739, AT 742 (2nd CIR 1982); EADES V. THOMPSON, 823 F.2d 1055, AT 1062 (7th CIR 1987) AND SNIDER V. MELINDEZ, 199 F.3d 108, AT 112, HEADNOTE [2] (2nd CIR 1999).

1.15  THE "3-STRIKE" DISMISSAL OF A INDIGENT INMATE'S ACTION OR APPEAL, ON A SUA SPONTE BASIS, WITHOUT A NOTICE AND A MOTION FROM THE DEFENDANT OR OPPOSING LITIGANT IS A "NON-JUDICIAL ACT IN A CLEAR ABSENCE OF ALL JURISDICTION" WHICH INVOLVES THE COURTS IN DISPUTES THAT MIGHT <u>NEVER</u> HAVE <u>ANY</u> PRACTICAL CONSEQUENCE. SEE DE CEON V. DOE, 361 F.3d 93, AT 95 (2nd CIR 2004).

-14  n. 18  -40  /PG 21 OF 43

QUOTING FROM <u>SNIDER v. MELINDEZ</u>, 199 F.3d 108, AT 115 (2ND CIR. 1999). EACH AND EVERY ONE OF THE "3-STRIKE" DISMISSALS MADE AGAINST THE JUDGMENT CREDITOR, WAS MADE IN A SUA SPONTE NON-JUDICIAL ACT, IN THE ABSENCE OF A MOTION FROM THE OPPOSING PARTY AND WITHOUT NOTICE OR OPPORTUNITY TO BE HEARD, IN "A CLEAR ABSENCE OF <u>ALL</u> JURISDICTION" RENDERING ALL SUCH "3-STRIKE" SUA SPONTE DISMISSALS TO BE "VOID AB INITIO".

1.16 THE "DOA ORDERS" AT ISSUE IN THIS PETITION/MOTION/ACTION WERE ISSUED IN NON-JUDICIAL ACTS W/O NOTICE OR OPPORTUNITY TO BE HEARD, IN VIOLATION OF DUE PROCESS, RENDERING THE "DOA ORDERS" VOID AND SUBJECT TO COLLATERAL ATTACK, AT ANY TIME, THEIR VALIDITY IS QUESTIONED. SEE <u>BLUME v. U.S.</u>, 40 BR. 551, AT 553, HEADNOTES [5], [6] & [7] (D.C. SD 1984); <u>BRADLEY v. ST. LOUIS TERMINAL WAREHOUSE CO.</u> 189 F.2d 818, AT 824, HEADNOTE [13] (8TH CIR. 1951); <u>JONES v. GILES</u>, 741 F.2d 245, AT 248, HEADNOTES [4] & [6] (9TH CIR. 1984); <u>CHICOT CO. DRAINAGE DIST v. BAXTER ST. BANK</u>, 308 U.S. 371, AT 376-77 (1940); <u>GLACIETTE v. STAR CLEARANCE INC</u>, 66 F.R.D. 424, AT 428-29, (SD.NY. 1975).

-15- PG. 19 OF 40 / PG 22 OF 43

1.17 THE REIMPOSED AUTOMATIC STAY, PURSUANT TO 17 U.S.C. § 362, ESTABLISHED BY THE "FOREIGN JUDGMENTS" (EX. 2), WHICH WERE THE SUBJECT OF THE ACTIONS WHERE THE "DOA ORDERS" WERE ENTERED, (SEE HILLIS MOTORS INC v. HAWAII AUTO DEALERS ASS'N, 997 F.2d 581, AT 585-90 (9TH CIR. 1993); WOLF v. WEINSTEIN, 372 U.S. 633, AT 643 (1963); PEPPER v. LITTON 308 U.S. 295, AT 306 (1939); IN RE NAT. ENV. WASTE CORP., 200 F.3d 1266, AT 1268 (9TH CIR. 2000); IN RE SMITH, 141 F.3d 1179 (9TH CIR. 1998); AND IN RE CELEBRITY HOME ENT. INC., 210 F.3d 995, AT 998 (9TH CIR. 2000)) ACTS TO VOID ALL OF THE "DOA ORDERS", AUTOMATICALLY, AS THEY WERE ENTERED IN VIOLATION OF THE REIMPOSED AUTOMATIC STAY (IN RE SCHULTZ 954 F.2d 569 (9TH CIR. 1992); IN RE CALDER 907 F.2d 953 (10TH CIR. 1990)). THE FEDERAL DISTRICT COURTS, ARE LIMITED IN THEIR JURISDICTION BY THE REIMPOSED AUTOMATIC STAY ESTABLISHED IN THE "FOREIGN JUDGMENTS", TO THE ENTRY OF ORDERS THAT ARE NOT INCONSISTENT WITH THE TERMS OF THE "FOREIGN JUDGMENTS" (EX. 2), SEE PICCO v. GLOBAL MARINE, 900 F.2d 846 (5TH CIR. 1990).

