UNITED STATES DISTRICT COURT

~~SOUTHERN DISTRICT OF NEW YORK~~

DISTRICT OF DELEWARE

RECEIVED
SEP 14 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

REQUEST FOR REASONABLE ACCOMMODATION
& Notice of Appeal, AMENDED
In a Civil Case And
Motion for Extension
of Time; IFP
APPLICATION FOR FINDING
OF IMMINENT DANGER;
MOTION FOR STAY &
PRELIMINARY EXTRAORDINARY

DUNCAN J. McNEIL, III
PLAINTIFF, JUDGMENT
CREDITOR & APPELLANT

V.

UNITED STATES, ET. AL.
DEFENDANTS, JUDGMENT
DEBTORS & APPELLEES

Docket Number #
05-CV-574 / 06-MC-041
06-CY-178 McNEIL, III
DUNCAN J. McNEIL, III

1. Notice is hereby given that  JUDGMENT CREDITOR  hereby appeals
(party)

to the United States Court of Appeals ~~for the Second Circuit~~ from the judgment entered in this action

on  VARIOUS DATES .  [Describe it]  ORDERS ET. SUA SPONTE DENYING IFP & DISMISSING APPEALS
(date)

AND ALL OTHER JUDGMENTS, ORDERS & DECREES

ISSUED IN THE CAPTIONED ACTION.

2. In the event that this form was not received in the clerk's office within the required time

DUNCAN J. McNEIL, III
JUDGMENT CREDITOR  respectfully requests the court to grant an extension of time
(party)

in accordance with Federal Rules of Appellate Procedure 4 (a) (5),  FOR GOOD CAUSE.

DUNCAN J. McNEIL, III
a. In support of this request,  JUDGMENT CREDITOR  states that this
(party)

Court's judgment was received on  UNKNOWN  and that this form was mailed to the court
(date)

on  9/8/06 , AND THAT
(date)

THE JUDGMENT CREDITOR IS

SOFFERING A CONTINUOUS AND

ONGOING "BOUNDS VIOLATION," W/

ACTUAL INJURY OF THE

INABILITY TO COMPLY W/ THE

COURT'S RULES, DEADLINES.

Date:  9/8/06

Signature

Address  2030 W. SPOFFORD

SPOKANE, WA 99205

( ) N/A

Telephone Number

**Note:** You may wish to use this form if you are mailing your notice of appeal and are not sure that
the Clerk of the District Court will **receive** it within the 30 days of the date on which the judgment
was entered (60 days if the United States or an officer or agency of the United States is a party).

Form 3-CA/SNY-8/87      PG 1 OF 67

EMERGENCY MOTION(S) FOR:
PRELIMINARY INJUNCTION, STAY
PENDING APPEAL IN SUPPORT OF
CONCURRENTLY FILED NOTICE OF APPEAL,
DISCRIMINATION COMPLAINT & PETITION
FOR WRIT OF HABEAS CORPUS

PETITIONER, APPELLANT AND JUDGMENT
CREDITOR, BEING SWORN UPON OATH
HEREBY DECLARES AS FOLLOWS:
    1. ℗ THAT PURSUANT TO FRCP
65, 52, 59, 60 & 69 ℗ AND U.S.
CONST. ART IV, §1, THE JUDGMENT
CREDITOR SEEKS THE IMMEDIATE,
SUA SPONTE ISSUANCE OF A
TRO/OSC & PRELIMINARY INJUNCTION
DUE TO THE JUDGMENT CREDITOR'S
CONTINIOUS & ONGOING CONSTITUTIONAL
AND CIVIC RIGHTS VIOLATIONS.
    2. PURSUANT TO FRCP 65 &
52, THE JUDGMENT CREDITOR
SEEKS THE ℗ ENTRY BY THIS COURT
OF CLEAR AND SPECIFIC FINDINGS
OF FACT AND CONCLUSIONS OF
LAW, AS TO EACH OF THE
FOLLOWING LISTED ISSUES OF FACT
AND LAW, IN THE GRANTING OR
REFUSING OF THE REQUESTED

1  PRELIMINARY INJUNCTION AND
2  STAY PENDING APPEAL.
3  Finding & Conclusion #1
4  FOR PROPER REVIEW THIS USDC MUST
5  MAKE CLEAR AND SPECIFIC FINDINGS OF
6  FACT AND CONCLUSIONS OF LAW, IN
7  GRANTING OR REFUSING THE REQUESTED
8  PRELIMINARY INJUNCTION/STAY, OR
9  THE ACTION/JUDGMENT ON APPEAL
10  MUST BE VACATED AND REMANDED
11  WITH DIRECTIONS, SEE M°WHINNEY
12  V. CAIN, 289 F.2d 315 (3rd CIR 1861);
13  JETS SERVICES, INC. V. HOFFMAN,
14  420 F.Supp. 1300 (D.C. FLA 1976); MAYO
15  V. LAKELAND HIGHLANDS, 309 U.S. 310
16  (1940); BOSE CORP. V. LINEAR DESIGN
17  467 F.2d 304 (2nd CIR, 1972); I.C.C. v
18  CARDINALE TRUCKING, 308 F.2d 435
19  (CA. NJ. 1962).
20  Finding & Conclusion #2
21  JUDGMENT CREDITOR IS AN
22  INDIVIDUAL WITH AN ESTABLISHED
23  SSA PERMANATE DISABILITY (SEE
24  PGS 17 OF 67 TO 21 OF 67 HEREIN)
25  ENTITLED TO ALL NECESSARY REASONABLE
26  ACCOMMODATIONS, REGULARY GRANTED
27  TO NON-DISABLED PERSONS, INCLUDING
28  ALL BENEFITS, PROGRAMS, SERVICES

1 AND ACTIVITIES OF THIS. USDC AND
2 THE USCA, IN THIS CIRCUIT, PURSUANT
3 TO 29 USC § 794, SEE LAYTON V. ELDER,
4 143 F.3d 469 (8th CIR 1998); CASES
5 CHISOLM V. McMANIMON, 275 F.3d 315
6 (3rd CIR 2001).
7       FINDING & CONCLUSION #3
8     BY FAILING & REFUSING TO FILE,
9 PROCESS & DISSIMINATE THE JUDGMENT
10 CREDITOR'S PETITIONS, MOTIONS &
11 PLEADINGS, AND BY DENYING ALL
12 REQUESTED REASONABLE ACCOMMODATIONS
13 (SEE DISCRIMINATION COMPLAINT FILED
14 CONCURRENTLY /HERE WITH) THE USCA
15 CLERK DISCRIMINATED AGAINST AND
16 ENGAGED IN RETALIATION AGAINST
17 THE JUDGMENT CREDITOR, IN
18 DENYING ACCESS TO THE BENEFITS,
19 PROGRAMS, SERVICES & ACTIVITIES OF
20 THE USCA IN THIS CIRCUIT, AND OF
21 THIS USDC, ~~WHICH~~ THEREBY VIOLATING
22 THE JUDGMENT CREDITOR'S CONSTITUTIONAL
23 & CIVIC RIGHTS. (SEE AUTHORITY CITED
24 PGS 11 OF 6 TO 21 OF 67).
25       FINDING & CONCLUSION # 4
26    IN ORDER TO ACCOMMODATE THE
27 JUDGMENT CREDITOR'S ESTABLISHED
28 DISABILITY AND TO ASSURE TRUE

PAGE 4 OF 67

1. PROCESS IN THE HEREIN APPEAL,
2. THE JUDGMENT CREDITOR IS ENTITLED
3. TO APPOINTMENT OF COUNSEL, TO
4. PROHIBIT FURTHER DISCRIMINATION &
5. RETALIATION IN THIS APPEAL, (SEE
6. AUTHORITY & FACTS CITED IN TO PGS 28
7. OF 67 TO 32 OF 67).

8.        FINDING & CONCLUSION #5

9.    APPELLANT IN ENTITLED TO NOT
10. BE HELD TO STRICT DEADLINES BY
11. THE USCA AND THE USDC IN THIS
12. ACTION(S) (SEE AUTHORITY & FACTS
13. CITED ON PG 33 OF 67).

14.      FINDING & CONCLUSION #6

15.    THE INDIGENT APPELLANT IS
16. ENTITLED TO THE RECORD ON APPEAL
17. IN THIS MATTER, AT THE COST OF
18. THE U.S. (SEE AUTHORITY & FACTS
19. CITED ON PG 34 OF 67).

