DUNCAN J. McNEIL, III
2030 W. SPOFFORD
SPOKANE, WA 99205

MO-
DATE:
FJA-

1

2                    ~~~~~~~~~~~~~~~
                    FOR  THE

3

4

5

6    DUNCAN J. McNEIL, III            CASE NO:

7         PLAINTIFF/APPELLANT         APPELLANT'S  EX PARTE

     V.                               MOTION  FOR  AN  ORDER
8
     UNITED STATES, ET.AL.            COMPELLING  THE  DISTRICT
9         DEFENDANTS/APPELLEES
                                      COURT  CLERK  TO  PREPARE
10
                                      AND  FURNISH  TO  APPELLANT
11
                                      2 INDEXED  AND  BATES
12
                                      STAMPED,  COPIES  OF  THE
13
                                      EXCERPTS  OF  RECORD.
14

15    I, DUNCAN J. McNEIL, III, BEING SWORN UPON OATH

16   HEREBY DECLARE THAT: BY MY MOTICE OF APPEAL

17   IN THIS ACTION I DESIGNAGTED THE COMPLETE

18   RECORD OF THE DISTRICT COURT AS THE RECORD ON

19   APPEAL, AND REQUESTED THAT THE CLERK OF THE

20   DISTRICT COURT PROVIDE ME AN INDEXED AND

21   BATES STAMPED COPIES, FOR MY USE IN THIS APPEAL,

22   ONE FOR FILING WITH THE COURT OF APPEAL AND

23   ANE FOR ME TO RETAIN. THAT PURSUANT TO BOUNDS v:

24   SMITH, 430 U.S, 817, AT 824-825 (1977), AND CASES

25   CITED THEREIN, I AM ENTITLED TO A COPY OF THE RECORD

26   ON APPEAL, WHICH THE CLERK HAS REFUSED TO PROVIDE ME

27   I REQUEST THAT THE CLERK BE ORDERED TO PROVIDE

28   2 INDEXED AND BATES STAMPED COPIES. AND THAT I BE
     GRANTED AN EXTENSION UNTIL RECEIVED. I CERTIFY THAT
     I MAILED THIS MOTION ON 9/8/06.
     DATED: 9/9/06    PAGE 34 OF 67    APPELLANT

DUNCAN J. McNEIL, III
2030 W. SPOFFORD
SPOKANE, WA 99205
NOTICE OF CHANGE OF ADDRESS.

MO: _____
DATE: _____
ACTION: _____

---

DUNCAN J. McNEIL, III
    PETITIONER AND
    JUDGMENT CREDITOR

v.

UNITED STATES, ET. AL.,
    RESPONDENTS AND
    JUDGMENT DEBTORS

NOTICE OF CHANGE OF
ADDRESS: CLERK'S
ACTION REQUIRED

CASE NO.

EX PARTE MOTION FOR
FINDING OF "FUNDAMENTAL
INTEREST" AT STAKE; AND
MOTION FOR RELIEF FROM
DISMISSAL; AND/OR FOR
RELIEF FROM "3-STRIKE"
FINDING DUE TO MANIFEST
ERROR OF FACT AND LAW
AND VIOLATION OF DUE
PROCESS/ACCESS; 1ST & 5TH AMEND.

APPELLANT BEING SWORN UPON OATH THEREBY
DECLARES THAT: THIS IS AN ACTION "ON" AND TO
ENFORCE "IN-REM" 21 SEPARATE FINAL
JUDGMENTS AND/OR CONSENT DECREES, ARISING
FROM A CONFIRMED CHAPTER 11 PLAN OF REORGANIZA-
TION (SEE EX.2, ITEMS "b" TO "u" PGS 49 OF 50 TO 50 OF
50 TO "PLRA MOTION" DATED/FILED IN THE USCA
ON 12/5/05, FOR WHICH JUDICIAL NOTICED IS REQUESTED).
    APPELLANT HAS MULTIPLE "FUNDAMENTAL"
INTERESTS AT STAKE" AS ESTABLISHED BY THE
"VESTED RIGHTS" CONTAINED IN AND ADJUDICATED W/
FINALITY, IN THE 21" FOREIGN JUDGMENTS" (SEE
EX.2, ITEM "u", "SEPERATION CONTRACT" AND RCW
26.09.070(6) AND LITTLE V. LITTLE, 634 P.2d 498, AT 504 (WA. 1981)).
    APPELLANT'S "FUNDAMENTAL INTERESTS" IN THIS ACTION
INCLUDE CHALLENGING, BY WAY OF ENFORCEMENT OF THE
"FOREIGN JUDGMENTS", THE FOLLOWING: ① A 12/8/03 "VOID
AB INITIO" EX PARTE, SUA SPONTE DIVORCE DECREE (SEE
BODDIE V. CONNECTICUT, 401 U.S. 371 (1971)); ② A "VOID AB INITIO"
EX PARTE, SUA SPONTE "PERMANATE" RESTRAINING ORDER
TERMINATING APPELLANT'S PARENTAL RIGHTS (SEE
M.L.B. V. S.L.J., 519 U.S. 102 (1996)) - AND ③ THE UNCONSTITUTIONAL
TAKING OF APPELLANT'S LIBERTY W/O JURISDICTION OR DUE
PROCESS. (SEE MAYER V. CHICAGO, 404 U.S. 189 (1971)).
    BY THE MANDATES OF THE U.S. SUPREME CT.,
IT WAS MANDATORY FOR THE USCA AND THE USDC TO GRANT
A WAIVER AS TO ALL FEES AND COSTS, IN THIS "IN-REM"
ACTION TO ENFORCE THE "FUNDAMENTAL INTERESTS" AND
"VESTED RIGHTS" FULLY ADJUDICATED BY THE "FOREIGN"
JUDGMENTS. (EX.2, "a" TO "u"). I DECLARE THE FOREGOING
TO BE TRUE AND CORRECT UNDER THE PENALTY OR
PERJURY OF FILED/MAILED
DATED: 9/8/06

PG 1
PG 35 OF 67



DUNCAN J. MCNEIL, III
2030 W. SPOFFORD
SPOKANE, WA 99205

NOTICE OF CHANGE OF ADDRESS

MO:

DATE: _____
ACTION: _____

---

DUNCAN J. MCNEIL, III
    APPELLANT AND
JUDGMENT CREDITOR
V.
UNITED STATES, ET. AL.
    APPELLEE AND
JUDGMENT DEBTORS

NOTICE OF CHANGE OF
ADDRESS: CLERK'S
ACTION REQUIRED

CASE No.

Ex PARTE FOR FINDING OF
VIOLATION OF US CONSTITUTION'S
CONTRACT CLAUSE, U.S. CONST.
ART I §10: AND MOTION FOR
RELIEF FROM DISMISSAL
AND FOR RELIEF FROM "3-
STRIKE FINDING DUE TO
UNCONSTITUTIONAL APPLICATION
OF 28 U.S.C. § 1915(9).

---

APPELLANT AND JUDGMENT CREDITOR BEING
SWORN UPON OATH HEREBY DECLARES: THAT THE
CAPTIONED ACTION(S) IS/ARE "IN-REM" ACTION(S) "ON" AND TO
"ENFORCE" 21 SEPARATE FINAL JUDGMENTS OR FINAL
CONSENT DECREES, ARISING FROM A CONFIRMED CH. 11
PLAN OF REORGANIZATION (SEE Ex.2 ITEMS "a" TO
"N" TO EX PARTE FROM 02 TO ENFORCE WILL, AND WRITS 02-0001 TO 02-0005
FOR WHICH JUDICIAL THERE OF IS
REQUESTED AND WHICH ARE INCORPORATED HEREIN). ITEMS
b, c, d, e, f, M, & O of EX.2, ARE FINAL JUDGMENTS FOR
MONEY AND PROPERTY ENTERED PRIOR TO 2000, THE EFFECTIVE
DATE OF THE CURRENT "3-STRIKES" PROVISION OF 28 U.S.C.
§1915(9). THE 21 SEPARATE FINAL JUDGMENTS LISTED ON
EX.2 (ITEMS a, 9-1, N, P-U ARE SIMPLY EXTENSIONS OR EXECUTIONS
ON THE PRE 2000 FINAL JUDGMENTS) ARE FINAL JUDICIAL
JUDGMENTS, CONSENT DECREES AND CONTRACTS, SEE
WRITS 02-0001 TO 02-0005 AND RUFO V. INMATES, 502 U.S. 367
AT 378 (1992): LOCAL 93 v. CLEVELAND, 478 U.S. 501, AT 519 (1986)
WHICH INVOKE THE "DOCTRINE OF VESTED RIGHTS", THE
CONTRACTS CLAUSE AND THE DUE PROCESS PROTECTIONS OF
THE 5TH & 14TH AMEND., SEE HODGES v. SNYDER, 261 U.S. 600
AT 603 (1923) (THE PRIVATE RIGHTS OF PARTIES WHICH HAVE BEEN
VESTED BY THE JUDGMENT OF A COURT, CANNOT BE TAKEN
AWAY BY SUBSEQUENT LEGISLATION, BUT MUST BE THERE-
AFTER ENFORCED BY THE COURT REGARDLESS OF SUCH
LEGISLATION"), MCCULLOUGH v. VIRGINIA. 172 U.S. 102. AT 123-24
(1898) ("IT IS NOT WITHIN THE POWER OF A LEGISLATURE TO TAKE
AWAY RIGHTS WHICH HAVE BEEN ONCE VESTED BY A JUDGMENT.
... WHEN THOSE ACTIONS HAVE PASSED INTO JUDGMENT THE
POWER OF THE LEGISLATURE TO DISTURB THE RIGHTS CREATED
THEREBY CEASES"). THE VESTED RIGHTS DOCTRINE PREVENTS
CONGRESS FROM REOPENING OR DEFEATING FINAL JUDGMENTS
OF ARTICLE III COURTS, SEE BENJAMIN v. JACOBSON, 935
F. SUPP. 332, AT 356 (S.D.N.Y. 1996). HERE THE USDC AND THE
USCA, IN THE CAPTIONED ACTIONS ATTEMPT TO USE THE
2000 ENACTMENT OF §1915(9) TO BAR, PROHIBIT AND DENY THE
ENFORCEMENT OF THE PRIVATE RIGHTS VESTED BY FINAL
ARTICLE III JUDGMENTS, BEFORE THE ENACTMENT OF
28 U.S.C. § 1915(9) (2000). I DECLARE THE FOREGOING TO BE TRUE &
CORRECT UNDER THE PENALTY OF PERJURY AND CERTIFY THAT
THIS WAS MAILED/FILED ON _____
DATED: _____                    PG 36 OF 67            APPELLANT

