DUNCAN J. MCNEIL, III
2030 W. SPOFFORD
SPOKANE, WA 99205

RECEIVED
SEP 14 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

U.S. DISTRICT COURT
DISTRICT OF DELEWARE

| | |
|---|---|
| DUNCAN J. MCNEIL, III | CASE NO: 05-CV-574, 06-CV-178, 06-MC-041 |
| DUNCAN J. MCNEIL, III PLAINTIFF, JUDGMENT CREDITOR & APPELLANT v. UNITED STATES, ET. AL. DEFENDANTS, JUDGMENT DEBTORS & APPELLEES | MEMORANDUM & EMERGENCY MOTION(S) FOR PRELIMINARY INJUNCTION, STAY PENDING APPEAL, RELIEF FROM DISMISSAL, IN SUPPORT OF DISCRIMINATION COMPLAINT, PETITION FOR WRIT OF HABEAS CORPUS AND AMMENDED NOTICE OF APPEAL |
| REQUEST FOR REASONABLE ACCOMMODATION - 29 U.S.C. § 794 | |

PURSUANT TO FRCP 65, 52, 59, 57 & 60 THE JUDGMENT CREDITOR HEREBY MAKES IN SUPPORT OF THE CONCURRENTLY FILED NOTICE OF APPEAL & DISCRIMINATION COMPLAINT & PETITION FOR WRIT OF HABEAS CORPUS, THIS EMERGENCY MOTION FOR A PRELIMINARY INJUNCTION AND STAY PENDING APPEAL, ENJOINING THE ENFORCEMENT OF THE "SUBJECT ORDERS" DESCRIBED AND LISTED ON PG 3 OF 62 (EX. 1) HEREIN AND MANDATING THE GRANTING OF FULL FAITH & CREDIT, EXECUTION AND ENFORCEMENT OF THE "FOREIGN JUDGMENTS" LISTED AND DESCRIBED ON PGS 61 OF 62 TO 62 OF 62 (EX. 2) FOR WHICH ADMISSION HEREIN AND JUDICIAL NOTICE THEREOF IS REQUESTED.

PETITIONER SEEKS VOIDING & VACATING ~~AND ENFORCEMENT~~ OF THE HEREIN DEFINED "SUBJECT ORDERS":

ALL ORDERS LISTED & DESCRIBED ON EX. 1, PG 3 OF 62, INCLUDING ALL ORDERS BEING USED AGAINST THE PETITIONER'S INTERESTS IN THE USCA, IN THIS CIRCUIT AND IN THIS USDC.

~~"HEREIN AFTER "NOTICED JUDICIAL OFFICERS"~~:

THAT THE FOLLOWING LISTED ORDERS JUDGMENTS AND DECREES, (PG 3 OF 62) ARE HEREIN REFERRED TO AS THE "SUBJECT ORDERS". THAT BY THIS MOTION TO VOID AND VACATE THE "SUBJECT ORDERS", THE ~~PLAINTIFF~~ JUDGMENT CREDITOR REQUESTS THAT THIS COURT TAKE JUDICIAL NOTICE OF THE FINAL "FOREIGN JUDGMENTS" (PG 61 OF 62 TO 62 OF 62) LISTED ON EX. 2 (2), ATTACHED HERETO AND MADE A PART HEREOF, AND AS A PART OF THIS MOTION PLAINTIFF SEEKS THE ENTRY OF THE NECESSARY ORDER AND JUDGMENTS TO GRANT FULL FAITH & CREDIT TO THE "FOREIGN JUDGMENTS" AND AS NECESSARY TO MAKE THE "FOREIGN JUDGMENTS", JUDGMENTS OF THIS COURT ALLOWING EXECUTION AND ENFORCEMENT OF THE "FOREIGN JUDGMENTS" BY THIS COURT. ADDITIONALLY THE ~~PLAINTIFF~~ JUDGMENT CREDITOR SEEKS THE THE NECESSARY MANDATORY ORDERS OF THIS COURT, VACATING AND DECLARING VOID THE "SUBJECT ORDERS".

(2) THE JUDGMENT CREDITOR IS THE LAWFUL TRUSTEE AND FEDERALLY APPOINTED OFFICER CHARGED WITH THE EXECUTION AND ENFORCEMENT OF THE "FOREIGN JUDGMENTS" LISTED ON EX. 2, PGS 61 OF 62 TO 62 OF 62.

C-2

"SUBJECT ORDERS"

EX. 1

THIS MOTION/PETITION/PLEADING APPLIES TO THE FOLLOWING "SUBJECT ORDERS": "NOTICE(S) OF APPEAL TO WASHINGTON SUPREME COURT PER RAP 4.2..." [JUDICIAL NOTICE THEREOF IS HEREBY REQUESTED]

(1)

| DATED | CASE # | MATTER # | FILE # |
|---|---|---|---|
| 2/14/06 | 05-2-05210-9 | SCM-28 | SC-09 |
| 2/15/06 | 99-2-04741-3 | SCM-29 | SC-12 |
| 2/15/06 | 99-2-04951-3 | SCM-30 | SC-11 |
| 2/16/06 | 02-2-02825-4 | SCM-31 | SC-03 |
| 2/16/06 | 02-1-01357-1 | SCM-32 | SC-04 CB |
| 2/16/06 | 04-2-01055-6 | SCM-33 | SC-13 |
| 2/17/06 | 02-3-02795-2 | SCM-34 | SC-05 |
| 2/24/06 | 00-2-06306-1 | SCM-36 | SC-00 |
| 2/24/06 | 95-2-04051-2 | SCM-37 | SC-15 |
| 3/7/06 | 02-3-02795-2 | SCM-38 | SC-05 |
| 4/17/06 | 02-3-02795-2 | SCM-42 | SC-05 |
| 4/21/06 | 02-3-02795-2 | SCM-43 | SC-05 |
| * 8/1/06 | 02-3-02795-2 | SCM-52 | SC-05 |

* ALL NOA'S, EXCEPT NOA DATED 8/1/06, WERE REJECTED FOR FILING BY THE SPOKANE CO. SUPERIOR COURT AND WERE SENT FOR FILING THEREAFTER DIRECTLY TO THE WASHINGTON SUPREME COURT.

(2) 8/24/06 & 9/8/06 | B35075 CR66259 CR66260 | SPOKANE CO. MUNICIPAL DISTRICT COURT | TO WA SUPREME COURT PER RAP 4.3

(3) ALL "STRIKE" AND "3-STRIKE" ORDERS, PER § 1915(g) ALL VEXATIOUS LITIGANT ORDERS AND ALL OTHER ORDERS USED AGAINST PETITIONER'S INTERESTS IN THIS USDC & USCA OR USED TO DENY PETITIONER ACCESS TO THE USCA & THIS USDC.

