05cv579
06cv178
06me41

§ VII - CONTINUED

1. HELD BY THE JUDGMENT CREDITOR,
2. MATTER OF SUNDARE ASSOCIATES,
3. 23 BR. 230, (BANKR. S.D. FLA 1982).
4.     1.06 ALL CONTRACT ENTERED
5. INTO BY THE JUDGMENT CREDITOR,
6. PURSUANT TO THE TERMS OF THE
7. "FOREIGN JUDGMENTS" ARE PROTECTED
8. BY THE TERMS OF THE REIMPOSED
9. AUTOMATIC STAY, ESTABLISHED BY
10. THE "FOREIGN JUDGMENTS" IN RE
11. DAKOTA INDUSTRIES, INC, 131 B.R.
12. 23 (BANKR. D.S.D. 1983).
13.     1.07 THE REIMPOSED
14. AUTOMATIC STAY, ESTABLISHED BY
15. THE "FOREIGN JUDGMENTS" APPLIES
16. TO ALL ENTITIES, INCLUDING
17. GOVERNMENT UNITS, IN RE
18. TRANSCON LINES 147 B.R. 770 (C.D.
19. CAL. 1992).
20.     1.08 THE REIMPOSED
21. AUTOMATIC STAY OF THE "FOREIGN
22. JUDGMENTS" BINDS ALL GOVERNMENT
23. UNITS, INCLUDING BUT NOT LIMITED
24. TO ALL BRANCHES OF THE UNITED
25. STATES, IN RE PEARSON, 917 F.2d
26. 1215 (9TH CIR. 1990).
27.     1.08 THE REIMPOSED
28. AUTOMATIC STAY, ESTABLISHED

7-3   § VII - 3

§ VII - CONTINUED

1  BY THE "FOREIGN JUDGMENTS" IS
2  APPLICABLE TO ALL COURTS, STATE
3  AND FEDERAL, AS COURTS ARE A
4  UNIT OF THE JUDICIAL DEPARTMENT
5  OF THE RESPECTIVE STATE OR FEDERAL
6  GOVERNMENTS, AND ARE AN "ENITY"
7  SUBJECT TO THE REIMPOSED
8  STAY AS A "GOVERNMENT UNIT",
9  IN RE CARTER, 131 B.R. 4 (BANKR. D.
10 CONN. 1991).
11        1.10 THE REIMPOSED
12 AUTOMATIC STAY ESTABLISHED BY
13 THE "FOREIGN JUDGMENTS" CAN NOT
14 BE WAINED, IN RE IZZI, 295
15 B.R. 754 (E,D, PA 2003).
16        1.11 THE ACTS OF THE
17 ISSUANCE, ENTRY, EXECUTION AND
18 ENFORCEMENT OF THE "SUBJECT
19 ORDERS" ARE ALL "VOID AB INITIO"
20 ACTS IN VIOLATION OF THE
21 REIMPOSED AUTOMATIC STAY,
22 ESTABLISHED BY THE "FOREIGN
23 JUDGMENTS", IN RE SCHWARTZ,
24 954 F.2d 569 (9TH CIR 1992); IN
25 RE CALDER, 907 F. 2d 953, (10TH CIR.
26 1990); IN RE ROSE, 113 B.R. 534 (W.D.
27 MO. 1990); IN RE MALLARD POND
28

7-4  § VII-4
PAGE 33 OF 62

§ VII - CONTINUED

1. PARTNERS, 113 B.R. 420 (BANKR
2. W.D. TENN 1990); HAUN V.
3. STEIGLEDER, 830 S.W.2d 833 (1992).
4. 1.12 THE GOVERNMENT
5. (IRS) POST-CONFIRMATION
6. ASSESSMENT OF RESPONSIBLE
7. PERSON TAXES AGAINST MCNEIL,
8. FOR PRE-PETITION TAXES OF
9. THE DEBTOR, VIOLATED THE
10. REIMPOSED AUTOMATIC STAY AND
11. WRIT # 02-0003, AT TO THE
12. ATTACHMENT OF MCNEIL'S
13. SSA DISABILITY BENEFITS,
14. OLSON V. US, 133 B.R. 1016, (D.
15. NEB 1991). IN RE DEC MISSION,
16. 98 F.3d 1147 (9TH CIR. 1996); IN
17. RE GREEN, 50 B.R. 785 (S.D.
18. N.Y. 1985); IN RE LOUGHNANE,
19. 28 B.R. 946 (D. COLO. 1983).
20. 1.13 FEDERAL DISTRICT
21. COURTS ARE LIMITED IN THEIR
22. JURISDICTION BY THE "FOREIGN
23. JUDGMENTS" TO THE ACTS RELATED
24. TO THE ENTRY OF ORDERS THAT
25. ARE NOT INCONSISTENT WITH
26. THE TERMS OF THE REIMPOSED STAY
27. ESTABLISHED BY THE "FOREIGN JUDGMENTS",
28. PICCO V. GLOBAL MARINE, 900 F.2d 846 (5TH CIR
    1990).

§ VII - 5

7-5

PAGE 34 OF 62

§ VII – CONTINUED.

1.14 DISTRICT COURT INJUNCTIONS
1 PROHIBITING DEBTOR FROM APPLYING TO
2 COURTS IN OTHER STATES FOR RELIEF
3 UNDER AUTOMATIC STAY, SUCH AS THE
4 "SUBJECT ORDERS", HAS INTERFERED
5 WITH THE REORGANIZATION PROCESS BY
6 PREVENTING THE JUDGMENT CREDITOR
7 FROM INVOKING AND ENFORCING
8 REIMPOSED AUTOMATIC STAY, AND ARE
9 VOID ORDERS, IN RE BALDWIN – UNITED
10 CORP LITIGATION, 765 F.2d 343 (2nd CIR. 1985).
11 1.15 THE REIMPOSED STAY PROTECTS
12 JUDGMENT CREDITOR FROM CONTEMPT ACTION
13 THAT INTERFERES WITH REORGANIZATION
14 PROCESS, IN RE PLUMBREX SPECIALITY PROD.,
15 311 B.R. 551 (BANKR C.D. CAL. 2004).
16 1.16 ACTIONS AND CLAIMS
17 AGAINST JUDGMENT CREDITOR / TRUSTEE
18 FOR ACTS TAKEN IN OFFICIAL CAPACITY,
19 SUCH AS THE "SUBJECT ORDERS", VIOLATE
20 THE AUTOMATIC STAY AND ARE NOT
21 ALLOWED, AND ARE "VOID AB INITIO" WITHOUT
22 THE APPOINTING COURT'S PRIOR CONSENT,
23 IN RE MARKOS GURNEE PARTNERSHIP, 182
24 B.R. 211 (BANKR. N.D. ILL 1995).
25
26
27
28

SECTION VIII

## § VIII

# THE "SUBJECT ORDERS" ARE "VOID AB INITIO" ORDERS IN THAT THE "SUBJECT ORDERS" WERE ISSUED IN VIOLATION OF THE DISCHARGE AND DISCHARGE INJUNCTION ESTABLISHED BY THE "FOREIGN JUDGMENTS" PURSUANT TO 11 U.S.C. § 524 AND 11 U.S.C. § 1141.