-16

PG 20 OF 40 / PG 23 OF 43

1.18 AT ALL TIMES IN THE ACTIONS WHERE THE "DOA ORDERS" WERE ISSUED, I WAS ACTING IN MY OFFICIAL CAPACITY, AS THE COURT APPOINTED TRUSTEE, SEEKING TO EXECUTE AND ENFORCE THE "FOREIGN JUDGMENTS" (EX.2), AS SUCH ALL ACTS, ACTIONS OR CLAIMS TAKEN AGAINST ME, WHILE ACTING IN MY OFFICIAL CAPACITY, SUCH AS THE "DOA ORDERS" ARE "VOID AB INITIO", SEE IN RE MARKOS GURNEE PARTNERSHIP, 182 B.R. 211 (BANKR. N.D. IL. 1995).

1.19 AS A MATTER OF LAW, THE JUDGMENT CREDITOR CAN, AND HAS, SIMPLY IGNORE(D) THE "DOA ORDERS", AS A MATTER OF FEDERAL STATUTE, 11 U.S.C. § 524(a)(1), PURSUANT TO THE DISCHARGE AND DISCHARGE INJUNCTION ESTABLISHED BY THE "FOREIGN JUDGMENTS". IN THE 1978 AMENDMENTS TO THE BANKRUPTCY ACT, CONGRESS EXPRESSLEY MADE IT LAWFULL FOR THE JUDGMENT CREDITOR, TO SIMPLY IGNORE ALL JUDGMENTS OR ORDERS SUCH AS THE "DOA ORDERS" WHICH GRANT RELIEF AGAINST THE JUDGMENT CREDITOR, THAT WAS NOT SPECIFICALLY PRESERVED WITHIN THE "FOREIGN JUDGMENTS", SEE DUNBAR v. CONTRACTORS LIC. BD., 235 B.R. 465 (9TH CIR. 1999); IN RE AUDRE, INC, 216 B.R.

-17   PG 21 OF 40 / PG 24 OF 43

19, AT 29 (9TH CIR BAP 1987); IN RE SCHWARTZ 954 F.2d 569, AT 573-75 (9TH CIR 1992); GONZALES v. PARKS, 830 F.2d 1033 (9TH CIR. 1987); IN RE FRANCESCHI, 268 B.R. 219, AT 226 (9TH CIR BAP 2001); IN RE CRUZ, 254 B.R. 801, AT 810 (BANKR S.D. N.Y. 2000); IN RE PAVELICH, 229 B.R. 777, AT 781 (9TH CIR BAP 1999); 4 LAWRENCE P. KING, ET. AL, COLLIER ON BANKRUPTCY ¶ 524-13 [1] (15TH ED. REV. 1998); IN RE HENSZER, 248 B.R. 488, AT 491 (BANKR D.N.J. 2000).

1.20 ACCORDINGLY, THIS COURT HAS A MANDATORY, NON-DISCRETIONARY AND MINISTERIAL DUTY TO VACATE AND DECLARE "VOID AB INITIO" EACH AND EVERY "DOA ORDER", AT ISSUE HEREIN, SEE JORDAN v. GILLIGAN, 500 F.2d 701, AT 704 (6TH CIR 1974); 7 J. MOORE FEDERAL PRACTICE, ¶ 60.25(2) AT 301 (2ND ED. 1973) AND LUBBEN v. SELECTIVE SERVICE, 453 F.2d 645 (1ST CIR 1972); CHAI v. KONG 93 P3d 936 (WASH. APP. DIV. I 2004).