20.      FINDING & CONCLUSION #7

21. " APPELLANT HAS MULTIPLE
22. FUNDAMENTAL INTERESTS " AT STAKE
23. IN THIS ACTION/APPEAL, MANDATING
24. ACCESS TO THE COURT AND WAIVER
25. OF ALL FEES & COSTS, ( SEE
26. AUTHORITY & FACTS CITED ON PG
27. 35 OF 67), CREATING AN EXCEPTION TO
28. 28 U.S.C. § 1915(g).

PAGE 5 OF 67

FINDING & CONCLUSION #8

THE APPLICATION OF 28 U.S.C. § 1915(g)
IN THIS ACTION/APPEAL, IS UNCONSTITUTIONAL
IN VIOLATION OF THE U.S. CONSTITUTION'S
CONTRACT CLAUSE, U.S. CONST. ART I § 10,
RENDERING THE "STRIKE" & "3-STRIKE"
ORDERS CONSTITUTIONALLY "VOID AB
INITIO" (SEE AUTHORITY & FACTS
CITED ON PG 36 OF 67).

FINDING & CONCLUSION #9

THE "STRIKE" AND "3-STRIKE"
ORDERS AT ISSUE IN THIS ACTION/
APPEAL WERE ISSUED IN THE
ABSENCE OF AN ACTUAL
CONTROVERSY, IN VIOLATION OF
ARTICLE III, U.S. CONST., RENDERING
SAID ORDERS TO BE CONSTITUTIONALLY
"VOID AB INITIO" (SEE AUTHORITY &
FACTS CITED ON PG 37 OF 67).

FINDING & CONCLUSION #10

THE JUDGMENT CREDITOR HAS A
CONSTITUTIONALLY PROTECTED ENTITLEMENT
TO HIS JOB, INVOKING THE PROTECTION
OF THE DUE PROCESS CLAUSE, AND
RENDERING "VOID AB INITIO" THE "STRIKE"
AND "3-STRIKE" ORDERS, (SEE AUTHORITY
& FACTS CITED ON PG 38 OF 67).

FINDING & CONCLUSION #11

APPELLANT HAS HIS GOOD NAME,
REPUTATION, HONOR & INTEGRITY AT STAKE
IN THIS ACTION APPEAL RENDERING THE
SUA SPONTE "STRIKE" AND "3-STRIKE"
ORDERS TO BE "VOID AB INITO" AS A
RESULT OF A DUE PROCESS VIOLATION,
(SEE FACTS & AUTHORITY CITED TO
ON PG 39 OF 67).

FINDING & CONCLUSION #12

THE GOVERNMENT'S EAVESDROPING
ON APPELLANT'S ATTORNEY CLIENT
COMMUNICATIONS VIOLATED APPELLANT'S
6TH AMEND. RIGHTS, MANDATING A
RELEASE FROM CUSTODY, (SEE FACTS
& AUTHORITY CITED TO ON PGS 40 OF 67
TO 43 OF 67).

FINDING & CONCLUSION #13

APPELLANT IS IN IMMINENT
DANGER OF SERIOUS PHYSICAL INJURY,
CREATING AN EXCEPTION TO THE
PROVISIONS OF § 1915(g), (SEE
FACTS & AUTHORITY CITED TO ON PGS
44 OF 67 TO 49 OF 67).

FINDING & CONCLUSION #14

ALL "STRIKE" AND "3-STRIKE"
AND "DOA ORDERS" WERE ISSUED IN
A CLEAR ABSENCE OF ALL

PAGE 7 OF 67

1. JURISDICTION AND CONTRARY TO THE
2. SPECIFIC TERMS OF THE "FOREIGN
3. JUDGMENTS" LISTED ON EX-2, (SEE
4. FACTS & AUTHORITY CITED TO IN ¶¶
5. 1.01 & 1.02, pgs 50 or 67 to 51 of 67).

6. FINDING & CONCLUSION #15
7. THE "DOA ORDERS" ARE "VOID AB
8. INITIO" BASED UPON THE DOCTRINES OF
9. (1) RES JUDICATA; (2) COLLATERAL
10. ESTOPPEL; (3) ISSUE OR CLAIM
11. PRECLUSION; AND (4) THE DEFENSE
12. OF ABSOLUTE QUASI-JUDICIAL
13. IMMUNITY, (SEE FACTS & AUTHORITY
14. CITED TO IN ¶¶ 1.03 to 1.06, pgs 51 of 67
15. TO 53 of 67).

16. FINDING & CONCLUSION #16
17. THE APPLICATION OF §1815(9) IN
18. THIS ACTION/APPEAL REPRESENTS AN
19. UNCONSTITUTIONAL INFRINGEMENT UPON
20. THE JUDGMENT CREDITOR'S FUNDAMENTAL
21. RIGHT OF ACCESS TO THE COURTS,
22. 1ST AMEND., U.S. CONST., (SEE FACTS
23. & AUTHORITY CITED TO IN ¶ 1.07, pgs
24. 53 of 67 to 54 of 67).

25. FINDING & CONCLUSION #17
26. THE MAJORITY OF THE "STRIKE" AND
27. "3-STRIKE" ORDERS ARISE FROM
28. MANDAMUS ACTIONS OR PETITIONS,



1. WHICH ARE _NOT_ SUBJECT TO THE
2. PROVISIONS OF § 1915(g), (SEE
3. FACTS & AUTHORITY CITED TO IN # 1.08,
4. PGS 55 OF 67 TO 57 OF 67).
5.      FINDING & CONCLUSION #18
6.      APPELLANT'S FUNDAMENTAL INTERESTS
7. AT STAKE IN THIS ACTION/ APPEAL
8. MANDATE TO ACCESS TO THE USDC
9. & THE USCA AND MANDATE A WAIVER
10. OF ALL COSTS & FEES, (SEE FACTS
11. & AUTHORITY CITED TO IN # 1.09,
12. PGS 57 OF 67 TO 58 OF 67).
13.      FINDING & CONCLUSION #19
14.      APPELLANT IS AN UNLAWFUL
15. "CIVIC DETAINEE" WHO IS _NOT_
16. SUBJECT TO § 1915(g), (SEE FACTS
17. & AUTHORITY CITED TO IN # 1.10, PGS
18. 58 OF 67 TO 59 OF 67).
19.      FINDING & CONCLUSION #20
20. THE "STRIKE" AND "3-STRIKE" ORDERS
21. AT ISSUE IN THIS ACTION/ APPEAL
22. ARE NOT COUNTABLE AS A STRIKE,
23. ( SEE FACTS & AUTHORITY CITED TO
24. ~~IN # 1.11, PGS ___ OF ___ TO ___ OF ___).~~
25.      ~~FINDING & CONCLUSION #21~~
26. IN ## 1.10(A), 1.11, 1.12, 1.13, 1.14,
27. 1.15, 1.16 & 1.17, PGS 59 OF 67 TO
28. 67 OF 67).

FINDING & CONCLUSION #21

1
2   THE REIMPOSED AUTOMATIC STAY,
3   PURSUANT TO 11 U.S.C. § 362, ESTABLISHED
4   BY THE "FOREIGN JUDGMENTS" (EX. 2),
5   AUTOMATICALLY VOIDS ALL "DOA
6   ORDERS" AT ISSUE IN THIS ACTION, AS
7   (SEE FACTS & AUTHORITY CITED TO IN
8   ¶ 1.17, PGS 65 OF 67).

9        FINDING & CONCLUSION #22

10  AT ALL TIMES RELATED TO THE
11  "DOA ORDERS" THE JUDGMENT CREDITOR
12  WAS ACTING IN HIS OFFICIAL CAPACITY
13  AS A COURT APPOINTED TRUSTEE,
14  SEEKING TO ENFORCE & EXECUTE
15  UPON THE "FOREIGN JUDGMENTS"
16  (EX. 2) RENDERING THE "DOA ORDERS" TO
17  VOID. (SEE FACTS & AUTHORITY CITED
18  TO AT ¶ 1.18 PGS 66 OF 67).

19       FINDING & CONCLUSION #23

20  AS A MATTER OF LAW, THE
21  JUDGMENT CREDITOR WAS REQUIRED
22  TO SIMPLY "IGNORE" THE "VOID AB
23  INITIO" DOA ORDERS", WHEN ISSUED,
24  (SEE FACTS & AUTHORITY CITED TO
25  IN ¶ 1.19 AT PGS 66 OF 67).