DUNCAN J. M^cNEIL, III
2030 W. SPOFFORD
SPOKANE, WA 99205
NOTICE OF CHANGE OF ADDRESS.

MO: _____
DATE: _____
ACTION: _____



DUNCAN J. M^cNEIL, III
    APPELLANT AND
JUDGMENT CREDITOR
V.
UNITED STATES, ET. AL.
    APPELLEES AND
JUDGMENT DEBTORS

NOTICE OF CHANGE OF
ADDRESS : CLERK'S
ACTION REQUIRED

CASE NO:

EX PARTE MOTION FOR:A
FINDING THAT THE "STRIKE",
"3-STRIKES" AND "VEXATIOUS
LITIGANT" ORDERS WERE
ISSUED IN THE ABSENCE
OF AN ACTUAL JUSTICIABLE
CONTROVERSY, IN VIOLATION
OF ARTICLE III, U.S. CONST.
RENDERING SAID ORDERS TO
CONSTITUTIONALLY VOID; FOR
RELIEF FROM DISMISSAL(S)
~~AND/OR MOTION TO ...~~

APPELLANT AND JUDGMENT CREDITOR BEING SWORN
UPON OATH HEREBY DECLARES: THAT THE JUDGMENT
CREDITOR IS THE COURT APPOINTED SUCCESSOR IN INTEREST
TO A CH.11 REORGANIZED DEBTOR; PURSUANT TO 11
U.S.C. § 524(9)(3)(A)(II) AND OTHER PROVISIONS OF LAW (SEE
EX PARTE TRO/OSC TO ENFORCE WRITS, PGS 1 OF 39 TO 39 OF 39
AND WRITS 02-0001 TO 02-0005, FILED) DATED IN THE USCA ON
12/30/05, FOR WHICH JUDICIAL NOTICE THERE OF IS REQUESTED
AND WHICH ARE INCORPORATED HEREIN) TO ENFORCE AND
EXECUTE UPON 21 SEPARATE FINAL JUDGMENTS AND FINAL
CONSENT DECREES (SEE EX.2, PG 38 OF 39 TO 39 OF 39, ID). THE
USDC AND THE USCA. IN THE CAPTIONED ACTIONS HAVE ISSUED
AND/OR RELIED UPON CERTAIN "STRIKE", "3-STRIKE", OR
"VEXATIOUS LITIGANT" ORDERS ("DOA ORDERS", SEE "PLRA
MOTION DATED FILED IN THE USCA ON 12/5/05, PGS 1 OF 50 TO
50 OF 50, WHICH IS INCORPORATED HEREIN). THESE "DOA ORDERS"
WERE ISSUED IN A CLEAR ABSENCE OF ALL JURISDICTION, IN THE
ABSENCE OF AN ACTUAL JUSTICIABLE CONTROVERSY, IN
VIOLATION OF ARTICLE III. THE DESIGNATION OF "STRIKES" OR
"3-STRIKES" HAS NO PRACTICAL CONSEQUENCES UNTIL RAISED
BY THE OPPOSING LITIGANT, BY WAY OF ADMISSIBLE EVIDENCE
NOTICE AND OPPORTUNITY TO BE HEARD. LITIGATION OVER THE
ISSUE AT AN EARLIER JUNCTURE WOULD INVOLVE THE COURTS
IN DISPUTES THAT MIGHT NEVER HAVE ANY PRACTICAL CONSEQUENCE
"THE RESOLUTION OF SUCH DISPUTES IS NOT A PROPER
PART OF THE JUDICIAL FUNCTION", SEE DELEON v. DOE, 361 F.3d
93 AT 95 (2ND CIR. 2004) CITING TO SNIDER v. MELENDEZ, 199 F.3d
108, AT 115 (2ND CIR. 1999). THE LIMIT OF FEDERAL JURISDICTION TO ACTUAL
CONTROVERSIES ARISES FROM THE IDEA OF SEPERATION OF POWERS
ON WHICH THE FEDERAL GOVT. IS FOUNDED, ART. III, § 2, cl. 1, ALABAMA-
TOMBIGBEE v. NORTON, 338 F.3d 1244 (11TH CIR. 2003). THE APPLICATION
OF THE "RIPENESS DOCTRINE" PREVENTS IMPERMISSABLE ADVISORY
OPINIONS AND WASTING RESOURCES ON REVIEW OF POTENTIAL DISPUTES.
NATIONAL ADVERTISING v. MIAMI, 402 F.3d 1335 (11TH CIR. 2005) I DECLARE
THE FOREGOING TO BE CORRECT UNDER PENALTY OF PERJURY AND CERTIFY
THAT THIS MOTION WAS MAILED FILED ON 9/6/06 -
DATED: 9/6/06        PG ___        APPELLANT

DUNCAN J. MCNEIL, III
2030 W. SPOFFORD
SPOKANE, WA 99205
NOTICE OF CHANGE OF ADDRESS

MO: _____
DATE: _____
ACTION: _____



DUNCAN J. MCNEIL, III
    APPELLANT &
    JUDGMENT CREDITOR

V.

U.S.A. ET. AL.
    APPELLEES &
    JUDGMENT DEBTORS

NOTICE OF CHANGE OF

CASE NO:

EX PARTE MOTION FOR A FINDING
THAT THE JUDGMENT CREDITOR IS
A COURT APPOINTED FUDICARY AND
OFFICER OF THE U.S. AND/OR A
PUBLIC EMPLOYEE WHO HAS A
CONSTITUTIONALLY PROTECTED
ENTITLEMENT TO HIS JOB AND
THE COURT AWARDED COMPENSATION
ARISING THEREFROM RESULTING IN
A PROPERTY INTEREST SUFFICIENT
TO INVOKE THE PROTECTION OF
THE DUE PROCESS CLAUSE