# INDEX TO LEGAL POINTS

| SECTION | DESCRIPTION | PAGES |
|---|---|---|
| §I | JURISDICTION TO VACATE/VOID | 5-8 |
| §II | COURT PROCEDURE/RULES | 9-11 |
| §III | MANDATORY DUTY TO VOID | 12-14 |
| §IV | VOID - NO JURISDICTION | 15 |
| §V | VOID - RELIEF IN EXCESS | 16-17 |
| §VI | VOID - DUE PROCESS | 18-29 |
| §VII | VOID - STAY VIOLATION | 30-35 |
| §VIII | VOID - DISCHARGE INJUNCTION | 36-45 |
| §IX | VOID - PRIOR VOID ORDER(S) | 46-46A |
| §X | FULL FAITH & CREDIT | 47-50 |
| §XI | IRREPARABLE INJURY | 51-52 |
| §XII | STATE-BREACH OF DUTY | 53 |
| §XIII | LOSS OF JUDICIAL IMMUNITY | 54-56 |
| §XIV | JUDGMENT CREDITOR IMMUNITY | 57-59 |
| §XV | CERTIFICATION & AUTHENTICATION | 60 |
| Ex. 2 | "FOREIGN JUDGMENTS" | 61-62 |

O-4

# SECTION "I"

## §I

## THIS COURT HAS JURISDICTION TO VACATE AND DECLARE "VOID AB INITIO" THE "SUBJECT ORDERS"

§I-1.01 A VOID JUDGMENT, SUCH AS THE "SUBJECT ORDERS" IS A LEGAL NULLITY, AND IT MAY BE COLLATERALLY ATTACKED IN ANY PROCEEDING, IN ANY COURT, WHERE WHERE THAT JUDGMENT'S VALIDITY COMES IN ISSUE. SEE GRACIE TTE v. STAR GUIDANCE, INC., 66 F.R.D. 424, AT 426 (S.D.N.Y. 1975) AT HEAD NOTES [1][2] & [3]; PENNOYER v. NEFF, 95 U.S. 714, 24 L.ED. 565 (1877); J. MOORE, 7 FEDERAL PRACTICE ¶¶ 60.25[1], 60.28[1], AND HADDEN v. RUMSEY, 196 F.2d 92, AT 95-96 (2ND CIR. 1952).

1.02 THE OWNER OF A JUDGMENT HAS A COMMON LAW RIGHT TO SUE ON IT, FIRST NAT. BANK OF CAMBRIDGE v. HATFIELD, 20 WASH. 224, 54 P. 1135 (1898).

1.03 ANY INDIVIDUAL MAY CHALLENGE A VOID JUDGMENT WHEN IT IS ASSERTED AGAINST HIM, SEE BERRY v. ALLEN, 411 F.2d 1142,

§I - CONTINUED

AT 1146 (8TH CIR 1969); HICKLIN V. EDWARDS, 226 F.2d 410 (8TH CIR 1955).

1.04 A "VOID AB INITIO" JUDGMENT MAY BE DECLARED SO ON A COLLATERAL ATTACK, CITY OF MEMPHIS, V. INGRAM, 195 F.2d 338, AT 341 (8TH CIR 1952) AT HEADNOTE [3]; BRAGG V. THOMPSON, 177 ARK 870, 9 S.W. 2d 24, AT 25; LAMBERT V. REEVES, 194 ARK 1109, 110 S.W. 2d 503.

1.05 A "VOID" JUDGMENT IS ENTITLED TO NO AUTHORITY OR RESPECT AND CAN BE IMPEACHED AT ANY TIME, IN ANY PROCEEDING, BY ANY ONE WHOSE INTERESTS AND RIGHTS IT CONFLICTS, SEE FEDERAL LAND BANK V. WILSON, 533 F. SUPP. 301, AT 307 (E.D. ARK 1982) AT HEADNOTE [7]; EDMONSON V. FARRIS, 263 ARK. 505, 565 S.W. 2d 617 (1978); 49 C.J.S. JUDGMENTS § 401, PG. 794.

1.06 THE COURTS THAT RENDERED THE "SUBJECT ORDERS" LACKED SUBJECT MATTER JURISDICTION, RENDERING THE "SUBJECT ORDERS" VOID, WITH NO RES JUDICATA EFFECT, ALLOWING THEM TO BE COLLATERALLY ATTACKED IN THIS ACTION, SEE McDANIEL V. CAMP, 59 F.3d 548, AT 550-51 (5TH CIR 1995), AT HEADNOTE [2] AND FOOT NOTES FN4 AND FN6.

§ I - CONTINUED

1.04 THE INSTANT ACTION AND MOTION IS A COLLATERAL ATTACK, ON THE "SUBJECT ORDERS", UNDER THE OLD COMMON LAW FORMS OF PLEADING, KNOWN AS A "SUPPLEMENTAL BILL IN AID OF" THE "FOREIGN JUDGMENTS, AS LISTED ON EX. 2. SEE ADAMS V. ROWE, 39 WASH. 2d 446, AT 447-48, 236 P.2d 355, AT 356 (1951) AT HEADNOTE [#2] AND [5]. "WHEN AN IRREVERSIBLE, UNREVIEWABLE AND UNIMPEACHABLE DECREE HAS BEEN FINALLY OBTAINED, NUMEROUS CONTINGENCIES MAY YET ARISE TO PREVENT THE PARTY WHO IS ENTITLED TO ENJOY THE BENEFIT OF THE DECREE FROM OBTAINING THE FRUITS OF IT; AND, UNDER CERTAIN CONDITIONS, SUCH A PARTY IS ENTITLED TO MAINTAIN A BILL TO CARRY THE DECREE INTO EFFECT..." ID., AT 448.

1.05 WHEN A JUDGMENT IS ABSOLUTELY NULL, FROM THE JUDGMENT ROLL, SUCH AS THE "SUBJECT ORDERS", IT IS A NULLITY, AND IT CAN BE COLLATERALLY ATTACKED, AT ANY TIME AND ANYWHERE BY ANY ONE AGAINST WHOM IT IS INTERPOSED, AND IT IS NOT NECESSARY

§I- CONTINUED

TO BRING AN ACTION OF NULLITY IN THE COURT WHICH RENDERED THE VOID JUDGMENT. SEE ABRAHAM LAND & MINERAL CO. V. MARBLE SAV. BANK, 35 F. SUPP. 500 (W.D. LA. 1940).