§ VIII - 1.01 THAT THE JUDGMENT CREDITOR HEREBY INCORPORATES HEREIN ¶¶ 24, 25, 26, 27, 28, 29, 30, 31, 32, 33 34, 35, 36, 37 AND 38, OF WRIT # 02-0602, AT PAGES 14 TO 21 AND ¶¶ 24-38 OF WRIT # 02-0004 AT PAGES 11 TO 18, AS THOUGH FULLY SET FORTH HEREIN.

1.02 THE SOVERIGN IMMUNITY OF THE UNITED STATES HAS BEEN WAIVED WITH RESPECT TO AN AWARD OF SANCTIONS FOR ACTS IN VIOLATION OR DISCHARGE INJUNCTION, SUCH AS THE ISSUANCE, ENTRY, EXECUTION AND ENFORCEMENT OF THE "SUBJECT ORDERS," IN RE JOHNS, 184 B.R. 161 (M.D. FLA 1995).

§ VIII-1

§ VIII - CONTINUED

1.    1.03   SANCTIONS ARE REQUIRED
2. AGAINST U.S. (SOCIAL SECURITY ADMINISTRATION)
3. FOR VIOLATING DISCHARGE INJUNCTION BY
4. WITHHOLDING THE JUDGMENT CREDITORS
5. SSA DISABILITY BENEFITS TO SATISFY
6. DISCHARGED DEBTOR TAX (STATE WRIT
7. #02-0003), IN RE COST, 161 BR 856
8. (BANKR, S.D. FLA. 1993).
9.    1.04   PUNITIVE DAMAGES ARE
10. REQUIRED FOR THE FILING OF A
11. CRIMINAL COMPLAINTS AGAINST THE
12. JUDGMENT CREDITOR, WHICH SOUGHT
13. TO RECOVER DISCHARGED AND STAYED
14. DEBTS, THROUGH CRIMINAL PROCEEDINGS,
15. IN RE BROWN, 213 B.R. 317 (BANKR.
16. W.D. KY, 1997).
17.    1.05   THE "FOREIGN JUDGMENTS"
18. PROVIDE THE NECESSARY "UNSUAL CIRCUMSTANCES"
19. TO SUPPORT THE DISCHARGE, DISCHARGE
20. INJUNCTION AND REIMPOSED STAY AS
   (AND BARRING)
21. TO MCNEIL, ENJOINING ALL ACTIONS
22. AGAINST THE JUDGMENT CREDITOR, IN
23. RE DOW CORNING CORP., 280 F. 3d 648
24. (6TH CIR. 2002).
25.    1.06   CONFIRMATION OF REORGANIZATION
26. PLAN, AS ESTABLISHED BY "FOREIGN JUDGMENTS"
27. IS BINDING ON ALL JUDGMENT DEBTORS
28. AND CREDITORS, AND OPERATES TO

§ VIII - CONTINUED

1  DISCHARGE ALL DEBTS, LIBALITIES
2  AND CLAIMS AGAINST THE ESTATE AND
3  THE JUDGMENT CREDITOR, EXCEPT AS
4  SPECIFICALLY PRESERVED IN THE
5  "FOREIGN JUDGMENTS", FEDERAL'S
6  INC.V. EDMONTON INV.CO., 404
7  F. Supp. 68 (E.D. MICH. 1975).
8       1.07 A PLAN OF REORGANIZATION,
9  SUCH AS THE "FOREIGN JUDGMENTS", ONCE
10  CONFIRMED BINDING UPON ALL PARTIES,
11  AND OFFICERS OF THE COURT, GERSON
12  V. BOOTH LUMBER, CO., 230 F.2d 631
13  (9th CIR. 1955).
14       "      1.08 UPON CONFIRMATION THE
15  FOREIGN JUDGMENTS" BECAME A BINDING
16  CONTRACT BETWEEN THE JUDGMENT
17  CREDITOR AND JUDGMENT DEBTORS, IN
18  RE VANDYINC, 189 B.R. 342 (BANKR E.D.
19  PA 1995).
20       1.09 THE "FOREIGN JUDGMENTS"
21  AS A PART OF A CONFIRMED PLAN, ARE
22  BINDING UPON ALL PARTIES AND MUST
23  BE ENFORCED AS WRITTEN, IN RE
24  AMERICAN PROPERTIES, 30 B.R. 239 (BANKR
25  D. KAN. 1983).
26       1.10 THE IRS AND
27  TAX COLLECTORS ARE BOUND BY THE
28  TERMS, PROCEDURES AND DISCHARGE

8-3    § VIII - 3         PAGE 38 OF 62

§ VIII - CONTINUED

CONTAINED WITHIN THE "FOREIGN
JUDGMENTS", FROM WHICH NO APPEAL
HAS BEEN, OR NOW CAN BE TAKEN,
IN RE GENERAL DEVELOPMENT CORP. 163
B.R. 216 (S.D. FLA. 1994); IN RE
MARTIN, 150 B.R. 43 (S.D. CAL. 1993);
IN RE CUSTOM ARE MFG, 125 B.R. 843
(MID. FLA. 1991); IN RE ST. LOUIS
FREIGHT LINES, INC., 45 B.R. 546 (E.D.
MICH. 1984).

10.11 THE "FOREIGN JUDGMENTS"
WERE NOT, AND CAN NOW NOT BE
SUCESSFULLY APPEALED, REVOKED, MODIFIED,
OR OTHERWISE ATTACKED, EVEN IF
THE TERMS OF THE "FOREIGN JUDGMENTS"
ARE NOT CONSISTENT WITH OR CONTRARY
TO THE BANKRUPTCY CODE, IN RE
SULLIVAN, 153 B.R. 746 (N.D. TEX. 1993).

10.12 EVEN IF THE CHAPTER 11
CASE IS DISMISSED POST CONFIRMATION,
THE DISMISSAL DOES NOT REVOKE THE
DISCHARGE CONTAINED WITHIN THE
"FOREIGN JUDGMENTS" AND THE
OBLIGATIONS OF THE JUDGMENT DEBTORS
REMAIN UNALTERED, MATTER OF DEPEW
115 B.R. 965 (N.D. IND. 1989).

§ VIII - 4

8-4

PAGE 39 OF 62

§ VIII - CONTINUED

1.13  THE "FOREIGN JUDGMENTS"
AS A CONFIRMED PLAN REMAINS A
BINDING CONTRACT AND IS RES
JUDICATA AS TO ALL ISSUES EVEN IF
THE PLAN IS NOT FULLY CONSUMMATED
AND/OR THE CHAPTER 11 CASE IS
CONVERTED TO CHAPTER 7, IN RE
LAING, 146 B.R. 482 (N.D. OKLA 1992).
      1.14  LIKE ALL FINAL JUDGMENTS,
THE "FOREIGN JUDGMENTS" ARE BINDING
ON ALL PARTIES, AS TO ALL ISSUES THAT
WERE RAISED, OR THAT COULD HAVE BEEN
RAISED  AND ARE RES JUDICATA AS
TO ALL MATTERS, CLAIMS OR ISSUES
RELATING TO THE "FOREIGN JUDGMENTS"
IN RE CIRCLE K CORP, 198 B.R. 784
(BANKR D. ARIZ. 1996); IN RE PRECISION
AUTO CRAFT, INC, 197 B.R. 901 (BANKR.
W.D. WASH (1996); IN RE BERRY MAN,
PRODUCTS, 183 BR 463 (N.D. TEX 1995)
      1.15  THE "FOREIGN JUDGMENTS"
AS A CONFIRMED REORGANIZATION PLAN,
INCLUDES ALL DOCUMENTS THAT WERE
CONFIRMED TOGETHER TO FORM A
BINDING CONTRACT, IN RE SUGERHOUSE
REALTY, INC, 192 B.R. 355 (E.D. PA.
1996).
      1.16  THE "FOREIGN JUDGMENTS"