1.21 I HEREBY CERTIFY AND DECLARE THE FOREGOING TO BE TRUE AND CORRECT UNDER THE PENALTY OF PERJURY AND I CERTIFY THAT THIS PETITION/MOTION/ACTION WAS FILED/MAILED BY PLACING IT INTO THE OUTGOING INDIGENT LEGAL MAIL AT SCI SE-30 ON 3/15/06

DATED: 3/15/06

DUNCAN J. MCNEIL, III
JUDGMENT CREDITOR

-18-  PG 22 OF 40  PG 25 OF 43

IFP DECLARATION

1. I AM OVER THE AGE OF 18 AND I HAVE PERSONAL KNOWLEDGE OF THE FOLLOWING

2. I AM PRESENTLY UNLAWFULLY INCARCERATED BY THE UNITED STATES, THE STATE OF WASHINGTON, COUNTY OF SPOKANE AND THE CITY OF SPOKANE, IN VIOLATION OF MY CONSTITUTIONAL AND CIVIL RIGHTS, AS A "CIVIL DETAINEE".

3. THAT I AM AN "OFFICER OF THE UNITED STATES" AS DEFINED BY 42 U.S.C. § 1985.(1.) APPOINTED PURSUANT TO 11 U.S.C. § 1123(b)(3)(B) AS THE DISBURSING AGENT AND LIQUIDATING TRUSTEE AND GENERAL MANAGER FOR REORGANIZED DEBTOR BROADWAY BUILDINGS II, L.P., PURSUANT TO ORDER OF THE U.S. BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA.

4. THAT AS A DISABLED PERSON, I HAVE BEEN THE CONTINUAL AND ONGOING VICTIM OF INTENTIONAL DISCRIMINATION AND RETALIATION, BY THE U.S., THE STATE OF WASHINGTON, THE COUNTY OF SPOKANE, AND THE CITY OF SPOKANE, IN A KNOWING AND INTENTIONAL VIOLATION OF MY CIVIL AND CONSTITUTIONAL RIGHTS, FOR HAVING EXERCIZED MY COURT APPOINTED DUTIES PURSUANT TO THE EXECUTION AND ENFORCEMENT OF BROADWAY'S CONFIRMED PLAN, PURSUANT TO U.S. CONST. ART 4, § 1, FULL FAITH & CREDIT CLAUSE. I AM PRESENTLY UNDER IMMINENT DANGER OF SERIOUS PHYSICAL INJURY DUE MY CONDITIONS OF INCARCERATION AND THE WITHHOLDING OF MEDICAL CARE

PG. 26
23 OF 40 OF 43

5. BY THE ATTACHED IFP APPLICATION I MOVE THE COURT FOR AN ORDER ALLOWING ME TO PROCEED IN THIS ACTION WITHOUT PREPAYMENT OF FEES.

6. I ALSO MOVE THE COURT FOR AN ORDER ALLOWING ME ELECTRONIC FILING STATUS, ALONG WITH A WAIVER OF PACER AND ELECTRONIC ACCESS, FILING AND SERVICE FEES.

7. I FURTHER MOVE THE COURT FOR APPOINTMENT OF COUNSEL, IN THIS ACTION, PURSUANT TO 28 USC §1915(e)(1), FOR THE FOLLOWING REASONS:

(9) TO ATTAIN DUE PROCESS OF LAW & THE PLAINTIFF, INDIGENT & UNLAWFULLY INCARCERATED, ASSERTS IN BRINGING THIS ACTION THAT THE PLAINTIFF HAS BEEN DENIED HIS FUNDAMENTAL RIGHTS TO DUE PROCESS OF LAW, AND HAS BEEN UNLAWFULLY DENIED ACCESS TO THE COURTS, WARRANTING APPOINTMENT OF COUNSEL IN THIS PARTICULAR CASE, SEE HATFIELD v. BAILLEAUX, 290 F.2d 632 (9TH CIR. 1961);

PG 24 OF 40

PG 27 OF 43

(b) THE PLAINTIFF'S ACTION IS NECESSITATED AND BROUGHT ABOUT BY THE DEFENDANT'S ALLEGED CONSPIRACY TO CONCEAL THE PLAINTIFF'S UNLAWFUL ARRESTS, AND TO OBTAIN INVALID CRIMINAL CONVICTIONS, THEREBY WARRANTING THE APPOINTMENT OF COUNSEL, SEE WHITE V. WALSH, 649 F.2d 560 (8TH CIR. 1981);

(c) THE DENIAL OF COUNSEL, IN THIS PARTICULAR CASE, WOULD RESULT IN A FUNDAMENTAL UNFAIRNESS, DUE TO PLAINTIFF'S CONTINUING DENIAL OF ACCESS TO COURTS/LAW LIBRARY, INFRINGING UPON THE INDIGENT PRISONER'S DUE PROCESS RIGHTS, THEREBY REQUIRING APPOINTMENT, SEE CHILDS V. DUCKWORTH, 705 F.2d 915 (7TH CIR. 1983);