26       FINDING & CONCLUSION #24

27  THIS USDC AND THE USCA HAVE
28  A MANDATORY, NON-DISCRETIONARY

PAGE 10 OF 67

1. DUTY TO DECLARE THE "DOA
2. ORDERS" TO BE VOID AND TO
3. VACATE SAME. (SEE FACTS &
4. AUTHORITY, CITED TO AT # 1.20,
5. AT PG# 67 OR 67).

FINDING & CONCLUSION #25

7. THIS USDC AND THE USCA HAVE JURISDICTION
8. TO VOID AND VACATE THE "DOA ORDERS".
9. (SEE # # 1.01 TO 1.08, AT THE
10. "MEMORANDUM & EMERGENCY MOTION(S) FOR
11. PRELIMINARY INJUNCTION..." FILED
12. CONCURRENTLY HEREWITH (HEREINAFTER
13. "MEMO") AT PGS 5 OF 62 TO 8 OF 62).

FINDING & CONCLUSION #26

15. THE COURTS ARE NOT REQUIRED TO
16. TO FOLLOW ANY PARTICULAR PROCEDURE,
17. PROCESS OR RULES TO VACATE AND DECLARE
18. VOID THE "DOA ORDERS" (HEREINAFTER
19. "SUBJECT ORDERS" AS LISTED AT MEMO,
20. PG 3 OF 62, EX.1), (SEE # # 1.01 TO
21. 1.11, AT "MEMO," PGS 9 OF 62 TO
22. 11 OF 62, §II).

FINDING & CONCLUSION #27

24. THIS USDC AND THE USCA HAVE
25. A MANDATORY, NON-DISCRETIONARY,
26. MINISTERIAL DUTY TO VACATE AND
27. DECLARE VOID, THE "SUBJECT ORDERS"
28. (SEE "MEMO", §III, # # 1.01 TO



1. 18, AT PGS 12 OF 62 TO 14 OF 62).
FINDING & CONCLUSION #28
THE "SUBJECT ORDERS" WERE ISSUED
IN A CLEAR ABSENCE OF ALL
JURISDICTION, (SEE "MEMO", § IV,
¶ 1.01, PG 15 OF 62).
FINDING & CONCLUSION #29
THE "SUBJECT ORDERS" ARE "VOID
AB INITIO" BECAUSE THEY GRANT
RELIEF IN EXCESS OF THAT PLED
OR PRESERVED, (SEE "MEMO", § V,
¶¶ 1.01 TO 1.04, PGS 16 OF 62 TO 17 OF 62).
FINDING & CONCLUSION #30
THE "SUBJECT ORDERS" ARE "VOID
AB INITIO" IN THAT THEY WERE ISSUED
IN VIOLATION OF APPELLANT'S RIGHT
OF OPPORTUNITY TO BE HEARD, (SEE
"MEMO", § VI, ¶¶ 1.01 TO 1.16, PGS
18 OF 62 TO 28 TO 62).
FINDING & CONCLUSION #31
THE "SUBJECT ORDERS" ARE "VOID AB
INITIO" AS THEY WERE ISSUED IN
VIOLATION OF THE REIMPOSED
AUTOMATIC STAY, PER 11 U.S.C. § 362,
(SEE "MEMO", § VII, AT ¶¶ 1.01 TO
1.16, AT PGS 30 OF 62 TO 35 OF 62).
FINDING & CONCLUSION #32
THE "SUBJECT ORDERS" ARE "VOID

1  AB INITO" IN THAT THEY WERE
2  ISSUED IN VIOLATION OF THE
3  DISCHARGE AND DISCHARGE INJUNCTION
4  PER 11 U.S.C. §§ 524 & 1141, (SEE
5  "MEMO", § VIII, PP 1.01 TO 1.25,
6  AT PGS 360 62 TO 45 OF 62).

FINDING & CONCLUSION #33

8  THE "SUBJECT ORDERS" ARE "VOID
9  AB INITO" IN THAT THEY WERE
10  ISSUED IN RELIANCE OF OTHER
11  PRIOR VOID ORDERS, (SEE "MEMO",
12  § IX, PP 1.01 TO 1.06, AT PGS 46 OF
13  62 TO 46A OF 62).

14  FINDING & CONCLUSION #34

15  THE USDC AND THE USCA ARE
16  REQUIRED TO APPLY THE PRECLUSIVE
17  EFFECT, RES JUDICATA & COLLATERAL
18  ESTOPPEL OF THE "FOREIGN JUDGMENTS"
19  (EX. 2), IN DECLARING THE "SUBJECT
20  ORDERS" TO BE "VOID AB INITO", (SEE
21  "MEMO", § X, PP 1.01 TO 1.09, AT PGS
22  47 OF 62 TO 50 OF 62).

23  FINDING & CONCLUSION #35

24  THE APPELLANT IS SUFFERING
25  "IRREPARABLE INJURY" MANDATING
26  IMMEDIATE SUA SPONTE RELIEF BY
27  THIS USDC AND THE USCA, (SEE
28  "MEMO", § XI, PP 1.01 TO 1.03, AT PGS

PAGE 13 OF 67

52 OF 62 TO 53 OF 62).

FINDING & CONCLUSION #36

THE STATE COURT'S BREACHED
THEIR MANDATORY DUTY TO ENFORCE
THE APPELLANT'S FEDERAL
CONSTITUTIONAL RIGHTS, (SEE
"MEMO", § XII, P1.01, PG 53 OF 62).

FINDING & CONCLUSION #37

THE JUDICIAL OFFICERS WHO FAIL
TO VACATE AND DECLARE VOID
THE "SUBJECT ORDERS" HAVE LOST
ALL JUDICIAL IMMUNITY, (SEE
"MEMO", § XIII, PP 1.01 TO 1.03,
AT PGS 54 OF 62 TO 56 OF 62).

FINDING & CONCLUSION #38

THE "SUBJECT ORDERS" ARE VOIDED
BY THE JUDGMENT CREDITOR'S
ABSOLUTE QUASI - JUDICIAL
IMMUNITY (SEE "MEMO", § XIV,
PP 1.01 TO 1.04, AT PGS 58 OF 62
TO 59 OF 62).

FINDING & CONCLUSION #39

THE 12/8/03 DECREE IS VOID
IN THAT IT GRANTED RELIEF IN
EXCESS OF THAT SOUGHT IN THE
12/17/02 PETITION, (SEE "PETITION
FOR WRIT OF HABEAS CORPUS...",
(HEREINAFTER "PETITION"), FILED

1  CONCURRENTLY HEREWITH, AT TPA,
2  AT PG 13 OF 92).

3      FINDING & CONCLUSION #40
4      THE 12/18/03 DECREE IS VOID IN
5  THAT IT GRANTED RELIEF IN EXCESS
6  OF THAT ESTABLISHED BY THE
7  PARTIES "SEPARATION AGREEMENT",
8  (SEE "PETITION", AT TPB, PG 13
9  OF 92).

10     FINDING & CONCLUSION #41
11     THE 12/18/03 DECREE IS VOID
12  IN THAT IT WAS ISSUED IN
13  VIOLATION OF CR 40, W/O NOTICE
14  OF HEARING, (SEE "PETITION", AT
15  TPC, PG 13 OF 92).

16     FINDING & CONCLUSION #42
17     THE 12/18/03 DECREE IS VOID
18  IN THAT IT WAS ENTERED IN
19  VIOLATION OF CR 54 (f)(2), W/O
20  5 DAYS NOTICE OF PRESENTMENT,
21  (SEE "PETITION", TPD, AT PGS.
22  13 OF 92 TO 14 OF 92).

23     FINDING & CONCLUSION #43
24     THE 12/18/03 DECREE IS VOID
25  IN THAT THE COURT FAILED TO CONDUCT
26  AN EVIDENTIARY HEARING, TO MAKE
27  THE REQUIRED FINDINGS, (SEE
28  "PETITION", AT TPE, AT PG 14 OF 92).

PAGE 15 OF 67

FINDING & CONCLUSION #44

THE 2/17/05 J&S IS VOID BECAUSE THE JUDGE WAS NOT A JUDGE, (SEE "PETITION" #A, PG 14 OF 92).

FINDING & CONCLUSION #45

THE 2/17/05 J&S IS VOID BECAUSE THE CLAIMED ACTS WERE NOT CRIMES, (SEE "PETITION" #C, AT PG 15 OF 92).

FINDING & CONCLUSION #46

THE 2/17/05 J&S IS VOID IN THAT THE STATE VIOLATED APPELLANT'S SPEEDY TRIAL RIGHTS, (SEE "PETITION", #D, AT PG 15 OF 92).