    APPELLANT AND JUDGMENT CREDITOR BEING SWORN
UPON OATH DECLARES: THAT I AM A COURT APPOINTED
FUDICARY AND OFFICER OF THE UNITED STATES, AS DEFINED
BY 42 U.S.C.§ 1986(1) APPOINTED PURSUANT TO 11 U.S.C.§
1123(b)(3)(B) AND I AM THE SUCCESSOR IN INTEREST TO THE
REORGANIZED DEBTOR, PURSUANT TO 11 U.S.C.§ 524(3)(2)(A)(ii)
AS PROVIDED FOR BY THE 21 SEPARATE FINAL JUDGMENTS AT
ISSUE IN THIS ACTION (SEE EX PARTE TRO/OSC MOTION DATED/
FILED 12/30/05 IN THE USCA, PGS 1 OF 39 TO 39 OF 39, AND WRITS
02-0001 TO 02-0005, AND EX-2, PGS 38 OF 39 TO 39 OF 39, ALL OF WHICH
IS INCORPORATED HEREIN). APPELLANT'S JOB ENTITLEMENT IS
ESTABLISHED BY THE COURT ORDER OF APPOINTMENT (EX.2, ITEMS
c & d) THE WRITS 02-0001 TO 02-0005 (EX.2, ITEMS A TO E), ASSIGNMENT
OF JUDGMENTS (EX.2, ITEM 9), PERSONAL SERVICES CONTRACTS (EX.2, ITEMS 9&r)
AND JUDGMENT FR CONDEMNATION (EX.2, ITEM 9) WHICH ESTABLISHES THAT
IS "ENTITLED TO REASONABLE COMPENSATION... UNTIL THE SUCCESSFUL
CONFIRMED PLAN OF REORGANIZATION IS IMPLEMENTION OR BROADWAY'S
JV/LOAN AGREEMENT AND THE CONFIRMED PLAN (SEE EX.2, ITEM 9, ¶ 8(d)). THE
JV/LOAN AGREEMENT AND THE IMPLEMENTATION... UNTIL THE SUCCESSFUL
SUCCESSFULLY IMPLEMENTED, AND THIS ACTION HAVE NOT YET BEEN
ENFORCE, IMPLEMENT AND EXECUTE ON SAID JUDGMENTS, CREATING
A "VESTED RIGHT" (SEE ANDREE v. Co. of NASSAU, 311 F. SUPP. 2d 325, AT 335
HEAD NOTE[8] (E.D.N.Y. 2004)) AND ENTITLEMENT AS TO APPELLANT'S JOB IS
CREATED THEREBY. A PROPERTY INTEREST IN EMPLOYMENT MAY BE
FOUND IN A CONTRACT, STATUTE, JUDGMENT, RULE OR REGULATION (SEE
BISHOP v. WOOD, 426 U.S. 341 (1976). THE SUPREME CT. HAS LONG
MAINTAINED THAT THE "RIGHT TO WORK" IS THE VERY ESSENCE OF
THE PERSONAL FREEDOM AND OPPORTUNITY THAT IS PROTECTED BY
DUE PROCESS CLAUSE (SEE TRUAX v. RAICH, 239 U.S. 33, AT 41 (1915)).
THE ORDERS OF THE USDC AND THE USCA ENTERED EX PARTE AND SUA
SPONTE IN THIS ACTION ACT TO TERMINATE APPELLANT'S
EMPLOYMENT AND TERMINATE APPELLANT'S "VESTED RIGHTS" W/O
OPPORTUNITY TO BE HEARD, W/O ANY OPPORTUNITY TO RESPOND
TO THE CHARGES THAT FORM THE BASIS FOR TERMINATION,
SEE CLEVELAND BD. OF ED. v. LOUDERMILL, 470 U.S. 532 (1985)
PRIOR TO TERMINATION APPELLANT IS ENTITLED TO NOTICE OF
THE REASONS & OPPORTUNITY TO REBUT, SEE GLENN v. NEWMAN
614 F.2d 467 (5TH CIR 1980). I DECLARE THIS TO BE TRUE AND
CORRECT UNDER PENALTY OF PURJURY.
DATED/MAILED/FILED: 4/10/06 · PG 38 OF 67

DUNCAN J. MCNEIL III
2030 W. SPOFFORD
SPOKANE, WA 99205
NOTICE OF CHANGE OF ADDRESS

P18:
DATE: _____
ACTION: _____



DUNCAN J. MCNEIL III
    APPELLANT &
    JUDGMENT CREDITOR
V.
U.S.A. ET. AL.
    APPELLEES &
    JUDGMENT DEBTORS

NOTICE OF CHANGE OF
ADDRESS: CLERK'S
ACTION REQUIRED.

CASE NO:

Ex PARTE MOTION FOR: ①
FINDING THAT THE APPELLANT
HAS A PROTECTED LIBERTY
INTEREST AT STAKE, IN THAT
APPELLANT'S GOOD NAME,
REPUTATION, HONOR OR
INTEGRITY IS AT STAKE
BECAUSE OF WHAT THE GOVT.
IS DOING TO APPELLANT; ②
RELIEF FROM "VEXATIOUS
LITIGANT", "STRIKE", "3-STRIKE"
AND "DOA ORDERS" ISSUED
EX PARTE, SUA SPONTE W/O
NOTICE & OPPORTUNITY TO BE HEARD

APPELLANT AND JUDGMENT CREDITOR BEING SWORN
UPON OATH HEREBY DECLARES: THAT I AM THE COURT
APPOINTED FUDICIARY AND ARM OF THE COURT, CHARGED
WITH AND COMPELLED TO ENFORCE AND EXECUTE
UPON 21 SEPARATE FINAL JUDGMENTS AND FINAL
CONSENT DECREES (SEE Ex PARTE TRO/OSC MOTION TO
ENFORCE WRITS, DATED/FILED IN THE USCA ON 12/30/05
PGS 1 OF 39 TO 39 TO 39, EX.2 PGS 38 39, AND WRITS 02-
0001 TO 02-0005, WHICH ARE INCORPORATED HEREIN) FOR
WHICH THE JUDGMENT CREDITOR IS THE LAWFUL OWNER
(AS A FIDUCIARY) AND THE SUCCESSOR IN INTEREST PURSUANT
TO 11 U.S.C. § 524(3)(A)(ii) AND OTHER PROVISIONS OF LAW),
CREATING A LEGALLY RECOGNIZED "EXPECTATION TO THE PROPERTY
AND THE JUDICIALLY ADJUDICATED RIGHTS, ESTABLISHED IN THE 21
SEPARATE FINAL JUDGMENTS, SEE SANTANA v. CALDERON, 342
F.3d 18, AT 23 (1ST CIR. 2003),(CITING TO Bd. OF REGENTS v. ROTH,
408 U.S. 564, AT 577 (1972). IN RESPONSE TO THE JUDGMENT
CREDITOR'S COURT COMPELLED ACTS TO ENFORCE THE 21
SEPARATE FINAL JUDGMENTS, AGAINST THE GOVERNMENTS, THE
GOVERNMENTS ON AN EX PARTE, SUA SPONTE BASIS, W/O OPPORTUNITY
TO BE HEARD, HAS MADE CHARGES AGAINST THE THE JUDGMENT
CREDITOR WHICH HAVE SERIOUSLY DAMAGED HIS STANDING AND
ASSOCIATIONS IN THE COMMUNITY, RESULTING IN W/O NOTICE AND
OPPORTUNITY TO BE HEARD: ① THE TERMINATION OF HIS MARRIAGE;
② THE TERMINATION OF HIS PARENTAL RIGHTS; ③ THE LOSS OF
HIS LIBERTY & FREEDOM; ④AND ④ THE LOSS OF HIS GOOD NAME,
REPUTATION, HONOR OR INTEGRITY, W/O LEGAL OR FACTUAL CAUSE
OR BASIS, W/O NOTICE AND OPPORTUNITY TO BE HEARD, THE GOVT.
HAS SUA SPONTE DECLARED HIM A "VEXATIOUS LITIGANT, AND GUILTY
OF MALICIOUS OR FRIVILOUS ACTIONS, "STRIKES" OR "3-STRIKES"
PLACING HIS GOOD NAME, REPUTATION, HONOR OR INTEGRITY AT
STAKE IN THIS ACTION, W/O NOTICE OR OPPORTUNITY TO BE HEARD,
RESULTING IN A DUE PROCESS VIOLATION, SEE GOSS v. LOPEZ, 419
U.S. 565, AT 574 (1975) QUOTING WISCONSIN v. CONSTANTIN EAU, 400 U.S.
433, AT 437 (1971). I DECLARE THIS TO BE TRUE, UNDER THE PENALTY OF
PERJURY, DATED/FILED MAILED ON 9/6/06.

PG __ 39 OF 16

TO: CHIEF JUDGE

DATED 5/16/06
LC-195

& RETALIATION

RE: COMPLAINT OF DISCRIMINATION

Mr. Duncan J. McNeil III
SPOKANE COUNTY JAIL
1100 W. Mallon
Spokane, WA 99260

PER 28 C.F.A.P.35.130(b);(b)(1)(i);(b)(1)(ii);(b)(1)(i
(b)(1)(vii);(b)(3); ADA TITLE II & SECTION 504; SECTION
503 AND 28 CFR 35.134 AND/OR        (RRA)
REQUEST FOR REASONABLE ACCOMMODATIONS FOR
ESTABLISHED DISABILITY PER ADA TITLE II (42 U.S.C. §
12101 ET. SEQ.) AND SECTION 504 (29 U.S.C. § 794)

GOOD MORNING!