1.06 A COLLATERAL ATTACK MAY BE MADE UPON A JUDGMENT THAT IS VOID ON ITS FACE, AS SHOWN BY THE JUDGMENT ROLL, JOHNSON V. FANCHER, 447 F. SUPP. 509 (W.D. OKLA. 1977).

1.07 VOID JUDGMENTS MAY BE COLLATERALLY IMPEACHED, FAY V. NOIA, 83 S.CT. 822 (1963).

1.08 WHERE A LACK OF JURISDICTION OF COURT APPEARED ON THE FACE OF THE JUDGMENT ROLL, A JUDGMENT, SUCH AS THE "SUBJECT ORDERS" IS "VOID" ON ITS FACE AND CAN BE COLLATERALLY ATTACKED, ARENAS V. U.S, 95 F. SUPP. 962 (S.D. CAL. 1951).

# SECTION "II"

## §II

## THIS COURT IS NOT REQUIRED TO FOLLOW OR EMPLOY ANY PROCEDURE, PROCESS OR RULES TO VACATE AND DECLARE "VOID AB INITIO THE "SUBJECT ORDERS"

§II-1.01 A VOID JUDGMENT MAY BE VACATED AND SET ASIDE WITHOUT NOTICE, ON THE MOTION OF A PARTY OR BY THE COURT UPON ITS OWN MOTION, SEE MORRISON V. BERLIN, 37 WASH 600, AT 603 (1905) ~~[struck out]~~

~~[struck out]~~ 1.02 AN IMPROPERLY CABLED AND BROUGHT MOTION TO VOID A JUDGMENT, MAY BE ASSERTED IN ANY PROCEEDING WHERE THE VALIDITY OF THE JUDGMENT IS PUT IN ISSUE, SEE COMPREHENSIVE MERCHANDISING V. MADISON SALES, 521 F.2d 1210, AT FN1 (7TH CIR. 1975).

1.03 THIS COURT IS EMPOWERED TO SUA SPONTE HOLD THE "SUBJECT ORDERS" TO BE VOID, SEE PISTORINO & CO V. U.S., 67 CUST. CT. 245, AT FN5, 333 F. SUPP. 541, FN5 (1971).

§ II - CONTINUED

1.04 AN APPLICATION OR MOTION TO VACATE A VOID JUDGMENT NEED NOT BE SUPPORTED BY AN AFFIDAVIT OF MERITS, SAKAI V. KEELEY, 66 WASH 172, 119 P. 190 (1911).

1.05 THE RIGHT TO PURSUE STATUTORY PROVISIONAL REMEDIES IN AN ATTEMPT TO ENFORCE AND COLLECT ON A JUDGMENT, IS INHERENT IN JUDGMENT, STARKEY V. STARKEY, 242 P.2d 1048 (WASH 1952).

1.06 A COURT IS EMPOWERED TO VACATE AND OVERTURN A VOID JUDGMENT, AT ANY TIME, EVEN IF THE MOVING PARTY IS GUILTY OF LACHES, IN RE BLUTRICH HERMAN & MILLER, 227 B.R. 53 (BANKR. SD. NY. 1998).

1.07 A VOID JUDGMENT MAY BE ATTACKED COLLATERALLY, AT ANY TIME THE JUDGMENT IS SOUGHT TO BE ENFORCED OR IT'S VALIDITY IS QUESTIONED, BLUME V. U.S., 40 B.R. 551 (D. SD. 1984).

1.08 THE COURT CAN SET ASIDE A VOID JUDGMENT, WITHOUT NOTICE, ON IT'S OWN MOTION, MACARIO V. ALASKA GASTINEAU MIN. CO., 96 WASH. 458, 165 P. 73 (WASH. 1917).

§ II - CONTINUED

1.09 JUDGMENT CREDITOR IS PERMITTED TO MAINTAIN AN INDEPENDANT ON ENFORCEMENT OF FEDERAL "FOREIGN JUDGMENTS" EVEN IF THOSE JUDGMENTS REMAIN ON APPEAL, 28 U.S.C. § 1963, FIDELITY BANK v. SPECTRUM LEASING, 640 F. SUPP. 127 (D. DEL. 1986).

1.10 THE SUFFICIENCY OF A COMPLAINT TO SUPPORT AN ACTION IN AID OF A JUDGMENT, CAN NOT BE QUESTIONED WITHIN THE ACTION TO ENFORCE THE JUDGMENTS, WHEN NO APPEAL FROM THE JUDGMENTS WAS TAKEN IN THE PRIOR PROCEEDING, STATE EX. REL. R.R. COMM OF WASHINGTON v. OREGON R & NAV. CO., 68 WASH 160, 123 P. 3 (WASH 1912)

1.11 A COURT OF GENERAL JURISDICTION OR A COURT OF EQUITY CAN BY IT'S INHERENT POWERS DECLARE A JUDGMENT VOID, NO MATTER IN WHAT FORM OR IN WHAT MANNER THE APPLICATION TO DO SO IS MADE, JOHN HANCOCK MUT. LIFE INS. CO. v. GOOLEY, 196 WASH 357, 83 P. 2d 221, 118 ALR 1484 (WASH. 1938).

2-3

# SECTION "III"

## §III

## THIS COURT HAS A MANDATORY NON-DISCRETIONARY DUTY, OF A MINISTERIAL NATURE, TO VACATE AND DECLARE "VOID AB INITIO" THE "SUBJECT ORDERS" UPON PRESENTATION OF THIS MOTION.

§III-1.01 A VOID JUDGMENT IS A LEGAL NULLITY AND A COURT CONSIDERING A MOTION TO VACATE HAS NO DISCRETION IN SETTING IT ASIDE, SEE JORDAN V. GILLIGAN, 500 F. 2d 701, AT 704 (6th CIR 1974); 7 J. MOORE, FEDERAL PRACTICE, ¶ 60.25(2), AT 301 (2d ed. 1973), A COURT MUST VACATE ANY JUDGMENT ENTERED IN EXCESS OF JURISDICTION, JORDAN V. GILLIGAN, AT HEADNOTE [16], LUBBEN V. SELECTIVE SERVICE, 453 F.2d 645 (1ST CIR. 1972).

1.02 A MOTION TO VACATE A VOID JUDGMENT MAY BE BROUGHT AT ANY TIME, AND THE COURT MUST VACATE THE JUDGMENT AS SOON AS THE DEFECT COMES TO LIGHT, CHAI V. KONG, 93 P.3d 936 (WASH. APP. DIV 1 2004).

§ III - CONTINUED

1.03 DISCRETION PLAYS NO PART IN GRANTING A MOTION TO VACATE A VOID JUDGMENT, KILDEER REALTY v. BREWSTER REALTY CORP., 826 A.2d 961 (R.I. 2003).