§ VIII — CONTINUED

1  AS A CONFIRMED ARRANGEMENT,
2  IS TANTAMOUNT TO A JUDGMENT
3  AND REPRESENTS A CONSENT DECREE,
4  HAVING MANY ASPECTS OF A CONTRACT,
5  AND THE "FOREIGN JUDGMENTS" ARE
6  BASICALLY CONSTRUED AS CONTRACTS,
7  IN RE STRATFORD OF TEXAS, 635 F.2d
8  365 (5TH CIR 1981).
9        1.17 THE "FOREIGN JUDGMENTS"
10 AS CONFIRMED REORGANIZATION PLANS,
11 ARE BINDING CONTRACTS THAT MUST
12 BE INTERPRETED IN ACCORDANCE
13 WITH APPLICABLE CONTRACT LAW,
14 IN RE SUGARHOUSE REALTY, INC., 192
15 B.R. 355 (E.D. PA. 1996).
16        1.18 THE "FOREIGN JUDGMENTS"
17 AS THE CONFIRMATION OF A PLAN OF
18 REORGANIZATION VESTED ALL ESTATE
19 PROPERTY IN THE JUDGMENT CREDITOR, FOR
20 THE BENEFIT OF CREDITORS HOLDING
21 ALLOWED CLAIMS, AND RELEASED ALL
22 SUCH PROPERTY, ALONG WITH AFTER
23 ACQUIRED PROPERTY FROM ALL CLAIMS
24 AND INTERESTS OF JUDGMENT DEBTORS
25 AND CREDITORS, EXCEPT AS SPECIFICALLY
26 ALLOWED BY THE "FOREIGN JUDGMENTS,"
27 SEE U.S. V. REDMOND, 36 BR. 932 (D.C. KAN
28 1984). IN RE ROBBINS, 167 B.R. 724 (D. MASS 1994).

§ VIII - CONTINUED

1.19 AS THE CREDITORS HOLDING
ALLOWED CLAIMS RETAINE AN INTEREST
IN THE ESTATE PROPERTY, UNDER THE
"FOREIGN JUDGMENTS", THE REIMPOSED
AUTOMATIC STAY REMAINS IN EFFECT
UNTIL COMPLETION OF THE PLAN, VOIDING
ALL OF THE "SUBJECT ORDERS" AND
REQUIRING JUDGMENT DEBTORS AND
THE U.S. TO OBTAIN A LIFT OF STAY
IN ORDER TO COLLECT PLAN PAYMENT
DEFAULTS, IN RE REISHER, 149 B.R. 372
(M.D. PA 1992).

1.20 UPON CONFIRMATION OF
THE "FOREIGN JUDGMENTS", ALL PRIOR
OBLIGATIONS AND RIGHTS OF PARTIES ARE
EXTINGUISHED AND REPLACED BY THE
RIGHTS AND OBLIGATIONS IMPOSED BY
THE "FOREIGN JUDGMENTS", IN RE
FRIEDBERG, 192 BR 338 (S.D.N.Y. 1996).

1.21 PERSONS AND PARTIES
SUBJECT TO THE RES JUDICATA EFFECT
OF THE "FOREIGN JUDGMENTS", INCLUDE
ALL GOVERNMENT UNITS, CREDITORS, EQUITY
HOLDERS, PRINCIPALS, AND PARTIES IN PRIVITY
THEREWITH OR AS THEIR SUCCESSORS IN INTEREST,
IN RE HERITAGE HOTEL PARTNERSHIP I,
160 B.R. 374 (9TH CIR BAP 1993).

§VIII - CONTINUED

1.22 U.S. AND UNITED STATES TRUSTEE, HAVING FAILED TO OBJECT TO OR APPEAL THE "FOREIGN JUDGMENTS" IS BOUND BY THE PLAN TERMS WHICH DO NOT REQUIRE POST CONFIRMATION UST QUARTERLY FEES TO BE PAID BY THE DEBTOR, UNDER PRINCIPALS OF RES JUDICATA AND COLLATERAL ESTOPEL, AND THE ORDER OF CONVERSION TO CH.7, OBTAINED BY THE UST IS VOID FOR VIOLATION OF THE DISCHARGE INJUNCTION, IN RE CONTEMPRI HOMES, INC. 247 B.R. 135 (M.D. PA. 2000).

1.23 EARLIER CONFIRMED CH.11 PLAN IS STILL BINDING, AS A FINAL JUDGMENT ON THE MERITS, EVEN THROUGH CH.11 CASE WAS CONVERTED TO A CH.7 CASE, IN RE LANG, 31 F.3d 1050 (10TH CIR 1994).

1.24 ASSETS WHICH PURSUANT TO EXPRESS TERMS OF "FOREIGN JUDGMENTS" WERE VESTED IN THE POST CONFIRMATION ESTATE, AND LATER TRANSFERED TO THE JUDGMENT CREDITOR, PURSUANT TO THE TERMS OF THE "FOREIGN JUDGMENTS", DO NOT BECOME ASSETS OF THE CH.7 ESTATE TO BE ADMINISTERED BY CH.7 TRUSTEE, AFTER CASE IS

8-8    §VIII 8

§ VIII - CONTINUED

WRONGFULLY CONVERTED TO A CH.7,
IN RE LACY, 304 B.R. 439 (D. COLO. 2004).
 1.22 JURISDICTION RETAINED BY
BANKRUPTCY COURT, ONCE PLAN IS
CONFIRMED IS DETERMINED BY THE
TERMS OF THE "FOREIGN JUDGMENTS"
AND ORDERS AND RULINGS BEYOND THE
PRESERVED JURISDICTION ARE IN
VOID ORDERS IN "A CLEAR ABSENCE OF
ALL JURISDICTION", IN RE FRIEDBERG, 192
B.R. 338 (S.D. N.Y. 1996).
 1.23 BANKRUPTCY COURT LACKED
JURISDICTION OVER ACTION ON BREACH OF
POST-PETITION SERVICE CONTRACT, ABSENT
A SHOWING BY DEBTOR DISPUTE WOULD
EFFECT ABILITY TO CONSUMMATE PLAN, AS
SUCH BANKRUPTCY COURT, POST-CONFIRMATION
WAS WITHOUT JURISDICTION TO AWARD FEES
TO ATTORNEYS JUMP & YOUNG, AND SUCH
ORDERS ARE VOID AND OF NO FORCE AND
EFFECT, SEE WRIT #02-0002 AND #02-0004
IN RE AL MARC CORP, 94 B.R. 361 (E.D. PA 1988)
 1.24 LANGUAGE IN "FOREIGN
JUDGMENTS" REGARDING PAYMENT OF POSTCONFIRMATION
FEES TO ATTORNEYS WAS BINDING ON ALL
PARTIES, VOIDING FEE AWARDS TO ATTORNEYS
JUMP & YOUNG IN RE FLORENCE TANNERS, INC, 209
B.R. 439 (E.D. MICH. 1997).