(d) APPOINTMENT OF COUNSEL IS NECESSARY WHEN AN INDIGENT PRISONER, AS IN THIS CASE, IS PROHIBITED ADEQUATE ACCESS TO LAW LIBRARY, COPIER, TYPEWRITER, AND OTHER RESOURCES NEEDED TO PROSECUTE THE CASE, SEE RAYES V. JOHNSON, 969 F.2d 700, (8TH CIR. 1992);

(e) INDIGENT PRISONER IS PERMANENTLY DISABLED, WITH A CHRONIC

PG 25 OF 40      PG 28 OF 43

(SPECIFICALLY PG 37 OF 38)

(SEE PGS 27 OF 38 TO 38 OF 38 ATTACHED)

DIBILIANO DISEASE, CHRONES DISEASE, WHICH LIMITS AND INTERFERES WITH THE INDIGENT DISABLED PRISONER'S ABILITY TO PRESENT HIS CASE TO THE COURT, AND RECIEVE A FAIR TRIAL. SEE <u>MCCARTHY v. WEINBERG, 753 F.2d 836 (10TH CIR. 1985); JACKSON v. COUNTY OF MCLEAN, 953 F.2d 1070 (7TH CIR. 1992)</u>.

8. THE SUBJECT ACTION RELATES TO SIGNIFICANT① CONSTITUTIONAL ISSUES, OF PUBLIC IMPORTANCE, AS TO FULL FAITH & CREDIT, ACCESS TO COURTS, & FALSIFIED CRIMINAL HISTORY AND INDIVIDUAL AGENCY RECORDS, WHICH WARRANT THE APPOINTMENT OF COUNSEL①, ⊕ AS THE CASE RAISES SEVERAL ISSUES OF FIRST IMPRESSION, WHICH COULD LEAD TO SIGNIFICANT PRECEDENTIAL AUTHORITY.

9. THE PLAINTIFF MOVES THE COURT FOR AN ORDER REQUIRING SERVICE OF THE SUMMONS & COMPLAINT ON THE DEFENDANTS BY THE U.S. MARSHAL SERVICE AT THE COST OF THE U.S.

I DECLARE THE FOREGOING IS TRUE AND CORRECT UNDER THE PENALTY OF PERJURY OF THE LAWS OF THE UNITED STATES. PG 29 OF 43

DATED: ~~F/10/06~~ ~~3/30/06~~ 4/19/06 [signature]

PG 26 OF 40

① THAT I HAVE CONTACTED OVER 30 PUBLIC AND PRIVATE CIVIL RIGHTS, SEEKING APPOINTMENT MERELY COUNSEL'S LAST 180 DAYS AND EACH HAS EITHER DECLINED DUE TO COMPLEXITY OF CASE OR FAILED TO REPLY OR COMPOSED

From: Duncan J. McNeil  To: James R. Larsen     Date: 7/30/2004 Time: 4:02:18 PM     Page 4 of 14

## Social Security Administration
## Retirement, Survivors and Disability Insurance
Notice of Award

Office of Central Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241-1500
Date: September 2, 2003
Claim Number: 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HA

DUNCAN J MCNEIL III
PO BOX 2906
SPOKANE, WA 99220-2906

You are entitled to monthly disability benefits beginning May 2003.

**The Date You Became Disabled**

We found that you became disabled under our rules on November 5, 2002. This is different from the date given on the application.

Also, you have to be disabled for 5 full calendar months in a row before you can be entitled to benefits. For these reasons, your first month of entitlement to benefits is May 2003.

**What We Will Pay And When**

- You will receive $3,080.00 around September 8, 2003.

- This is the money you are due for May 2003 through August 2003.

- Your next payment of $770.00, which is for September 2003, will be received on or about the third Wednesday of October 2003.

- After that you will receive $770.00 on or about the third Wednesday of each month.

- These and any future payments will go to the financial institution you selected. Please let us know if you change your mailing address, so we can send you letters directly.

The day we make payments on this record is based on your date of birth.

Enclosure(s):
Pub 05-10153
Pub 05-10058

C                                    See Next Page

PG 27 OF 40                                              PG 30 OF 43