FINDING & CONCLUSION #47

THE 2/17/05 J&S IS VOID, IN THAT THE STATE VIOLATED APPELLANT'S RIGHT TO APPEAL, (SEE "PETITION", #'S E & F, AT PGS 15 OF 92 TO 16 TO 92).

I DECLARE THE FOREGOING TO BE TRUE AND CORRECT UNDER THE PENALTY OF PERJURY.

DATED/FILED/IMAGED: 9/8/06

APPELLANT

PAGE 16 OF 67

# Social Security Administration
# Retirement, Survivors and Disability Insurance
Notice of Award

Office of Central Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241-1500
Date: September 2, 2003
Claim Number: 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HA

0T29 MCS,PCTJ,DA,TT39,BSB,151
DUNCAN J MCNEIL III
PO BOX 2906
SPOKANE, WA 99220-2906

000014951 02 MB    0.534

lldulduoldddlfouddlbhdfoudldlloodloddd

You are entitled to monthly disability benefits beginning May 2003.

### The Date You Became Disabled

We found that you became disabled under our rules on November 5, 2002. This
is different from the date given on the application.

Also, you have to be disabled for 5 full calendar months in a row before you can
be entitled to benefits. For these reasons, your first month of entitlement to
benefits is May 2003.

### What We Will Pay And When

* You will receive $3,080.00 around September 8, 2003.

* This is the money you are due for May 2003 through August 2003.

* Your next payment of $770.00, which is for September 2003, will be
  received on or about the third Wednesday of October 2003.

* After that you will receive $770.00 on or about the third Wednesday of
  each month.

* These and any future payments will go to the financial institution you
  selected. Please let us know if you change your mailing address, so we can
  send you letters directly.

The day we make payments on this record is based on your date of birth.

Enclosure(s):
Pub 05-10153
Pub 05-10058

C                                    See Next Page

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HA                                          Page 2 of 3

### Other Social Security Benefits

The benefit described in this letter is the only one you can receive from Social Security. If you think that you might qualify for another kind of Social Security benefit in the future, you will have to file another application.

### Your Responsibilities

The decisions we made on your claim are based on information you gave us. If this information changes, it could affect your benefits. For this reason, it is important that you report changes to us right away.

We have enclosed a pamphlet, "When You Get Social Security Disability Benefits...What You Need To Know." It will tell you what must be reported and how to report. Please be sure to read the parts of the pamphlet which explain what to do if you go to work or if your health improves.

A provider of employment or vocational rehabilitation services may contact you about getting help to go to work. The provider may be a State vocational rehabilitation agency or a provider under contract with the Social Security Administration.

If you go to work, special rules allow us to continue your cash payments and health care coverage. For more information about how work and earnings affect disability benefits, call or visit any Social Security office and ask for the following publications:

- Social Security - Working While Disabled...How We Can Help (SSA Publication No. 05-10095).

- Social Security - If You Are Blind--How We Can Help (SSA Publication No. 05-10052).

### Do You Disagree With The Decision?

If you disagree with this decision, you have the right to appeal. We will review your case and consider any new facts you have. A person who did not make the first decision will decide your case. We will correct any mistakes. We will review those parts of the decision which you believe are wrong and will look at any new facts you have. We may also review those parts which you believe are correct and may make them unfavorable or less favorable to you.

- You have 60 days to ask for an appeal.

- The 60 days start the day after you get this letter. We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period.

- You must have a good reason for waiting more than 60 days to ask for an appeal.

- You have to ask for an appeal in writing. We will ask you to sign a Form SSA-561-U2, called "Request for Reconsideration". Contact one of our offices if you want help.

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HA                                                Page 3 of 3

Please read the enclosed pamphlet, "Your Right to Question the Decision Made
on Your Social Security Claim". It contains more information about the appeal.

### Things To Remember For The Future

Doctors and other trained staff decided that you are disabled under our rules.
But, this decision must be reviewed at least once every 3 years. We will send
you a letter before we start the review. Based on that review, your benefits will
continue if you are still disabled, but will end if you are no longer disabled.

### If You Want Help With Your Appeal

You can have a friend, lawyer or someone else help you. There are groups that
can help you find a lawyer or give you free legal services if you qualify. There
are also lawyers who do not charge unless you win your appeal. Your local Social
Security office has a list of groups that can help you with your appeal.

If you get someone to help you, you should let us know. If you hire someone, we
must approve the fee before he or she can collect it. And if you hire a lawyer, we
will withhold up to 25 percent of any past due benefits to pay toward the fee.

### If You Have Any Questions

We invite you to visit our website at www.socialsecurity.gov on the Internet to
find general information about Social Security. If you have any specific
questions, you may call us toll-free at 1-800-772-1213, or call your local Social
Security office at 1-509-353-2591. We can answer most questions over the
phone. If you are deaf or hard of hearing, you may call our TTY number,
1-800-325-0778. You can also write or visit any Social Security office. The office
that serves your area is located at:

> SOCIAL SECURITY
> SUITE A
> 811 E SPRAGUE AVE
> SPOKANE, WA 99202

If you do call or visit an office, please have this letter with you. It will help us
answer your questions. Also, if you plan to visit an office, you may call ahead to
make an appointment. This will help us serve you more quickly when you arrive
at the office.

*Jo Anne B. Barnhart*

Jo Anne B. Barnhart
Commissioner
of Social Security

From: Duncan J. McNeil  To: James R. Larsen

Sent By: LINOLEUM AND CARPET CITY;        5093269438;      Dec-3-03  1:48PM;       Page 1/2
To: E&G EFAX           At: 92713775

# Social Security Administration     M7
# Retirement, Survivors, and Disability Insurance
Important Information

Office of Central
Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241-1500
Date: November 30, 2003
Claim Number: 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 HA

Duncan McNeil III
PO Box 2906
Spokane WA  99220

We are writing to you about court order number IN4871523.

In an earlier letter, we told you that we might have to take
money out of your Social Security payments to satisfy the court
order. Washington State Support Registry has ordered us to take
money out to collect child support and/or alimony. Therefore,
we will reduce the monthly payments beginning November 2003.

**What We Will Take Out**

We will take out $385.00 from each monthly payment to collect
what you owe. You will receive a check for $385.00 each month
beginning with the check you receive around December 3, 2003.

**If You Disagree With The Decision**

If you disagree with the decision of Washington State Support
Registry, you will need to contact them directly, or have a
lawyer do this for you. They can be contacted at:

Washington State Support Registry
PO Box 45868
Olympia WA  98504

**If You Have Any Questions**

We invite you to visit our website at www.socialsecurity.gov on
the Internet to find general information about Social Security.
If you have any specific questions, you may call us toll-free
at 1-800-772-1213, or call your local Social Security office at
1-509-353-2591. We can answer most questions over the phone.
If you are deaf or hard of hearing, you may call our TTY
number, 1-800-325-0778.

SEE NEXT PAGE



Date: 7/30/2004 Time: 4:02:18 PM                    Page 8 of 14

Sent By: LINOLEUM AND CARPET CITY;        5093269438;        Dec-9-03  1:46PM;        Page 2/2

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 HA                                               Page 2

You can also write or visit any Social Security office.  The
office that serves your area is located at:

> SOCIAL SECURITY
> SUITE A
> 811 E SPRAGUE AVE
> SPOKANE,WA 99202

If you do call or visit an office, please have this letter with
you.  It will help us answer your questions.  Also, if you plan
to visit an office, you may call ahead to make an appointment.
This will help us serve you more quickly when you arrive at the
office.