AS A REASONABLE ACCOMMODATION TO MY ESTABLISHED
SSA DISABILITY, I AM REQUESTING ACCESS TO THE
BENEFITS, PROGRAMS, ACTIVITIES AND SERVICES OF
YOUR AGENCY/OFFICE, TO COMMENCE AND
INVESTIGATION, EITHER DIRECTLY, OR BY YOUR
REFERRAL TO ANOTHER AGENCY/OFFICE
OF THE SPOKANE CO. JAIL'S ONGOING AND
CONTINUOUS VIOLATIONS OF MY (AND OTHER
INMATES) 6TH AMEND RIGHTS TO A FAIR &
TRIAL/HEARING, BY THE JAIL'S ONGOING
SURREPTITIOUS SURVELIENCE AND MONIORTING
OF THE JAIL INMATE/ATTORNEY BOOTH.
THE JAIL HAS A CONSTITUTIONAL OBLIGATION TO
PROVIDE FOR CONFIDENTIALITY DURING LEGAL
VISITS (SEE JOHNSON-EL v. SCHOEMEHL, 878 F.29
1043, AT 1051-52 (8TH CIR 1989). AS SHOWN BY
THE ENCLOSED DECLARATION OF ATTORNEY
ROBERT CARUSO, THE JAIL HAS AN ONGOING
PRACTICE OF VIOLATING MINE AND OTHER
INMATES 6TH AMEND. RIGHTS. THIS IS
NOT THE FIRST TIME THAT THE JAIL
HAS MONITORED AND VIOLATED MY ATTORNEY
LEGAL STRATEGY VISITS, RESULTING IN
GREAT PREJUDICE AND THE INABILITY TO

PG 40 OR 67

RRA-                    PG 2 of 3

RECEIVE A FAIR TRIAL/HEARING, RESULTING IN IMPROPERLY OBTAINED INFORMATION THAT HAS AND WAS USED TO DENY ME MY LIBERTY. SEE STRICKLAND V. WASHINGTON, 466 U.S. 668, AT 692 (1984). PREJUDICE AGAINST MY INTERESTS, TO OBTAIN A FAIR TRIAL/RE-TRIAL) HEARING MUST BE PRESUMED, SEE STATE V. CORY, 62 WN. 2d 371, 373-74, 382 P.2d 1019 (1963) (WHERE JAIL OFFICIALS ELECTRONICALLY EAVESDROPPED ON AN INMATE'S CONVERSATIONS WITH HIS ATTORNEY IN A JAIL CONFERENCE ROOM) CORY, 62 WN.2d AT 372, HOLDING DISMISSAL OF THE CHARGES AGAINST THE INMATE WAS REQUIRED BECAUSE THE EAVESDROPPING VIOLATIONS WERE "SHOCKING AND UNPARDONABLE", CORY, 62 WN.2d AT 378. SUCH IS THE EXTENT OF THE VIOLATIONS IN MY CASES, AS SHOWN BY THE ATTACHED DECLARATION, MANDATING A COMPLETE INVESTIGATION BY YOUR AGENCY/COURT/OFFICE AND DISMISSAL OF ALL CHARGES AND CLAIMS AGAINST ME, IN ORDER TO CURB THE JAIL'S "ODIOUS PRACTICE OF EAVESDROPPING ON PRIVILEGED COMMUNICATION BETWEEN ATTORNEY AND CLIENT," SEE STATE V. GRANACKI, 90 WN. APP. 598, AT 603 (1998), QUOTING CORY, 62 WN.2d AT 378. AS A RRA DUE TO MY ESTABLISHED DISABILITY I REQUEST ACCESS TO THE BENEFITS OF YOUR PROGRAMS, SERVICES OR ACTIVITIES AS NECESSARY TO COMMENCE A COMPLETE INVESTIGATION INTO THESE CONSTITUTIONAL AND CIVIL RIGHTS VIOLATIONS, ALONG WITH ACCESS TO THE NECESSARY HEARINGS, PROCEEDINGS, PROGRAMS SERVICES OR ACTIVITIES NECESSARY TO HAVE THE CHARGES AGAINST ME DISMISSED AND MY LIBERTY FIRST ORDERED: I DECLARE THE FOREGOING TO BE TRUE AND CORRECT UNDER THE PENALTY OF PERJURY.

IN THE            COURT OF
OF SPOKANE COUNTY WASHINGTON

In re:                          )
                                )      DECLARATION OF
DUNCAN J. MC NIEL,              )      ROBERT E. CARUSO
                    Petitioner. )
        V.                      )
                                )
                    ,           )      .
                    Respondent. )
_____)

1. I hereby declare under penalty of perjury of the laws of the State of Washington that:

2. I am over the age of 18 years and make this declaration of my own personal knowledge and I am competent to be a witness in this matter if called upon to do so.

3. I am an attorney in the State of Washington in good standing licensed to practice before this court.

4. Duncan McNeil is a present as well as a former client.

5. I met with Mr. McNeil in the Spokane County Jail on 12/16/05 between the hours of 19:00 and 21:00 in the attorney's booth, on six East.

6. While there Mr. McNeil revealed his strategy to me about some upcoming legal matters.

7. In Mr. McNeil's enthusiasm for his coming legal strategy we were discussing he indicated to me in a figure of speech that his up coming revelations would be the equivalent of dropping a bomb that would blow his adversaries out of the water.

8. We were in the attorney booth at the time and the tone of our conversation was low to moderate.

,Declaration page 1.

PG 3 OF 4          PG 42 OF 67

CARUSO LAW OFFICES
1426 West Francis
Spokane, WA 99205
(509) 323-5210
(509) 326-9438 FAX

9. After our legal visit I was in the elevator on the way down to the main floor and a male voice came over the elevator intercom and asked me if I had a bomb in my brief case that would blow him out of the water to which I answered, "NO."

10. The person doing the questioning then began laughing.

11. The only way that the voice could have asked the question or been aware to ask that question was for some one in a position to spy would have been listening to our conversation in the attorney booth.

12. It is my firm belief that persons or personnel at the county jail are breaching the attorney client privilege by listening in on conversations between lawyers and clients in the attorney's booth.

Signed at Spokane, Washington under penalty of perjury this $/5$ Day of May 20006, by

Robert E. Caruso
29338

,Declaration page 2.

**CARUSO LAW OFFICES**
1426 West Francis
Spokane, WA 99205
(509) 323-5210
(509) 326-9438 FAX

P6 43 OF 67

P6 4 OF 4

TO: CHIEF JUDGE ALEXANDER
PROSECUTOR TUCKER
SHERIFF KNEZOVICH

DC #: 01
DATE: 8/24/06
TIME: 23:00

**SPOKANE COUNTY JAIL**
**INMATE GRIEVANCE/COMPLAINT FORM**

REQUEST FOR REASONABLE ACCOMMODATION

YOUR NAME: MCNEIL          DUNCAN    J.
                    LN          FN          MI

DATE: 8/24/06                          CELL ASSIGNMENT: 3E-05

DISCRIMINATION COMPLAINT - CITING CIVIL RIGHTS
VIOLATIONS AND CONSTITUTIONAL RIGHTS VIOLATIONS
Write below the details of your complaint:

I AM WRITING TO MAKE A COMPLAINT OF CRIMES
PURSUANT TO RCW 9.91.010(2); RCW 10.97.120
18 U.S.C. § 242,
AND OTHER APPLICABLE LAWS, AND TO MAKE A CLAIM &
COMPLAINT OF DISCRIMINATION PURSUANT TO
28 C.F.R. §§ 35.130 & 35.170; RCW 49.60
ALONG WITH A CLAIM & COMPLAINT OF HARRASMENT
RETALIATION, RETRIBUTION AND COERCION
PURSUANT TO 28 C.F.R. § 35.134; RCW
49.60.210; 42 U.S.C. §1997d, AND OTHER
APPLICABLE LAWS, AND A FIRST AMENDMENT
RETALIATION CLAIM, FOR INTENTIONAL ACTS

RECEIVED BY: AND ACTIONS BY    DATE: SPOKANE
ACTION TAKEN: COUNTY JAIL STAFF. (SCJ) I AM AN
INDIVIDUAL WITH A PERMANATE SSA
DISABILITY WHO IS OTHERWISE QUALIFIED
TO PARTICIPATE IN AND RECEIVE THE BENEFIT
OF THE PROGRAMS, ACTIVITYES OR SERVICES
OF SCJ, WHICH I WAS EXCLUDED FROM
PARTICIPATION IN OR DENIED THE BENEFITS
OF, OR IN SOME OTHER WAY

SIGNED OFF BY: DISCRIMINATED    DATE: AGAINST

c:  Jail Commander                Classification    PG 1 OF 5
    Corrections Lieutenant        Inmate File
    Office Supervisor         PG 42 OF 67
    Nurse Supervisor         PG 11 OF 92

DISCRIMINATION COMPLAINT / PG 2 OF 5 / DC # 01

WITH THE DISCRIMINATION, RETALIATION
DENIAL OF BENEFITS OR EXCLUSION
BEING BECAUSE OF MY DISABILITY,
IN VIOLATION OF THE ADA TITLE II
(42 U.S.C. §§12131-12134) AND SECTION
504 OF THE REHABALITATION ACT OF
1973 (29 U.S.C. § 794), 42 U.S.C. §
1997a(a) AND OTHER APPLICABLE LAWS,
STATUTES, RULES AND REGULATIONS.
I HAVE FURTHER BEEN THE VICTIM
OF KNOWINGLY AND INTENTIONAL
FALSIFIED DISCIPLINARY / PROBATION
VIOLATION CHARGES, AND THE VICTIM
OF INTENTIONALY FALSIFIED CHRIMINAL
HISTORY RECORD INFORMATION (CHRI)
IN VIOLATION OF RCW 10.97.110.
THROUGH OUT MY UNLAWFUL
INCARCERATION I HAVE SUFFERED
NUMEROUS INSTANCES OF
CONTINIOUS AND ONGOING
HARASSMENT, DESCRIMINATION,
RETALIATION, RETRIBUTION,
COERCION, INTENTIONAL
INDIFFERENCE AND CRUEL
AND UNSUAL PUNISHMENT
WHICH IS FULLY DOCUMENTED
IN MY INMATE JAIL/MEDICAL