1.04 COURT HAS NO DISCRETION IN DECIDING WHEATHER TO VACATE A VOID JUDGMENT IF VOID, JUDGMENT MUST BE VACATED, ROE v. DOE, 649 N.W. 2d 566 (N.D. 2002).

1.05 COURT HAS A NON-DISCRETIONARY DUTY TO VACATE A VOID JUDGMENT, SCANLON v. WITRAK, 42 P. 3d 447 (WASH. APP. DIV 1 2002).

1.06 IF A JUDGMENT IS VOID THE TRIAL COURT HAS NO DISCRETION AND MUST SET ASIDE THE JUDGMENT. REICHERT v. REICHERT, 807 So. 2d 1282 (MISS. APP. 2002).

1.07 RELIEF FROM A VOID JUDGMENT IS NON-DISCRETIONARY, MEYER v. MEYER, 19 P.3d 774 (IDAHO APP. 2001).

1.08 A VOID JUDGMENT MUST BE VACATED, SUMMERS v. DOR OF WASHINGTON, 14 P.3d 902 (WASH. APP. DIV. 1 2001).

1.09 A VOID JUDGMENT MUST BE VACATED UPON REQUEST, RAINSBERGER v. KLEIN, 5 P.3d 351 (COLO. APP. 1999).

1.10 MOTION FOR RELIEF FROM JUDGMENT THAT IS VOID IS NOT SUBJECT TO DISCRETION OF COURT, BOYER v. BOYER, 736 A.2d. 273 (ME. 1999).

§ III - CONTINUED

1.11 IF JUDGMENT IN QUESTION IS VOID, THE GRANTING OF A MOTION FOR RELIEF FROM THE JUDGMENT IS MANDATORY, BRACKIN v. BURTON, 755 So. 2d 462 (MISS. APP. 1999).

1.12 THE COURT HAS NO DISCRETION BUT TO VACATE IF A JUDGMENT IS VOID, EGGL v. FLEETGUARD, 583 N.W. 2d 812 (N.D. 1998).

1.13 IF JUDGMENT IS VOID IT MUST BE SET ASIDE, EX PARTE CTF HOTEL MGT. CORP., 719 So. 2d 205 (ALA 1998).

1.14 A VOID JUDGMENT MUST BE VACATED, IN RE MARRIAGE OF POWELL, 927 P.2d 1154 (WASH. APP. DIV. III 1996).

1.15 A PARTY IS ENTITLED TO RELIEF FROM A VOID JUDGMENT, FIRST NAT. BANK v. STATE, 902 P.2d 330 (ALASKA 1995).

1.16 A VOID JUDGMENT MUST BE VACATED, EX PARTE PATE, 673 So. 2d 427 (ALA. 1995).

1.17 VOID JUDGMENT MUST BE SET ASIDE, GARRETT v. BOHANNON, 621 So. 2d 935 (MISS. 1993).

1.18 IF JUDGMENT IS VOID, COURT HAS NO DISCRETION, BUT IS OBLIGATED TO VACATE JUDGMENT, STATE DOT v. BAILEY, 603 So. 2d 1384 (FLA. APP. 1. 1992).

3-3

# SECTION "IV"

## § IV

## THE "SUBJECT ORDERS" ARE "VOID AB INITIO" ORDERS IN THAT THEY WERE ISSUED IN "A CLEAR ABSENCE OF ALL JURISDICTION".

§IV-1.01 A JUDGMENT OR ORDER IS ISSUED IN "A CLEAR ABSENCE OF ALL JURISDICTION, WHEN THE JUDICIAL OFFICER KNOWS THAT HE LACKS JURISDICTION TO ACT, OR ACTS DESPITE A CLEARLY VALID STATUTE OR CASE LAW EXPRESSLY DEPRIVING HIM OF JURISDICTION, MILLS V. KILLEBREW, 765 F.2d 69, AT 71 (6TH CIR 1985) CITING TO RANKIN V. HOWARD, 633 F.2d 844, AT 849 (9TH CIR 1980); WAGSHAL V. FOSTER, 28 F.3d 1249, AT 1254, 307 U.S. App. D.C. 382, AT 387 (D.C. CIR. 1994) AT HEADNOTE [7]; DYKES V. HORSEMANN, 743 F.2d 1488, AT 1497 (11TH CIR 1984)

SECTION "V"

§ V

THE "SUBJECT ORDERS" ARE "VOID AB INITIO" IN THAT THEY GRANTED RELIEF IN EXCESS OF THAT PLED, SOUGHT OR PRESERVED

§ V-1.01 A DIVORCE DECREE ESTABLISHING CHILD CUSTODY THAT IS IN EXCESS OR IS SUBSTANTIALLY DIFFERENT FROM THE RELIEF SOUGHT IN THE COMPLAINT OR PETITION IS VOID, AND MUST BE VACATED, IN RE MARRIAGE OF THOMPSON, 32 WASH. APP 179, AT 184-85, 646 P.2d 163, AT 166 (1982) AT HEAD NOTE [4].

1.02 A FIVE YEAR OLD DISSOLUTION DECREE IS VOID BECAUSE IT PROVIDED GREATER RELIEF IN THE AS TO CHILD SUPPORT, THAN WAS SOUGHT IN THE PETITION. FORMER HUSBAND IS REQUIRED TO BE REIMBURSED BY THE STATE FOR PAST CHILD SUPPORT PAYMENTS COLLECTED PURSUANT TO THE VOID DECREE, IN RE MARRIAGE OF HARDT, 39 WASH. APP. 493, AT 496, 499, 693 P.2d 1386, AT 1388, 1390 (1985) AT HEAD NOTES [4], [5] & [17].

1.03 COURT ACTS IN "A CLEAR

5-1 §V-1

§ V – CONTINUED

ABSENCE OF ALL JURISDICTION" AND WITH NO JURISDICTION IN GRANTING RELIEF BEYOUND WHAT IS SOUGHT IN THE COMPLAINT, RESULTING IN A DUE PROCESS VIOLATION (U.S. CONST 14TH AMEND.) AND A "VOID AB INITIO" JUDGMENT, WHICH HAS NO EFFECT AND THE RIGHTS OF THE PARTIES ARE LEFT AS THROUGH THE JUDGMENT HAD NEVER BEEN ENTERED; IN RE MARRIAGE OF LESLIE, 112 WASH. 2d 612, AT 617, 772 P.2d 1013, AT 1016 (1989), AT HEAD NOTES [1], [2] & [3].