§ VIII - CONTINUED

1  1.25 WHERE NO PLAN OF
2  REORGANIZATION WAS CONFIRMED IN
3  CASE NO. 01-06073-W11, THE BANKRUPTCY
4  COURT WAS REQUIRED TO DISMISS THE
5  CREDITORS COMPLAINT TO DETERMINE
6  A CLAIMED DEBT TO BE "NON DISCHARGABLE"
7  IN CASES A02-00010-W11 AND
8  A02-00011-W11, AND THE RESULTING
9  JUDGMENTS OF CLAIMED "NON-DISCHARGABILITY"
10  ARE VOID, ENTERED IN A CLEAR
11  ABSENCE OF ALL JURADICTION", IN RE
12  MODERN TABLES, INC, 26 B.R. 585
13  (N.D. ALA. 1983).
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

8-10  § VIII-10          PAGE 45 OF 62

SECTION "IX"

1  SIX

2  THE "SUBJECT ORDERS" ARE
3  "VOID AB INITIO" ORDERS
4  IN THAT THE ORDERS ARE
5  BASED UPON, AND WERE
6  ISSUED AS A DIRECT RESULT
7  OF, AND IN RELIANCE ON
8  EARLIER "VOID AB INITIO"
9  ORDERS OF NO FORCE AND
10 EFFECT.

11

12  §IX-1.01 "GENERALLY WHERE A
13 JUDGMENT IS BASED UPON A PRIOR JUDGMENT,
14 WHEN THE JUDGMENT FROM THE FIRST CASE IS
15 REVERSED, ELIMINATING THE BASIS FOR
16 THE JUDGMENT IN THE SUBSEQUENT CASE
17 THEN THE ... COURT SHOULD REVERSE THE
18 SECOND JUDGMENT. SEE e.g. BUTLER
19 V. EATON, 141 U.S. 240, 11 S.CT. 985, 35
20 L.Ed. 713 (1891) ; 7 J. MOORE, FEDERAL
21 PRACTICE ¶ 60.26[3], AT 60/246-47 (1985
22 & Supp. 1986) (CONSTRUING 60(b)(5) OF THE
23 FEDERAL RULES); 11 C. WRIGHT & A. MILLER,
24 FEDERAL PRACTICE §2863 AT 203
25 (1973 & Supp. 1986)", QUOTING FROM
26 FAHLEN v. MOUNSEY, 46 WASH. APP. 45, AT
27 47-48, 728 P.2d 1097, AT 1099 (WASH. APP

28

9-1   §IX-1

PAGE 46 OF 62

§IX ~~~~~~~~ - CONTINUED

DIV III 1986) AT HEAD NOTE [2].

1.02 ON THE REVERSAL OF ORDER OF FORECLOSURE AFTER DECREE OF CONFIRMATION, ORDER OF CONFIRMATION MUST ALSO BE REVERSED. SPEERS SAND & CLAY WORKS v. AMERICAN TRUST CO., 20 F.2d 336 (4th CIR. 1927).

1.03 WHERE A DEED WAS EXECUTED AND DELIVERED TO THE CLERK SOLELY TO PROCURE A STAY PENDING APPEAL, IT WAS VACATED BY REVERSAL OF JUDGMENT ON APPEAL. US OIL & LAND CO. v. BELL, 219 F. 785 (9th CIR. 1915).

1.04 REVERSAL OF AN ORDER GRANTING AN INJUNCTION WHICH CONDEMNORS WERE CHARGED WITH VIOLATING, LEAVES NO BASIS ON WHICH TO REST A JUDGMENT FOR A FINE. (N.D. CAL 1911) ANARGYROS v. CO, 191 F. 208.

1.05 WHERE ONE JUDGMENT IS BASED UPON A PRIOR JUDGMENT, AND THE PRIOR JUDGMENT IS VACATED, COURT MUST VACATE SECOND JUDGMENT, FAHLEN v. MOUNSEY, 728 P.2d 1097 (WASH. APP. 1986).

1.06 JUDGMENT AGAINST GARNISHEE IN ANCILLARY ACTION WAS VACATED UPON REVERSAL OF JUDGMENT IN ORIGINAL ACTION. SMITH v. KNEISLEY, 60 P.2d 19 (WASH. 1936).

SECTION X

§ X

1

2   THIS COURT IS REQUIRED

3   TO GRANT FULL FAITH &

4   CREDIT TO THE "FOREIGN

5   JUDGMENTS" AND APPLY

6   THE PRECLUSIVE EFFECT

7   AND THE BARS OF RES

8   JUDICATA AND COLLATERAL

9   ESTOPEL, ESTABLISHED BY

10  THE "FOREIGN JUDGMENTS"

11  WHEN INVALIDATING AND

12  DECLARING "SUBJECT ORDERS"

13  TO BE "VOID AB INITIO".

14

15  § X - 1.01  "FULL FAITH AND CREDIT" CLAUSE

16  DOES NOT MAKE ANOTHER DISTRICT OR

17  STATE'S A JUDGMENT IN THIS DISTRICT,

18  TO GIVE THE "FOREIGN JUDGMENTS" THE

19  FORCE OF A JUDGMENT OF THIS DISTRICT, THIS

20  COURT MUST MAKE THE "FOREIGN JUDGMENTS"

21  JUDGMENTS OF THIS COURT AND THIS

22  DISTRICT, U.S. CONST ART. 4 § 1, IN

23  RE INFILTRATOR SYSTEMS, INC., 251

24  B.R. 773 (BANKR. D. CONN. 2000).

25          1.02 A JUDGMENT RENDERED

26  IN ONE STATE (OR DISTRICT) IS WITHOUT

27  FORCE IN OTHER STATES (OR DISTRICT)

28  UNTIL MADE A JUDGMENT THERE,

10-1   § X - 1

§ X - CONTINUED

1  WILLIAMS V. STATE OF N.G., 325 U.S. 226,
2  65 S. CT. 1092 (1945).
3              1.03 BY THIS MOTION AND
4  APPLICATION, MCNEIL REQUESTS THAT
5  THIS COURT TAKE JUDICIAL NOTICE OF,
6  AND ENTER AN ORDER ~~THE~~ AND
7  JUDGMENT, OF THIS COURT, GRANTING
8  FULL FAITH & CREDIT TO THE "FOREIGN
9  JUDGMENTS" LISTED ON EX. 2, AS
10  SAID "FOREIGN JUDGMENTS" ARE
11  ENTITLED TO THE FULL FATH & CREDIT
12  OF THIS COURT, SEE BLOEDORN V.
13  BLOEDORN, 76 F.2d 812, 64 APP. D.C.
14  199 (FED CR 1935).
15              1.04 THE PURPOSE OF U.S.
16  CONST. ART IV § 1, IS TO ESTABLISH
17  THROUGHOUT THE FEDERAL SYSTEM THE
18  SALUTARY PRINCIPAL OF THE COMMON LAW,
19  THAT LITIGATION ONCE PURSUED TO
20  JUDGMENT SHALL BE CONCLUSIVE OF
21  THE RIGHTS OF THE PARTIES IN EVERY
22  OTHER COURT AS IN THAT WHERE
23  JUDGMENT WAS RENDERED, SO THAT
24  A CAUSE OF ACTION OR A CLAIM ONCE
25  MERGED INTO A JUDGMENT IN ONE
26  STATE (OR DISTRICT) IS LIKEWISE
27  MERGED IN EVERY OTHER STATE
28  (OR DISTRICT). SEE MAGNOLIA PETROLEUM