W. Burnell Hurt
Associate Commissioner for
Central Operations

DATE: _____
ACTION: _____

TO: CLERK, USCA & USDC

REQUEST FOR REASONABLE ACCOMMODATION (DUE TO
ESTABLISHED S.S.A. PERMANATE DISABILITY) FOR:
ACCESS TO THIS COURT

Duncan J. McNeil, III
2030 W. Spofford
Spokane, WA 99205

FILE IN
MOTICE OF CHANGE OF ADDRESS      CASE NO: (29 U.SC. § 794)

PER: SECTION 504 OF THE REHABILITATION ACT OF 1973

As a REQUEST FOR REASONABLE ACCOMMODATION (RRA) TO
ALLOW MY ACCESS TO THE COURTS, DUE TO MY ESTABLISHED
PERMANATE S.S.A. DISABILITY I AM REQUESTING THAT
THE ENCLOSED PLEADINGS BE FILED IN THE CAPTIONED
CASES PURSUANT TO FRCP 5(E) AND/OR FRAP 25(a)(4) AND McCRAY v.
STATE, 456 F. 2d 1, AT 4 (4TH CIR. 1972), SO THAT I AM NOT
FURTHER DENIED THE BENEFITS, PROGRAMS, SERVICES OR
ACTIVITIES OF THIS USDC & USCA, AS NECESSARY TO ENFORCE
AND EXECUTE UPON THE 21 SEPARATE FINAL JUDGMENTS &
FINAL CONSENT DECREES (PURSUANT TO U.S. CONST. ART IV
§1) AND MY "FUNDAMENTAL INTERESTS" AT STAKE IN
THE CAPTIONED ACTIONS. AS A FURTHER RRA I
REQUEST A WAIVER OR SUSPENSION OF THE COURT'S
RULES AND PROCEDURES, PURSUANT TO FRAP 2, SO THAT
I AM NOT FURTHER DISCRIMINATED AND RETALIATED
AGAINST AND/OR DENIED ACCESS TO THE BENEFITS,
PROGRAMS, SERVICES OR ACTIVITIES OF THIS USDC & SCA, AND THE
ENCLOSED MOTIONS ARE DETERMINED ON THEIR MERITS.
AS A FURTHER RRA PURSUANT TO MY 1ST AMEND, CONST.
RIGHT (SEE BOUNDS v. SMITH, 430 U.S. 817, AT 824-825 (1977))
I REQUEST AN UPDATED DOCKET PRINT OUT, ESTABLISHING THE
FILING OF THE ENCLOSED PLEADINGS, AND ALL OTHER FILINGS
IN THE CAPTIONED ACTIONS, ALONG WITH A CURRENT COPY OR
THE COURT'S RULES & PROCEDURES & FORMS NECESSARY FOR ME
TO OBTAIN THE BENEFITS, PROGRAMS, SERVICES OR ACTIVITIES
OF THIS USDC & USCA, AS NECESSARY TO OBTAIN THE ENFORCEMENT
AND EXECUTION OF THE 21 SEPARATE FINAL JUDGMENTS, AT
INTEREST IN THESE ACTIONS, PURSUANT TO U.S. CONST. ART IV §1,
BY AND IN THIS USCA. TO THE EXTENT THAT YOUR RECORDS
INDICATE THAT I WAS PREVIOUSLY SUPPLIED THESE ITEMS,
PLEASE BE ADVISED THAT SAID ITEMS PREVIOUSLY
SUPPLIED HAVE BEEN SEIZED OR DESTROYED BY MY CAPTORS.
DATED: _____ PG. 22 OF 67

FOREIGN JUDGMENTS

REQUEST FOR JUDICIAL NOTICE, FULL FAITH & CREDIT AND
AUTHENTICATION & REGISTRATION THERE OF:

a.   NOTICE of Filing of "Assignment of Interests in Bankruptcy Court Judgments
     Rendered in Another District, for the Benefit of Creditors, in aid of the Judgment,
     and in the aid of the Enforcement and Execution Thereof", filed 3-22-02 in Misc Case
     No 02-02, filed as Docket #535, on March 22, 2002, in Case No. 01-06073-W11,
     USBC-ED-WA;

b.   "Order Approving Disclosure Statement and Fixing Time for Filing Acceptances or
     Rejections of Plan, Combined With Notice Thereof", (hereinafter "Broadway
     Disclosure Statement"), entered December 21, 1998, as Docket #112 in Case No. LA
     98-18082-SB, USBC-CD-CA-LA;

c.   "Order Approving 'Judgment Creditors' Second Amended-Chapter 11 Plan",
     (hereinafter "Broadway's First Plan w/Discharge"), entered March 19, 1999, in Case
     No. LA 98-18082-SB, , USBC-CD-CA-LA, as Docket #129, along with the Clerk's
     Notice of Entry of Judgment or Order and Certificate of Mailing and Proof of Service
     on Counsel;

d.   "Order Approving 'Judgment Creditors' Second Amended Chapter 11 Plan (As.
     Modified)", (hereinafter "Broadway's Second Plan"), entered June 16, 1999, in Case
     No. LA 98-18082-SB, USBC-CD-CA-LA, along with the Clerk's Notice of Entry of
     Judgment or Order and Certificate of Mailing and Proof of Service:

e.   "Findings of Fact and Conclusions of Law in Support of Order Disallowing Claims of
     John H. Smith and Robert Hayes", (hereinafter "Fraudulent Deed Findings"), entered
     December 29, 1998, in Adversary Case No. AD-98-01685-SB, USBC-CD-CA-LA,
     along with the Clerk's Notice of Entry of Judgment or Order and Certificate of
     Mailing and Proof of Service;

f.   "Judgment and Order Pursuant to Summary Judgment Motions", (hereinafter
     "Fraudulent Deed Judgment"), entered December 29, 1998, in Adversary Case No.
     AD 98-01685-SB, USBC-CD-CA-LA, along with the Clerk's Notice of Entry of
     Judgment or Order and Certificate of Mailing and Proof of Service;

g.   "Stipulated Order Re: Liability and Damages", entered October 30, 2000 in Case
     No. CS-97-435-RHW, USDC-ED-WA;

h.   Writ of Obedience #02-0001, issued May 31, 2002, in Spokane County Superior
     Court Case No. 02-2-02825-4; DOC# 14, FILED 10/21/04 Ⓐ

i.   Writ of Obedience #02-0002, issued June 6, 2002, in Case No. 02-2-02825-4; Doc #15 Ⓐ

j.   Writ of Obedience #02-0003, issued June 7, 2002, in Case No. 02-2-02825-4; Doc #16 Ⓐ

k.   Writ of Obedience #02-0004, issued June 12, 2002, in Case No. 02-2-02825-4; Doc #17 Ⓐ

l.   Writ of Obedience #02-0005, issued July 18, 2002, in Case No. 02-2-02825-4, Doc #18 Ⓐ

m.   ORDER denying relief from stay Re: Item # 41. with Notice of Entry, filed 1/11/2000
     as Docket #137, incorporating therein "Opposition Re: Item # 41. to motions to lift
     stay: opposition to motion to annul stay, filed 12/9/1999, as Docket #94", and
     incorporating "Opposition Re: Item # 57, to motion to lift stay and to motion to
     annul, filed 12/10/1999, as Docket #95"; all filed in Case No. LA 99-39555-SB,
     USBC-CD-CA-LA;

n.   BAP/USDC appeal judgment - the Bankruptcy Court judgment is AFFIRMED. BAP
     #CC-00-1049 RE: Item #154, filed 1/16/2001, as Docket #359, Case No. LA
     99-39555-SB, USBC-CD-CA-LA;

o.   ORDER Granting Debtors Motion to Strike Liens, filed 9/15/1998, as Docket #199,
     in Case No. 96-02980-K11, USBC-ED-WA;

p.   NOTICE of Filing of "Request to Clerk for Registration of Judgment Rendered in
     Another Court, filed 3-21-02 as Misc Case No. 02-01 (02-01731 DJM $), filed
     3/27/2002, as Docket #536, Case No. 01-06073-W11, USBC-ED-WA;

q.   EXHIBIT I Admitted at hearing on 12-5-01; re: Amendment to Settlement
     Agreement and Mutual Release and Personal Services Contract Effective 5-24-01
     between Duncan J McNeil and Broadway Buildings II LP. Re: Oust Motin to
     Convert Case to Ch 7, Docket #44 & Joinder therein Docket #212, as Docket #459,
     Case No. 01-06073-W11, USBC-ED-WA;

Ⓐ DOC#'S REFER TO "PACER" DOCKET NUMBERS FOR CASE NO:
2:04-CY-00427-AAM; USDC
EASTERN DISTRICT
OF WASHINGTON                PG 23 OF 67