PG 45 OF 67

PG 2 OF 5

1  FILES, WHICH IS INCORPORATED
2  HEREIN, AND WHICH IS
3  SUMMARIZED AS FOLLOWS:
4      1. I HAVE NOT BEEN
5  ALLOWED OUT DOORS, IN THE
6  SUNSHINE FOR FOR EXERCISE,
7  FOR SINCE MARCH 9, 2005,
8  FOR OVER 18 MONTHS,
9  OVER 450 DAYS;
10     2. I HAVE SUFFER
11 OVER 20 DORMITORY HOUSING
12 CHANGES, W/O ANY NOTICE,
13 HEARING OR OPPORTUNITY TO
14 BE HEARD, ALL BASED UPON
15 FALSIFIED DISPLIN ARY
16 CHANGES.
17     3. I HAVE BEEN
18 DENIED MY PRESCRIBED
19 MEDICATIONS, STRESS, ANXIETY
20 & PAIN;
21     4. I HAVE BEEN
22 DENIED ADEQUATE &
23 REQUIRED MEDICAL/DENTAL
24 CARE;
25     5. I HAVE SUFFERED
26 AND BEEN THE VICTIM IN
27 OVER 5 SEPARATE INMATE
28 GUARD BRUTAL ASSAULTS,

PG
46
OF
67

PAGE _ OF _          PG 3 OF 5

1. THREATS TO KILL, W/ NO
2. INVESTIGATION PROSECUTION OR
3. ACTION BY THE JAIL OFFICIALS:
4.      6. I HAVE SUFFERED
5. A CONTINUOUS & ONGOING
6. "BOUNDS VIOLATION" OF A TOTAL
7. AND COMPLETE DENIAL OF
8. ADEQUATE AND MEANINGFULL
9. ACCESS TO THE JAIL LAW
10. LIBRARY/ COPIER, W/ ACTUAL
11. INJURY OF THE INABILITY
12. TO EFFECTIVELY PREPARE
13. & PRESENT MY CLAIMS OR
14. ENFORCE AND VINDICATE MY
15. RIGHTS:
16.      7. I HAVE BEEN
17. CONTINUALLY BEEN DENIED
18. ADEQUATE HYGINE, CLOTHING
19. & FOOD:
20.      8. I HAVE BEEN THE
21. VICTIM OF NUMEROUS RETALIATORY
22. CELL & BODY CAVITY SEARCHES,
23. W/O CAUSE OR BASIS:
24.      9. I HAVE BEEN
25. CONTINUALLY DENIED INMATE
26. WORKER STATUS, AND THE
27. BENEFITS ASSOCIATED
28. THEREWITH:

PG 47 OF 67
PAGE ___ OF ___        PG 4 OF 5

10. I HAVE BEEN THE
VICTIM OF AT LEAST 5
SEPARATE & ON LAW FUR
SEIZURES OF MY PERSON,
AND RETENTION IN ISOLATION
IN THE "HOLE" W/O HEARING,
NO NOTICE OR OPPORTUNITY TO
BE HEARD, IN RETALIATORY
ACTS & ACTIONS, AND
HARASSMENT AND BASED
UPON FALSIFIED DISCIPLINARY
REPORTS, OR FOR NO
REASON AT ALL.

11. AND WORST OF ALL I,
SINCE 11/22/02, FOR 3½ YEARS,
HAVE BEEN DENIED ALL CONTACT
COMMUNICATION, CARE, CUSTODY,
VISITATION, COMPANIONSHIP, LOVE
AND COMPASSION FROM MY TWO
WONDERFUL CHILDREN, A RIGHT
MORE PRECIOUS THAN MY LIFE
IT SELF.

12. DUE TO ALL OF THE
FOREGOING I HAVE SOFFERED
EXTREME PAIN, SUFFERING, ANXIETY
WHICH CAN NOT EVEN BE DESCRIBED.
I DECLARE THE FOREGOING
UNDER THE PENALTY OF PERJURY.
DATED: 8/24/06
P649 OF 67    PAGE 22 OF 22    P650 OF5

COLLATERAL ATTACK ON "STRIKE" ORDERS

THE JUDGMENT CREDITOR HEREBY MAKES A COLLATERAL ATTACK ON ALL: ① "VEXATIOUS LITIGANT" ORDERS; ② PRE-FILING ORDERS OR ORDERS RESTRICTING ACCESS TO THE COURTS: ③ SUA SPONTE DISMISSAL ORDERS DECLARING A "STRIKE"; AND ④ SUA SPONTE "3-STRIKE" DISMISSAL ORDERS OR "STRUCK-OUT" ORDERS

JUDGMENT CREDITOR BEING SWORN UPON OATH HEREBY DECLARES:

1.01   THE JUDGMENT CREDITOR HAS BEEN THE VICTIM ON NUMEROUS NON-JUDICIAL ACTS, IN "A CLEAR ABSENCE OF ALL JURISDICTION" OR CONTRARY TO ESTABLISHED STATUTE OR CASE LAW AUTHORITY, RESULTING IN THE UNLAWFUL ISSUANCE OF: ① "VEXATIOUS LITIGANT" ORDERS; ② PRE-FILING ORDERS AND/OR ORDERS (OR OTHER RESTRAINING ORDERS) RESTRICTING ACCESS TO THE COURTS; ③ SUA SPONTE DISMISSAL ORDERS, DECLARING A "STRIKE" UNDER 28 USC § 1915; AND/OR ④ SUA SPONTE "3-STRIKE" DISMISSAL ORDERS, OR "STRUCK-OUT" ORDERS, PURSUANT TO 28 USC § 1915(9). ALL SUCH ORDERS ARE HEREINAFTER REFERRED TO AS "DENIAL OF ACCESS ORDERS", OR "DOA ORDERS". ALL SUCH "DOA ORDERS" ARE HEREBY COLLATERALLY ATTACKED BY THIS MOTION/PETITION/ACTION, ARE

PG 50 OF 67

TODD GMENT CREDITOR'S LIBERTY, PROPERTY, OR RESTRICTING TAKING OR THE LIMITING HIS PARENTAL RIGHTS, IN ANY WAY. ① INCLUDING ALL ORDERS, JUDGMENTS OR SENTANCES

-1

1.01 (CONT). HEREBY DECLARED TO BE "VOID AB INITIO" ORDERS OF NO FORCE AND EFFECT, AND A LEGAL NULLITY.

1.02 ALL SUCH "DOA ORDERS" WERE ENTERED IN: VIOLATION OF①DUE PROCESS. W/O NOTICE OR MEANINGFULL OPPORTUNITY TO BE HEARD ON THE MERITS:② "A CLEAR ABSENCE OF ALL JURISDICTION", BY NON-JUDICIAL ACTS:③ IN VIOLATION OF THE TERMS OF THE "FOREIGN JUDGMENTS" (EX.2);④ IN VIOLATION OF THE REIMPOSED AUTOMATIC STAY (11 U.S.C. §362) ESTABLISHED BY THE "FOREIGN JUDGMENTS";⑤ IN VIOLATION OF THE DISCHARGE AND DISCHARGE INJUNCTION (11 U.S.C. §524 & 11 U.S.C. §1141) ESTABLISHED BY THE "FOREIGN JUDGMENTS" (EX.2); AND/OR⑥ ~~EXCESS~~ ~~OF THE~~ A NON-JUDICIAL ACT GRANTING RELIEF IN EXCESS OF THAT PLED, OR IN EXCESS OF THAT SPECIFICALLY PRESERVED BY THE "FOREIGN JUDGMENTS" (EX.2).

1.03 THE JUDGMENT CREDITOR HEREBY ASSERTS AS DEFENSES TO THE "VOID AB INITIO"-"DOA ORDERS", THE DOCTRINES OF:① RES JUDICATA:② COLLATERAL ESTOPPEL;③ ISSUE OR CLAIM PRECLUSION; AND④ THE DEFENSE

-2          PG 8 OF 67

OF ABSOLUTE QUASI-JUDICIAL IMMUNITY,
AND THE JUDGMENT CREDITOR, IN THIS
MOTION/PETITION/ACTION AND COLLATERAL
ATTACK, HEREBY GIVES NOTICE OF
DEFENSE BASED UPON PUBLIC
AUTHORITY, PURSUANT TO FEDERAL
CRIMINAL RULE 12.3, SEE WARDIUS V.
OREGON, 412 U.S. 470, 93 S.CT. 2208
(1973).