1.04 A NO CONTACT ORDER, PROHIBITING A FATHER FROM ALL CONTACT WITH HIS CHILDREN VIOLATES THE FATHER'S FUNDAMENTAL LIBERTY INTEREST IN THE CARE, CUSTODY AND CONTROL OF HIS CHILDREN. A PERMANT ORDER PROHIBITING A FATHER FROM ALL CONTACT WITH HIS CHILDREN, BASE UPON BROAD ASSERTIONS, IS EXTREME AND UNREASONABLE AND INTERFERES WITH THE FATHER'S FUNDAMENTAL PARENTAL RIGHTS, VIOLATING THE FATHER'S RIGHT TO DUE PROCESS, RENDERING THE NO-CONTACT ORDER VOID AND OF NO LEGAL EFFECT; STATE V. ANCIRA, 107 WASH. APP. 650, AT 654-55, 27 P.3d 1246, AT 1248-49 (2001), AT HEAD NOTE [6].

5-2

SECTION "VI"

§VI.

DUE PROCESS VIOLATIONS

THE SUBJECT ORDERS ARE "VOID AB INITIO" IN THAT THEY WERE ISSUED IN VIOLATION OF THE RIGHT OF OPPORTUNITY TO BE HEARD AND IN VIOLATION OF DUE PROCESS ON A SUA SPONTE BASIS

§VI-1.01 A JUDGMENT OBTAINED WITHOUT DUE PROCESS IS A NULLITY AND MAY BE ATTACKED DIRECTLY OR COLLATERALLY BY PARTIES OR STRANGERS, SEE BRADLEY V. ST. LOUIS TERMINAL WAREHOUSE CO., 189 F.2d 818, AT 824 (8TH CIR 1951), AT HEADNOTE [13].

1.02 ABSENT DUE PROCESS A COURT LACKS SUBJECT MATTER JURISDICTION AND ANY RESULTING JUDGMENT IS VOID, AND MAY BE ATTACKED COLLATERALLY AT ANYTIME WHEN THE JUDGMENT IS SOUGHT TO BE ENFORCED OR ITS VALIDITY IS QUESTIONED. SEE BLUME V. U.S., 40 B.R. 551, AT 553 (D.C. S.D. 1984) AT HEADNOTES [5], [6] AND [7]; JOHNSON V. BRU FLAT, 45 S.D. 200, AT 204, 186 N.W. 877, AT 878 (1922); KROMER V. SULLIVAN, 88 S.D. 567, AT 569, 225 N.W. 2d 591, AT 592 (1975).

1.03 ABSENCE OF SUBJECT

§ VI - CONTINUED

MATTER JURISDICTION VIOLATES DUE PROCESS AND RENDERS ANY RESULTING JUDGMENT VOID, WHERE A COURT WRONGFULLY EXTENDS ITS JURISDICTION BEYOUND THE SCOPE OF ITS AUTHORITY, RENDERING ITS RESULTING JUDGMENT A COMPLETE NULLITY, THAT IS LEGALLY INEFFECTIVE FROM INCEPTION, AS IN THE "SUBJECT ORDERS". THE ISSUING COURTS EXCEEDED THEIR SCOPE OF AUTHORITY IS ISSUING THE SUA SPONTE "SUBJECT ORDERS" IN VIOLATION OF McNEIL RIGHT TO DUE PROCESS, RENDERING THE "SUBJECT ORDERS" TO BE "VOID AB INITIO". SEE JONES v. GILES, 741 F.2d 245, AT 248 (9TH CIR 1984) AT HEADNOTES [4] AND [6]; CHICOT CO. DRAINAGE DIST v. BAXTER STATE BANK, 308 U.S. 371, AT 376-77, 60 S.CT, 317, AT 319-20 (1940); KANSAS CITY SO. RY. CO. v. GREAT LAKES CARBON CORP., 624 F.2d 822, AT 825 (8TH CIR. 1980); STOLL v. GOTTLIEB, 305 U.S. 165, AT 171, 59 S.CT. 134, AT 137 (1938)

1.04 A COURT THAT EXCEEDS IT'S AUTHORITY IN ASSUMING SUBJECT MATTER JURISDICTION RENDERS A VOID JUDGMENT, SUCH AS THE "SUBJECT

§ VI - CONTINUED

ORDERS", WHICH IS A COMPLETE NULLITY AND WITHOUT ANY LEGAL EFFECT, SEE LUBBEN V. SELECTIVE SERVICE SYSTEM, 453 F.2d 645, AT 649 (1ST CIR. 1972); HOBBS V. U.S., 485 F. SUPP. 456, AT 458 (M.D. FLA. 1980).

1.05 A COURT WHERE A FOREIGN JUDGMENT IS SOUGHT TO BE ENFORCED HAS JURISDICTION TO VACATE AND DECLARE VOID THE FOREIGN JUDGMENT ON THE GROUND OF A LACK OF DUE PROCESS. A COLLATERAL ATTACK, BASED UPON A LACK OF JURISDICTION IN THE RENDERING OF THE ORIGINAL JUDGMENT IS BASIS TO VOID THE ORIGINAL JUDGMENT. DUE PROCESS VIOLATIONS RENDER A JUDGMENT VOID REQUIRING THAT IT BE SET ASIDE, AND ANY ACTIONS OR PROCEEDINGS TAKEN UNDER A JUDGMENT RENDERED IN VIOLATION OF DUE PROCESS, AS THE "SUBJECT ORDERS" WERE, MUST FALL AND FAIL. GRACIETTE V. STAR GUIDANCE, INC., 66 F.R.D. 424, AT 428-29 (S.D.N.Y. 1975); PENNOYER V. NEFF, 95 U.S. 714, 24 L. Ed. 565 (1877); J. MOORE, 7 FEDERAL PRACTICE ¶ 60.25[1] AND ¶ 60.28 [1].

1.06 IT IS A DUE PROCESS

§ VI - CONTINUED

VIOLATION TO DEPRIVE McNEIL, BY THE SUA SPONTE "SUBJECT ORDERS", OF LIFE, LIBERTY OR PROPERTY THROUGH SUA SPONTE PROCEDURES AND PROCESS THAT IS INADEQUATE IN LIGHT OF THE IMPORTANCE AND CHARACTERISTICS OF THE AFFECTED CONSTITUTIONAL INTEREST. AVERSA v. U.S., 99 F.3d 1200, AT 1215 (1ST CIR. 1996); DANIELS v. WILLIAMS, 474 U.S. 327, AT 331, 106 S.CT. 662, AT 665 (1986); PITTSLEY v. WARISH, 927 F.2d 3, AT 6 (1ST CIR. 1991); BROWN v. HOT, SEXY AND SAFER, 68 F.3d 525, AT 531 (1ST CIR 1995).