10-2  § X - =

§ X - CONTINUED

1  Co. V. HUNT, 320 U.S. 430, 64
2  S. CT. 208, (1947).
3           1.05 INTENDED FUNCTION
4  OF U.S. CONST ART. IV § 1 IS TO
5  AVOID RELITIGATION IN OTHER STATES
6  (OR DISTRICTS) OF ADJUDICATED ISSUES,
7  WHILE LEAVING TO LAW OF THE
8  FORUM STATE (OR DISTRICT) THE
9  APPLICATION OF THE PREDETERMINED
10 FACTS AND ISSUES TO A NEW
11 PROBLEM OR LEGAL CLAIM. SEE
12 SCOTTON V. LEIB, 342 U.S. 402, 72 S.CT.
13 398 (1952); WHITE U. THOMAS 660
14 F.2d 680 (5TH CIR 1981); WISE Vo
15 BERMAN, 282 F. Supp. 282 (D.C. FLA.
16 1967); OLDHAM Vo MCROBERTS, 249
17 N.Y.S.2d 780, 21 A.D.2d 231 (1964).
18          1.06 U.S. CONST ART. IV § 1,
19 MAKES IT MANDATORY THAT THIS COURT
20 MUST GIVE FULL FAITH & CREDIT TO
21 THE "FOREIGN JUDGMENTS", DAVIS
22 V. DAVIS, 305 U.S. 32, 59 S.CT. 3
23 (1938).
24          1.07 28 USC. § 1738 AND U.S.
25 CONST. ART. IV § 1 DICTATE THAT
26 ALL COURTS OF THE UNITED STATES,
27 BOTH STATE AND FEDERAL, MUST
28 RECOGNIZE AND GIVE FULL EFFECT

16-3   § X - 3

PAGE 49 OF 62

§ X - CONTINUED

1  TO THE VALID AND FINAL "FOREIGN
2  JUDGMENTS, LISTED ON EX. 2, SEE
3  EMPLOYERS REINSURANCE CORP. V.
4  MID-CONT. CAS. CO., 358 F.3d 757
5  (10TH CIR. 2004).
6        1.08  BY REASON OF
7  U.S. CONST ART. IV § 1, COURTS OF
8  ONE STATE (OR DISTRICT) MUST
9  RECOGNIZE AND GIVE FULL CREDIT TO
10 ATTACHMENT JUDGMENTS AND WRITS OF
11 OTHER STATES (OR DISTRICTS), HURON
12 HOLDING CORPORATION V. LINCOLN MINE
13 OPERATING CO, 312 U.S. 183, 61 S. CT.
14 513 (1941).
15       1.09  THE DULY ATTESTED
16 JUDGMENT OF A FOREIGN STATE OR
17 FEDERAL COURT IS ENTITLED TO
18 FULL FAITH & CREDIT IN EVERY COURT
19 WITHIN THE UNITED STATES, ADAM V.
20 SAENGER, 303 U.S. 59, 58 S. CT. 454
21 (1938); WILLIAMS V. ST OF N.C., 325 U.S.
22 226, 65 S.CT. 1092 (1945); KINNEY
23 V. KINNEY, 196 F.2d 587 (FED CIR. 1952);
24 CUKOR V. CUKOR, 49 A2d.206, 114 VT.
25 456 (1946); IOWA-WISCONSIN BRIDGE CO. V.
26 PHOENIX FINANCE, 25 A.2d 383, 2
27 TERRY 527 (1942).
28

SECTION "XI"

§ XI

1

2  THE LOSS OF FEDERAL

3  CONSTITUTIONAL RIGHTS.

4  BY THE ENFORCEMENT

5  AND EXISTENCE OF THE

6  "SUBJECT ORDERS"

7  CONSTITUTES AN

8  "IRREPERABLE INJURY"

9  MANDATING IMMEDIATE

10  RELIEF, SUA SPONTE, BY

11  THIS COURT.

12

13  § XI - 1.01   MCNEIL HAS BEEN
                  MEANINGFUL AND ADEQUATE
14  CONTINUALLY DENIED, ACCESS TO THE

15  COURTS, LAW LIBRARY AND COPIER RESOURCES

16  ＴＯ AND HAS BEEN DENIED HIS RIGHT TO

17  FULL FATH & CREDIT AS TO THE "FOREIGN

18  JUDGMENTS" UNDER U.S. CONST. ART IV § 1,

19  AND HIS RIGHTS UNDER THE 1ST, 4TH, 5TH,

20  6TH, 8TH AND 14TH AMEND. RESULTING IN

21  IRREPARABLE HARM. "A CONTINUING

22  VIOLATION OF A CONSTITUTIONAL RIGHT

23  CONSTITUTES IRREPARABLE INJURY. SEE

24  WRIGHT & MILLER, FEDERAL PRACTICE &

25  PROCEDURE § 2948, AT 440; cf., ELROD V.

26  BURNS, 427 U.S. 347, 373, 96 S.CT. 2673,

27  2689, 49 L.Ed.2d 547 (1976)" QUOTING

28  FROM WALTERS V. THOMPSON, 615 F. Supp.

11-1   § XI-1

PG 51 OF 62

§ XI - CONTINUED

1  330, AT 341 (N.D. ILL. 1985).
2        1.02 DUE TO MCNEIL'S ONGOING
3  AND CONTINUAL VIOLATIONS OF HIS
4  CONSTITUTIONAL RIGHTS, SUA SPONTE
5  INJUNCTIVE RELIEF IS MANDATED AS
6  TO THE "SUBJECT ORDERS". "WITHOUT
7  PROMPT INJUNCTIVE RELIEF PLAINTIFFS
8  WILL BE LEFT WITH NO ADEQUATE REMEDY
9  AT LAW. DAMAGES CANNOT COMPENSATE
10  A WRONGFULLY-IMPRISONED INMATE WHO IS
11  UNABLE TO PREPARE A POST-CONVICTION
12  PETITION OR THE INMATE WHOSE MERITORIOUS
13  CIVIL RIGHTS PETITIONS ARE DENIED BECAUSE
14  THE PLEADINGS WERE IN ARTFULLY DRAWN
15  BY THAT INMATE WITHOUT ACCESS TO
16  LEGAL RESOURCES ...", QUOTING FROM
17  WALTERS V. THOMPSON, 615 F. Supp. 330 (N.D.
18  ILL. 1985) AT HEAD NOTE [12].
19        1.03 THE "SUBJECT ORDERS" ACT TO
20  DENY MCNEIL, SUA SPONTE, BASIC CONSTITUTIONAL
21  RIGHTS, AND MUST THEREFORE BE VOIDED IN THE
22  PUBLIC INTEREST. "THE PUBLIC IS ILL-SERVED
23  BY BOTH THE SYSTEMATIC DENIAL OF BASIC
24  CONSTITUTIONAL RIGHTS TO AN INMATE CLASS AND
25  THE INSTITUTIONAL UPHEAVAL THAT MAY RESULT
26  FROM ... [A] PRELIMINARY INJUNCTION. THE PUBLIC,
27  HOWEVER, CLEARLY DOES NOT BENEFIT FROM A POORLY
28  TAINTED LAWSUIT OR DENIAL OF RELIEF WHICH SHOULD BE
    GRANTED, Id. WALTERS, AT 342, AF "PUBLIC INTEREST."