AUTHENTICATION & VERIFICATION THERE OF

1  r.  EXHIBIT J Admitted at hearing on 12-5-01; Re: Amendment to Settlement
       Agreement and Mutual Release and Personal Services Contract, effective 8-17-01
2      between Duncan J McNeil, GMFT Reorganization Corporation, and Broadway
       Buildings II LP RE: Oust Motion to Convert Case to Ch 7, Docket #44 and Joinder
3      therein Docket #212, filed 1/4/2002, as Docket #460, Case No. 01-06073-W11,
       USBC-ED-WA;
4  s.  PROPOSED Exhibit "D-D" to Supplement Exhibits offered at hearing on 12-5-01;
       RE: 1) Standard Form 95 Claim for Damages filed by Duncan J McNeil 11-23-99
5      with the Oust-Ed-WA, in the Sum of $5211.926, ... ... ..., filed 2/6/2002, as Docket
       #'s 506, 506A, Case No. 01-06073-W11, USBC-ED-WA;
6  t.  PROPOSED Exhibit "I-I" to Supplement Exhibits offered at hearing on 12-5-01; re:
       1) Standard Form 95 Claim for Damages filed by Duncan J McNeil on 3-6-98 with
7      the Oust-Ed-WA, in the sum of $4,651,000. Re: Oust Motion to Convert Case to Ch
       7, Docket #44 and Joinder therein Docket #212, filed 2/11/2002, as Docket #512,
       Case No. 01-06073-W11, USBC-ED-WA;
8  u.  (1) NOTICE of Separation Contract & Dissolution of Marriage Contract Pursuant to
       RCW 26.0-9.070 filed 7-26-01 as Document #4613783 with the County Recorder for
9      Spokane County, Washington, (pages 1 of 29 to 29 of 29); (2) JOINT Petition for
       Dissolution of Marriage, filed 7-26-01 in Case No. 01-301586-7 (pages 2 of 29 to 5
10     of 29; 3) SEPARATION Contract and Dissolution of Marriage Contract Pursuant to
       RCW 26.09.070, filed 7-26-01 in Case No. 01-301586-7, (pages 6 of 29 to 29 of 29),
11     filed 2/6/2002, as Docket #505, Case No. 01-06073-W11, USBC-ED-WA;
    v.  ~~(1)....... DISSOLUTION, entered 2/6/02 in Spokane County Superior Court~~
12     ~~Case......., except those portions of the decree that were entered in violation~~
       ~~of law, and in violation of the Complainant's civil and constitutional rights, as a~~
13     ~~parent.~~

AUTHENTICATION & REGISTRATION OF JUDGMENTS

14
     I, DUNCAN J. MCNEIL III, AM THE LAWFUL OWNER
15   OF THE FOREGOING LISTED "FOREIGN JUDGMENTS"
     AND I HEREBY CERTIFY THAT TRUE AND CORRECT
16   COPIES OF THESE "FOREIGN JUDGMENTS" ARE ON
17   FILE IN THE IDENTIFIED ACTIONS AND DOCKET #'S
     AND THAT THESE "FOREIGN JUDGMENTS" ARE
18   OFFICIALLY PUBLISHED ON THE COURT'S "PACER"
19   SYSTEM, PURSUANT TO FRCP $44(Q)(1) AND FRE
     RULE 201(b)(2) AND ARE THE "OFFICIAL PUBLICATIONS
20   THEREOF". BY THIS MOTION/PETITION/APPLICATION
21   I REQUEST THAT THE CLERK OF THIS COURT
     PRINT, FILE AND REGISTER THESE "FOREIGN
22   JUDGMENTS" FROM THE COURT'S "PACER" SYSTEM
     AND THAT THESE "FOREIGN JUDGMENTS" BE
23   GRANTED FULL FAITH & CREDIT IN THIS COURT
24   PURSUANT TO 28 USC § 1963, 28 USC § 1738 AND
     U.S. CONST. ART. IV § 1 (AND THE APPLICABLE STATE
25   UEFJA@). I DECLARE THE FOREGOING TO BE TRUE
26   AND CORRECT UNDER THE PENALTY OF PERJURY.
27   DATED:_____

28                                      JUDGMENT CREDITOR

1

2

3

4  IN RE                              CASE NO.

5  DUNCAN J. MCNEIL, III

6  DUNCAN J. MCNEIL, III             MOTION FOR WAIVER/
7     v.                              SUSPENSION OF RULES
                                      PER FRAP 2, ALLOWING
8  UNITED STATES, ET. AL.             EMERGENCY MOTION FOR
9                                     STAY & PRELIMINARY INJUNCTION
                                      COLLATERAL ATTACK & PETITIONS
10 REQUEST FOR REASONABLE             FOR WRITS OF HABEAS
11 ACCOMMODATION PER 28 USC § 794     CORPUS, MANDAMUS &
                                      PROHIBITION TO BE HEARD
12 TO: CHIEF JUDGE                    ON THE MERITS

13

14        BY THIS MOTION, TO THE CHIEF JUDGE,

15  PETITIONER SEEKS A WAIVER/SUSPENSION

16

17  OF THE RULES OF THIS COURT, PER

18  FRAP 2, ALLOWING THE PETITIONER'S
                                        STAY & PRELIMINARY INJUNCTION
19  EMERGENCY MOTION(S) FOR COLLATERAL

20  ATTACK AND PETITIONS FOR WRITS OF

21  HABEAS CORPUS, MANDAMUS & PROHIBITION

22  TO BE HEARD ON THE MERITS, ALLOWING

23  THE GRANTING OF FULL FAITH & CREDIT,

24  EXECUTION AND ENFORCEMENT OF THE

25  21 SEPARATE "FOREIGN JUDGMENTS" THAT

26  ARE THE SUBJECT OF THE CAPTIONED

27  ACTIONS, AS LISTED ON EX. 2, INCORPORATED

28  HEREIN.

DATED/FILED/MAILED:
PG 25 OF 603

DUNCAN J. McNEIL, III
2030 W. SPOFFORD
SPOKANE, WA 99205
NOTICE OF CHANGE OF ADDRESS

TIME: _____
DATE: _____
ACTION: _____

~~U.S., COURT OF APPEALS~~

| | |
|---|---|
| DUNCAN J. McNEIL, III<br>APPELLANT &<br>JUDGMENT CREDITOR<br>V.<br>U.S.A. ET. AL.<br>APPELLEES &<br>JUDGMENT DEBTORS | CASE NO: |

| | |
|---|---|
| ADMINISTRATIVE REQUEST<br>TO CHIEF JUDGE: FOR<br>REASONABLE ACCOMMODATIONS<br>FOR ACCESS TO THE COURT | REQUEST FOR REASONABLE<br>ACCOMMODATION DUE TO<br>ESTABLISHED DISABILITY;<br>NOTICE TO CLERK OF<br>DISCRIMINATION AND<br>VIOLATION OF FRAP 25(a)(4)<br>AND/OR FRCP 5(e) AND<br>JUDGMENT CREDITOR'S 1st |
| NOTICE OF CHANGE OF<br>ADDRESS - CLERK'S<br>ACTION REQUIRED | AMEND. AND ART IV §1 RIGHTS<br>UNDER U.S. CONST.: EX PARTE<br>MOTION FOR RELIEF FROM<br>CLERK'S REJECTION OF PLEADINGS |