1.04 THE JUDGMENT CREDITOR
HEREBY GIVES NOTICE, AND CERTIFIES
THAT AT ALL TIMES IN RELATION
TO THE "DOA ORDERS", THE
JUDGMENT CREDITOR WAS ACTING AS
COURT APPOINTED FUDICIARY AND
"ARM-OF-THE-COURT", AS AN "OFFICER
OF THE UNITED STATES", AS DEFINED
BY 42 U.S.C. § 1985(1), APPOINTED
PURSUANT TO 11 U.S.C. § 1123(b)(3)(B),
AND AS THE DIRECT AND/OR INDIRECT
TRANSFEREE OF, OR SUCCESSOR IN
INTEREST TO THE REORGANIZED
DEBTOR AND THE DEBTOR ESTATE,
AS ESTABLISHED BY 11 U.S.C. §
524(9)(3)(A)(ii), CHARGED WITH AND
COMPELLED BY, FEDERAL COURT ORDER(S)
WITH THE FULL AND COMPLETE
EXECUTION AND ENFORCEMENT OF
THE "FOREIGN JUDGMENTS" (EX.2).

PG 52 OF 67

-3

1.05  ACCORDINGLY, THE JUDGMENT CREDITOR, HAS AND CLAIMS COMPLETE AND ABSOLUTE QUASI-JUDICIAL IMMUNITY AS TO ALL SUCH "DOA ORDERS" WHICH PURPORT TO TAKE, RESTRICT OR IMPINGE UPON THE JUDGMENT CREDITOR'S LIBERTY, PROPERTY, PARENTAL RIGHTS, OR OTHER CONSTITUTIONAL OR CIVIL RIGHTS, IN ANY RESPECT.

1.06  THE JUDGMENT CREDITOR HEREBY ASSERTS AND CHARGES THAT ALL SUCH "DOA ORDERS" WERE ISSUED AND ENTERED IN NON-JUDICIAL ACTS, UNDERTAKEN IN A POLITICAL AND CRIMINAL CONSPIRACY (AS DEFINED BY 42 USC§1985) TO INTERFERE WITH, AND IN RETALIATION AND RETRIBUTION FOR THE JUDGMENT CREDITOR HAVING SOUGHT TO EXERCISE HIS CONSTITUTIONAL RIGHT (AND COURT ORDERED OBLIGATION) FOR THE GRANTING OF FULL FAITH & CREDIT TO, AND THE EXECUTION AND ENFORCEMENT OF, THE "FOREIGN JUDGMENTS"

1.07  THE APPLICATION OF 28 U.S.C. §1915(9), AND THE CLAIMED "STRIKE" AND "3-STRIKE" ORDERS REPRESENT AN UNCONSTITUTIONAL INFRINGEMENT ON

-4    PG 53 OF 67

(1.07 CONT.)

THE JUDGMENT CREDITOR'S FUNDAMENTAL RIGHT OF ACCESS TO THE COURTS. IN WILSON v. SANFORD, 148 F.3d 596, AT 605 (6TH CIR 1998), CITING TO PATSY v. BD. OF REGENTS OF FLORIDA, 457 U.S. 496 AT 506-07(1982) AND HAMPTON v. HOBBS, 106 F.3d 1281, AT 1285 (6TH CIR. 1997), IT WAS HELD THAT AS LONG AS THE LITIGANT HAD AN "AVAILABLE" JUDICIAL FORUM (STATE COURT), THAT 28 U.S.C § 1915(9) WAS AND "STRIKE" AND "3-STRIKE" ORDERS RESULTING THEREFROM WERE NOT UNCONSTITUTIONAL. IN THE CASE OF THE INSTANT JUDGMENT CREDITOR, THE STATE COURTS (SPOKANE CO. SUPERIOR COURT, COURT OF APPEALS, DIV III AND WASHINGTON SUPREME (COURT) HAVE ALL PREVIOUSLY UNLAWFULLY DENIED THE JUDGMENT CREDITOR IFP STATUS, AND HAVE PURPORTEDLY BARRED THE JUDGMENT CREDITOR FROM SEEKING FULL FAITH & CREDIT AND THE EXECUTION AND ENFORCE- MENT OF THE "FOREIGN JUDGMENTS" IN ANY COURT IN THE STATE OF WASHINGTON. AT THE TIME THAT THE FOREIGN COURTS JUDGMENT CREDITOR SOUGHT IFP ACCESS

54 OF 67

Pb

-5

(1.07 cont.)

TO THE FEDERAL COURTS, AND THE FEDERAL COURTS BEGAN SUA SPONTE ISSUANCE OF "STRIKE" AND "3-STRIKE" ORDERS, ON 11/9/04, THE JUDGMENT CREDITOR HAD ALREADY BEEN DENIED ALL ACCESS TO THE STATE COURTS, (UNLAWFULLY & UNCONSTITUTIONALLY, AND IN VIOLATION OF RCW 7.36.140, SEE SMITH v. WHATCOM CO., 147 WASH. 2d 98 (2002)), AND IFP ACCESS TO THE FEDERAL COURTS, WAS THE JUDGMENT CREDITOR'S ONLY REMAINING FORUM. IN LIGHT OF THESE FACTS, AND THE HOLDINGS IN WILSON, DAISY AND HAMPTON, THE APPLICATION OF 28 U.S.C. §1915(9) AND THE SUA SPONTE ISSUANCE OF "STRIKE" AND "3-STRIKE" DISMISSALS, IN NON-JUDICIAL ACTS, ARE UNCONSTITUTIONAL AND CONSTITUTE AN UNCONSTITUTIONAL INFRINGEMENT ON THE JUDGMENT CREDITOR'S FUNDAMENTAL RIGHT OF ACCESS TO THE COURTS, RENDERING ALL FEDERAL "DOA ORDERS" TO BE "VOID AB INITIO".

1.08 THE VAST MAJORITY OF THE §1915 "STRIKE" AND "3-STRIKE" SUA DISMISSAL ORDERS WERE ISSUED IN ACTIONS/PETITIONS TO COMPEL OFFICERS OF THE UNITED STATES TO PERFORM

PG 55 67

-6

(1.08 cont.)

MANDATORY, NON-DISCRETIONARY
AND MINISTERIAL DUTIES OWED TO
THE JUDGMENT CREDITOR, SUCH
AS: THE RESTORATION OF THE
JUDGMENT CREDITOR'S PARENTAL RIGHTS;
② THE GRANTING OF FULL FAITH &
CREDIT TO THE "FOREIGN JUDGMENTS"
AND/OR ③ VACATING AND DECLARING
"VOID AB INITIO" JUDGMENTS OR ORDERS
ENTERED IN "A CLEAR ABSENCE OF
ALL JURISDICTION" AND CONTRARY
TO ESTABLISHED STATUTES AND
CASE LAW AUTHORITY, IN NON-
JUDICIAL ACTS. IT IS WELL
SETTLED THAT ALL MANDAMUS
ACTIONS OR PETITIONS (SUCH AS THIS
MOTION/ACTION/PETITION) BROUGHT
PURSUANT TO 28 U.S.C. § 1361 ARE
NOT SUBJECT TO THE PRISON
LITIGATION REFORM ACT (PLRA),
28 U.S.C. § 1915. PETITIONER,
SEEKING TO COMPEL DISTRICT COURT
TO ACT ON HIS PENDING HABEAS
PETITION DID NOT HAVE TO COMPLY
WITH THE FEE REQUIREMENTS OF
THE PLRA, MADDEN v. MYERS,
112 F.3d 74 (5ᵗʰ CIR 1997); PETITION
FOR WRIT OF MANDAMUS THAT AROSE

7

PG — # 56 & 67

(1.08 CONT)

OUT OF APPLICATION FOR POSTCONVICTION RELIEF, WAS _NOT_ SUBJECT TO FEE PAYMENT REQUIREMENTS UNDER THE PLRA. FOR PRISIONERS DESIRING TO APPEAR IFP, _IN RE STONE_, 118 F. 3d 1032 (5TH CIR. 1997): FILING FEE REQUIREMENTS OF PLRA _DID NOT_ APPLY TO A PRISIONER'S PETITION FOR WRIT OF MANDAMUS, FILED IN COURT OF APPEALS SEEKING TO COMPEL JUDGE IN CRIMINAL CASE TO RULE ON RECUSAL MOTION, _IN RE NAGY_, 89 F. 3d 115 (2ND CIR. 1996). AS SUCH ALL "DOA ORDERS" ENTERED IN THE JUDGMENT CREDITOR'S ACTIONS/ PETITIONS FOR MANDAMUS DECLARING A "STRIKE" OR A "3-STRIKE" DISMISSAL UNDER THE PLRA ARE VOID AND OF NO FORCE AND EFFECT.