1.07 THIS COURT'S INSPECTION OF THE JUDGMENT ROLL AS TO THE "SUBJECT ORDERS" WILL WILL ESTABLISH THAT THE ISSUING COURT DID NOT HAVE SUBJECT MATTER JURISDICTION, RENDERING THE "SUBJECT ORDERS" VOID. IN RE AMERICAN FIDELITY CORPORATION, 28 F. SUPP. 462, AT 470 (S.D. CAL 1939) AT HEAD NOTES [9] AND [10]; EX PARTE COHEN, 107 CAL. APP. 288, 290 P. 512; DONEGAN v. CITY OF L.A., 109 CAL. APP. 673, 293 P. 912; HOGAN v. SUPERIOR COURT, 74 CAL. APP. 704, 241 P. 584; IN RE BEHMEYER, 130 CAL. APP. 200, 19 P.2d 829. A JUDGMENT

6-4

ABSOLUTELY VOID, LIKE THE "SUBJECT ORDERS", CAN BE ATTACKED COLLATERALLY, ANYWHERE, BY PARTIES OR STRANGERS, IT IS A NULLITY AND CAN BE NEITHER A BASIS FOR NOR EVIDENCE OF ANY RIGHT WHATEVER. IN RE AMERICAN FIDELITY CORPORATION, 28 F. SUPP. 462, AT 470 (S.D. CAL 1939) AT HEADNOTE [10]; ESTATE OF PUSEY, 180 CAL. 368, 374 181 P. 648.

1.08 THE "SUBJECT ORDERS", ISSUED SUA SPONTE, ARE VOID IN THAT MCNEIL WAS DENIED DUE PROCESS BY NOT BEING ALLOWED "MEANINGFUL OPPORTUNITY TO BE HEARD. AT THE MINIMUM MCNEIL WAS ENTITLED TO NOTICE AND AN OPPORTUNITY TO A HEARING APPROPRIATE TO THE NATURE OF THE CASE. BODDIE V. CONNECTICUT, 401 U.S. 371, AT 377-78, 91 S.CT. 780, AT 786 (1971) &. DUE PROCESS OF LAW SIGNIFIES A RIGHT TO BE HEARD IN ONE'S DEFENSE, HOVEY V. ELLIOTT, 167 U.S. 409, AT 417, 17 S.CT. 841, AT 844 (1897); GOLDBERG V. KELLY, 397 U.S. 254, 90 S.CT. 1011 (1970); SNIADACH V. FAMILY FINANCE CORP., 395 U.S. 337, 89 S.CT. 1820 (1969); ARMSTRONG V. MANZO, 380 U.S. 545, 85 S.CT. 1187 (1965);

§ VI - CONTINUED

SCHROEDER V. NEW YORK, 371 U.S. 208, AT 212, 83 S.CT. 279, AT 282 (1962); BEST V. HUMBOLDT PLACER MINING CO., 371 U.S. 334, AT 338, 83 S.CT. 379, AT 383 (1963); COVEY V. TOWN OF SOMERS, 351 U.S. 141, 76 S.CT. 724 (1956); MULLANE V. CENTRAL HANOVER BANK, 389 U.S. 306, 70 S.CT. 652 (1950).

1.09 THE SUA SPONTE "SUBJECT ORDERS" ARE VOID BECAUSE MCNEIL WAS NOT GIVEN THE OPPORTUNITY FOR A HEARING BEFORE HE WAS DEPRIVED OF ANY SIGNIFICANT RIGHT OR PROPERTY INTEREST, BY THE SUA SPONTE ENTRY OF THE "SUBJECT ORDERS", SEE GOLDBERG V. KELLY, 397 U.S. 254 (1970); OPP COTTON MILLS V. ADMINISTRATOR OF WAGES, 312 U.S. 126, 152-53, 61 S.CT. 524, AT 536 (1941); U.S. V. ILLINOIS CENTRAL R. CO., 291 U.S. 457, AT 463, 54 S.CT. 471, AT 473 (1934); COE V. ARMOUR FERTILIZER WORKS, 237 U.S. 413, AT 423, 35 S.CT. 625, AT 628 (1915).

1.10 MCNEIL'S DUE PROCESS RIGHTS AND THE EQUAL PROTECTION CLAUSE WERE VIOLATED, WHEN MCNEIL,

6-6

§ VI - CONTINUED

AN INDIGENT - DISABLED CIVIL DETAINEE, WAS DENIED FREE TRANSCRIPTS AND COPIES OF CLERK'S PAPERS,[1] IN ORDER TO APPEAL AND/OR CHALLENGE THE SUA SPONTE "SUBJECT ORDERS", RENDERING ANY ORDER OR DECREE AFFIRMING THE "SUBJECT ORDERS" TO BE "VOID AB INITIO" FOR VIOLATION OF THE DUE PROCESS CLAUSE AND THE EQUAL PROTECTION CLAUSE, SEE GRIFFIN V. ILLINOIS, 351 U.S. 12, 76 S. CT. 585 (1956); ESKRIDGE V. WASHINGTON STATE, 357 U.S. 214, 78 S. CT. 1061 (1958); BURNS V. OHIO, 360 U.S. 252, 79 S. CT. 1164 (1959); SMITH V. BENNETT, 365 U.S. 708, 81 S. CT. 895 (1961); COPPEDGE V. U.S., 369 U.S. 438, 82 S. CT. 917 (1962); LANE V. BROWN, 372 U.S. 477, 83 S. CT. 768 (1963); DRAPER V. WASHINGTON, 372 U.S. 487, 83 S. CT. 774 (1963); RINALDI V. YEAGER, 384 U.S. 305, 86 S. CT. 1497 (1966); LONG V. DISTRICT COURT OF IOWA, 385 U.S. 192, 87 S. CT. 362 (1966); ROBERTS V. LAVALLEE, 389 U.S. 40, 88 S. CT. 194 (1967); GARDNER V. CALIFORNIA, 393 U.S. 367, 89 S. CT. 580 (1969).