11-2   § XI - 2

PAGE 52 OF 62

SECTION "XII"

§ XII

1
2    THE STATE COURTS HAVE
3    BREACHED THEIR MANDATORY
4    DUTY TO ENFORCE FEDERAL
5    CONSTITUTIONAL RIGHTS.
6
7    § XII - 1.01 PURSUANT TO RCW
8    7-36.140 THE WASHINGTON STATE COURTS HAD
9    THE DUTY TO DETERMINE IN THEIR OPINIONS
10   WEATHER OR NOT MCNEIL HAS BEEN
11   DENIED A RIGHT GUARANTEED BY THE
12   CONSTITUTION OF THE UNITED STATES. THE
13   WASHINGTON COURTS HAVE BREACHED THIS
14   STATUTORILY REQUIRED DUTY AS TO THE
15   "SUBJECT ORDERS" AND THE UNDERLYING
16   PROCEEDINGS RELATED THERE TO, ACTING
17   IN "A CLEAR ABSENCE OF ALL JURISDICTION"
18   AND CONTRARY TO AN ESTABLISHED
19   STATUATORY DUTY, RENDERING THE
20   RESULTING JUDGMENTS TO BE VOID. SEE
21   SMITH V. WHATCOM CO. DIST. COURT, 147
22   WASH. 2d 98, 52 P.3d 485 (2002);
23   WILKEN V. SQUIER, 50 WASH 2d, 58, 309
24   P.2d 746 (1957); THORNE V. CALLAHAN,
25   39 WASH 2d 43, 234 P.2d 517 (1951);
26   WOODS V. BURTON, 8 WASH. APP 13, 503 P.2d
27   1079 (1872); SHRUGGS V. RHAY, 70 WASH.
28   2d 755, 425 P.2d 364 (1967).

12-1   § XII - 1

PAGE 53 OF 62

SECTION XIII

§XIII

THE "NOTICED JUDICIAL
OFFICERS", IN ISSUING,
ENFORCING AND EXECUTING
THE "SUBJECT ORDERS"
HAVE LOST ALL JUDICIAL
IMMUNITY, AND THIS COURT,
IN TAKING ACTS TO ENFORCE
THE "SUBJECT ORDERS",
OR BY FAILING TO VACATE
AND DECLARE "VOID AB
INITIO" THE SUBJECT
ORDERS, IS PLACED ON
NOTICE THAT IT WILL BE
DOING SO IN A COMPLETE
ABSENCE OF ALL JUDICIAL
IMMUNITY.

§XIII-1.01 A JUDGE OR JUDICIAL
OFFICER WHO KNOWS THAT HE LACKS
JURISDICTION TO ACT, OR ACTS IN THE
FACE OF CLEARLY VALID STATUTES OR
CASE LAW, EXPRESSLY DEPRIVING HIM
OF JURISDICTION (AS WAS DONE BY THE
ENTRY OF THE "SUBJECT ORDERS"), IS
NOT PERFORMING JUDICIAL ACTS, AND
LOSES ALL IMMUNITY FOR THE ACTS,
AND IS PERSONALLY LIABLE FOR THE

13-1

§XIII-1

PAGE 54 OF 62

§XIII - CONTINUED

1  HARM AND DAMAGES TO THE JUDGMENT
2  CREDITOR, AND THE BANKRUPTCY ESTATE
3  DYKES V. HOSEMANN, 743 F.2d 1488,
4  AT 1497 (11TH CIR. 1984), AT HEAD NOTE
5  [14], CITING TO RANKIN V. HOWARD,
6  633 F.2d 844, AT 849 (9TH CIR.
7  1980), AT HEADNOTE [7] & [10]; MILLS
8  V. KILLEBREW, 765 F.2d
9  69, AT 71-72 (6TH CIR 1985) AT
10  HEAD NOTE [1]; WAGSHAL V. FOSTER,
11  28 F.3d 1249, AT 1254, 307 U.S. APP.
12  D.C. 382, AT 387 (FED CIR. 1994), AT
13  HEAD NOTE [7].
14      1.02  THE "NOTICED JUDICIAL
15  OFFICIALS" AND THIS COURT HAVE A MINISTERIAL
16  NON-DISCRETIONARY, MANDATORY,
17  DUTY TO GRANT FULL FAITH & CREDIT
18  TO THE "FOREIGN JUDGMENTS" AND
19  TO VACATE AND DECLARE VOID THE
20  "SUBJECT ORDERS", THERE IS NO
21  JUDICIAL IMMUNITY FOR FAILING TO
22  FORTHWITH COMPLETE THESE NON-DISCRETIONARY
23  AND MINISTERIAL ACTS, MC CRAY V. STATE,
24  456 F.2d 1 AT 4 (4TH CIR 1972); GUTIERREZ
25  V. VERGARI, 499 F. Supp. 1040, AT
26  1047, N.S (S.D.N.Y. 1980); HARLOW V.
27  FITZGERALD, 457 U.S. 800, 810-11
28  (1982)

13-2

§XIII - 2

§XIII - CONTINUED

1.03 NOTICE IS HEREBY
GIVEN THAT: THIS COURT, AND
THE CLERK OF THIS COURT, WILL HAVE
NO JUDICIAL IMMUNITY, AND WILL BE
ACTING IN "A CLEAR ABSENCE OF ALL
JURISDICTION" AND IN THE FACE OF
CLEARLY VALID STATUTES AND CASE
LAW, EXPRESSLY DEPRIVING THEM
OF JURISDICTION, IN ANY ACT
ASSOCIATED WITH THE ENFORCEMENT
OF THE "SUBJECT ORDERS", AND WILL
BE HAVE NO JUDICIAL IMMUNITY FOR
ALL ACTS ASSOCIATED WITH ET ANY
FAILURE TO FORTHWITH COMPLETE THE
NON-JUDICIAL, NON-DISCRETIONARY AND
MINISTERIAL ACTS ASSOCIATED WITH
THE GRANTING OF FULL FAITH AND
CREDIT TO THE "FOREIGN JUDGMENTS"
IN THIS COURT, ALONG WITH THE
VACATING AND DECLARING "VOID AB
INITIO" THE "SUBJECT ORDERS",
AS MANDATED BY LAW, SCOTT V. DIXON,
720 F. 2d 1542, 1546 (11TH CIR. 1983);
PERKINS V. U.S. FIDELITY & GUAR. CO, 433
F. 2d 1303, AT 1305 (5TH CIR 1970); PEOPLES
ELECTRIC V. BROUGHTON, 191 OKLA. 229, AT
232, 127 P. 2d 850, AT 853 (1942); CRONOVICH
V. DUNN, 573 F. SUPP. 1330, AT 1336 (F.D. MICH 1983)
LEWIS V. BLACK BURN, 555 F. SUPP. 713, AT 723 (WD NC
1983)
§XIII - 3                PAGE 56 OF 62

13-3

SECTION XIV

§ XIV

MCNEIL, AS A FEDERAL COURT
APPOINTED OFFICER, FIDUCIARY,
RECEIVER, DISBURSING
AGENT, "ARM OF THE COURT"
AND AN OFFICER OF THE UNITED
STATES, AS DEFINED BY 28
U.S.C. §1985(1), APPOINTED
PURSUANT TO 11 U.S.C. §1123
(b)(3)(B), HAS ABSOLUTE
QUASI JUDICIAL IMMUNITY
AND DERIVED ABSOLUTE
IMMUNITY, AS TO ALL
CLAIMS OR CHARGES MADE
IN THE "SUBJECT ORDERS".
THE "SUBJECT ORDERS" ARE
"VOID AB INITIO" ORDERS, DUE
TO MCNEIL'S ABSOLUTE
IMMUNITY, AND THE ABSENCE
OF THE APPOINTING COURT (IN
CASE NO. LA 98-18082-SB, USBC-CD-
CA-LA) TO GRANT LEAVE FOR
THE "SUBJECT ORDERS" TO
BE ENTERED. AS SUCH THE
"SUBJECT ORDERS" ARE EACH
VOID FOR A LACK OF SUBJECT
MATTER JURISDICTION.