TO CHIEF JUDGE: APPELLANT AND JUDGMENT CREDITOR BEING SWORN UPON OATH HEREBY DECLARES: THAT PURSUANT TO THE ADA (42 U.S.C. §§ 12101-12213 (2000)) AND SECTION 504 OF THE REHABILITATION ACT OF 1973 (29 U.S.C. § 794 (2000)) I AM AN INDIVIDUAL W/AN ESTABLISHED S.S.A. PERMANATE DISABILITY WHO IS "OTHERWISE QUALIFIED" FOR THE PROGRAMS, ACTIVITIES, SERVICES OR BENEFITS OF THE USCA AND THE USDC, ALONG W/ MY INSTITUTE OF INCARCERATION, ~~AND~~ ("SCJ") AND I HAVE BEEN DENIED THE BENEFITS, AND DENIED ACCESS TO THE PROGRAMS, ACTIVITIES OR SERVICES OF THIS USCA, THE USDC AND THE SCJ IN THE CAPTIONED ACTIONS, SOLELY BECAUSE OF MY ESTABLISHED DISABILITY, AS NECESSARY TO OBTAIN FULL FAITH & CREDIT AND TO EXECUTE ON, AND ENFORCE UPON 21 SEPARATE FINAL JUDGMENTS AND FINAL CONSENT DECREES (SEE EX PARTE TRO/OSC TO ENFORCE WRITS, DATED/FILED 12/30/05 IN THE USCA, PGS 1 OF 39 TO 39 OF 39, AND WRITS 02-0001 TO 02-0005, WHICH ARE ALL INCORPORATED HEREIN) PURSUANT TO U.S. CONST. ART IV §1. THE JUDGMENT CREDITOR HAS MULTIPLE "FUNDAMENTAL INTERESTS" AT STAKE IN THIS ACTION TO ENFORCE THE 21 SEPARATE FINAL JUDGMENTS, WHICH EACH MANDATE APPELLANTS ACCESS TO THIS USCA AND THE USDC AND MANDATE THE WAIVER OF ALL COSTS AND FEES, INCLUDING: ① TO CONTEST A "VOID AB INITO" DIVORCE DECREE (SEE EX. 2, PG 38 OF 39 TO 39 OF 39 OF EX PARTE TRO/OSC-12/30/05 MOTION, ITEM "U" "SEPERATION CONTRACT" AND RCW 26.09.070(6) AND LITTLE v. LITTLE, 634 P. 2d 498, AT 504 (1981) (BOODIE v. CONNECTICUT, 401 U.S. 371 (1971)); ② TO CONTEST A "VOID AB INITO", EX PARTE, SUA SPONTE, "PERMANATE" RESTRAINING ORDER TERMINATING THE JUDGMENT CREDITOR'S PARENTAL RIGHTS (M.L.B. v. S.L.J., 519 U.S. 102 (1996)); AND ③ THE UNCONSTITUTIONAL TAKING OF THE JUDGMENT CREDITOR'S LIBERTY W/O JURISDICTION OR DUE PROCESS (MAYER v. CHICAGO, 404 U.S. 189 (1971)). BY THE MANDATE OF THE U.S. SUPREME CT. THE ADA AND SECTION 504 THE CLERK'S REJECTION OF MY PLEADINGS AND DENIAL OF ACCESS IS UNLAWFUL. I DECLARE THE FOREGOING TO BE TRUE AND CORRECT UNDER THE PENALTY OF PERJURY, DATED/FILED/MAILED

(left margin, vertical) TO: PLEADINGS REJECTED IN VIOLATION OF FRAP 25(a)(4)

DUNCAN J. MCNEIL, III
2030 W. SPOFFORD
SPOKANE, WA 99205
NOTICE OF CHANGE OF ADDRESS

DATE:
ACTION:

---

DUNCAN J. MCNEIL, III
    APPELLANT &
    JUDGMENT CREDITOR

v.

U.S.A. ET. AL
    APPELLEES &
    JUDGMENT DEBTORS

CASE NO:

REQUEST FOR REASONABLE
ACCOMMODATION DUE TO
ESTABLISHED DISABILITY;
NOTICE TO CLERK OF DISCRIMINATION
CLAIM FOR VIOLATION OF FRAP
25(a)(4) AND/OR FRCP 5(e) AND
THE U.S. CONST. ART IV & 1 AND
1ST AMEND RETALIATION CLAIM;
NOTICE OF CLERK'S LOSS OF
JUDICIAL/QUASI-JUDICIAL IMMUNITY;
EX PARTE MOTION FOR ACCESS TO
COURT AND RELIEF FROM
CLERK'S UNLAWFUL REJECTION
OF PLEADINGS (1)

ADMINISTRATIVE PETITION
TO CHIEF JUDGE:
FOR REASONABLE
ACCOMMODATIONS FOR
ACCESS TO THE COURT
TO ACCOMMODATE ESTABLISH-
ED DISABILITY AND
ELIMINATE DISCRIMATORY
AND RETALIATORY ACTS.

TO CHIEF JUDGE:

APPELLANT AND JUDGMENT CREDITOR BEING SWORN
UPON OATH HEREBY DECLARES: THAT PURSUANT
TO THE ADA (42 U.S.C. §§ 12101-12213) AND SECTION 504
OF THE REHABILITATION ACT OF 1973 (29 U.S.C.§ 794),
I AM AN INDIVIDUAL W/AN ESTABLISHED S.S.A. DISABILITY
(PERMANATE) WHO IS "OTHERWISE QUALIFIED" FOR THE
PROGRAMS, ACTIVITIES, SERVICES AND BENEFITS OF
THIS USCA, THE USDC, AND MY INSTITUTE OF INCARCERATION
(SCJ) AND I HAVE BEEN DENIED ACCESS TO THE PROGRAMS,
USDC AND SCJ BY THE DISCRIMINATORY AND RETALIA-
TORY ACTS OF THE CLERK OF THIS USCA & (USDC
25(a)(4) AND/OR FRCP 5(e) AND/OR U.S. CONST. ART IV
§ 1. AS A MATTER OF LAW THE USCA AND USDC
CLERKS ARE MINISTERIAL OFFICERS, W/ THE MANDA-
TORY NON-DISCRETIONARY DUTY TO FILE THE JUDGMENT
CREDITOR'S PLEADINGS AND TO GRANT FULL, FAITH & CREDIT
TO THE JUDGMENT CREDITOR'S 21 SEPARATE FINAL
JUDGMENTS UNDER FRCP 5(e), FRAP 25(a)(4) AND U.S. CONST
ART. IV & 1 THE CLERKS OF THE USCA AND USDC LACK ALL
DISCRETION OR AUTHORITY TO REJECT THE JUDGMENT CREDITORS
PLEADINGS, SEE DIELSI v. FALK. 916 F. SUPP. 985 (C.D.
CAL 1996). THE CLERKS HAVE DISCRIMINATED AGAINST THE
JUDGMENT CREDITOR AND VIOLATED THEIR MINISTERIAL DUTIES
BY FAILING TO FILE PLEADINGS AND ENFORCE THE 21
SEPARATE JUDGMENTS, SEE MCCRAY v. STATE, 456 F.2d 1, AT 4
4TH CIR. 1972). HAVING VIOLATED THEIR NON-MINISTERIAL DUTIES AND
MY BILLS THE CLERKS HAVE LOST ALL JUDICIAL IMMUNITY, SEE
GUTIERREZ v. VERGARI 499 F.SUPP. 1040, AT 1047, N5 (S.D. NY 1980);
BEN KIN v. HOWARD, 633 F.2d 844, AT 849 (9TH CIR. 1980).

DATED/MAILED _____

DUNCAN J. MCNEIL, III
2030 W. SPOFFORD
SPOKANE, WA 99205
INDIGENT, DISABLED,
UNLAWFULLY INCARCERATED,
CIVIL DETAINEE, JUDGMENT
CREDITOR AND APPELLANT

MO: _____
DATE: _____
FJ: _____

~~U.S. COURT OF APPEALS~~
FOR

_____

| | |
|---|---|
| DUNCAN J. MCNEIL, III<br>PLAINTIFF / APPELLANT<br><br>V.<br><br>UNITED STATES, ET. AL.<br>DEFENDANTS / APPELLEES | CASE NO: _____<br>APPELLANT'S EX PARTE<br>MOTION FOR<br>APPOINTMENT OF<br>COUNSEL ON APPEAL<br>IN THE INTERESTS<br>OF JUSTICE, PURSUANT<br>TO 28 USC § 1915(C)(1)<br>AND JOHNSON V. US.<br>352 U.S. 565 (1957). |

THE APPELLANT HEREBY CERTIFIES
THAT THE HEREIN APPEAL REQUIRES AN
ANSWER TO ONE OR MORE PRECEDENT-
SETTING QUESTIONS OF EXCEPTIONAL
IMPORTANCE, ARISING FROM THE DENIAL
OF OR THE VIOLATION OF FUNDAMENTAL
CONSTITUTIONAL RIGHTS. BASED UPON THE FACTS,
STATEMENTS AND AUTHORITY CITED TO IN THE
APPELLANTS NOTICE OF APPEAL (INCORPORATED HEREIN,
THE APPELLANT, INDIGENT & DISABLED, MOVES THE
COURT FOR APPOINTMENT OF COUNSEL PER 28 USC
§ 1915(C)(1) AND /OR JOHNSON V. U.S. 352 U.S. 565 (1957)
DATED: _____    PG 28 OF 67