1.09 AFTER BEING UNLAWFULLY DENIED ACCESS TO STATE COURTS, THE JUDGMENT CREDITOR SOUGHT RELIEF IN FEDERAL COURT, REQUESTING IFP ACCESS TO: ① CHALLANGE THE SUA SPONTE RETALIATORY TERMINATION OF HIS PARENTAL RIGHTS; ② CHALLENGE HIS UNLAWFULL LOSSES OF LIBERTY & PROPERTY, DETENTIONS, INCARCERATIONS

-8

PG 57 OF 67

AND/OR CLAIMED CRIMINAL CONVICTIONS,
BY APPEAL. THE U.S. SUPREME
COURT HAS HELD THAT THE
CONSTITUTION REQUIRES THE WAIVER
FOR INDIGENT PERSONS WHO ARE
CHALLENGING TERMINATION OF THEIR
PARENTAL RIGHTS (SEE MLB v. SLJ
519 U.S. 102 (1996)) OR SEEKING
A DIVORCE, OR TO CHALLENGE A VOID
DIVORCE DECREE (SEE BODDIE v.
CONNECTICUT, 410 U.S. 371, AT
374 (1971)). IN THIS INSTANCE,
THE JUDGMENT CREDITOR SOUGHT
TO CHALLANGE THE RETALIATORY TERMINATION OF
HIS PARENTAL RIGHTS, AND TO VACATE
AND VOID THE 12/8/03 DECREE, BY ALL
ACTIONS TO ENFORCE THE "FOREIGN
JUDGMENTS", AND AS SUCH THE
CONSTITUTION REQUIRES THE WAIVER
OF THE FILING FEES IN ALL SUCH
ACTIONS, THEREBY VOIDING ALL SUCH
IFP DENIALS, AS TO "FUNDAMENTAL INTERESTS".

    1.10 THE JUDGMENT CREDITOR
IS NOT A PERSON WHO IS LAWFULLY
"INCARCERATED OR DETAINED IN ANY
FACILITY WHO IS ACCUSED OF, CONVICTED
OF, SENTANCED FOR, OR ADJUDICATED
DELINQUENT FOR, VIOLATIONS OF
CRIMINAL LAW OR THE TERMS AND
CONDITIONS OF PAROLE, PROBATION,

-9

PG ~~46~~ ~~58~~ ~~65~~ 67

(109 cont)

PRETRIAL RELEASE, OR DIVERSIONARY PROGRAM." THE JUDGMENT ⇐CREDITOR IS A "CIVIL DETAINEE" UNLAWFULLY INCARCERATED DUE TO "VOID AB INITIO" CIVIL ORDERS, ISSUED IN "A CLEAR ABSENCE OF ALL JURISDICTION" AND IN NON-JUDICIAL ACTS, CONTRARY TO CLEARLY ESTABLISHED STATUTE AND CASE LAW AUTHORITY, WHO IS THEREFORE NOT SUBJECT TO THE PLRA 28 U.S.C. § 1915(9), AS A "CIVIL DETAINEE," SEE TROVILLE v. VENZ, 303 F.3d 1256, AT 1260 (11ᵀᴴ CIR 2002); PAGE v. TORREY, 201 F. 3d 1136, AT 1139 (9ᵀᴴ CIR. 2000).

AS SUCH ALL "STRIKE" OR "3-STRIKE" ORDERS ISSUED AGAINST THE JUDGMENT CREDITOR, ARE VOID, ISSUED IN "A CLEAR ABSENCE OF ALL JURISDICTION" 1-10(A)⇐110 EACH OF THE "STRIKE" OR "3-STRIKE" DISMISSALS CLAIMED AGAINST THE JUDGMENT CREDITOR IS IN RELATION TO AN ACTION THAT WAS THEN, AND IS STILL NOW PENDING EITHER BEFORE THE DISTRICT COURT, OR PENDING ON APPEAL, BY THE FILING OF A TIMELY NOTICE OF APPEAL.

-10        PG. 59 67

IT IS WELL ESTABLISHED THAT #
COUNTABLE "STRIKES" UNDER THE
PLRA INCLUDE ONLY DISMISSALS
FOR WHICH AN APPEAL HAS BEEN
EXHAUSTED OR WAIVED, SEE
ADEPEGBA V. HAMMONS, 103 F.3d
383, AT 388 (5TH CIR (996);
PATTON V. JEFFERSON C.C., 136
F.3d 458, AT 462 (5TH CIR 1998);
SUCH A DISMISSAL, PENDING
APPEAL CAN NOT BE CONSIDERED
A "STRIKE" COUNTABLE AGAINST
THE JUDGMENT CREDITOR, AS
REVERSAL OF THE "STRIKE DISMISSAL"
WOULD NULLIFY THE STRIKE,
ADEPEGBA, 103 F.3d AT 387;
PATTON, 136 F.3d AT 464. IN
THE ☒ INSTANT CASE(S) THE
JUDGMENT CREDITOR HAS NO
COUNTABLE STRIKES, AS ALL
ACTIONS CLAIMED AS "STRIKES"
ARE EITHER STILL PENDING BEFORE
THE DISTRICT COURT, OR A TIMELY
NOTICE OF APPEAL WAS FILED
AND THE APPELLATE REVIEW OF
THE ☒ EACH CLAIMED
"STRIKE" IS NOT EXHAUSTED.
1·11 IT IS AN ERROR FOR
THE DISTRICT COURT TO RECORD A

PG _ ☒ 60 ☒ 67

—11

"STRIKE" AT THE TIME OF THE INITIAL SUA SPONTE DISMISSAL, SEE STEWART V. LYLES, 66 FED. APP X.18, AT 22 AT HEADNOTE [9]. THE DESIGNATION OF A "STRIKE" HAS NO PRACTICAL CONSEQUENCES UNTIL A DEFENDANT IN A PRISONER LAW SUIT, RAISES THE CONTENTION THAT THE PRISONER'S SUIT OR APPEAL MAY NOT BE MAINTAINED IFP PURSUANT TO 28 USC § 1915, BECAUSE THE PRISONER IS ALLEGED TO HAVE ACCUMULATED THREE STRIKES, SEE SNIDER V. MELINDEZ, 199 F.3d 108, AT 115, HEADNOTE [5]ii. NOT A SINGLE ONE OF THE JUDGMENT CREDITOR'S THREE STRIKE SUA SPONTE DISMISSALS WAS ENTERED IN RESPONSE TO A MOTION BY THE OPPOSING PARTY, AND ALL OF THE JUDGEMENT CREDITOR'S CLAIMED STRIKES WERE ERRONEOUSLY RECORDED BY THE DISTRICT COURT, AT THE TIME THE INITIAL SUA SPONTE DISMISSAL WAS ENTERED.

    1.12 A REVERSAL OF A SUA SPONTE DISMISSAL DECLARED A "STRIKE" NULLIFIES THE "STRIKE", SEE ADEPEGBA V. HAMMONS, 103 F.3d 383,

(5TH CIR. 1996)

AT 387, HEAD NOTE [5]. AS A DISMISSAL
SHOULD NOT COUNT AS A "STRIKE" AGAINST
A PRISONER UNTIL HE HAS EXHAUSTED
OR WAIVED HIS APPEALS. ANY OTHER
INTERPRETATION OF 28 USC § 1915(G)
WOULD POSE A RISK OF PUNISHING
AN INDIGENT LITIGANT FOR
NONCULPABLE CONDUCT (SEE
ADEPEGBA, ID., 103 F.3d AT 387-88,
HEAD NOTE [6]) AS HAS BEEN
WRONGFULLY DONE TO THE JUDGMENT
CREDITOR.

1.13  SEVERAL COURTS HAVE
WRONGFULLY ENTERED SUA SPONTE
DISMISSALS FOR FAILING TO FILE A
   (THE JUDGMENT CREDITOR)
   (IFF)
COMPLETE PETITION CONSISTENT
WITH §1915(G), OMITTING THE JAIL STATEMENT,
A PARTIAL FILING FEE, THE ENTIRE FILING
FEE, A DISCLOSURE THAT THE JUDGMENT
CREDITOR HAS ALLEGEDLY "STRUCK OUT" OR
SOME OTHER CLAIMED DEFECT. SUCH
SUA SPONTE DISMISSALS FOR A CLAIMED
FAILURE TO MEET THE STATUATORY
REQUIREMENTS OF THE PLRA ARE
INVALID. SEE JACKSON v. STINNETT, 102
F.3d 132, AT 136, HEAD NOTE [7], (5TH CIR.
1996); COVINO v. REOPEL, 89 F.3d 105,
AT 108-09 (2ND CIR. 1996) (APPLYING PLRA
AND GIVING PLAINTIFFS 30 DAYS TO MEET

-13

PG 62 OF 67

STATUATORY REQUIREMENTS).