[1] SEE NINTH CIRCUIT RULE 30-3 WHICH MANDATES THAT THE CLERK SHALL "FORWARD TO THE PRISONER WITHIN 21 DAYS" THE EXCERPT OF RECORD, AND NINTH CIRCUIT ADVISORY COMMITTEE NOTE TO RULE 3-5, WHICH MANDATES THAT A CIVIL DETAINEE'S APPEAL BE DECIDED WITHIN 30 DAYS. NEVER RECEIVED NEITHER, 6-7

§ VI - CONTINUED

1.11 THE SUA SPONTE "SUBJECT ORDERS" ARE VOID IN THAT THEY ARISE FROM ~~ACTIONS~~ STATE AND GOVERNMENT ACTIONS AGAINST MCNEIL, WHERE HE WAS DEPRIVED OF HIS LIBERTY, ALONG WITH THE DENIAL OF COUNSEL AT THE INITIAL PROCEEDING, AND ON SUBSEQUENT APPEALS, AS GUARANTEED BY THE SIXTH AMENDMENT, IN VIOLATION OF DUE PROCESS, ARGERSINGER v. HAMLIN, 407 U.S. 25, AT 37-38, 92 S.CT. 2006, AT 2012-13 (1972) AT HEAD NOTES [2] & [3]; GIDEON v. WAINWRIGHT, 372 U.S. 335, AT 342-43, 83 S.CT. 792, AT 795-96 (1963). MCNEIL'S RIGHT TO COUNSEL IN RELATION TO THE "SUBJECT ORDERS" AND THE UNDERLYING PROCEEDINGS, IS THE "RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL", WHICH IS NOT AVAILABLE THROUGH THE PUBLIC DEFENDER SYSTEM IN SPOKANE CO. WA[2], SEE MCMANN v. RICHARDSON, 397 U.S. 759, AT 771, N. 14, 90 S.CT. 1441, AT 1449 (1970): IF THE PERFORMANCE OF APPOINTED COUNSEL IS SO INADEQUATE, THAT IN EFFECT NO ASSISTANCE OF COUNSEL

(2) SEE GUEST COLUMN OF 3/30/05 "STATE SHORTCHANGING RIGHT TO AN ATTORNEY" BY SPOKANE CO. PUBLIC DEFENDER JOHN RODGERS, ATTACHED HERETO AND MADE A PART HEREOF, AS §VII-11.

§ VI - CONTINUED

IS PROVIDED THE SIXTH AMENDMENT AND DUE PROCESS ARE VIOLATED, SEE U.S. v. DECOSTER, 199 U.S. App. DC 359, AT 382, 624 F.2d 196, AT 219 (1979). IF THE ACCUSED RECIEVES NO ACTUAL ASSISTANCE, AS McNEIL DID IN THE UNDERLYING ACTION, THE RESULTING APPEALS AND THE COLLATERAL ATTACKS RESULTING IN THE "SUBJECT ORDERS" THE CONSTITUTIONAL GUARANTEE TO DUE PROCESS IS VIOLATED AND THE RESULTING ORDERS, THE "SUBJECT ORDERS" ARE "VOID AB INITIO", SEE U.S. v. CRONIC, 466 U.S. 648, AT 654-55, 104 S. CT. 2039, AT 2044-45 (1984); GIDEON v. WAINWRIGHT, 372 U.S. 335, 83 S. CT. 792 (1963); GOLDBERG v. KELLY, 397 U.S. 254, AT 263, 90 S. CT. 1011, AT 1018 (1970); LITTLE v. STREATER, 452 U.S. 1, AT 12, 101 S. CT. 2202, AT 2208-09 (1981).

1.12 THE "SUBJECT ORDERS", ISSUED SUA SPONTE, ARE ALSO SUBJECT TO COLLATERAL ATTACK, ALONG WITH THE UNDERLYING ORDERS THEY ARISE FROM, BECAUSE McNEIL WAS DENIED ALL FORM OF REVIEW AND

§ VI - CONTINUED

APPEAL ON THE MERITS, ALONG WITH DENIAL OF COUNSEL ON APPEAL, VIOLATING DUE PROCESS, SEE DOUGLAS V. CALIFORNIA, 372 U.S. 353, 83 S.CT. 814 (1963). MCNEIL HAS BEEN CUT OFF FROM ANY APPEAL OR REVIEW OF THE "SUBJECT ORDERS" BY VIRTUE OF HIS INDIGENCY, VIOLATING DUE PROCESS, LANE V. BROWN, 372 U.S. 477, AT 481, 83 S. CT. 768, AT 771 (1963).

1-13 THE "SUBJECT ORDERS" AND ANY COURT OF APPEAL ORDERS AFFIRMING SAME, ARE VOID FOR A VIOLATION OF DUE PROCESS, FOR THE COURT OF APPEAL'S FAILURE TO APPOINT MCNEIL COUNSEL TO CHALLENGE THE DISTRICT COURT'S CERTIFICATION THAT THE APPEALS OF THE "SUBJECT ORDERS" WERE NOT TAKEN IN GOOD FAITH, REQUIRING ANY SUCH ORDER TO BE VACATED BY THIS COURT, SEE JOHNSON V. U.S., 352 U.S. 565, 77 S.CT. 550 (1957).

1.14 A COLLATERAL ATTACK IS APPROPRIATE WHERE VIOLATIONS OF DUE PROCESS ARE SO UNFAIR TO DEPRIVE PROCEEDINGS OF VITALITY, 5TH AMEND, EGERVARY V. ROONEY, 80 F. SUPP 2d 491 (E.D. PA 2000).

§ VI - CONTINUED

1.15 IN WASHINGTON STATE COURTS A JUDGMENT IS VOID FOR THE FAILURE OF THE OPPOSING PARTY TO GIVE NOTICE OF PRESENTMENT, IN VIOLATION OF DUE PROCESS. "UNDER CR 54 (f)(2), NO ORDER OR JUDGMENT SHALL BE SIGNED OR ENTERED UNTIL OPPOSING COUNSEL HAS GIVEN 5 DAYS NOTICE OF PRESENTMENT AND SERVED A COPY OF THE PROPOSED ORDER OR JUDGMENT EXCEPT IN CERTAIN CIRCUMSTANCES INAPPLICABLE HERE. THE EFFECT OF THE FAILURE TO COMPLY WITH THE NOTICE REQUIREMENT OF CR 54(f) IS TO VOID THE ENTRY OF THE JUDGMENT AND MAKE THE ACTION OF THE TRIAL COURT INEFFECTUAL", QUOTING FROM CITY OF SEATTLE V. SAGE, 11 WASH APP 481, AT 482, 523 P. 2d 942, AT 944 (1974).

1.16 THE WASHINGTON TRIAL COURT'S FAILURE TO GIVE PARTIES NOTICE OF PROPOSED ORDER (5 DAYS NOTICE PRIOR TO ENTRY) OR JUDGMENT RENDERS ENTRY OF JUDGMENT VOID, PURSUANT TO CR 54(f)(2), SEE BURTON V. ASCOL, 105 WASH 2d. 344, 715 P. 2d 110 (1986), AT HEAD NOTE [9].

§ VI - CONTINUED

# ROUNDTABLE

GUEST COLUMN

# State shortchanging right to an attorney

By John Rodgers
*Special to The Spokesman-Review*

The U.S. Constitution provides a lawyer to an accused person who cannot afford one. The Supreme Court made that clear in a 1963 case called Gideon v. Wainwright.