14-1    § XIV - 1

PAGE 57 OF 62

§ XIV - 1.01 AT ALL TIMES RELATED TO THE "SUBJECT ORDERS" MCNEIL WAS ACTING AS AN "ARM OF THE COURT" AND AN OFFICER OF THE UNITED STATES, IN FULFILLING HIS COURT APPOINTED OBLIGATIONS TO EXECUTE AND ENFORCE THE "FOREIGN JUDGMENTS". AS SUCH MCNEIL HAS ABSOLUTE IMMUNITY FROM ALL CHARGES OR CLAIMS BROUGHT IN THE "SUBJECT ORDERS". INCORPORATED HEREIN IS ¶ 44 OF WRIT # 02-0002, AT PAGES 25 TO 27, AND ¶ 44 OF WRIT # 02-0004, AT PAGES 22 TO 24.

1.02 MCNEIL'S ABSOLUTE QUASI JUDICIAL IMMUNITY BARS ALL FORMS OF EQUITABLE, DECLARATORY OR INJUNCTIVE RELIEF MADE IN THE "SUBJECT ORDERS" RENDERING THEM "VOID". INCORPORATED HEREIN IS ¶ 45 OF WRIT # 02-0002 AT PAGES 27 TO 28, AND ¶ 45 OF WRIT # 02-0004, AT PAGES 24 TO 25.

1.03 MCNEIL'S ABSOLUTE QUASI JUDICIAL IMMUNITY BARS ALL CLAIMS FOR DAMAGES, FINES

§ XIV - CONTINUED

1. SANCTION OR FEES, EXCEPT
2. AS IMPOSED PURSUANT TO THE
3. ~~FOREIGN~~ "FOREIGN JUDGMENTS",
4. BY THE APPOINTING COURT, IN
5. CASE NO. LA 98-18082-SB, LIMITED
6. BY THE JURISDICTION AND AUTHORITY
7. PRESERVED BY THE APPOINTING
8. COURT WITHIN THE "FOREIGN
9. JUDGMENTS". INCORPORATED
10. HEREIN IS PP 46 OF WRIT # 02-0002,
11. AT PAGES 28 TO 29, AND PP 46
12. OF WRIT # 02-0004, AT PAGE 25.
13.     1.04  IT IS WELL KNOWN
14. IN BANKRUPTCY LAW, THAT A NON-
15. APPOINTING COURT LACKS SUBJECT
16. MATTER JURISDICTION TO ENTERTAIN
17. A SUIT OR A CLAIM AGAINST A TRUSTEE,
18. FOR THE TRUSTEE'S OFFICIAL ACTS,
19. ABSENT LEAVE OF THE APPOINTING
20. COURT, SEE BARTON v. BARBOUR, 104
21. U.S. 126, 136-37 (1881); LEONARD v.
22. VROOMAN, 383 F.2d 556 (9TH CIR.
23. 1967); 2 COLLIER ON BANKRUPTCY
24. § 23.20 (14TH ed.).
25.
26.
27.
28.

14-3  § XIV-3

XV

CERTIFICATION & AUTHENTICATION

THAT I DECLARE THE FOREGOING
TO BE TRUE AND CORRECT UNDER
THE PENALTY OF PERJURY OF THE
LAWS OF THE UNITED STATES, AND
I HEREBY AUTHENTICATE THE "FOREIGN
JUDGMENTS" AS LISTED AND DESCRIBED
ON EX. 2, ATTACHED HERETO, AS
BEING TRUE AND CORRECT COPIES
OF THE ORIGINAL JUDGMENTS ON
FILE WITH THE ISSUING COURTS,
AND THAT THE COPIES OF SAID
"FOREIGN JUDGMENTS" ARE AVALIABLE
ON PACER, IN THE CASE NOS AND
DOCKET NUMBERS LISTED ON EX.2.
THAT DUE TO MY ONGOING UNLAWFUL
INCARCERATION AS A CIVIC DETAINEE,
IN RETALIATION AND RETRIBUTION
FOR MY HAVING SOUGHT TO ENFORCE
THE "FOREIGN JUDGMENTS" AND MY
RELATED CIVIC AND CONSTITUTIONAL
RIGHTS, I AM NOT ABLE TO FURNISH
COPIES OF THE "FOREIGN JUDGMENTS"
TO THIS COURT. BY THIS MOTION I ASK
THAT THE CLERK OF THIS COURT BE
ORDERED TO FORTHWITH OBTAIN COPIES
OF THE "FOREIGN JUDGMENTS" FOR
REGISTRATION IN THIS COURT.
DATED: 9/8/06

XV=1

JUDGMENT CREDITOR

PAGE 60 OF 92

FOREIGN JUDGMENTS

EXHIBIT "2"

AUTHENTICATION & REGISTRATION THEREOF:

1       a.   NOTICE of Filing of "Assignment of Interests in Bankruptcy Court Judgments
2            Rendered in Another District, for the Benefit of Creditors, in aid of the Judgment,
             and in the aid of the Enforcement and Execution Thereof", filed 3-22-02 in Misc Case
3            No 02-02, filed as Docket #535, on March 22, 2002, in Case No. 01-06073-W11,
             USBC-ED-WA;
4       b.   "Order Approving Disclosure Statement and Fixing Time for Filing Acceptances or
             Rejections of Plan, Combined With Notice Thereof", (hereinafter "Broadway
5            Disclosure Statement"), entered December 21, 1998, as Docket #112 in Case No. LA
             98-18082-SB, USBC-CD-CA-LA;
6       c.   "Order Approving 'Judgment Creditors' Second Amended-Chapter 11 Plan",
             (hereinafter "Broadway's First Plan w/Discharge"), entered March 19, 1999, in Case
7            No. LA 98-18082-SB, , USBC-CD-CA-LA, as Docket #129, along with the Clerk's
             Notice of Entry of Judgment or Order and Certificate of Mailing and Proof of Service
             on Counsel;
8       d.   "Order Approving 'Judgment Creditors' Second Amended Chapter 11 Plan (As.
             Modified)", (hereinafter "Broadway's Second Plan"), entered June 16, 1999, in Case
9            No. LA 98-18082-SB, USBC-CD-CA-LA, along with the Clerk's Notice of Entry of
             Judgment or Order and Certificate of Mailing and Proof of Service:
10      e.   "Findings of Fact and Conclusions of Law in Support of Order Disallowing Claims of
             John H. Smith and Robert Hayes", (hereinafter "Fraudulent Deed Findings"), entered
11           December 29, 1998, in Adversary Case No. AD-98-01685-SB, USBC-CD-CA-LA,
             along with the Clerk's Notice of Entry of Judgment or Order and Certificate of
12           Mailing and Proof of Service;
        f.   "Judgment and Order Pursuant to Summary Judgment Motions", (hereinafter
13           "Fraudulent Deed Judgment"), entered December 29, 1998, in Adversary Case No.
             AD 98-01685-SB, USBC-CD-CA-LA, along with the Clerk's Notice of Entry of
14           Judgment or Order and Certificate of Mailing and Proof of Service;
        g.   "Stipulated Order Re: Liability and Damages", entered October 30, 2000 in Case
15           No: CS-97-435-RHW, USDC-ED-WA;
        h.   Writ of Obedience #02-0001, issued May 31, 2002, in Spokane County Superior
16           Court Case No. 02-2-02825-4; DOC# 14, FILED 10/21/04 Ⓐ
        i.   Writ of Obedience #02-0002, issued June 6, 2002, in Case No. 02-2-02825-4; Doc #15 Ⓐ
17      j.   Writ of Obedience #02-0003, issued June 7, 2002, in Case No. 02-2-02825-4; Doc #16 Ⓐ
        k.   Writ of Obedience #02-0004, issued June 12, 2002, in Case No. 02-2-02825-4; Doc #17 Ⓐ
18      l.   Writ of Obedience #02-0005, issued July 18, 2002, in Case No. 02-2-02825-4. Doc #18 Ⓐ
        m.   ORDER denying relief from stay Re: Item # 41. with Notice of Entry, filed 1/11/2000
19           as Docket #137, incorporating therein "Opposition Re: Item # 41. to motions to lift
             stay: opposition to motion to annul stay, filed 12/9/1999, as Docket #94", and
20           incorporating "Opposition Re: Item # 57, to motion to lift stay and to motion to
             annul, filed 12/10/1999, as Docket #95"; all filed in Case No. LA 99-39555-SB,
             USBC-CD-CA-LA;
21      n.   BAP/USDC appeal judgment - the Bankruptcy Court judgment is AFFIRMED. BAP
             #CC-00-1049 RE: Item #154, filed 1/16/2001, as Docket #359, Case No. LA
22           99-39555-SB, USBC-CD-CA-LA;
        o.   ORDER Granting Debtors Motion to Strike Liens, filed 9/15/1998, as Docket #199,
23           in Case No. 96-02980-K11, USBC-ED-WA;
        p.   NOTICE of Filing of "Request to Clerk for Registration of Judgment Rendered in
24           Another Court, filed 3-21-02 as Misc Case No. 02-01 (02-01731 DJM $), filed
             3/27/2002, as Docket #536, Case No. 01-06073-W11, USBC-ED-WA;
25      q.   EXHIBIT I Admitted at hearing on 12-5-01; re: Amendment to Settlement
             Agreement and Mutual Release and Personal Services Contract Effective 5-24-01
26           between Duncan J McNeil and Broadway Buildings II LP. Re: Oust Motin to
             Convert Case to Ch 7, Docket #44 & Joinder therein Docket #212, as Docket #459,
27           Case No. 01-06073-W11, USBC-ED-WA;
        Ⓐ DOC#'S REFER TO "PACER" DOCKET NUMBERS FOR CASE NO;
28      2:04-CV-00427-AAM;
USDC- EASTERN DISTRICT
        OF WASHINGTON        PG 61 OF 62

AUTHENTICATION & VERIFICATION THERE OF

1    r.   EXHIBIT J Admitted at hearing on 12-5-01; Re: Amendment to Settlement
          Agreement and Mutual Release and Personal Services Contract, effective 8-17-01
2         between Duncan J McNeil, GMFT Reorganization Corporation, and Broadway
          Buildings II LP RE: Oust Motion to Convert Case to Ch 7, Docket #44 and Joinder
3         therein Docket #212, filed 1/4/2002, as Docket #460, Case No. 01-06073-W11,
          USBC-ED-WA;

4    s.   PROPOSED Exhibit "D-D" to Supplement Exhibits offered at hearing on 12-5-01;
          RE: 1) Standard Form 95 Claim for Damages filed by Duncan J McNeil 11-23-99
5         with the Oust-Ed-WA, in the Sum of $5211.926, ... ... ..., filed 2/6/2002, as Docket
          #'s 506, 506A, Case No. 01-06073-W11, USBC-ED-WA;

6    t.   PROPOSED Exhibit "I-I" to Supplement Exhibits offered at hearing on 12-5-01; re:
          1) Standard Form 95 Claim for Damages filed by Duncan J.McNeil on 3-6-98 with
7         the Oust-Ed-WA, in the sum of $4,651,000. Re: Oust Motion to Convert Case to Ch
          7, Docket #44 and Joinder therein Docket #212, filed 2/11/2002, as Docket #512,
          Case No. 01-06073-W11, USBC-ED-WA;

8    u.   (1) NOTICE of Separation Contract & Dissolution of Marriage Contract Pursuant to
          RCW 26.0-9.070 filed 7-26-01 as Document #4613783 with the County Recorder for
9         Spokane County, Washington, (pages 1 of 29 to 29 of 29); (2) JOINT Petition for
          Dissolution of Marriage, filed 7-26-01 in Case No. 01-301586-7 (pages 2 of 29 to 5
10        of 29; 3) SEPARATION Contract and Dissolution of Marriage Contract Pursuant to
          RCW 26.09.070, filed 7-26-01 in Case No. 01-301586-7, (pages 6 of 29 to 29 of 29),
11        filed 2/6/2002, as Docket #505, Case No. 01-06073-W11, USBC-ED-WA;

12   v.   

13        parent.

14   AUTHENTICATION & REGISTRATION OF JUDGMENTS

15   I, DUNCAN J. MCNEIL III, AM THE LAWFUL OWNER
     OF THE FOREGOING LISTED "FOREIGN JUDGMENTS"
16   AND I HEREBY CERTIFY THAT TRUE AND CORRECT
     COPIES OF THESE "FOREIGN JUDGMENTS" ARE ON
17   FILE IN THE IDENTIFIED ACTIONS AND DOCKET #'S
     AND THAT THESE "FOREIGN JUDGMENTS" ARE
18   OFFICIALLY PUBLISHED ON THE COURT'S "PACER"
19   SYSTEM, PURSUANT TO FRCP 44(a)(1) AND FRE
     RULE 201(b)(2) AND ARE THE "OFFICIAL PUBLICATIONS
20   THEREOF". BY THIS MOTION/PETITION/APPLICATION
21   I REQUEST THAT THE CLERK OF THIS COURT
     PRINT, FILE AND REGISTER THESE "FOREIGN
22   JUDGMENTS" FROM THE COURT'S "PACER" SYSTEM
     AND THAT THESE "FOREIGN JUDGMENTS" BE
23   GRANTED FULL FAITH & CREDIT IN THIS COURT
24   PURSUANT TO 28 USC § 1963, 28 USC § 1738 AND
     U.S. CONST. ART. IV § 1 (AND THE APPLICABLE STATE
25   UEFJA®). I DECLARE THE FOREGOING TO BE TRUE
26   AND CORRECT, UNDER THE PENALTY OF PERJURY.

27   DATED: 9/8/00

28                                        , JUDGMENT CREDITOR

     PAGE: 62 & F 62



AUG 27 2003

DUNCAN T. MCNEIL
SPOKANE CO. JAIL
1100 W. MALLON
SPOKANE, WA 99260



U.S.M.S. X-RAY

CHAMBERS OF CHIEF JUDGE
U.S. DISTRICT COURT — DISTRICT OF DELAWARE
844 N. KING ST.
LOCK BOX 18
WILMINGTON, DE 19801

RE: DISCRIMINATION COMPLAINT

LEGAL MAIL