TO I AM OVER THE AGE OF 18 AND I HAVE
PERSONAL KNOWLEDGE OF THE FOLLOWING

2. I AM PRESENTLY UNLAWFULLY

THE UNITED STATES,
1  INCARCERATED BY, THE STATE OF WASHINGTON,
2  COUNTY OF SPOKANE AND THE CITY OF SPOKANE,
3  IN VIOLATION OF MY CONSTITUTIONAL AND
4  CIVIL RIGHTS, AS A "CIVIL DETAINEE".
5       3. THAT I AM AN "OFFICER OF THE
6  UNITED STATES" AS DEFINED BY 42 U.S.C.§
7  1985(1) APPOINTED PURSUANT TO 11 U.S.C.§
8  1123(b)(3)(B) AS THE DISBURSING AGENT AND
9  LIQUIDATING TRUSTEE AND GENERAL MANAGER
10 FOR REORGANIZED DEBTOR BROADWAY
11 BUILDINGS II, L.P., PURSUANT TO ORDER
12 OF THE U.S. BANKRUPTCY COURT, CENTRAL
13 DISTRICT OF CALIFORNIA.
14      4. THAT AS A DISABLED PERSON,
15 I HAVE BEEN THE CONTINUAL AND
16 ON GOING VICTIM OF INTENTIONAL
17 DISCRIMINATION AND RETALIATION, BY
18 THE U.S., THE STATE OF WASHINGTON,
19 THE COUNTY OF SPOKANE, AND THE CITY
20 OF SPOKANE, IN A KNOWING AND
21 INTENTIONAL VIOLATION OF MY CIVIL
22 AND CONSTITUTIONAL RIGHTS, FOR
23 HAVING EXERCIZED MY COURT APPOINTED
24 DUTIES PURSUANT TO THE EXECUTION
25 AND ENFORCEMENT OF BROADWAY'S
26 CONFIRMED PLAN, PURSUANT TO U.S.
27 CONST. ART 4, §1, FULL FADT &
28 CREDIT CLAUSE. I AM PRESENTLY UNDER
   IMMINENT DANGER OF SERIOUS PHYSICAL INJURY DUE
   MY CONDITIONS OF INCARCERATION AND THE
   WITHHOLDING OF MEDICAL CARE.
   pg 29 OF 67

5. BY THE ATTACHED IFP APPLICATION I MOVE THE COURT FOR AN ORDER ALLOWING ME TO PROCEED IN THIS ACTION WITHOUT PREPAYMENT OF FEES.

6. I ALSO MOVE THE COURT FOR AN ORDER ALLOWING ME ELECTRONIC FILING STATUS, ALONG WITH A WAIVER OF PACER AND ELECTRONIC ACCESS, FILING AND SERVICE FEES.

7. I FURTHER MOVE THE COURT FOR APPOINTMENT OF COUNSEL, IN THIS ACTION, PURSUANT TO 28 USC §1915 (e) (1), FOR THE FOLLOWING REASONS:

(9) TO ATTAIN DUE PROCESS OF LAW THE PLAINTIFF, INDIGENT & UNLAWFULLY INCARCERATED, ASSERTS IN BRINGING THIS ACTION THAT THE PLAINTIFF HAS BEEN DENIED HIS FUNDAMENTAL RIGHTS TO DUE PROCESS OF LAW, AND HAS BEEN UNLAWFULLY DENIED ACCESS TO THE COURTS, WARRANTING APPOINTMENT OF COUNSEL IN THIS PARTICULAR CASE, SEE HATFIELD v. BAILLEAUX, 290 F.2d 632 (9TH CIR 1961);

(b) THE PLAINTIFF'S ACTION IS
NECESITATED AND BROUGHT ABOUT
BY THE DEFENDANT'S ALLEGED
CONSPIRACY TO CONCEAL THE PLAINTIFF'S
UNLAWFUL ARRESTS AND TO OBTAIN
INVALID CRIMINAL CONVICTIONS, THEREBY
WARRANTING THE APPOINTMENT OF
COUNSEL, SEE WHITE V. WALSH, 649
F.2d 560 (8TH CIR 1981);

(c) THE DENIAL OF COUNSEL, IN
THIS PARTICULAR CASE, WOULD RESULT IN
A FUNDAMENTAL UNFAIRNESS, DUE TO
PLAINTIFF'S CONTINUOR DENIAL OF ACCESS
TO COURTS/LAW LIBRARY, INFRINGING
UPON THE INDIGENT PRISONER'S DUE
PROCESS RIGHTS, THEREBY REQUIRING
APPOINTMENT, SEE CHILDS V. DUCKWORTH
705 F.2d 915 (7TH CIR. 1983);

(d) APPOINTMENT OF COUNSEL IS
NECESSARY WHEN AN INDIGENT PRISONER,
AS IN THIS CASE, IS PROHIBITED ADEQUATE
ACCESS TO LAW LIBRARY, COPIER, TYPEWRITER,
AND OTHER RESOURCES NEEDED TO PROSECUTE
THE CASE, SEE RAYES V. JOHNSON,
969 F.2d 700 (8TH CIR. 1992);

(e) INDIGENT PRISONER IS
PERMENANTLY DISABLED, WITH A CHRONIC

pg 31 of 67

① DIBILIATING DISEASE, CHRONES DISEASE,
WHICH LIMITS AND INTERFERES WITH
THE INDIGENT DIKABLED PRISONER'S
ABILITY TO PRESENT HIS CASE TO THE
COURT, AND RECIEVE A FAIR TRIAL,
SEE McCARTHY v. WEINBERG, 753 F.2d 836
(10TH CIR 1985); JACKSON v. COUNTY OF
McLEAN, 953 F.2d 1070 (7TH CIR 1992).

8. THE SUBJECT ACTION RELATES
TO SIGNIFICANT @ CONSTITUTIONAL ISSUES,
OF PUBLIC IMPORTANCE, AS TO FULL FAITH
& CREDIT, ACCESS TO COURTS, & FALSIFIED
CRIMINAL HISTORY AND INDIVIDUAL AGENCY
RECORDS, WHICH WARRANT THE
APPOINTMENT OF COUNSEL, ① @ AS THE
CASE RAISES SEVERAL ISSUES
OF FIRST IMPRESSION, WHICH COULD
LEAD TO SIGNIFICANT PRECEDENTIAL
AUTHORITY.

9. THE PLAINTIFF MOVES THE
COURT FOR AN ORDER REQUIRING SERVICE
OF THE SUMMONS & COMPLAINT ON THE
DEFENDANTS BY THE U.S. MARSHAL
SERVICE AT THE COST OF THE U.S.
I DECLARE THE FOREGOING IS TRUE AND
CORRECT UNDER THE PENALTY OF PERJURY
THE LAWS OF THE UNITED STATES.
DATED :: 9/18/06

DUNCAN J. McNEIL, III
2030 W. SPOFFORD
SPOKANE, WA 99205
INDIGENT DISABLED UNLAWFULLY
INCARCERATED "CIVIL DETAINEE"
A JUDGMENT CREDITOR AND
APPELLANT

MO: _____
DATE: _____
FJ: _____

~~E. ~~

FOR

DUNCAN J. McNEIL, III
    PLAINTIFF-APPELLANT,
V.

UNITED STATES, ET. AL
    DEFENDANTS-APPELLEES

①CLERK'S ACTION REQUIRED:
REQUEST FOR COPIES OF FRAP,
CIRCUIT RULES, PRO SE RULES,
FORMS, IFP MOTION APPLICATION
PRO SE BRIEF & OTHER FORMS

APPEAL NO:

APPELLANT'S EX PARTE
MOTION FOR EXTENSION
OF TIME; FOR ACCESS
TO COURT; FOR FORMS
RULES & PROCEDURES
TO BE FURNISHED①

THE UNDERSIGNED INDIGENT-DISABLED
UNLAWFULLY INCARCERATED "CIVIL DETAINEE" AND
APPELLANT, HEREBY REQUEST A 30 DAY EXTENSION
OF TIME AS TO ALL DEADLINES IN THIS ACTION &
APPEAL, DUE TO RESTRAINTS RESULTING FROM MY ONGOING
UNLAWFUL INCARCERATION, SEE ELDRIDGE v. BLOCK,
832 F.2d 1132, AT 1136 (9TH CIR. 1987); TARANTINO v. EGGERS,
380 F.2d 465, 468 (9TH CIR. 1967). I AM PRESENTLY
SUFFERING AN ON GOING "BOUNDS VIOLATION," W/ ACTUAL
INJURY, OF A TOTAL AND COMPLETE DENIAL OF ACCESS
TO RESOURCES, TO MEET THE COURT'S DEADLINES. I
CERTIFY THAT THE FOREGOING IS TRUE AND CORRECT,
UNDER THE PENALTY OF PERJURY, AND I CERTIFY
THAT THIS MOTION WAS FILED/MAILED BY PLACING IT
INTO THE OUTGOING INDIGENT MAIL,   ON 9/8/06
AT SCJ, STA-30.
DATED: 9/8/06

APPELLANT

33 OF 67