1.14  EACH AND EVERY *SUA
SPONTE "STRIKE" OR "3 STRIKE". DISMISSALS
WAS MADE SUA SPONTE BY THE
DISTRICT COURT, ON IT'S OWN MOTION,
WITHOUT AFFORDING THE JUDGMENT
CREDITOR NOTICE AND OPPORTUNITY TO
BE HEARD. AS SUCH ALL SUA
SPONTE "STRIKE" OR "3-STRIKE"
DISMISSALS MUST BE VACATED. SEE
PEREZ V. ORTIZ, 849 F.2d 793, AT 797
(2ND CIR 1988); SQUARE D CO. V. NIAGARA
FRONTIER TARIFF BUREAU, 760 F.2d 1347,
1365 (2ND CIR 1985); SCHLESINGER & INV.
PARTNERSHIP V. FLUOR CORP, 671 F.2d 739,
AT 742 (2ND CIR 1982); EADES V. THOMPSON,
823 F.2d 1055, AT 1062 (7TH CIR 1987) AND
SNIDER V. MELINDEZ, 199 F.3d 108,
AT 112, HEADNOTE [2] (2ND CIR 1999).

1.15  THE "3-STRIKE" DISMISSAL OF
A INDIGENT INMATE'S ACTION OR APPEAL,
ON A SUA SPONTE BASIS, WITHOUT
A NOTICE AND A MOTION FROM THE
DEFENDANT OR OPPOSING LITIGANT
IS A NON-JUDICIAL ACT IN "A CLEAR
ABSENCE OF ALL JURISDICTION" WHICH
INVOLVES THE COURTS IN DISPUTES
THAT MIGHT NEVER HAVE ANY
PRACTICAL CONSEQUENCE. SEE DELEON
VDOE, 361 F.3d 93, AT 95 (2ND CIR 2004)

-14

PG 63 OF 67

QUOTING FROM <u>SNIDER v. MELENDEZ</u>, 199 F.3d 108, AT 115 (2ND CIR. 1999). EACH AND EVERY ONE OF THE "3-STRIKE" DISMISSALS MADE AGAINST THE JUDGMENT CREDITOR, WAS MADE IN A SUA SPONTE NON-JUDICIAL ACT, IN THE ABSENCE OF A MOTION FROM THE OPPOSING PARTY AND WITHOUT NOTICE OR OPPORTUNITY TO BE HEARD, IN "A CLEAR ABSENCE OF <u>ALL</u> JURISDICTION" RENDERING ALL SUCH "3-STRIKE" SUA SPONTE DISMISSALL TO BE "VOID AB INITIO".

1.16  THE "DOA ORDERS" AT ISSUE IN THIS PETITION/MOTION/ACTION WERE ISSUED IN NON-JUDICIAL ACTS W/O NOTICE OR OPPORTUNITY TO BE HEARD, IN VIOLATION OF DUE PROCESS. RENDERING THE "DOA ORDERS" VOID AND SUBJECT TO COLLATERAL ATTACK, AT ANY TIME, THEIR VALIDITY IS QUESTIONED. SEE <u>BLUME v. U.S.</u>, 40 BR. 551, AT 553, HEADNOTES [5],[6] #[7] (D.C. SD 1984); <u>BRADLEY v. ST. LOUIS TERMINAL WAREHOUSE CO.</u> 189 F.2d 818, AT 824, HEADNOTE [13] (8TH CIR 1951); <u>JONES v. GILES</u>, 741 F.2d 245, AT 248, HEADNOTES [4] & [6] (9TH CIR. 1984); <u>CHICOT CO. DRAINAGE DIST v. BAXTER ST. BANK</u>, 308 U.S. 371, AT 376-77 (1940); <u>GRACIETTE v. STAR GUIDANCE INC</u>, 66 F.R.D. 424, AT 428-29, (SD.NY. 1975).

-15-                    PG 64 OF 67

1.17 The reimposed automatic stay, pursuant to 11 U.S.C. § 362, established by the "Foreign Judgments" (Ex. 2), which were the subject of the actions where the "DOA orders" were entered, (see HILLIS MOTORS INC v HAWAII AUTO DEALERS ASS'N, 997 F.2d 581 at 585-90 (9th Cir 1993); WOLF V. WEINSTEIN, 372 U.S. 633, at 643 (1963); PEPPER v LITTON 308 U.S. 295, at 306 (1939); IN RE NAT. ENV. WASTE CORP., 200 F.3d 1266, at 1268 (9th Cir. 2000); IN RE SMITH, 141 F.3d 1179 (9th Cir 1998); and IN RE CELEBRITY HOME ENT. INC., 210 F.3d 995, at 998 (9th Cir 2000)) acts to void all of the "DOA orders", automatically, as they were entered in violation of the reimposed automatic stay (IN RE SCHULTZ 954 F.2d 569 (9th Cir 1992); IN RE CALDER 907 F.2d 953 (10th Cir 1990)). The Federal District Courts, are limited in their jurisdiction by the reimposed automatic stay established in the "Foreign Judgments", to the entry of orders that are NOT inconsistent with the terms of the "Foreign Judgments" (Ex. 2), see PICCO v. GLOBAL MARINE, 900 F.2d 846 (5th Cir 1990).

-16

PG 65 of 67

1.18 AT ALL TIMES IN THE ACTIONS WHERE THE "DOA ORDERS" WERE ISSUED, I WAS ACTING IN MY OFFICIAL CAPACITY, AS THE COURT APPOINTED TRUSTEE, SEEKING TO EXECUTE AND ENFORCE THE "FOREIGN JUDGMENTS" (EX. 2), AS SUCH ALL ACTS, ACTIONS OR CLAIMS TAKEN AGAINST ME, WHILE ACTING IN MY OFFICIAL CAPACITY, SUCH AS THE "DOA ORDERS" ARE "VOID AB INITIO", SEE IN RE MARKOS GURNEE PARTNERSHIP, 182 B.R. 211 (BANKR. N.D. IL. 1995).

1.19 AS A MATTER OF LAW, THE JUDGMENT CREDITOR CAN, AND HAS, SIMPLY IGNORE(D) THE "DOA ORDERS", AS A MATTER OF FEDERAL STATUTE, 11 U.S.C. § 524(a)(1), PURSUANT TO THE DISCHARGE AND DISCHARGE INJUNCTION ESTABLISHED BY THE "FOREIGN JUDGMENTS". IN THE 1978 AMENDMENTS TO THE BANKRUPTCY ACT, CONGRESS EXPRESSLEY MADE IT LAWFUL FOR THE JUDGMENT CREDITOR, TO SIMPLY IGNORE ALL JUDGMENTS OR ORDERS SUCH AS THE "DOA ORDERS" WHICH GRANT RELIEF AGAINST THE JUDGMENT CREDITOR, THAT WAS NOT SPECIFICALLY PRESERVED WITHIN THE "FOREIGN JUDGMENTS". SEE DUNBAR V. CONTRACTORS LIC. BD., 235 B.R. 465 (9TH CIR 1999); IN RE ALDRE, INC, 216 B.R.

-17

PG 66 OF 67

19, AT 29 (9TH CIR BAP 1997); IN RE SCHWARTZ 954 F.2d 569, AT 573-75 (9TH CIR 1992); (GONZALES v. PARKS), 830 F.2d 1033 (9TH CIR 1987); IN RE FRANCESCHI, 268 B.R. 219, AT 226 (9TH CIR BAP 2001); IN RE CRUZ, 254 B.R. 801, AT 810 (BANKR S.D. N.Y. 2000); IN RE PAVELICH, 229 B.R. 777, AT 781 (9TH CIR BAP 1999); 4 LAURENCE P. KING, ET. AL, COLLIER ON BANKRUPTCY ¶ 524-13 [1] (15TH ED. REV. 1998); IN RE HENSZER, 248 B.R. 488, AT 491 (BANKR D. N.J. 2000).

1.20 ACCORDINGLY, THIS COURT HAS A MANDATORY, NON-DISCRETIONARY AND MINISTERIAL DUTY TO VACATE AND DECLARE "VOID AB INITIO" EACH AND EVERY "DOA ORDER", AT ISSUE HEREIN, SEE JORDAN v. GILLIGAN, 500 F.2d 701, AT 704 (6TH CIR 1974); 7 J. MOORE FEDERAL PRACTICE, ¶ 60.25 (2) AT 301 (2ND ED. 1973) AND LUBBEN v. SELECTIVE SERVICE, 453 F.2d 645 (1ST CIR 1972); CHAI v. KONG 93 P3d 936 (WASH. APP. DIV. I 2004).

1.21 I HEREBY CERTIFY AND DECLARE THE FOREGOING TO BE TRUE AND CORRECT UNDER THE PENALTY OF PERJURY AND I CERTIFY THAT THIS PETITION / MOTION / ACTION WAS FILED / MAILED BY PLACING IT INTO THE OUTGOING INDIGENT LEGAL MAIL AT, SCJ SE-30 ¢

-18  DATED: 9/8/06

PG 67 OF 67   JUDGMENT CREDITOR

AUG 27 2003

DUNCAN T. MCNEIL
SPOKANE CO. JAIL
1100 W. MALLON
SPOKANE, WA 99260



U.S. XRAYS

CHAMBERS OF CHIEF JUDGE
U.S. DISTRICT COURT — DISTRICT OF DELAWARE
844 N. KING ST.
LOCK BOX 18
WILMINGTON, DE 19801

RE: DISCRIMINATION COMPLAINT

LEGAL MAIL