Pondering this brings many to the uneasy realization that they probably couldn't afford a qualified lawyer if accused of a crime. This reality has overwhelmed the public defenders in Washington state and financially strapped the counties and cities that are required to fund defenders.

The Washington Legislature is now considering state funds to assist local governments with their public defender obligation. With urging from the state bar association, judges and counties and cities, House Bill 1542 unanimously passed the House and is now pending in the Senate.

Because cities and counties bear most public defender costs in Washington, we have a patchwork public defense system. Each town has had to develop its own program, with little consistency, accountability or standards.

Though standards have been developed by the state bar association and are incorporated into Washington law, many local governments either refuse to comply or can't afford to. HB 1542 would provide funds to counties or cities that show progress toward these standards. Local governments would at last be able to assist defenders toward realistic caseloads, training, supervision and appropriate investigation.

In Spokane, in spite of conscientious leadership, the situation is dire. Last year each attorney in the city of Spokane's Public Defenders Office handled at least 100 clients more than the 300 permitted by standards.

In the Spokane County Defender's Office in 2004, attorneys handled too many cases and operated with less than half of the standard number of investigators. Supervisors managed far more than the recommended number of attorneys and handled cases themselves. One group of lawyers handled 200 felonies apiece — 50 cases over the standard of 150. The surplus included murders and "three-strikes" life-without-parole cases. Another unit of juvenile lawyers had to handle 342 cases apiece, though the standard is 250.

*Last year each attorney in the city of Spokane's Public Defenders Office handled at least 100 clients more than the 300 permitted by standards.*

With about 200 court days a year, a lawyer with 342 cases has an average of 1.7 cases a day, and only 4.7 hours for each case. In many cases that is simply not enough time to do the necessary investigation and legal research, consult with the client and the family, meet with the prosecutor, write briefs, and attend court hearings.

It's a recipe for disaster. There is a very real risk of innocent people being convicted or guilty people being given inappropriately long sentences.

The human and financial cost of imprisoning wrongfully convicted people is staggering. There is mounting evidence that as many as 10,000 wrongful convictions occur annually nationwide. And when an innocent person sits in prison, or on death row, the real criminal is on the street.

In 2004 the Spokane County Bar Association urged better funding for public defense, pointing out that defenders cannot control the number of cases they take on, and are not allowed to do less work on one case simply because they have too many other cases.

In 2004 the American Civil Liberties Union of Washington reported that the lack of meaningful standards and the failure of the state to monitor defense services has resulted in a checkered system with no guarantee that a poor person will get a fair trial. The state bar association expressed similar concerns.

In 2003, the American and Washington bar associations concluded that high caseloads and a lack of training mean inadequate representation for many children, and in some cases no representation at all. Every day in Washington, scores of adult defendants are convicted without ever having talked to a lawyer.

Investing in public defense reduces other criminal justice costs. In Spokane, the jail is approaching 150 percent of capacity, and costs are skyrocketing. Thurston County decided that hiring more public defenders to handle cases more promptly was cheaper than building more jails to hold the rising number of pre-trial detainees. Effective public defense also saves money on appeals and retrials caused by ineffective assistance and avoids the civil lawsuits which follow.

The ABA reviewed the state of public defense 40 years after the U.S. Supreme Court's Gideon decision, which firmly established the right to court-appointed counsel in state courts for every felony defendant. The report found that the American justice system is failing to protect the rights and liberty of the poorest defendants.

The Legislature should take the first step toward repairing what the ABA calls "Gideon's Broken Promise" by passing HB 1542 and providing state funds for public defense.

John Rodgers is public defender for Spokane County.

§ VI-12
6-12

# SECTION "VII"

## § VII

## THE "SUBJECT ORDERS" ARE "VOID AB INITIO" IN THAT THEY WERE ISSUED IN VIOLATION OF THE REIMPOSED AUTOMATIC STAY, ESTABLISHED BY THE "FOREIGN JUDGMENTS" PURSUANT TO 11 U.S.C. § 362.

§ VII-1.01 THE JUDGMENT CREDITOR HEREBY INCORPORATES HEREIN ¶ 39 OF WRIT #02-0002, AT PAGES 21 OF 51 TO 22 OF 51 AND ¶ 39 OF WRIT #02-0004, AT PAGES 18 OF 40 TO 19 OF 40, AS THOUGH FULLY SET FORTH HEREIN.

1.02 IF NON-BANKRUPTCY COURT PROCEEDS WITHOUT CONSENT OF BANKRUPTCY COURT WHILE REIMPOSED AUTOMATIC STAY IS IN EFFECT SUCH PROCEEDINGS WOULD BE (AND ARE AS TO THE "SUBJECT ORDERS") IN EXCESS OF THE COURT'S AUTHORITY, TAKEN IN "A CLEAR ABSENCE OF ALL JURISDICTION, RENDERING THE RESULTING JUDGMENTS (THE "SUBJECT ORDERS") TO BE "VOID AB INITIO" AND SUBJECT TO COLLATERAL ATTACK BY THE JUDGMENT CREDITOR, IN THIS COMMON LAW ACTION IN AID OF EXECUTION AND

§ VII - CONTINUED

ENFORCEMENT OF THE "FOREION JUDGMENTS", SEE IN RE HIGHWAY TRUCK DRIVERS UNION, 888 F.2d 293 (3RD CIR. 1989).

1.03 THE BANKRUPTCY CODE EXPRESSELY WAIVED SOVERION IMMUNITY OF THE FEDERAL GOVERNMENT, IN RE VANTAGE PETROLEM CORP., 25 B.R. 471 (BANKR. E.D. N.Y. 1982).

1.04 CONGRESS INTENDED THAT INCLUSION OF THE UNITED STATES WITHIN THE DEFINITION OF "ENTITY" FOR THE PURPOSES OF THE AUTOMATIC STAY REIMPOSED BY THE "FOREION JUDGMENTS", CONSTITUTING AN EXPRESS WAIVER OF SOVERION IMMUNITY OF FEDERAL GOVERNMENT AS TO THIS ACTION TO ENFORCE THE REIMPOSED AUTOMATIC STAY ESTABLISHED BY THE "FOREION JUDGMENTS", IN RE ADANA, MORT. BROKERS, 12 B.R. 989 (BANKR. NDGA 1980), VACATED ON OTHER GROUNDS 687 F.2d 344.

1.05 THE STAY PROTECTS ALL VESTED PROPERTY ALONGWITH ALL AFTER-ACQUIRED PROPERTY, ACQUIRED PURSUANT TO THE TERMS OF THE "FOREION JUDGMENTS"